Hearing Date and Time: November 9, 2012 at 9:45 a.m (Prevailing Eastern Time)
Objection Deadline: November 2, 2012 at 4:00 p.m (Prevailing Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                            :    Chapter 11
                                                  :
FLETCHER INTERNATIONAL, LTD.,                     :    Case No. 12-12796 (REG)
                                                  :
                 Debtor.                          :
                                                  :
---------------------------------------------------------------X

**TRUSTEE'S APPLICATION FOR ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF LUSKIN, STERN & EISLER LLP
AS HIS COUNSEL *NUNC PRO TUNC* TO SEPTEMBER 25, 2012**

TO:    THE HONORABLE ROBERT E. GERBER
       UNITED STATES BANKRUPTCY JUDGE

Richard J. Davis, the trustee appointed in this chapter 11 case (the "Trustee"), hereby submits this application (the "Application") pursuant to Section 327(a) of the Bankruptcy Code, Rules 2014 and 2016 of the Bankruptcy Rules, Local Rules 2014-1 and 2016-1, and the Court's Order Appointing Chapter 11 Trustee dated September 28, 2012 (the "Trustee Order") for authorization to employ, *nunc pro tunc* to September 25, 2012, Luskin, Stern & Eisler LLP ("LSE") as his counsel and respectfully represents:

**Preliminary Statement**

1. This case was filed on June 29, 2012. Following extensive litigation in multiple jurisdictions (including the Cayman Islands, Bermuda, New York Supreme Court and this Court), the Court determined that an independent fiduciary was required to oversee the Debtor's affairs, and directed the U.S. Trustee to appoint a Chapter 11 trustee, which she did on September 25. (See Dkt. Nos. 95 and 111.) The Court approved the U.S. Trustee's selection of me to serve as Chapter 11 Trustee by order dated September 28, 2012. (Dkt. No. 115.) By this Application, I seek entry of an order authorizing the employment of LSE, effective as of

September 25, 2012, to assist me in my duties in this case. In support of this Application, I submit the Declaration of Michael Luskin (the "Luskin Declaration"), a copy of which is attached as **Exhibit A**. A proposed order is attached as **Exhibit B**.

### Background

2. On June 29, 2012 (the "Petition Date"), Fletcher International, Ltd. ("Fletcher" or the "Debtor") filed a petition for relief under chapter 11 of the Bankruptcy Code. The Debtor was authorized to operate its business and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtor has filed operating reports for the period through August 31, 2012. The Debtor filed its Schedules and Statement of Financial Affairs on September 24, 2012. The initial meeting of creditors under section 341 of the Bankruptcy Code was held on August 16, 2012 and an adjourned meeting was held on October 12, 2012, following which the record was closed and the meeting was concluded.

4. The Court approved the Debtor's retention of Young, Conaway, Stargatt & Taylor as its counsel and Trott & Duncan as its Bermuda Counsel on September 5, 2012. (Dkt. Nos. 96, 97.)[1] A hearing on the Debtor's motions to retain Conway Mackenzie Management Services and to designate Donald S. Mackenzie as CRO, and to authorize the continued retention of Stewart Turner and Stuart MacGregor pursuant to their consulting agreements is scheduled for November 9, 2012. I am considering the appropriate steps to be taken with respect to these motions. On August 20, 2012, the Court entered an order establishing procedures for the interim compensation of professionals (Dkt. No. 48);I am considering what modifications to this order may be required in light of my appointment.

---

[1] The Debtor's application to retain Appleby as Bermuda Counsel scheduled for hearing on November 9, 2012, is likely to be withdrawn.

5. On August 21, 2012, the Debtor filed its motion to appoint a Chapter 11 trustee (Dkt. No. 52) to serve as an independent fiduciary and to conduct an investigation of the Debtor's affairs. The U.S. Trustee filed a separate motion. (Dkt. No. 64) On September 7, 2012, the Court ordered the appointment of a trustee. (Dkt. No. 95).

6. On August 31, 2012, the Debtor and Credit Suisse entered into a cash collateral stipulation providing for the use of cash and certain securities held by Credit Suisse, the payment of Credit Suisse's pre- and post-petition legal fees, and other relief. I am reviewing the proposed stipulation and expect to discuss it further with Credit Suisse and other parties in interest. A hearing to consider approval of the stipulation is scheduled for November 9, 2012.

7. As the Court is aware, there was considerable litigation in the Bankruptcy Court prior to the Trustee's appointment. On July 2, the Debtor commenced an adversary proceeding to enjoin the E&Y Funds and Alpha[2] from taking further action (the "Control Litigation") on the winding-up petition they filed against the Debtor in Bermuda and from holding a shareholders meeting or vote to change the board of directors. On July 27, 2012, the Court entered a preliminary injunction. On August 12, 2012, the Debtor and the E&Y Funds entered into a tolling agreement with respect to this action. The Trustee's appointment should render this action moot; I am reviewing the tolling agreement and have met with the parties; I reported on the status of this litigation at the status conference held on October 15, 2012.

8. In early August 2012, Arbitrage took steps in Bermuda to compel a special general meeting to replace the Debtor's management and board first, by serving notices and next, by commencing an action in the Bermuda courts. An initial hearing was scheduled for August 17. On August 15, the Debtor filed an order to show cause on its motion for an injunction and order

---

[2] The "E&Y Funds" are FIA Leveraged Fund and Fletcher Income Arbitrage Fund, Ltd. E&Y is liquidator of both. "Alpha" is the Fletcher Fixed Income Alpha Fund, Ltd. Zolfo Cooper is its liquidator.

enforcing the automatic stay. The Court scheduled a hearing for the next day, and Arbitrage then adjourned the Bermuda hearing indefinitely. On August 20, the Court held a hearing and granted the Debtor's motion without prejudice to Arbitrage's right to move to lift or modify the stay. I have met with the parties to this action and believe that Arbitrage's action is now moot; the parties will endeavor to resolve or toll whatever further action remains.

## Jurisdiction

9. The Court has subject matter jurisdiction to consider and determine this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested are section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

## Basis for Relief Requested

10. I have determined that this case will require the services of legal (and likely other) professionals to assist me in the exercise of my statutory responsibilities. By this Application, I seek to retain LSE as my counsel because, among other things, LSE has provided and can provide high-quality bankruptcy and litigation services in a timely and cost-effective manner. Details regarding LSE and its qualifications are set forth below and in the Luskin Declaration.

## LSE's Qualifications

11. I have has selected LSE as the best qualified and most cost-effective professional to represent me. LSE represents clients in matters ranging from informal workouts to sophisticated corporate reorganizations. It has represented clients in cases before the Second Circuit Courts of Appeal as well as in bankruptcy courts throughout the United States, including

this Court and the Bankruptcy Court for the District of Delaware.  LSE currently represents the chapter 7 trustee in the MetroTec case in the E.D.N.Y.  It served as examiner and counsel to the examiner in the North General Hospital case in the S.D.N.Y.; as examiner and counsel to the examiner in the Nellson Nutraceutical case in the District of Delaware; and is serving as the fee examiner and counsel to the examiner in the Kodak case in the S.D.N.Y.  LSE has had extensive experience representing parties in investigations and litigations in many large, complex cases, in this and other districts.

### Services to be Provided by LSE

12.     I propose to engage LSE to represent me in connection with the following tasks:

(a)     Identification, location, and analysis of the Debtor's assets, many of which consist of complex investments or investment products in the custody or control of third parties (some affiliates of the Debtor and some unrelated).  In some instances, litigation may be required to recover assets.

(b)     Investigation of potential claims against insiders and others, and litigation of viable claims.

(c)     Assessment and resolution of creditors' and investors' claims.

(d)     Negotiation of a plan of liquidation and oversight of the plan confirmation process.

13.     LSE will not duplicate the work performed by the Trustee or any other professionals retained by me.

14. The employment of LSE is in the best interests of the Debtor's estate and of this case as a whole because it will aid in my analysis of and recovery on the Debtor's assets and the resolution of the claims against the estate.

15. I believe that LSE's experience in this area will enable the Debtor's estate to achieve substantial benefits by maximizing cost control and efficiency.

### Compensation

16. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of the Court, I propose to have the Debtor's estate compensate LSE at LSE's regular hourly rates less a 10% discount and to reimburse LSE for all reasonable and necessary expenses under the standards set forth in 11 U.S.C. §§ 330 and 331. LSE's current and discounted hourly rates are set forth in the Luskin Declaration.

17. LSE will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals [Docket No. 48], the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009, the U.S. Trustee Fee Guidelines, sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and otherwise applicable administrative orders and guidelines.

18. LSE has not previously received any compensation for services rendered in the Debtor's chapter 11 case.

### Other Provisions

19. I may terminate LSE's engagement at any time without liability, except that following such termination, LSE shall remain entitled to any fees accrued but not yet paid

prior to such termination, subject to Court approval of (a) such termination; and (b) any fees accrued and not yet paid under section 330 of the Bankruptcy Code.

### LSE's Connections with Parties in Interest and Possible Conflicts of Interest

20.     To the best of my knowledge, information, and belief, and based on the extensive disclosures contained in the Luskin Declaration, LSE has not represented in any matter relating to these cases and has no relationship with: (i) the Debtor; (ii) its creditors or equity security holders; (iii) any other parties-in-interest in this case; (iv) the respective attorneys and accountants of any of the foregoing; or (v) the U.S. Trustee or any person employed in the Office of the United States Trustee.

### No Prior Request

21.     No prior application for the relief sought herein has been made to this or any other court in connection with these chapter 11 cases.

### *Nunc Pro Tunc*

22.     LSE has performed work in good faith, beginning on September 25, 2012, when I selected LSE as my counsel (subject to Court approval). LSE performed this work at my direction. Among the tasks LSE performed were reviewing the Court docket and filings, meeting with Debtor's counsel and consultants and the CRO regarding the Debtor's assets, liabilities and potential claims, meeting with key parties in interest with this case, and numerous meetings with me to plan my supervision of this case and related investigations.

23.     I submit that this work was necessary and that retaining LSE *nunc pro tunc* to September 25, 2012, would be appropriate and will not prejudice any party.

### Notice

24.     Notice of this Application has been provided to: (a) Young Conaway Stargatt & Taylor, LLP, counsel to the Debtor; (b) the U.S. Trustee; and (c) all parties requesting

notice in this chapter 11 case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. Given the circumstances and the nature of the relief requested, I submit that no further notice of this Application should be required.

## **Conclusion**

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form annexed hereto as **Exhibit B**, granting the relief requested by this Application and such other or further relief as is just and proper.

Dated:  New York, New York
        October 15, 2012

                                            /s/ Richard J. Davis
                                            Richard J. Davis, as Trustee

# EXHIBIT A

**Luskin Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                                      :        Chapter 11
                                                            :
FLETCHER INTERNATIONAL, LTD.,                               :        Case No. 12-12796 (REG)
                                                            :
                        Debtor.                             :
                                                            :
---------------------------------------------------------------X

**DECLARATION OF MICHAEL LUSKIN IN SUPPORT OF TRUSTEE'S
APPLICATION FOR ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF LUSKIN, STERN & EISLER LLP
AS HIS COUNSEL *NUNC PRO TUNC* TO SEPTEMBER 25, 2012**

I, Michael Luskin, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am an attorney at law admitted to practice before the state courts of New York and the United States District Court for the Southern District of New York. I am a member of Luskin, Stern & Eisler LLP ("LSE"), which maintains offices at Eleven Times Square, New York, New York 10036. I am duly authorized to make this Declaration on behalf of LSE.

2. I am familiar with the matters set forth herein and make this declaration (the "Declaration") in support of the Trustee's application pursuant to Section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, and the Court's Order Appointing Chapter 11 Trustee dated September 28, 2012 (the "Trustee Order") (Dkt. No. 115) for an order approving the employment of LSE *nunc pro tunc* to September 25, 2012, as his counsel (the "LSE Application"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

-10-

3. By order dated September 5, 2012, the Court directed the U.S. Trustee to appoint a Chapter 11 trustee in this case (Dkt. No. 95). She did so on September 25, 20112 (Dkt. No. 111), and the Court approved her selection by order dated September 28, 2012 (Dkt. No. 115).

4. LSE has performed work in good faith, beginning on September 25, 2012, when the U.S. Trustee notified the Trustee of his appointment, pending formal approval by the Court. LSE performed this work at the direction of the Trustee.

5. LSE has extensive experience in bankruptcy matters, and is familiar with the duties and obligations associated with representing a trustee. LSE attorneys have been involved in a wide variety of bankruptcy and insolvency-related matters both in and out of court and have experience in representing trustees in an efficient and expeditious manner. LSE is accordingly well-positioned to advise and assist the Trustee in fulfilling his obligations.

6. I am not, nor is LSE, an insider of the Debtor. Neither LSE nor I holds directly any claim, debt, or equity security of the Debtor.

7. To the best of my knowledge and information, no member or associate of LSE has been, or within two years from the date of the filing of the Debtor's petitions was, a director, officer, or employee of the Debtor as specified in Section 101(14)(B) of the Bankruptcy Code.

8. LSE does not have an interest materially adverse to the interests of the Debtor's estate or of any creditors or equity security holders of the Debtor, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, as specified in Section 101(14)(C) of the Bankruptcy Code, or for any other reason.

9. To the best of my knowledge and information, LSE does not currently represent the Debtor or, any of its related parties, affiliates, partners, or subsidiaries and will not represent

the Debtor or related entities during this engagement.  LSE has not and will not represent any party other than the Trustee in connection with the Debtor's chapter 11 cases.

10.   It is the policy of LSE that no new client matter may be approved absent a thorough review of potential conflicts, including searches of the firm's client database (the "<u>Database</u>").  The Database is updated as new matters are opened, and is maintained in LSE's regular and ordinary course of business.  The Database is designed to include every matter on which the firm is now and has been engaged, by which entity the firm is now or has been engaged and, in each instance, the identity of related parties and adverse parties and certain of the attorneys in the firm that are knowledgeable about the matter.

11.   LSE has reviewed and checked against the Database (i) the list of parties identified as Interested Parties in the affidavit of David R. Hurst in connection with the potential retention of Young Conaway Stargatt & Taylor, LLP (Dkt. No. 8); (ii) the lists of the largest unsecured creditors, secured creditors and holders of Estate Property attached to the July 2, 2012 affidavit of Floyd Saunders (Dkt. No. 2); and (iii) and the creditors, investors and other parties in interest listed in the Debtor's Schedules and Statement of Affairs filed September 24, 2012 (Dkt. Nos. 104 and 105) (collectively, "Interested Parties").

12.   LSE does not represent any of the Interested Parties or, to my knowledge, any of their affiliates, with the following exception:  LSE currently serves as U.S. co-counsel to the U.K. Administrators of Nortel Networks U.K. Ltd., four individuals who are members of Ernst & Young LLP, an affiliate of Ernst & Young Cayman Islands.  LSE's work in the Nortel matter is wholly unrelated to these bankruptcy proceedings; fees related to the Nortel matter account for less than 1% of LSE's revenues.  Nothing will preclude LSE from being adverse to any of the Interested Parties.

13. To the best of my knowledge, LSE does not represent any entity having an adverse interest in connection with this case and neither holds nor represents any interest adverse to the Debtor, the Debtor's estates, its creditors, or other parties in interest or their respective attorneys and accountants or any of its key employees in these chapter 11 cases. Based upon information available to me, I believe that LSE is a disinterested person within the meaning of section 101(14) of the Bankruptcy Code.

14. LSE may have represented in the past, or may in the future represent, one or more of the Interested Parties that are not currently clients of the firm. To the extent that LSE discovers any such information or needs to update the information disclosed in this Declaration, LSE will disclose such information by filing a supplemental declaration pursuant to Bankruptcy Rule 2014 and will update its disclosures on a periodic basis as required by the U.S. Trustee.

### Professional Compensation

15. As of the date of this Declaration, LSE has received no compensation for its work on behalf of the Trustee.

16. The current hourly rates of the lawyers of LSE are listed below. At the request of the Trustee, our firm is voluntarily reducing its rates by 10% for this matter. Discounted rates are also shown below.

| Partners | Current Rate | Discounted Rate |
|---|---|---|
| Michael Luskin | $800 | $720 |
| Richard Stern | $800 | $720 |
| Nathan Eisler | $800 | $720 |
| | | |
| Associates | | |
| Matthew O'Donnell (class of 2004) | $600 | $540 |
| Richard Favata (class of 2004) | $600 | $540 |
| Stephan Hornung (class of 2007) | $500 | $450 |
| Alex Talesnick (class of 2011) | $340 | $306 |

LSE expects to hire a paralegal in the near future at a billing rate of $225/hour (discounted to $202.50/hour).

17. The undiscounted hourly rates set forth above are the firm's standard rates for work of this nature and are set at a level designed to compensate LSE fairly for its services. It is the firm's policy also to charge clients for certain disbursements and expenses incurred in the rendition of its services, including, among other things, travel, computerized research, messengers, couriers, photocopying, witness fees and other fees related to trials and hearings, which are charged at cost or based on formulas that approximate actual cost where the actual cost is not readily ascertainable. LSE's hourly rates are subject to annual periodic adjustments on a calendar year basis to reflect economic and other conditions. The customary rates indicated above have been effective since April 1, 2012 (when LSE opened the firm) in accordance with LSE's established billing practices and procedures. LSE will maintain detailed, contemporaneous records of time and expenses by category and nature of the services rendered or expense incurred.

18. LSE intends to apply to the Court for payment of its fees and reimbursement of expenses in accordance with the provisions of the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals [Docket No. 48], the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009, the U.S. Trustee Fee Guidelines, Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and otherwise applicable administrative orders and guidelines.

19. LSE has no agreement with any other entity to share any compensation received in this case, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

20. Based upon the foregoing, neither LSE, nor any member, counsel, or associate thereof, insofar as I have been able to ascertain, represents any interest adverse to the parties-in-interest in the matters upon which LSE is to be engaged, and are not related to Judge Gerber, any of the attorneys in the Office of the U.S. Trustee (Region 2) or any of their respective staff members.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 15 day of October 2012
at New York, New York.

/s/ Michael Luskin_____
Michael Luskin

LUSKIN, STERN & EISLER LLP
Eleven Times Square
New York, New York 10036
Telephone: (212) 597-8210
Facsimile: (212) 974-3205
luskin@lsellp.com

## **EXHIBIT B**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                  :              Chapter 11
                                                                              :
FLETCHER INTERNATIONAL, LTD.,          :              Case No. 12-12796 (REG)
                                                                              :
                       Debtor.                                   :
                                                                              :
------------------------------------------------------------X

**[PROPOSED] ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF LUSKIN, STERN & EISLER LLP AS COUNSEL TO THE TRUSTEE
*NUNC PRO TUNC* TO SEPTEMBER 25, 2012**

Upon the application (the "Application") of Richard J. Davis as Trustee for an order authorizing him to retain Luskin, Stern & Eisler LLP ("LSE") as his counsel in this case; and upon the Declaration of Michael Luskin (the "Luskin Declaration") filed in support of the Application; and notice of the Application having been given as set forth in the Notice of Hearing; and it appearing that such notice is due and sufficient and that no further or other notice is required; and the Court being satisfied that LSE and its professionals do not hold or represent an interest adverse to the Debtor's estate and that LSE and each of its professionals is a "disinterested person" as such term is defined under Section 101(14) of the Bankruptcy Code, and that the employment of LSE is necessary and in the best interests of this case; and the Court having determined that the legal and factual basis set forth in the Application establishes just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, accordingly,

**IT IS HEREBY ORDERED THAT:**

1. Subject to the terms and conditions of this Order, the Application is granted.

2. The Trustee is authorized to employ and retain LSE on the terms and conditions set forth in the Application and this Order, effective *nunc pro tunc* to September 25, 2012.

3. LSE shall be compensated and reimbursed for reasonable and necessary expenses in accordance with the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals [Docket No. 48], the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009 (General Order M-389) (the "Amended Guidelines"), the United States Trustee Fee Guidelines effective January 30, 1996 (the "UST Guidelines"), Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules and any other Orders of the Court.

4. Prior to any increase in the fee rates set forth in the Luskin Declaration for any individual providing services in this case, LSE shall file a supplemental declaration with the Court and give ten (10) business days' notice to the and the U.S. Trustee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(f) of the Bankruptcy Code. The U.S. Trustee retains the right to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

5. To the extent that the Application is inconsistent with this Order, the terms of this Order shall govern.

6. The Court shall retain jurisdiction with respect to all matters arising from or related to this Order.

7. LSE shall not withdraw as the Trustee's counsel prior to the effective date of any chapter 11 plan confirmed in these chapter 11 cases without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

Dated: New York, New York
      November __, 2012

                                              HONORABLE ROBERT E. GERBER
                                              UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION:

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By:_____
Richard Morrissey
Trial Attorney
33 Whitehall Street, 21st Floor
New York, New York 10004