Presentment Date and Time: February 20, 2013 at 12:00 noon (ET)
Objection Deadline: February 19, 2013 at 4:00 p.m. (ET)

Michael Luskin
Stephan E. Hornung
LUSKIN, STERN & EISLER LLP
Eleven Times Square
New York, New York 10036
Telephone:    (212) 597-8200
Facsimile:    (212) 974-3205

*Attorneys for the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FLETCHER INTERNATIONAL, LTD., | : | Case No. 12-12796 (REG) |
| | : | |
| Debtor. | : | |
| | : | |

---------------------------------------------------------------x

## TRUSTEE'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 9019(A) APPROVING THE TERM SHEET AGREEMENT BETWEEN THE TRUSTEE AND FLETCHER INTERNATIONAL, INC.

TO:    THE HONORABLE ROBERT E. GERBER
       UNITED STATES BANKRUPTCY JUDGE

Richard J. Davis, the Trustee appointed in this Chapter 11 case (the "**Trustee**"),

hereby submits this motion (the "**Motion**") for entry of an order pursuant to Bankruptcy Rule

9019(a), substantially in the form attached as **Exhibit A**, approving the Term Sheet Agreement

dated as of February 8, 2013 (the "**Term Sheet Agreement**") between the Trustee and Fletcher

International, Inc. ("**FII**") that unwinds certain transactions between FII and the Debtor.  In

support of this Motion, the Trustee and respectfully represents as follows:

### Jurisdiction

1.    The Court has subject matter jurisdiction to consider and determine this

Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C.

§ 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory

basis for the relief requested is Bankruptcy Rule 9019(a).

### Facts Specific to the Relief Requested

2.      On or about April 22, 2012, the following assets were transferred by the

Debtor to FII as part of a payment-in kind for FII's redemption of its shares of the Debtor

(collectively, the "**April 22 Transactions**"):

(a)      $2,200,000 was transferred from the Debtor's bank account to FII's bank

account;

(b)      The Debtor transferred to FII 50% of the Debtor's warrants to purchase

shares of Common Stock Junior Preferred of United Community Banks, Inc., a Georgia

corporation ("**UCBI**"), with a strike price of $4.25 (the "**UCBI Warrants**");

(c)      The Debtor transferred to FII 100% of the Debtor's membership interest in

BRG Investments, LLC (the "**BRG Membership Interests**");

(d)      The Debtor transferred to FII certain warrants to purchase shares of

common stock of Document Security Systems, Inc., a New York corporation ("**DSS**"),

with a strike price of $5.38 (the "**DSS Warrants**"); and

(e)      The Debtor assigned to FII the right to any payment in excess of

$606,667.00 made by UCBI to the Debtor due to a "registration failure" under a certain

Stock Purchase Agreement, dated April 1, 2010, between the Debtor and UCBI

(the "**Excess Registration Funds**").

3.      The Trustee alleges that the April 22 Transactions are void, voidable or otherwise improper.

4.      FII denies the Trustee's allegations and claims the April 22 Transactions were made in the ordinary course of business as part of the Debtor's redemption of FII's stock.

5.      The Trustee and FII wish to resolve the issues concerning the April 22 Transactions and have agreed to do so on the terms and conditions set forth in the Term Sheet Agreement.

## Relief Requested

6.      The Trustee seeks an order pursuant to Bankruptcy Rule 9019(a) approving the Term Sheet Agreement.  A copy of the Term Sheet Agreement is attached hereto as **Exhibit B.**

## The Term Sheet Agreement

7.      The Terms Sheet Agreement unwinds the April 22 Transactions in accordance with the following terms and conditions:[1]

(a)      FII shall pay to the Debtor by wire transfer in immediately available funds $2,200,000 to the account set forth on Schedule 1 hereto.  The payment of this $2.2 million shall be without prejudice to the Trustee's claims to any other monies transferred by or between FII and BRG or their direct or indirect subsidiaries or affiliates;

(b)      FII shall execute an assignment of the UCBI Warrants in favor of the Debtor or to the extent any or all of such warrants have been exercised an assignment of the Common Stock Junior Preferred purchased pursuant to such UCBI Warrants and any claims against UCBI for its failure to honor the UCBI Warrants;

(c)      FII shall execute an assignment of the BRG Membership Interests in favor of the Debtor;

---

[1] This description of the Term Sheet Agreement is a summary only and is not intended to alter, modify or supersede the terms of the Term Sheet Agreement, the express terms of which shall control.

(d)     FII shall execute an assignment of the DSS Warrants in favor of the Debtor or, to the extent any or all of such warrants have been exercised, an assignment of the common stock purchased pursuant to such DSS Warrants;

(e)     FII and the Debtor shall execute an agreement assigning the right to receive the Excess Registration Funds from FII to the Debtor;

(f)     The shares of the Debtor redeemed by FII shall be reinstated and reissued to FII;

(g)     Between the execution of this Term Sheet and the Closing Date (the "**Interim Period**"), FII shall not make any payments or distributions or otherwise make any transfers to any insiders or related parties.  During the Interim Period, BRG Investments, LLC and its subsidiaries shall not enter into any material contracts or non-ordinary course transactions without the Trustee's express written consent;

(h)     The Debtor shall provide notice to FII, and provide FII with an opportunity to comment on the terms of, of any (i) proposed disposition of the assets transferred to the Debtor pursuant to the Unwind Transactions (the "**Returned Assets**") and (ii) any contemplated non-ordinary course transactions to which BRG or its subsidiaries or affiliates may become a party.  Any disposition of the Returned Assets shall be subject to the approval of the Court upon written notice to FII; and

(i)     The Unwind Transactions will satisfy any claims the Debtor may have against FII and its direct and indirect subsidiaries and affiliates as to the Returned Assets.  Each party reserves all other rights.

### **Basis for Relief Requested**

8.     Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."  In deciding whether to approve a settlement, "a bankruptcy court must determine whether the compromise is reasonable," Saccurato v. Masters, Inc. (In re Masters, Inc.), 149 B.R. 289, 292 (E.D.N.Y. 1992), and whether the compromise is "'fair and equitable' and 'in the best interests of the estate.'"  In re Drexel Burnham Lambert Group, Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (quoting Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Andersen, 390 U.S. 414, 424 (1968), reh. denied, 391 U.S. 909 (1968)).

9.      The Court may consider such factors as:  (i) the likelihood of success in the litigation compared to the present and future benefits offered by the settlement; (ii) the prospect of protracted litigation if the settlement is not approved as well as the related expense, inconvenience and delay, including potential difficulty in collecting on the judgment; (iii) the "paramount interests of the creditors" and the degree to which the creditors support the settlement; (iv) the nature and extent of releases to be obtained by officers and directors; and (v) whether the settlement was the result of arm's length bargaining.  Motorola, Inc. v. Official Comm. of Unsecured Creditors et al. (In re Iridium Operating LLC et al.), 478 F.3d 452, 462 (2d Cir. 2007) (citing In re Worldcom, Inc., 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006)); see also In re Masters, Inc., 149 B.R. at 292 (citing Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 822 (1983)); In re Drexel Burnham, 134 B.R. at 497. In assessing whether a settlement should be approved, the Court need only "canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness.'"  In re Drexel Burnham, 134 B.R. at 497 (citations omitted).  Each of these factors weighs heavily in favor of approving the Term Sheet Agreement.

10.     Had the Trustee been forced to litigate his claims (as he was prepared to do), he would have filed an adversary complaint alleging (among other things) that the April 22 Transactions are void or voidable under the Bankruptcy Code and the New York Debtor & Creditor Law ("**NYDCL**").  The Trustee would also have sought interim relief (e.g., a preliminary injunction, order of attachment, etc.) to ensure that the assets transferred by the April 22 Transactions were not dissipated pending adjudication on the merits.  The defendants would, of course, have denied any wrongdoing or liability and opposed the Trustee's motion for interim relief, and the parties would have engaged in formal discovery and motion practice and, perhaps,

a trial.  The Trustee would also have incurred tens of thousands of dollars in legal and expert's fees to prove his case.

11.     The Term Sheet Agreement provides for nearly all of the relief that the Trustee would have sought in a lawsuit against FII without any of the associated costs, delays or risks inherent in any litigation. (The Trustee would have sought his costs and expenses, including his legal and expert's fees, under the NYDCL; they are not part of this settlement.)  Moreover, the immediate transfer of these assets back to the Debtor's estate ensures that these assets cannot be dissipated or diminished in the time it takes to litigate the Trustee's claims and eliminates the need for injunctions and provisional remedies.  Finally, the settlement release is limited solely to claims for the return of the assets that are actually returned; it does not impair the Trustee's claims against FII or any other parties unrelated to the Returned Assets.  The Trustee has consulted with the major parties-in-interest (including the Louisiana and Massachusetts pension funds and the Joint Official Liquidators of FIA Leveraged Fund and Fletcher Income Arbitrage Fund) regarding this settlement, and the Trustee believes that they will support this settlement because it brings back into the estate assets that were valued at approximately $44.1 million[2] at the time the April 22 Transactions were implemented.

12.     The Trustee submits that, based on all of the above, his entering into the Term Sheet Agreement represents the exercise of his sound business judgment and falls well above the lowest point in the range of reasonableness of possible litigation and settlement outcomes, and is in the best interests of the estate.  Accordingly, the Trustee requests that this Court approve the Term Sheet Agreement.

---

[2] This is the value that was ascribed by Fletcher Asset Management, Inc. to the assets transferred pursuant to the April 22 Transactions.  These valuations are subject to ongoing investigation and review by the Trustee.

**No Prior Request**

13.      No prior application for the relief sought herein has been made to this or

any other court in connection with the Debtor's Chapter 11 case.

**Notice**[3]

14.      Notice of this Motion is being provided to: (a) the Office of the United

States Trustee; (b) all creditors listed in the Debtor's schedules; and (c) the Securities Exchange

Commission, (d) the Internal Revenue Service; and (e) all parties requesting notice in this

Chapter 11 case pursuant to Rule 2002 of the Bankruptcy Rules.  Given the circumstances and

the nature of the relief requested, the Trustee submits that no further notice of this Motion should

be required.

**Conclusion**

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order,

substantially in the form annexed hereto as **Exhibit A**, granting the relief requested by this

Motion and such other or further relief as the Court deems just and proper.

Dated:  New York, New York              LUSKIN, STERN & EISLER LLP
             February 11, 2013

                                        By:     /s/ Michael Luskin
                                                Michael Luskin
                                                Stephan E. Hornung

                                        Eleven Times Square
                                        New York, New York 10036
                                        Telephone:     (212) 597-8200
                                        Facsimile:     (212) 974-3205

                                        *Attorneys for the Chapter 11 Trustee*

---

[3] This motion is being submitted by notice of presentment on shortened notice; we respectfully ask the Court to set a short hearing date in the event objections are filed.

**<u>EXHIBIT A</u>**

**Proposed Order**

**Presentment Date and Time: February 20, 2013 at 12:00 noon (ET)**
**Objection Deadline: February 19, 2013 at 4:00 p.m. (ET)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FLETCHER INTERNATIONAL, LTD., | : | Case No. 12-12796 (REG) |
| | : | |
| Debtor. | : | |
| | : | |

-------------------------------------------------------------x

## ORDER PURSUANT TO BANKRUPTCY RULE 9019(A) APPROVING THE TERM SHEET AGREEMENT BETWEEN THE TRUSTEE AND FLETCHER INTERNATIONAL, INC.

Upon the motion (the "**Motion**") of Richard J. Davis, the Chapter 11 Trustee in this Chapter 11 case, for an order pursuant to Bankruptcy Rule 9019(a) approving the Term Sheet Agreement dated as of February 8, 2013 (the "**Term Sheet Agreement**") between the Trustee and Fletcher International, Inc. ("**FII**") that unwinds certain transactions between FII and the Debtor; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interest of the Debtor, its estate, its creditors and other parties-in-interest; and this Court having found that notice of the Motion was due and proper and that no other or further notice is required; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      Subject to the terms and conditions of this Order, the Motion is granted.

2.      Pursuant to Bankruptcy Rule 9019(a), the Term Sheet Agreement annexed to the Motion as **Exhibit B** is hereby approved in its entirety.

3.      The Trustee's entry into, and performance of all of his obligations under the Term Sheet Agreement is approved.

4.      The Trustee is authorized to take any and all actions and execute all documents necessary to effectuate the terms of the Term Sheet Agreement and the relief granted pursuant to this Order in accordance with the Motion.

5.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.      To the extent that the Motion is inconsistent with this Order, the terms of this Order shall govern.

7.      The Court shall retain jurisdiction with respect to all matters arising from or related to the Term Sheet Agreement and this Order.

Dated: New York, New York
       February __, 2013

                                        _____
                                        HONORABLE ROBERT E. GERBER
                                        UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

**Term Sheet Agreement**

**Richard J. Davis, Trustee**
As the Chapter 11 Trustee for Fletcher International, Ltd.
415 Madison Avenue, 11th Floor
New York, New York 10017

Tel 646-553-1365    Fax 646-553-1374
Email: richard.davis@rjdavislaw.com

February 8, 2013

Fletcher International, Inc.
48 Wall Street
New York, New York 10005
Attn: Mr. Alphonse Fletcher

RE:    April 22, 2012 Transactions

Dear Mr. Fletcher:

Set forth below are the terms of our agreement (this "Term Sheet Agreement") to unwind the transactions that took place on or about April 22, 2012 between Fletcher International, Inc. ("FII") and Fletcher International, Ltd. ("FILB"). This Term Sheet Agreement may be supplemented to add representations, warranties, and other provisions customary in transactions of this nature, but the parties intend this Term Sheet Agreement to be binding and enforceable in accordance with its terms subject to the approval of the United States Bankruptcy Court for the Southern District of New York (the "Court").

| | |
|---|---|
| **Closing Date:** | Upon the satisfaction of all of the conditions to closing provided below, which shall be no later than February 28, 2013, subject to extension by the mutual agreement of FII and FILB (the "**Closing Date**"). |
| **April 22 Transactions:** | As a payment-in kind for the redemption by FII of its shares of FILB the following assets were transferred to FII: |

1. $2,200,000 was transferred from FILB's bank account to FII's bank account.
2. FILB transferred to FII one-half of the warrants held to purchase shares of Common Stock Junior Preferred of United Community Banks, Inc. with a strike price of $4.25 (the "**UCBI Warrants**");
3. FILB transferred to FII 100% of the membership interest in BRG Investments, LLC (the "**BRG Membership Interests**");

4.  FILB transferred to FII warrants to purchase in shares of Common Stock of Document Security Systems, Inc. with a strike price of $5.38 (the "**DSS Warrants**"); and

5.  FILB assigned to FII the right to any payment in excess of $606,667.00 made by UCBI to FILB due to a "registration failure" under the Stock Purchase Agreement, dated April 1, 2010 (the "**Excess Registration Funds**").

**Unwind:**  On the Closing Date FII and FILB shall enter into the following transactions (the "**Unwind Transactions**"):

1.  FII shall pay to FILB by wire transfer in immediately available funds $2,200,000 to the account set forth on Schedule 1 hereto.  The payment of this $2.2 million shall be without prejudice to the Trustee's claims to any other monies transferred by or between FII and BRG or their direct or indirect subsidiaries or affiliates;

2.  FII shall execute an assignment of the UCBI Warrants in favor of FILB or to the extent any or all of such warrants have been exercised an assignment of the Common Stock Junior Preferred purchased pursuant to such UCBI Warrants and any claims against UCBI for its failure to honor the UCBI Warrants;

3.  FII shall execute an assignment of the BRG Membership Interests in favor of FILB;

4.  FII shall execute an assignment of the DSS Warrants in favor of FILB or to the extent any or all of such warrants have been exercised an assignment of the common stock purchased pursuant to such DSS Warrants;

5.  FII and FILB shall execute an agreement assigning the right to receive the Excess Registration Funds from FII to FILB; and

6.  The FILB shares redeemed by FII shall be reinstated and reissued to FII.

In addition to the foregoing, the parties agree to enter into any additional documentation or transactions necessary to effect the Unwind Transactions.

**Court Approval:**  The Unwind Transactions are subject to approval of the Court.  Each of FII and FILB agree to reasonably cooperate to seek the Court's approval of the Unwind Transactions and to file a motion or present an order seeking the Court's approval by February 11, 2013.

2

**Disposition of
Assets:**

FILB shall provide notice to FII, and provide FII with an opportunity to comment on the terms of, of any (a) proposed disposition of the assets transferred to FILB pursuant to the Unwind Transactions (the "**Returned Assets**") and (b) any contemplated non-ordinary course transactions to which BRG or its subsidiaries or affiliates may become a party.  Any disposition of the Returned Assets shall be subject to the approval of the Court upon written notice to FII.

**Satisfaction of
Claims:**

The Unwind Transactions will satisfy any claims FILB may have against FII and its direct and indirect subsidiaries and affiliates as to the Returned Assets.  Each party reserves all other rights.

**Restrictions
Until Closing:**

Between the execution of this Term Sheet and the Closing Date (the "**Interim Period**"), FII shall not make any payments or distributions or otherwise make any transfers to any insiders or related parties.  During the Interim Period, BRG Investments, LLC and its subsidiaries shall not enter into any material contracts or non-ordinary course transactions without the Trustee's express written consent.

**No Admission of
Liability:**

Nothing contained in this Term Sheet or in any final agreement implementing the Unwind Transactions shall constitute or be construed as an admission of liability, fault or violation on the part of FILB, FII, or their direct and indirect subsidiaries and affiliates, provided, however, that this Term Sheet Agreement shall be admissible as evidence in any action to enforce its terms.  In response to any proposed reorganization plan, in any subsequent judicial proceeding or otherwise, FII and its direct and indirect subsidiaries and affiliates may argue that it was not required to enter into the Unwind Transactions or transfer the Returned Assets to FILB.

**Governing Law
and Disputes:**

The terms of this letter shall be construed in accordance with New York law.  All disputes between the parties arising due to the Unwind Transactions shall be resolved in the Court and each party submits to the jurisdiction of the Court and waives any objection to the venue and jurisdiction of the Court.

3

**Representations
And Warrantees:**    FII shall make such representations and warranties as reasonably requested by FILB, including without limitation, due organization, right, power and authority to enter into the Unwind Transactions, valid and binding obligations, title to the assets and exercise or non-exercise of the UCBI Warrants and the DSS Warrants.

**Counterparts:**    This agreement may be executed in any number of counterparts (including by facsimile or by PDF and transmitted by electronic mail), each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.

**Miscellaneous:**    Such other terms and conditions as are customary to consummate each of the Unwind Transactions above.

As acknowledgement of your acceptance of the indicative terms and conditions outlined herein subject to the terms hereof, kindly sign below and return an executed copy no later than end of the day on February 8, 2013.

Sincerely,

RICHARD J. DAVIS, in my capacity as Chapter 11 Trustee in of, and on behalf of, FLETCHER INTERNATIONAL, LTD.

Agreed and Accepted:

FLETCHER INTERNATIONAL, INC.

BY: _____
    Name:  Alphonse Fletcher, Jr.
    Title:   Director

4

Schedule 1

Wire Instructions

Citibank NA
399 Park Ave
New York, NY 10022
Routing number: ███████
Fletcher International, Ltd.  Debtor-in-Possession
Account No.: ███████

5