Hearing Date and Time: April 11, 2013 at 9:45 a.m. (ET)
Objection Deadline: April 4, 2013 at 4:00 p.m. (ET)

Michael Luskin
Stephan E. Hornung
LUSKIN, STERN & EISLER LLP
Eleven Times Square
New York, New York 10036
Telephone:  (212) 597-8200
Facsimile:  (212) 974-3205

*Attorneys for the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                    :          Chapter 11
                                                          :
FLETCHER INTERNATIONAL, LTD.,                             :          Case No. 12-12796 (REG)
                                                          :
                        Debtor.                           :
                                                          :
------------------------------------------------------------x

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY
RULE 9019(A) APPROVING THE RELEASE AND WAIVER
BETWEEN THE DEBTOR AND UNITED COMMUNITY BANKS, INC.**

TO:    THE HONORABLE ROBERT E. GERBER
          UNITED STATES BANKRUPTCY JUDGE

              Richard J. Davis, the Trustee appointed in this Chapter 11 case (the "**Trustee**"),

hereby submits this motion (the "**Motion**") for entry of an order pursuant to Bankruptcy Rule

9019(a), substantially in the form attached as **Exhibit A**, approving the Mutual Release and

Waiver (the "**Release and Waiver**"), between the Debtor and United Community Banks, Inc.

("**UCBI**") relating to a lawsuit filed by FILB Co-Investments LLC ("**FILBCI**"), an affiliate of

the Debtor, against UCBI pending in the District Court for the Southern District of New York.

In support of this Motion, the Trustee and respectfully represents as follows:

**<u>Jurisdiction</u>**

              1.      The Court has subject matter jurisdiction to consider and determine this

Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C.

§ 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory

basis for the relief requested is Bankruptcy Rule 9019(a).

### Facts Specific to the Relief Requested

2.      On July 3, 2012, FILBCI commenced a lawsuit against UCBI in the

United States District Court for the Southern District of New York captioned *FILB Co-*

*Investments LLC v. United Community Banks, Inc.*, Index No. 12 CV 5183 (S.D.N.Y.) (SAS)

(the "**FILBCI Action**").

3.      The FILBCI Action is based on UCBI's alleged breach and repudiation of

the terms of an April 1, 2010 Securities Purchase Agreement, as amended June 11, 2010

(the "**SPA**") between the Debtor and UCBI.  The Debtor assigned FILBCI certain of its rights

under the SPA pursuant to a Subscription Agreement, dated as of February 13, 2012, between the

Debtor and FILBCI and a Cross Receipt executed February 22, 2012 (together, the "**Assignment**

**Agreements**").[1]

4.      UCBI has disputed FILBCI's claims and has asserted various defenses and

counterclaims in the FILBCI Action.

5.      FILBCI, FIA Leveraged Fund-In Official Liquidation ("**Leveraged**"),

acting through its Joint Official Liquidators (the "**JOLs**") Roy Bailey and Robin Lee McMahon,

the Firefighters Retirement System of Louisiana ("**FRS**"), the New Orleans Firefighters' Pension

& Relief Fund ("**NOFF**"), the Municipal Employees' Retirement System of Louisiana ("**MERS**"

and together with FRS and NOFF, the "**Louisiana Pension Funds**") have entered into a

Settlement Agreement and Mutual Releases, dated as of February 27, 2013 (the "**Settlement**

---

[1] The specific SPA rights and obligations assigned by the Debtor to FILBCI consisted of the right to acquire certain
UCBI convertible preferred stock, certain warrants, and an amount claimed due for a UCBI Registration Failure
under the SPA, each as set forth more fully in the Assignment Agreements attached as Exhibits A and B to the
Release and Waiver.

**Agreement**").[2]  The settlement Agreement compromises and settles any disputes and differences between or among the settling parties arising out of or relating to the FILBCI Action or the Assignment Agreements.[3]

      6.      The Settlement Agreement requires the parties to Settlement Agreement to request that the Trustee agree to a release and waiver of the precise claims included in the pleadings in that case and to present the Release and Waiver to the Court for approval.  Pursuant to the Release and Waiver, the Trustee agreed to seek Court approval of the Release and Waiver within 14 days of its execution.

      7.      Pursuant to the Settlement Agreement, if the Court does not approve the Release and Waiver within 90 days of the execution of the Settlement Agreement, UCBI has the option of proceeding with the settlement or serving a notice of termination.  If the Release and Waiver is not approved within 14 days of service of a notice of termination, the Settlement Agreement is terminated and is of no force and effect.

### Relief Requested

      8.      The Trustee seeks an order pursuant to Bankruptcy Rule 9019(a) approving the Release and Waiver.  A copy of the Release and Waiver is attached as **Exhibit B.**

---

[2] A copy of the Settlement Agreement can be provided to the Court, should the Court desire to review its terms.

[3] Transactions purporting to redeem the investments of the Louisiana Pension Funds in Leveraged– one of the "feeder funds" that fed into the Debtor – sparked the litigation in the Cayman Islands that, among other things, resulted in the liquidation of Leveraged and appointment of its Joint Official Liquidators, and ultimately led to the filing of the Debtor's Chapter 11 petition.  Those transactions have been the subject of substantial litigation in the Cayman Islands and in this Court and are not raised by this Motion.

## The Release

9.      The Release and Waiver releases any claims that the Debtor and UCBI

might have against each other relating to the FILBCI Action and Assignment Agreements in

accordance with the following terms and conditions:[4]

(a)      The Debtor shall fully and unconditionally waive, release and discharge
UCBI from (i) all actions, claims and counterclaims which FILBCI has asserted against
UCBI in the FILBCI Action, or (ii) that were the subject of the Assignment Agreements,
and will refrain from instituting or continuing any legal proceeding or complaint in
respect thereof;

(b)      UCBI shall fully and unconditionally waive, release and discharge the
Debtor from (i) all actions, claims and counterclaims which UCBI has asserted against
FILCBI in the FILBCI Action, or (ii) that were the subject of the Assignment
Agreements, including, without limitation, UCBI's claim pursuant to the SPA referred to
in UCBI's counterclaim for $3.25 million and interest thereon, and will refrain from
instituting or continuing any legal proceeding or complaint in respect thereof;

(c)      The Release and Waiver shall not be construed to limit, waive, or release
any other claims the Debtor may have against UCBI, any other claims UCBI may have
against the Debtor (including certain of the Debtor's affiliates), or otherwise affect any of
the obligations or responsibilities that the Debtor and UCBI may have to each other; and

(d)      Notwithstanding anything in the Release and Waiver to the contrary,
nothing in the Release and Waiver is intended to or shall be construed to release, waive,
modify or otherwise prejudice any of the rights, causes of action (including without
limitation avoidance and other causes of action arising under the U.S. Bankruptcy Code),
claims, counterclaims, defenses or remedies (collectively, the "Claims") of the Debtor or
the Trustee arising out of or relating to any of the transactions between and/or among
UCBI, the Debtor, FILCBI, or Fletcher International Inc. in 2010 which were not within
the specific rights and obligations designated in paragraph i(a)(b) and (c) in the
Subscription Agreement and the Cross Receipt.  Among the Claims not being released
are any Claims arising under or related to those certain Warrants to Purchase Shares of
Common Stock of UCBI dated April 5, 2010, as amended (including any claim that the
5-for-1 reverse split of UCBI Common Stock did not affect the strike price of such
Warrants), any rights to payment of amounts in excess of $606,667 for alleged
Registration Failure under the SPA, and any rights relating to the establishment and
administration of the so-called "Carry Accounts."

---

[4] This description of the Release and Waiver is a summary only and is not intended to alter, modify or supersede the
terms of the Release and Waiver, the express terms of which shall control.

## Basis for Relief Requested

10.      Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."  In deciding whether to approve a compromise, "a bankruptcy court must determine whether the compromise is reasonable," Saccurato v. Masters, Inc. (In re Masters, Inc.), 149 B.R. 289, 292 (E.D.N.Y. 1992), and whether the compromise is "'fair and equitable' and 'in the best interests of the estate.'"  In re Drexel Burnham Lambert Group, Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (quoting Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Andersen, 390 U.S. 414, 424 (1968), reh. denied, 391 U.S. 909 (1968)).

11.      The Court may consider such factors as:  (i) the likelihood of success in the litigation compared to the present and future benefits offered by the settlement; (ii) the prospect of protracted litigation if the settlement is not approved as well as the related expense, inconvenience and delay, including potential difficulty in collecting on the judgment; (iii) the "paramount interests of the creditors" and the degree to which the creditors support the settlement; (iv) the nature and extent of releases to be obtained by officers and directors; and (v) whether the settlement was the result of arm's length bargaining.  Motorola, Inc. v. Official Comm. of Unsecured Creditors et al. (In re Iridium Operating LLC et al.), 478 F.3d 452, 462 (2d Cir. 2007) (citing In re Worldcom, Inc., 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006)); see also In re Masters, Inc., 149 B.R. at 292 (citing Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 822 (1983)); In re Drexel Burnham, 134 B.R. at 497. In assessing whether a compromise should be approved, the Court need only "canvass the issues and see whether the compromise 'falls below the lowest point in the range of reasonableness.'"

In re Drexel Burnham, 134 B.R. at 497 (citations omitted).  The Release and Waiver easily meets that test.

12.    The Release and Waiver, the terms of which were negotiated at arms' length, provides the Debtor with a full and unconditional waiver, release and discharge of all actions, claims and counterclaims that UCBI has asserted in the FILBCI Action or that relate to the Assignment Agreements and insulates the Debtor's estate from any potential future liability resulting from the FILBCI Action or the Assignment Agreements, including any liability related to a $3.25 million claim described in UCBI's counterclaims.  Such relief comes at virtually no cost to the Debtor because, pursuant to the Assignment Agreements, the Debtor assigned to FILBCI any rights it may have had to bring the claims asserted in FILBCI Action.  The Trustee does not believe that he now has or might in the future have any claims that are being released pursuant to the Release and Waiver.

13.    The settlement of the FILBCI Action was entered between FILBCI, the Louisiana Pension Funds, the JOLs and UCBI.  The Trustee takes no position as to the advisability of the Settlement Agreement reached by them.  Nonetheless, the Trustee has considered and carefully analyzed whether it would be appropriate to seek to "claw back" the assets that were assigned to FILBCI pursuant to the Assignment Agreements and thereby stand in the shoes of FILBCI, but decided that it would not be in the best interests of the estate, its creditors or other parties-in-interest.  By the time that the Trustee was appointed, the FILBCI Action was well underway and had been fast-tracked towards trial.  If the Trustee took over, he would most likely have been bound by all prior pleadings and proceedings in the FILBCI Action and would have been immediately subjected to time-consuming and expensive discovery.  Also, by stepping into the shoes of FILBCI, the Trustee would have subjected the Debtor to potential

liability for the $3.25 million counterclaim that UCBI asserted against FILBCI.  While UCBI

might have sought to assert that claim against the Debtor anyway, the Release and Waiver

obtained by the Trustee specifically releases the estate from that claim.

14.    Moreover, the Release and Waiver is limited solely to claims asserted in

the FILBCI Action or otherwise related to the Assignment Agreements; it does not impair any

other claim the Trustee may have against UCBI or any other party.  The Release and Waiver

specifically excludes "any Claims . . . arising under or related to those certain Warrants to

Purchase Shares of Common Stock of UCBI dated April 5, 2010, as amended (including any

claim that the 5-for-1 reverse split of UCBI Common Stock did not affect the strike price of such

Warrants), any rights to payment of amounts in excess of $606,667 for alleged Registration

Failure under the Securities Purchase Agreement, and any rights relating to the establishment and

administration of the so-called 'Carry Accounts.'"  Nor does the settlement agreement reached

by the JOLs impose a ceiling or upper limit on what the Trustee might be able to recover for any

claims that the Debtor's estate may have against UCBI.

15.    Finally, the Trustee believes that the major parties-in-interest (including

the Louisiana Pension Funds and the JOLs of Leveraged and Fletcher Income Arbitrage Fund

Ltd.—In Official Liquidation ("**Arbitrage**")) will support the Waiver and Release because it

allows them to monetize and resolve claims that they have asserted (indirectly through FILBCI)

against UCBI, while at the same time it preserves any unrelated claims that the Trustee might

have against UCBI, which the Trustee is free to assert under the terms of the Release and

Waiver, and which might ultimately benefit the Debtor's estate, its creditors and other parties-in-

interest.  By contrast, if the Court does not approve the Release and Waiver, there is a significant

chance that the Settlement Agreement will be terminated, thereby eliminating a recovery that

would otherwise be available (via FILBCI) to Leveraged (and its investors, the Louisiana Pension Funds) and potentially to Arbitrage.

16.     The Trustee submits that, based on all of the above, his entering into the Release and Waiver represents the exercise of his sound business judgment and is in the best interests of the estate.  Accordingly, the Trustee requests that this Court approve the Release and Waiver.

### No Prior Request

17.     No prior application for the relief sought herein has been made to this or any other court in connection with the Debtor's Chapter 11 case.

### Notice[5]

18.     Notice of this Motion is being provided to: (a) the Office of the United States Trustee; (b) all creditors listed in the Debtor's schedules and all parties that have submitted proofs of claim; (c) the Securities Exchange Commission, (d) the Internal Revenue Service; and (e) all parties requesting notice in this Chapter 11 case pursuant to Rule 2002 of the Bankruptcy Rules.  Given the circumstances and the nature of the relief requested, the Trustee submits that no further notice of this Motion should be required.

---

[5] On February 25, 2013, the District Court in the FILBCI Action entered an order discontinuing the action with prejudice and permitting any party to apply by letter to restore the action to the calendar if the settlement is not effected.  *See FILB Co-Investments LLC v. United Community Banks, Inc.*, Index No. 12 CV 5183 (S.D.N.Y.) (SAS) (ECF No. 19).

### Conclusion

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order,

substantially in the form annexed hereto as **Exhibit A**, granting the relief requested by this

Motion and such other or further relief as the Court deems just and proper.

Dated: New York, New York          LUSKIN, STERN & EISLER LLP
       March 11, 2013
                                   By: /s/ Michael Luskin
                                        Michael Luskin
                                        Stephan E. Hornung

                                   Eleven Times Square
                                   New York, New York 10036
                                   Telephone:     (212) 597-8200
                                   Facsimile:     (212) 974-3205

                                   *Attorneys for the Chapter 11 Trustee*

## EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                        :        Chapter 11

                              :

FLETCHER INTERNATIONAL, LTD.,        :        Case No. 12-12796 (REG)

                              :

                 Debtor.         :

                              :

-------------------------------------------------------------x

## ORDER PURSUANT TO BANKRUPTCY RULE 9019(A) APPROVING THE RELEASE AND WAIVER BETWEEN THE DEBTOR AND UNITED COMMUNITY BANKS, INC.

Upon the motion (the "**Motion**") of Richard J. Davis, the Trustee appointed in this Chapter 11 case (the "**Trustee**"), for an order pursuant to Bankruptcy Rule 9019(a) approving the Release and Waiver dated as of February 27, 2013 (the "**Release and Waiver**") between the Debtor and United Community Banks, Inc. ("**UCBI**") relating to a currently pending lawsuit filed by FILB Co-Investments LLC against UCBI; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interest of the Debtor, its estate, its creditors and other parties-in-interest; and this Court having found that notice of the Motion was due and proper and that no other or further notice is required; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.        Subject to the terms and conditions of this Order, the Motion is granted.

2.        Pursuant to Bankruptcy Rule 9019(a), the Release and Waiver annexed to the Motion as **Exhibit B** is hereby approved in its entirety.

3.      The Trustee's entry into, and performance of all of his obligations under the

Release and Waiver is approved.

4.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

5.      To the extent that the Motion is inconsistent with this Order, the terms of this

Order shall govern.

6.      The Court shall retain jurisdiction with respect to all matters arising from or

related to the Release and Waiver and this Order.

Dated:  New York, New York
        March __, 2013


        _____
        HONORABLE ROBERT E. GERBER
        UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

**Release and Waiver**

## MUTUAL RELEASE AND WAIVER

Fletcher International, Ltd. ("FILB") and the FILB Chapter 11 Trustee do hereby now and forever fully and unconditionally waive, release and discharge United Community Banks, Inc. ("UCBI"), its direct and indirect parents, subsidiaries, and affiliates, and each of its shareholders, officers, directors, partners, employees, members, agents, attorneys, heirs, executors, administrators, successors, and assigns (the "UCBI Releasees"), from all actions, claims, counterclaims, suits, charges, demands, debts, liabilities, damages, judgments, executions, accounts, sums of money, reckonings, obligations, controversies, proceedings, losses, actions, and causes of action of any and every kind and nature whatsoever, whether at law or in equity, which FILB Co-Investments, LLC ("FILBCI") has asserted against UCBI in the action styled *FILB Co-Investments LLC v. United Community Banks, Inc.*, Case No. 12 CV 5183 (S.D.N.Y.) (SAS) (the "FILBCI Action"), or that were the subject of the Subscription Agreement between FILB and FILBCI, dated February 13, 2012, and the Cross Receipt executed by FILB and FILBCI on February 22, 2012 (annexed hereto as Exhibits A & B, respectively), and will refrain from instituting or continuing any legal proceeding or complaint in respect thereof. FILB represents and warrants that, since appointment of the FILB Chapter 11 Trustee, it has not assigned, transferred or granted or purported to assign, transfer or grant to any person or entity any of the actions, claims, counterclaims, suits, charges, demands, debts, liabilities, damages, judgments, executions, accounts, sums of money, reckonings, obligations, controversies, proceedings, losses, actions, and causes of action of any and every kind and nature whatsoever, whether at law or in equity, described in the preceding sentence, other than to FILBCI, and the FILB Chapter 11 Trustee represents and warrants that (1) he has no knowledge of any such assignment, transfer or grant prior to the appointment of the FILB Chapter 11 Trustee, other than to FILBCI and (2) the books and records of FILB in the FILB Chapter 11 Trustee's possession reflect no such assignment, transfer or grant prior to the appointment of the FILB Chapter 11 Trustee, other than to FILBCI.

UCBI does hereby now and forever fully and unconditionally waive, release and discharge FILB, the FILB Chapter 11 Trustee, their direct and indirect parents, subsidiaries, and affiliates, and each of their shareholders, officers, directors, partners, employees, members, agents, attorneys, heirs, executors, administrators, successors, and assigns (the "FILB Releasees"), from all actions, claims, counterclaims, suits, charges, demands, debts, liabilities, damages, judgments, executions, accounts, sums of money, reckonings, obligations, controversies, proceedings, losses, actions, and causes of action of any and every kind and nature whatsoever, whether at law or in equity, which UCBI has asserted against FILBCI in the FILBCI Action, or that were the subject of the Subscription Agreement between FILB and FILBCI, dated February 13, 2012, and the Cross Receipt executed by FILB and FILBCI on February 22, 2012 (annexed hereto as Exhibits A & B, respectively), including without limitation UCBI's claim pursuant to the Securities Purchase Agreement referred to in UCBI's counterclaim for $3.25 million and interest thereon, and will refrain from instituting or continuing any legal proceeding or complaint in respect thereof. For the avoidance of doubt, nothing in this Mutual Release and Waiver is intended to or shall be construed to bar UCBI from asserting, in response to any claims, counterclaims, or remedies asserted by any FILB Releasees, any defenses asserted by UCBI in the FILBCI Action.

This Mutual Release and Waiver shall not be construed to limit, waive, or release any other claims FILB or the FILB Chapter 11 Trustee may have against the UCBI Releasees, any other claims UCBI may have against the FILB Releasees (including, without limitation, Asset Holding Company 1, LLC, Asset Holding Company 2, LLC, Asset Holding Company 3, LLC, Asset Holding Company 4, LLC, Asset Holding Company 5, LLC, and Master Asset Holding Company LLC), or otherwise affect any of the obligations or responsibilities that FILB or the FILB Chapter 11 Trustee and UCBI may have to each other. Notwithstanding anything in this Mutual Release and Waiver to the contrary, nothing in this Mutual Release and Waiver is intended to or shall be construed to release, waive, modify or otherwise prejudice any of the rights, causes of action (including without limitation avoidance and other causes of action arising under the U.S. Bankruptcy Code), claims, counterclaims, defenses or remedies (collectively, the "Claims") of FILB or the FILB Chapter 11 Trustee arising out of or relating to any of the transactions between and/or among UCBI, FILB, FILCBI, or Fletcher International Inc. in 2010 which were not within the specific rights and obligations designated in paragraph i(a)(b) and (c) in the Subscription Agreement between FILB and FILBCI, dated February 13, 2012, and the Cross Receipt executed by FILB and FILBCI on February 22, 2012 (annexed hereto as Exhibits A & B, respectively). Among the Claims not being released are any Claims (other than claims for the Additional Warrant Amount) arising under or related to those certain Warrants to Purchase Shares of Common Stock of UCBI dated April 5, 2010, as amended (including any claim that the 5-for-1 reverse split of UCBI Common Stock did not affect the strike price of such Warrants), any rights to payment of amounts in excess of $606,667 for alleged Registration Failure under the Securities Purchase Agreement, and any rights relating to the establishment and administration of the so-called "Carry Accounts."

FILB and the FILB Chapter 11 Trustee's release of UCBI and UCBI's release of FILB and the FILB Chapter 11 Trustee, as described in the three preceding paragraphs, shall not be binding or effective unless and until the United States Bankruptcy Court for the Southern District of New York overseeing the action captioned *In re Fletcher International, Ltd.*, Case No. 12-12796 (Bankr. S.D.N.Y.) (REG) (the "FILB Bankruptcy Court"), approves this Mutual Release and Waiver. The FILB Chapter 11 Trustee hereby agrees that it shall take all steps necessary to secure the FILB Bankruptcy Court's approval of this Mutual Release and Waiver, including, without limitation, by moving the FILB Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure to approve this Mutual Release and Waiver within fourteen (14) days of its execution.

This Mutual Release and Waiver shall be governed by and interpreted in accordance with the substantive laws of the State of New York, including without limitation General Obligations Law §§ 5-1103, 15-303, without giving effect to its conflict of laws principles.

2

IN WITNESS WHEREOF, the undersigned has executed this Release and Waiver as of this 27th day of February 2013.

FLETCHER INTERNATIONAL, LTD.

By:_____

Name:  Richard J. Davis, in his capacity as the
Chapter 11 Trustee of Fletcher
International, Ltd. (the "FILB Chapter 11
Trustee")

UNITED COMMUNITY BANKS INC.

By:_____
Name:
Title:

3

IN WITNESS WHEREOF, the undersigned has executed this Release and Waiver as of this 27th day of February 2013.

FLETCHER INTERNATIONAL, LTD.

By:_____
Name:  Richard J. Davis, in his capacity as the
       Chapter 11 Trustee of Fletcher
       International, Ltd. (the "FILB Chapter 11
       Trustee")

UNITED COMMUNITY BANKS INC.

By:_____
Name:  Rex S. Schuette
Title:  EVP & CFO

3

# Exhibit A

## SUBSCRIPTION AGREEMENT

**THIS SUBSCRIPTION AGREEMENT** (the "Subscription Agreement") is entered into this 13th day of February, 2012, by an between Fletcher International, Ltd., a company domiciled in Bermuda (together with its successors, "FILB") and FILB Co-Investments LLC, a limited liability company organized under the laws of the State of Delaware (together with its successors, "FILBCI").

**WHEREAS,** FILB has agreed to assign as payment for subscription to FILBCI and FILBCI has agreed to accept from FILB, in exchange for $136,135,806 to be paid to FILB with 136,135.806 FILBCI Shares, each having a Net Asset Value of $1,000 per share as of February 13, 2012, the following associated rights and obligations, having a total aggregate value of $136,135,806:

i.   The specific rights and obligations designated immediately below in subsections (a), (b) and (c) that FILB holds pursuant to the Securities Purchase Agreement by and between United Community Banks, Inc. ("UCBI") and Fletcher International, Ltd. dated as of April 1, 2010, as amended by the Amendment to Securities Purchase Agreement dated as of June 11, 2010, (attached hereto in "Annex A");

    a.   The right to purchase shares of Series C convertible preferred stock for an aggregate purchase price of Sixty-Five Million Dollars and all associated rights and obligations under such agreement and such amendment (the "Investment Right").

    b.   Warrants with respect to the Additional Warrant Amount, as such terms are defined in the Warrants to Purchase Shares of Common Stock of United Community Banks, Inc., as amended by the Amendment to Warrants to Purchase Shares of Common Stock of United Community Banks, Inc. (the "Additional Warrants").

    c.   An amount of $606,667 owed to FILB by UCBI due to a Registration Failure, as defined in the Securities Purchase Agreement, accruing over a period of 28 days.

For the avoidance of doubt, the Initial Warrant Amount, as such term is defined in the Warrants to Purchase Shares of Common Stock of United Community Banks, Inc. as amended by the Amendment to Warrants to Purchase Shares of Common Stock of United Community Banks, Inc. (the "Initial Warrant Amount") is not transferred or assigned by FILB to FILBCI.

**WHEREAS,** FILBCI is an affiliate of both FILB and FILB's Investment Advisor, Fletcher Asset Management, Inc. (collectively, "Fletcher"), and thus an appropriate and valid entity under the aforementioned Securities Purchase Agreement to receive the aforementioned securities.

Notwithstanding the foregoing, and for the avoidance of doubt, nothing herein shall be construed as a waiver or assignment by any Warrant Holder of any right, term, condition or adjustment in the Warrant Certificate and the Securities Purchase Agreement

dated as of April 1, 2010 between Fletcher International, Ltd. and United Community Banks, Inc.

This Subscription Agreement shall be governed and construed in accordance with laws of the State of New York without regard to conflicts of law principles.

**IN WITNESS HEREOF,** the parties hereto have caused this Subscription Agreement to be executed in their names as of the date first written above

Signature Page Follows

FLETCHER INTERNATIONAL, LTD.

By: _____
Name: Stewart Turner
Title: Director

By: _____
Name: Floyd Saunders
Title: Director

FILB CO-INVESTMENTS LLC
By its Sole Member
FLETCHER INTERNATIONAL, LTD.

By: _____  2-22-12
Name: Teddy Stewart
Title: Director

By: _____
Name: Floyd Saunders
Title: Director

Signature Page to Subscription Agreement

# Exhibit B

## CROSS RECEIPT

FILB CO-INVESTMENTS LLC ("FILBCI"), a limited liability company organized under the laws of the State of Delaware, hereby acknowledges that it will receive on the Settlement Date (as defined below) from FLETCHER INTERNATIONAL, LTD. ("FILB"), a company domiciled in Bermuda, items (i)(a) – (c) below, having a total aggregate value of $136,135,806, in exchange for 136,135.806 FILBCI Shares having a total aggregate value of $136,135,806:

i.   The specific rights and obligations designated immediately below in subsections (a), (b) and (c) that FILB holds pursuant to the Securities Purchase Agreement by and between United Community Banks, Inc. and Fletcher International, Ltd. dated as of April 1, 2010, as amended by the Amendment to Securities Purchase Agreement dated as of June 11, 2010, (attached hereto in "Annex A");
   a.   The right to purchase shares of Series C convertible preferred stock for an aggregate purchase price of Sixty-Five Million Dollars and all associated rights and obligations under such agreement and such amendment (the "Investment Right").
   b.   Warrants with respect to the Additional Warrant Amount, as such terms are defined in the Warrants to Purchase Shares of Common Stock of United Community Banks, Inc., as amended by the Amendment to Warrants to Purchase Shares of Common Stock of United Community Banks, Inc. (the "Additional Warrants").
   c.   An amount of $606,667 owed to FILB by UCBI due to a Registration Failure, as defined in the Securities Purchase Agreement, accruing over a period of 28 days.

For the avoidance of doubt, the Initial Warrant Amount, as such term is defined in the Warrants to Purchase Shares of Common Stock of United Community Banks, Inc. as amended by the Amendment to Warrants to Purchase Shares of Common Stock of United Community Banks, Inc. (the "Initial Warrant Amount") is not transferred or assigned by FILB to FILBCI.

FILBCI hereby acknowledges: 1) that to the full extent permissible it hereby acquires and assumes all the investment and other rights, benefits, restrictions and obligations accompanying the above referenced securities; and 2) that it hereby agrees to perform any and all acts necessary to effectuate the purchase of the above referenced securities, and to perform all acts in the future in connection therewith.

The Settlement Date of this transaction shall be any date mutually agreed upon by FILB and FILBCI.

FILB Co-Investments Signature Page

FILB-CO-INVESTMENTS LLC
By its Managing Member
FLETCHER INTERNATIONAL, LTD.

By: _____
Name: Teddy Stewart
Title: Director
Date: 2·22·12

By: _____
Name: Floyd Saunders
Title: Director
Date:

FILB hereby acknowledges that it will receive on the Settlement Date from FILBCI 136,135.806 shares of FILBCI having a Net Asset Value of $1,000 per share and a total aggregate value of $136,135,806 as of February 13, 2012.

FILB hereby acknowledges 1) that it hereby transfers to and assigns to FILBCI all the investment and other rights, benefits, restrictions and obligations accompanying the above referenced securities; and 2) that it hereby agrees to perform any and all acts necessary to effectuate the sale of the above referenced securities, and to perform all the acts in the future in connection therewith.


FLETCHER INTERNATIONAL, LTD.

By: _____
Name: Stewart Turner
Title: Director
Date: 2/22/12

By: _____
Name: Floyd Saunders
Title: Director
Date:


Cross Receipt Page 3 of 3