**Hearing Date: October 8, 2013 at 9:45 a.m.**
**Objection Deadline: October 1, 2013 at 4:00 p.m.**

Michael Luskin
Stephan E. Hornung
LUSKIN, STERN & EISLER LLP
Eleven Times Square
New York, New York 10036
Telephone:   (212) 597-8200
Facsimile:   (212) 974-3205

*Attorneys for the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | Chapter 11 |
|  | Case No. 12-12796 (REG) |
| FLETCHER INTERNATIONAL, LTD., | |
| Debtor. | |

**SUMMARY COVER SHEET FOR INTERIM APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES INCURRED BY TROTT & DUNCAN
LIMITED AS ATTORNEYS FOR THE CHAPTER 11 TRUSTEE**

| | |
|---|---|
| **Name of Applicant** | Trott & Duncan Limited ("Trott & Duncan") |
| Authorized to Provide Professional Services to: | Chapter 11 Trustee |
| Date case filed: | June 29, 2012 |
| Date of Retention | Order entered on September 10, 2012 retaining Trott & Duncan, *nunc pro tunc* to August 13, 2012 |
| Period for which compensation and reimbursement is sought: | August 13, 2012 through June 30, 2013 |
| Amount of Compensation sought as actual, reasonable and necessary: | $62,042.50 |
| 80% of fees requested | $49,634.00 |

| 20% holdback | $12,408.50 |
|---|---|
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $40.81 |
| Total Compensation and Expense Reimbursement Requested: | $62,083.31 |

**Prior Monthly Fee Statements Filed**

| Date/Document Number of Statement | Period Covered | Fees Requested | Fees Paid or To Be Paid (80%) | Expenses Requested | Expenses Paid or To Be Paid (100%) |
|---|---|---|---|---|---|
| 10/10/12 Docket. No. 119 | August 13, 2012 to August 31 2012 | $40,147.50 | $40,147.50 | $30.00 | $30.00 |
| **TOTALS** | | **$40,147.50** | **$40,147.50** | **$30.00** | **$30.00** |

**Time Summary for Professionals and Paraprofessionals**

| Professional | Position with the Applicant, and Year Admitted | | Department | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Delroy Duncan | Director | 1984 | Litigation | 650.00 | 47.3 | $30,745.00 |
| Nicole Tovey | Director | 2001 | Litigation | 550.00 | 24 | $12,210.00 |
| Ray McDaid | Senior Corporate Counsel | 1984 | Corporate | 600.00 | 30.25 | $18,150.00 |
| Lauren Sadler-Best | Associate | 2005 | Litigation | 375.00 | 2.5 | $937.50 |
| | | | | | | |
| **Blended Hourly rate** | | | | | | **$593.71** |
| **Total** | | | | | **104.05** | **$62,042.50** |

**Compensation by Matter**

| Project Category | Total Billed Hours | Total Fees Requested ($) |
|---|---|---|
| Litigation | 63.50 | 40,147.50 |
| General Corporate matters | 40.55 | 21,895.00 |
| **TOTAL** | **104.05** | **62,042.50** |

**Expense Summary**

| Disbursements | Amounts |
|---|---|
| Court Revenue Stamps | 35.00 |
| Telephone | 5.81 |
| **TOTAL** | **40.81** |

Hearing Date: October 8, 2013 at 9:45 a.m.
Objection Deadline: October 1, 2013 at 4:00 p.m.

Michael Luskin
Stephan E. Hornung
LUSKIN, STERN & EISLER LLP
Eleven Times Square
New York, New York 10036
Telephone:  (212) 597-8200
Facsimile:   (212) 974-3205

*Attorneys for the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| | Case No. 12-12796 (REG) |
| FLETCHER INTERNATIONAL, LTD., | |
| Debtor. | |

**FIRST APPLICATION OF TROTT & DUNCAN LIMITED, AS ATTORNEYS FOR THE CHAPTER 11 TRUSTEE, FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM AUGUST 13, 2012 TO JUNE 30, 2013**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Trott & Duncan Limited ("**T&D**"), Bermuda attorneys for Richard J. Davis, the Chapter 11 Trustee in this Chapter 11 case (the "**Trustee**"), hereby submits this first interim fee application ("**Fee Application**") pursuant to Sections 330 and 331 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases, Administrative Order M-447, effective February 5, 2013 (the "**Local Guidelines**"), the

United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, adopted on January 30, 1996 (the "**UST Guidelines**") and the Revised Order Pursuant To 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals entered November 12, 2012 [Docket No. 156] (the "**Compensation Order**," and collectively with the aforementioned statutes, rules, guidelines, the "**Guidelines**") for interim allowance of compensation in the aggregate amount of $62,042.50 for professional services performed and the reimbursement of actual and necessary expenses in the aggregate amount of $40.81 incurred for the period from August 13, 2012 to June 30, 2013 (the "**Compensation Period**").  In support of this Application, T&D respectfully states as follows:

### Jurisdiction and Venue

1.      The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-1.

### Background and Case Status

2.      On June 29, 2012, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor was authorized to operate its business and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      No official committees have been formed.

4.    On August 21, 2012, the Debtor filed the *Debtor's Emergency Motion for Order Pursuant to 11 U.S.C. § 1104(a)(2) and Fed. R. Bankr. P. 2007.1 Directing Appointment of a Chapter 11 Trustee* [Docket No. 52].  On August 24, 2012 the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") separately filed the *Motion of the United States Trustee Pursuant to 11 U.S.C. § 1104 for Order Directing the Appointment of a Chapter 11 Trustee* [Docket No. 64].  On September 7, 2012, the Court entered an Order Directing Appointment of a Chapter 11 Trustee [Docket No. 95].

5.    On September 10, 2012 the Court entered an order approving the retention of T&D as attorneys to the Debtor *nunc pro tunc* to August 13, 2012 [Docket No. 96]

6.    On September 25, 2012, the U.S. Trustee appointed Richard Davis as the Chapter 11 Trustee and filed the *Application for Order Approving Appointment of Chapter 11 Trustee* [Docket No. 112], and on September 28, 2012, the Court issued its *Order Approving the Appointment of Chapter 11 Trustee* [Docket No. 115].  No plan or disclosure statement has been filed with the Court.  T&D is informed that the Trustee will file a plan and disclosure statement in early fall 2013.

7.    T&D is informed that all quarterly fees have been paid to the U.S. Trustee.

8.    T&D is informed that all monthly operating reports through July have been filed.

9.    T&D is informed that the amount of cash on hand, the amount and nature of accrued unpaid administrative expenses, and the amount of unencumbered funds in the estate as of July 31, 2013 are set forth in the monthly operating report for the month of July.  [Docket No. 267].  They are as follows:

(a)    Cash on hand: approximately $4.0 million;

(b)    Amount of accrued unpaid administrative expenses: approximately
$2.1 million; and

(c)    Amount of unencumbered funds in the estate: approximately $3.7 million.

### Relief Requested

10.    By this Application, T&D seeks an interim allowance of compensation for
the professional services rendered during the Compensation Period in the amount of $62,042.50
and expense reimbursements of $40.81.  However, T&D has only requested payment for 80% of
its fees and 100% of its expenses, leaving T&D subject to a 20% holdback.

11.    During the Compensation Period, T&D attorneys and paraprofessionals
expended a total of 102.75 hours for which compensation is requested.

12.    After T&D's  retention was approved on September 10, 2012, T&D filed
one fee and expense statement covering the month of August 2012 (the "**Monthly Fee
Statement**") [Docket No. 119.]

13.    As of the date of this Application, in accordance with the Compensation
Order T&D has received or will receive payment from the Trustee for T&D's First Monthly Fee
Statements equal to 100% of all fees incurred and 100% of all expenses.  Other than that
Monthly Fee Statement, no payments have been made to T&D and T&D has received no
promises of payment from any source for services rendered or to be rendered in any capacity
whatsoever in connection with the matters covered during the Compensation Period and
addressed by this Application.  There is no agreement or understanding between T&D and any
other person, other than members of T&D, for the sharing of compensation to be received for
services rendered in these cases.

-4-

14. The fees charged by T&D in these cases are billed in accordance with T&D's existing billing rates and procedures in effect during the Compensation Period. The rates T&D charges for the services rendered by its professionals and paraprofessionals in this Chapter 11 case are the same rates T&D generally charges for professionals and paraprofessional services rendered in comparable nonbankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

15. T&D maintains computerized records of all time spent by all T&D attorneys and paraprofessionals in connection with its representation of the Trustee. Applicant has provided itemized time records for professionals and paraprofessionals performing services during the Compensation Period to this Court, the Debtor, all creditors listed in the Debtor's schedules, all parties that have submitted a proof of claim, and the U.S. Trustee by attaching computerized records of time spent to the Monthly Fee Statements. All entries itemized in Applicant's time records comply with the requirements set forth in the Guidelines, including the use of separate matter numbers for different project types, as described in this Application. Applicant's itemized time records also detail expenses incurred during the Compensation Period. All entries itemized in Applicant's expense records comply with the requirements set forth in the Guidelines.

16. Pursuant to, and consistent with, the relevant requirements of the Guidelines, as applicable, the following exhibits are attached hereto:

a) Exhibit A contains a certification by Delroy Duncan regarding T&D's compliance with the Guidelines.

b) Exhibit B contains copies of T&D's detailed time records and out-of-pocket expenses, which have been previously filed as exhibits to the Monthly Fee Statements and have been redacted to shield privileged and confidential material.

-5-

### Summary of Services Performed by LS&E
### During the Compensation Period

17.     The following is a summary of the services rendered by T&D, broken

down by project category.

  A.  <u>Litigation</u>
    Fees: $40,147.50; Hours: 65.3.

18.     During the Compensation Period, T&D spent time under this project

category on various matters relating to the Debtor's litigation with the Cayman-based

Liquidators for its affiliated funds in the Bankruptcy Court and the Supreme Court of Bermuda.

The proceedings concerned an attempt in Bermuda to exercise purported and disputed

shareholder rights over the Debtor by calling and voting at a Special General Meeting, and a

question of the true status of the shareholding of the Debtor as reflected in the share register. The

filing of these proceedings against the Debtor in Bermuda was a breach of the automatic stay in

the Chapter 11 proceedings. T&D prepared an ex parte application for an injunction however it

was ultimately agreed in the US bankruptcy proceedings to toll all Bermuda litigation.

  B.  <u>General Corporate matters</u>
    Fees: $21,895.00; Hours: 40.55

19.     During the Compensation Period, T&D spent time under this project

category advising on matters concerning the proper and accurate shareholding of the Debtor,

potential reinstatement and reissue of shares following an improperly recorded purported share

transfer,   rectification of the share register, the Debtor's statutory requirements to remain in

good standing under Bermuda law in circumstances where the Debtor was not subject to parallel

insolvency proceedings in Bermuda and liaising with Debtor's corporate secretary regarding new

bye-laws and various resolutions to appoint the trustee as sole director/manager of the Debtor.

## Actual and Necessary Disbursements

20.     As set forth in the Summary Cover Sheet filed contemporaneously with this Application, T&D disbursed $40.81 as expenses incurred in providing professional services during the Compensation Period.  T&D passes through all out-of-pocket expenses at actual cost.  Other reimbursable expenses (whether the service is performed by T&D  in-house or through a third party vendor) include, but are not limited to, deliveries, court costs, transcript fees, travel, teleconferencing and clerk fees and are passed through at cost.  T&D does not bill for fax and phone charges (other than fees for conference calls), secretarial overtime or other administrative costs.

## The Application Should be Granted

21.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of Section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  11 U.S.C. § 331.  Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  Id. § 330(a)(1)(A) and (B).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and

    (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

22.    T&D respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for the orderly administration of the estate. In light of the nature, extent, and value of such services, T&D submits that the compensation requested herein is reasonable.

23.    The compensation for T&D's services as requested is commensurate with the complexity, importance and nature of the problems, issues or tasks involved. The professional services were performed with expedition and in an efficient manner, as evidenced by a blended attorney rate of $593.71. In addition, substantially all of the work during the Compensation Period was done by two Directors and one senior counsel.

24.    In sum, the services rendered by T&D were necessary and beneficial to the estate, were reasonable in light of the value of such services to the Trustee, and were performed with skill and expertise. Accordingly, T&D submits that approval of the compensation for professional services and reimbursement of expenses requested in this Application is warranted.

## **Notice**

25.    Notice of this Application has been provided to: (a) the United States Trustee; (b) all creditors listed in the Debtor's schedules and all parties who filed a proof of claim; (c) the Internal Revenue Service; and (d) all parties requesting notice in this Chapter 11

case pursuant to Rule 2002 of the Bankruptcy Rules.  T&D respectfully submits that no further notice of this Application should be required.

## No Prior Request

26.     No prior interim fee application for the relief requested herein has been made to this or any other Court.

## Conclusion

WHEREFORE, T&D respectfully requests that the Court enter an order: (i) approving the interim allowance of $62,042.50 for compensation for professional services rendered during the Compensation Period, (ii) approving the reimbursement of T&D's out-of-pocket expenses incurred in connection with the rendering of such services during the Compensation Period in the amount of $40.81, and (iii) granting such other and further relief the Court deems just and proper.

Dated:   New York, New York
         September 13, 2013

TROTT & DUNCAN LIMITED

*/s/ Delroy B. Duncan*
Delroy B. Duncan
Trott & Duncan Building
17A Brunswick St.
Hamilton HM10
Bermuda
Telephone: (441) 295-7444
Facsimile: (441) 295-6600

*Bermuda Counsel for the Chapter 11Trustee*

**EXHIBIT A**

**Certification of Delroy Duncan in Support of the Application**

Michael Luskin
Stephan E. Hornung
LUSKIN, STERN & EISLER LLP
Eleven Times Square
New York, New York 10036
Telephone: (212) 597-8200
Facsimile:   (212) 974-3205

*Attorneys for the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| FLETCHER INTERNATIONAL, LTD., | Case No. 12-12796 (REG) |
| Debtor. | |

## CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF FIRST APPLICATION OF TROTT & DUNCAN LIMITED FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

I, Delroy Duncan, hereby certify that:

1.      I am a Director of Trott & Duncan Limited ("**T&D**"), attorneys for

Richard J. Davis, the Chapter 11 Trustee in this Chapter 11 case (the "**Trustee**").

2.      In accordance with (a) the United States Trustee Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330,

issued on January 30, 1996 (the "**UST Guidelines**"), (b) the Amended Guidelines for Fees and

Disbursements for Professionals in Southern District of New York Bankruptcy Cases,

Administrative Order M-447, effective February 5, 2013 (the "**Local Guidelines**") and (c) the

Revised Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Monthly

Compensation and Reimbursement of Expenses of Professionals entered November 12, 2012

(the "**Compensation Order**" and collectively with the UST Guidelines and the Local

Guidelines, the "**Guidelines**"), this certification is made with respect to the First Application of

T&D as attorneys to the Trustee dated September 13, 2013 (the "**Application**"), for interim

compensation and reimbursement of expenses for the period of August 13, 2012 to June 30, 2013

(the "**Compensation Period**").

      3.      With respect to Section B.(1) of the Local Guidelines, I certify that:

      a)      I have read the Application;

      b)      to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursement sought fall within the Local Guidelines;

      c)      except to the extent that fees or disbursements are prohibited by the Local Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by T&D and generally accepted by T&D's clients; and

      d)      in providing a reimbursable service, T&D does not make a profit on that service, whether the service is performed by T&D in-house or through a third party.

      4.      With respect to Section B.(2) of the Local Guidelines, I certify that the

Trustee and the Office of the United States Trustee for the Southern District of New York

(the "**U.S. Trustee**") have both been provided with a statement of T&D's fees and disbursements

accrued during the Compensation Period.  The Fee Application provides contained a list of

professionals and paraprofessionals providing services, their respective billing rates, the

aggregate hours spent by each professional and paraprofessional, a general description of

services rendered, a reasonably detailed breakdown of the disbursements incurred and an

explanation of T&D's billing practices.

      5.      With respect to of Section B.(3) of the Local Guidelines, I certify that the

Trustee and the U.S. Trustee are each being provided with a copy of the Application

concurrently with the filing thereof and will have at least 14 days to review such Application

prior to any objection deadline with respect thereto.

Dated: New York, New York
September 13, 2013

TROTT & DUNCAN LIMITED

*/s/ Delroy B. Duncan*
Delroy B. Duncan
Trott & Duncan Building
17A Brunswick St.
Hamilton HM10
Bermuda
Telephone: (441) 295-7444
Facsimile: (441) 295-6600

*Bermuda Counsel for the Chapter 11 Trustee*

**EXHIBIT B**

**<u>Time Records of Professionals and Expenses</u>**

# TROTT & DUNCAN
*Barristers & Attorneys-at-Law*

P.O. Box HM 2094
Hamilton HM HX, Bermuda

Ph: 441-295-7444                    Fax:441-295-6600

# INVOICE

Fletcher International, Ltd                                    August 31, 2012

48 Wall Street                                File #:        16627-001
5th Floor                                     Inv #:         63018
New York, New York 10005 USA

RE:        Chapter 11 Proceedings
Attention:  Mr Floyd Saunders

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|------------|-------|--------|--------|
| Aug-13-12 | Litigation: Call with Mr. Hurst re Fletcher | 0.60 | 330.00 | NT |
| | Litigation: Drafting retainer agreement for Fletcher - no charge | 0.60 | 0.00 | NT |
| Aug-15-12 | Litigation: Conference call with clients and Appleby. | 1.00 | 650.00 | DBD |
| | Litigation: Review documents provided by client - summons re special general meeting (.3), affidavit of Robin McMahon (1.5), register (.1), various emails from clients re case background, previous advice from Appleby and attaching additionl documentation (.5), email to Conyers Dill & Pearman re exhibits to affidavit (.1), drafting notice of intention to appear (.3), email from Conyers Dill & Pearman re delisting of hearing (.1), email to clients (.1) | 3.00 | 1,650.00 | NT |
| | Litigation: Call with client re ▮▮▮▮▮▮ | 0.90 | 495.00 | NT |
| | Litigation: Call with Appleby re ▮▮▮▮ | 0.40 | 220.00 | NT |
| | Litigation: Call with client re ▮▮▮▮ | 0.40 | 220.00 | NT |
| Aug-16-12 | Litigation: Conference call with clients re ▮▮▮▮▮▮ | 1.00 | 650.00 | DBD |

Invoice #:       63018                    Page    2                                    August 31, 2012

| | | | |
|---|---|---|---|
| ████████████████ | | | |
| Litigation: Review of binder of documents containing 1.██ (.4) 2.██████ (.6) 3.██████ (.1) 4.██████ █(1.0) 5.██████ ████(1.0) 6.█████ █.1) 7.█████ █(1.0) | 4.20 | 2,730.00 | DBD |
| Litigation: Review and respond to various emails from clients and Appleby dated 16th August | 1.00 | 650.00 | DBD |
| Litigation: 1. Conference with NT re ██████ (.6)  2. Review and amendment of the writ and summons██████ ██████(.4) | 1.00 | 650.00 | DBD |
| Litigation: Review US motion and response (1.0), research issue of ██████(.6), call with Dan re US hearing cancellation (.1) | 1.70 | 935.00 | NT |
| Litigation: Call with clients re next steps | 0.90 | 495.00 | NT |
| Litigation: Review██████ ██████ | 0.90 | 495.00 | NT |
| Litigation: Drafting writ and summons seeking declaration as to ownership of shares in company and injunction to prevent special general meeting (1.2), conference with Delroy Duncan re documents, affidavits and service out (.6) | 1.80 | 990.00 | NT |
| Aug-17-12 | Litigation: Review of 1.██████ (.1)██████(2.1)██████ ██████ █████ (4.8) | 7.00 | 4,550.00 | DBD |

|            |                                                                                                                                                                                                              |      |          |     |
|------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|----------|-----|
|            | Litigation: Review and response to various tele calls and emails with client and Appleby dated 17th August 2012.                                                                                              | 2.00 | 1,300.00 | DBD |
| Aug-18-12  | Litigation: Review of binder of ███████████████████████████████ (2.5), review of various motions and notices (1.5)                                                                                            | 4.00 | 2,600.00 | DBD |
| Aug-19-12  | Litigation: Review of various documents (2.0).Drafting affidavit of Larry Saunders in support of injunctive relief to restrain Arbitrage Bermuda legal proceedings and a section 74(3) meeting (4.5)           | 6.50 | 4,225.00 | DBD |
|            | Litigation: Review and respond to emails from the client.                                                                                                                                                     | 0.20 | 130.00   | DBD |
| Aug-20-12  | Litigation: Review and respond to various emails and tele calls from client and Appleby. 20th August 2012 (1.2). Review of clients amendments to affidavit of Larry Saunders and draft additional amendments re██████████████(1.3) | 2.50 | 1,625.00 | DBD |
|            | Litigation: Review of 1.██████████ (.5)  2.████████████(.5)  3.████████████(.7)                                                                                                                               | 1.70 | 1,105.00 | DBD |
|            | Litigation: Assisting DBD on research on ████████████                                                                                                                                                         | 2.50 | 937.50   | LSB |
|            | Litigation: Review various emails re ████████████████████████████                                                                                                                                            | 0.50 | 275.00   | NT  |
|            | Litigation: Drafting summons (.5) and affidavit for service out (.8)                                                                                                                                          | 1.30 | 715.00   | NT  |
| Aug-21-12  | Litigation: Various tele calls and review of emails to and from client and Appleby 21st August (1.5). Review of application to serve proceedings out of the jurisdiction (.5)                                   | 2.00 | 1,300.00 | DBD |
|            | Litigation: Review of ████████████████████████████████████                                                                                                                                                   | 6.20 | 4,030.00 | DBD |

| Date | Description | Hours | Amount | |
|------|-------------|-------|--------|---|
| | ████████████████ (3.0) . Draft skeleton argument in preparation for injunction application (3.2). | | | |
| Aug-22-12 | Litigation: Various tele calls and emails with client and Conyers Dill & Pearman re tolling agreement (2.2). Finalising of tolling agreement (.3). Amendment and finalising of skeleton argument ████████ ████████████ (1.7) | 4.20 | 2,730.00 | DBD |
| | Litigation: Review various emails and documents re ████████████ ████████████ | 1.00 | 550.00 | NT |
| Aug-27-12 | Litigation: Review of emails from K Robinson re winding-up proceedings and change of attorney- emails from Conyers Dill & Pearman re adjourning petition hearing sine die and re details in representation application. | 0.50 | 325.00 | DBD |
| | Litigation: Review retention papers (.2), response to motion to show cause, supporting material for injunction application (.5), emails re hearings and tolling (.4) | 1.10 | 605.00 | NT |
| | Litigation: Drafting reply to issues on retention application | 0.90 | 495.00 | NT |
| | Litigation: Email from Mr. Hurst and in reply re retention application | 0.10 | 55.00 | NT |
| | Litigation: Email from Mr. Hurst re ████████████ email in reply | 0.20 | 110.00 | NT |
| Aug-28-12 | Litigation: Review supplementary declaration in relation to retention application | 0.10 | 55.00 | NT |
| Aug-29-12 | Litigation: Review of emails and response re amended retention declaration and exchange of emails with Conyers Dill & Pearman and client re appearing at court on the 31st August. | 0.30 | 195.00 | DBD |
| | Litigation: Conference with Nicole Tovey. | 0.20 | 130.00 | DBD |

Invoice #:    63018          Page   5                                August 31, 2012

| | | | | |
|---|---|---|---|---|
| | Litigation Conference with Delroy Duncan re███████████ | 0.20 | 110.00 | NT |
| Aug-31-12 | Litigation: Attendance at court before CJ to adjourn matter sine die, emails to and from client and Ben Adamson re outcome of hearing and wording of order. | 1.20 | 780.00 | DBD |
| | Litigation: Review emails post winding up hearing with clients | 0.10 | 55.00 | NT |
| | Totals | 65.90 | $40,147.50 | |

## DISBURSEMENTS

| | | Disbursements | Receipts |
|---|---|---|---|
| Aug-16-12 | Revenue Stamps - Notice of Intention to Appear | 15.00 | |
| Aug-20-12 | Revenue Stamps - Notice of Change of Attorney | 15.00 | |
| | Totals | $30.00 | $0.00 |
| | **Total Fees & Disbursements** | | **$40,177.50** |
| | Previous Balance | | $0.00 |
| | Previous Payments | | $0.00 |
| | **Balance Due Now** | | **$40,177.50** |



**Trott and Duncan Limited**

Trott and Duncan Building
17A Brunswick Street
P.O. Box HM 2094
Hamilton HM HX
Bermuda
Phn: 441-295-7444
Fax:  441-295-6600

# INVOICE

**Fletcher International, Ltd**

48 Wall Street
5th Floor
New York, New York 10005 USA

**Invoice Details**

| | |
|---|---|
| Invoice Date: | Mar 31/13 |
| Invoice No: | 64620 |
| Matter No: | 16627-001 |
| Matter Ref: | Chapter 11 Proceedings |

| DATE | DESCRIPTION | HOURS | AMOUNT | ATTORNEY |
|---|---|---|---|---|
| Mar 20/03 | Reviewing ██████████████████████ ████████████ sending comments and mark-up of same. Email from R Davis re same. | ██ | ██ | ██ |
| Sep 10/12 | Email and attachments from Mr. Bartley | 0.20 | $110.00 | NT |
| Sep 18/12 | Attendance to amendments to fee application or August 2012 in compliance with US Trustee requirements - no charge | 0.90 | $0.00 | NT |
| Oct 1/12 | Conference call with Richard Davis appointed Trustee in Bankruptcy | 0.20 | $130.00 | DBD |
| Oct 4/12 | Attending to further amendments to invoice and review application requirements - no charge | 0.30 | $0.00 | NT |
| Oct 9/12 | Completing fee application - no charge | 0.60 | $0.00 | NT |
| Oct 10/12 | Review amended fee application from US counsel, email to and from Mr. Bartley | 0.30 | $165.00 | NT |
| | Conference with Delroy Duncan re draft application, scan and email to US counsel | 0.30 | $165.00 | NT |
| Feb 15/13 | Review emails from Mr. Favata and accompanying documents, call with Mr. Favata | 0.70 | $385.00 | NT |
| Feb 19/13 | Review emails and other documents from Mr. Favata, conference with Mr. McDaid | 0.40 | $220.00 | NT |
| | Reviewing emails fand documents rom N Tovey re ██████ | 1.00 | $600.00 | RM |

| Feb 20/13 | Email to N Tovey re initial thoughts on email and documents re ███████ | 0.50 | $300.00 | RM |
| Feb 21/13 | Call to N Tovey re ████████ | 0.20 | $120.00 | RM |
| Feb 24/13 | Detailed email of advice to N Tovey re ██████ | 1.00 | $600.00 | RM |
| Feb 25/13 | Emails D Duncan and R Favata re ████████ | 0.50 | $300.00 | RM |
| Feb 26/13 | Various emails with Mr. McDaid, DBD, and client re ████ call with Mr. McDaid | 1.00 | $550.00 | NT |
|  | Email to Appleby rquesting certified copfy register of members Call to R Favata confirming and explaining email advice to N Tovey | 1.00 | $600.00 | RM |
| Feb 27/13 | Email from Appleby.EMail to D Duncan re same Call to re follow-up to R Favata | 0.50 | $300.00 | RM |
| Mar 1/13 | Emails N Tovey re status | 0.20 | $120.00 | RM |
| Mar 4/13 | Meeting with RM to discuss status | 0.20 | $110.00 | NT |
|  | Email to Nicole Tovey with ████████ | 0.10 | $60.00 | RM |
| Mar 5/13 | Emails Nicole Tovey re call | 0.10 | $60.00 | RM |
| Mar 6/13 | Call and email to Mr. Favata with Mr. McDaid | 0.10 | $55.00 | NT |
|  | Update discussion with N Tovey | 0.20 | $120.00 | RM |
| Mar 13/13 | Email from R Favata requesting memo. Replying to same. researching ██████ and preparing initial internal draft of memo re Mr. Davis taking control of board and compliance | 3.00 | $1,800.00 | RM |
| Mar 14/13 | Review memo | 0.20 | $110.00 | NT |
|  | Conference with Ms Tucker re ████ | 0.20 | $110.00 | NT |
|  | Calls with Mr. McDaid re advice on company issues, review papers for appointment of trustee order, review issue of | 1.20 | $660.00 | NT |
|  | Completing memo on ██████████ ██████ sending draft of same to Mr. Favata. Sending signed version. Email to Appleby re bye-laws. Reviewing response. Email to Mr. Favata re same.Emails Nicole Tovey re ████████████.Email to Appleby re further information required. | 3.75 | $2,250.00 | RM |
| Mar 15/13 | Email to R Favata requesting order. His reply. Discussion with Nicole Tovey re same. Requesting ████████ Emaill to Appleby re █████ Email from R Favata in response to memo, considering same. Further reveiw of ██████ R. Davis letter to Appleby re ████Email | 3.50 | $2,100.00 | RM |

|  |  |  |  |  |
|---|---|---|---|---|
| | to Nicole Tovey re ████████████ | | | |
| Mar 17/13 | Email to Appleby following up on ████████ ████████████ Resonding in detail to R. Favata's email of 15 March and with further detailed advice on authority of Mr. Davis and process.. Researching ████████ | 3.50 | $2,100.00 | RM |
| Mar 18/13 | Conference with Nicole Tovey and RM re ████ ████████████ | 0.40 | $260.00 | DBD |
| | Conference with Delroy Duncan and RMD | 0.40 | $220.00 | NT |
| | Organising conference call with trustee. Conferences with Nicole Tovey and Delroy Duncan re ████████ Email from Appleby with responses to my requests of 17 March and attaching | 2.00 | $1,200.00 | RM |
| Mar 19/13 | Call with RMD, Trustee and US counsel re ████████████ | 0.90 | $495.00 | NT |
| | Reviewing copies of ████████████ ████████ sent by by Appleby. Conference call weith US Counsel, trustee, Appleby and Nicole Tovey including preparation. | 2.00 | $1,200.00 | RM |
| Mar 21/13 | Emails from R Favata re next steps. Email to Appleby re same. | 0.20 | $120.00 | RM |
| Mar 22/13 | Email from Appleby with ████████████ ████████ Reviewing same and commenting on same and R Favata comments on same. Reviewing and responding to Appleby response to same. Suggesting further amendment to ████ Reveiwing revised draft of new ████████ and commenting on same. Email from R Favata on same. | 2.70 | $1,620.00 | RM |
| Mar 25/13 | Email from Appleby with revised comparison of new ████ k to ████ Reviewing same. Email R Favata to M. Luskin. Emails from R Davis re ████ Emails from R Favata and Appleby re ████ ████ Further emails Appleby, R. Favata and R. Davies re ████████ Appleby email with final form of documenrs for directors, reviewing and commenting on same. | 1.30 | $780.00 | RM |
| Mar 27/13 | Emails from Appleby and R Davis re ████████████ | 0.10 | $60.00 | RM |
| Mar 28/13 | Email from R Favata re ████████████ ████████████ | 0.10 | $60.00 | RM |
| | **Total Fees** | 37.45 | $21,115.00 | |

## DISBURSEMENTS

|  |  | Disbursements | Receipts |
|---|---|---|---|
| Feb-28-13 | Expense Recovery | 70.45 | |
| | Phone Calls/ Photocopies/ Faxes | | |

| Mar-18-13 | Expense Recovery | 5.00 | |
| | Revenue Stamps - Praecipe/Search | | |
| Mar-31-13 | Expense Recovery | -70.45 | |
| | w/o | | |
| | Totals | $5.00 | $0.00 |

| **Total Fees, Disbursements** | | | $21,120.00 |
|---|---|---|---|
| Transferred from Trust to General | | | $0.00 |
| Previous Balance | | | $40,177.50 |
| Previous Payments | | | $40,177.50 |
| **Total Amount Due** | | | $21,120.00 |

Trott and Duncan are offering a 5% discount of fees if the invoice is paid in full within 30 days from the statement date.

Interest is charged at a rate of 3% per annum on all accounts overdue 30 days from the statement date.

This statement is due on Presentation. For your convenience we have the following payment options:
Online Local - Account Name is: Trott and Duncan Trust Account. HSBC Account #010-416576-002 or BNTB Account
#20-006-060-049621-100

Online International - Correspondent Bank: HSBC Bank USA, 452 Fifth Avenue, New York NY, USA 10018, Swift Code: MRMDUS33,
ABA: #021001088. Beneficiary Bank: HSBC Bank Bermuda, 6 Front Street Hamilton, Bermuda, Swift Code: BBDABMHM,  Account
#010-416576-002, Account Name: Trott and Duncan Trust Account.

We appreciate your business and are happy to be of service to you!



**Trott and Duncan Limited**

Trott and Duncan Building
17A Brunswick Street
P.O. Box HM 2094
Hamilton HM HX
Bermuda
Phn: 441-295-7444
Fax:  441-295-6600

# INVOICE

**Fletcher International, Ltd**

48 Wall Street
5th Floor
New York, New York 10005 USA

**Invoice Details**

| | |
|---|---|
| Invoice Date: | Jun 30/13 |
| Invoice No: | 65556 |
| Matter No: | 16627-001 |
| Matter Ref: | Chapter 11 Proceedings |

| DATE | DESCRIPTION | HOURS | AMOUNT | ATTORNEY |
|---|---|---|---|---|
| Apr 2/13 | Email exchanged with R. Favata and Appleby on summarising significant█████████ | 0.80 | $480.00 | RM |
| Apr 4/13 | Email from Appleby suggesting████████ | 0.20 | $120.00 | RM |
| Apr 8/13 | Email to R Favata re use of████████████ ██████████ | 0.30 | $180.00 | RM |
| | **Total Fees** | **1.30** | **$780.00** | |

**DISBURSEMENTS**

| | | Disbursements | Receipts |
|---|---|---|---|
| May-31-13 | North Rock Communications | 5.81 | |
| | North Rock Communications - April and May 2013 Int'l Calls | | |
| | Totals | $5.81 | $0.00 |

| **Total Fees, Disbursements** | **$785.81** |
| --- | --- |
| Transferred from Trust to General | $0.00 |
| Previous Balance | $21,120.00 |
| Previous Payments | $0.00 |
| **Total Amount Due** | **$21,905.81** |

Trott and Duncan are offering a 5% discount of fees if the invoice is paid in full within 30 days from the statement date.

Interest is charged at a rate of 3% per annum on all accounts overdue 30 days from the statement date.

This statement is due on Presentation. For your convenience we have the following payment options:
Online Local - Account Name is: Trott and Duncan Trust Account. HSBC Account #010-416576-002 or BNTB Account #20-006-060-049621-100

Online International - Correspondent Bank: HSBC Bank USA, 452 Fifth Avenue, New York NY, USA 10018, Swift Code: MRMDUS33, ABA: #021001088. Beneficiary Bank: HSBC Bank Bermuda, 6 Front Street Hamilton, Bermuda, Swift Code: BBDABMHM,  Account #010-416576-002, Account Name: Trott and Duncan Trust Account.

We appreciate your business and are happy to be of service to you!