**Hearing Date: October 8, 2013 at 9:45 a.m.**
**Objection Deadline: October 1, 2013 at 4:00 p.m.**

Kevin G. Abrams
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware  19807
Telephone:  (302) 778-1000
Facsimile:  (302) 778-1001

*Special Litigation Counsel to the*
*Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re | Chapter 11 |
|---|---|
| FLETCHER INTERNATIONAL, LTD., | Case No. 12-12796 (REG) |
| Debtor. | |

## SUMMARY COVER SHEET FOR FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF ABRAMS & BAYLISS LLP AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 11 TRUSTEE

| | |
|---|---|
| **Name of Applicant**: | Abrams & Bayliss LLP |
| **Authorized to Provide Professional Services to**: | The Chapter 11 Trustee |
| **Date Case Filed**: | June 29, 2012 |
| **Date of Retention**: | Order entered January 15, 2013 [Docket No. 181] |
| **Period for Which Compensation and Reimbursement are Requested**: | June 1, 2013 to June 30, 2013 |
| **Amount of Fees Requested**: | $0.00 |
| **80% of Fees Requested**: | $0.00 |
| **20% Holdback**: | $0.00 |
| **Amount of Expense Reimbursement Requested**: | $4,632.15 |
| **Total Compensation and Expense Reimbursement Requested**: | $4,632.15 |
| **Prior Applications Filed**: | None |

**Prior Monthly Fee Statements Filed**

| Date/Document Number of Statement | Period Covered | Fees Requested | Fees Paid or To Be Paid (80%) | Holdback (20%) | Expenses Requested | Expenses Paid or To Be Paid (100%) |
|---|---|---|---|---|---|---|
| July 22, 2013 Docket No. 243 | June 1, 2013 to June 30, 2013 | $0.00 | $0.00 | $0.00 | $4,632.15 | $4,632.15 |
| **TOTALS** | | $0.00 | **$0.00** | **$0.00** | **$4,632.15** | **$4,632.15** |

**Expense Summary**

| Disbursements | Amounts |
|---|---|
| David Feldman Worldwide (Court Reporter) (Fowler Deposition) | $2,723.90 |
| Toby Feldman, Inc. (Court Reporter) Carmody Deposition | $1,908.25 |
| **TOTAL** | $4,632.15 |

{A&B-00263601-4}

Hearing Date: October 8, 2013 at 9:45 a.m.
Objection Deadline: October 1, 2013 at 4:00 p.m.

Kevin G. Abrams
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware  19807
Telephone:  (302) 778-1000
Facsimile:  (302) 778-1001

*Special Litigation Counsel to the
Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>FLETCHER INTERNATIONAL, LTD.,<br><br>Debtor. | Chapter 11<br><br>Case No. 12-12796 (REG) |

**FIRST APPLICATION OF ABRAMS & BAYLISS LLP, AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 11 TRUSTEE, FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM <u>JUNE 1, 2013 THROUGH JUNE 30, 2013</u>**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Abrams & Bayliss LLP ("**A&B**"), special litigation counsel to Richard J. Davis, the Chapter 11 Trustee in this Chapter 11 case (the "**Trustee**"), hereby submits this first interim fee application ("**Fee Application**") pursuant to Sections 330 and 331 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases, Administrative Order M-447, effective February 5, 2013 (the "**Local Guidelines**"), the

{A&B-00263601-4}

United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, adopted on January 30, 1996 (the "**UST Guidelines**") and the Revised Order Pursuant To 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals entered November 12, 2012 [Docket No. 156] (the "**Compensation Order**," and collectively with the aforementioned statutes, rules, guidelines, the "**Guidelines**") for interim allowance of compensation in the aggregate amount of $0.00 for professional services performed and the reimbursement of actual and necessary expenses in the aggregate amount of $4,632.15 incurred for the period from June 1, 2013 to June 30, 2013 (the "**Compensation Period**"). In support of this Application, A&B respectfully states as follows:

### Jurisdiction and Venue

1. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-1.

### Background and Case Status

2. On June 29, 2012, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor was authorized to operate its business and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No official committees have been formed.

{A&B-00263601-4}                                2

4. On August 21, 2012, the Debtor filed the *Debtor's Emergency Motion for Order Pursuant to 11 U.S.C. § 1104(a)(2) and Fed. R. Bankr. P. 2007.1 Directing Appointment of a Chapter 11 Trustee* [Docket No. 52]. On August 24, 2012 the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") separately filed the *Motion of the United States Trustee Pursuant to 11 U.S.C. § 1104 for Order Directing the Appointment of a Chapter 11 Trustee* [Docket No. 64]. On September 7, 2012, the Court entered an Order Directing Appointment of a Chapter 11 Trustee [Docket No. 95].

5. On September 25, 2012, the U.S. Trustee appointed Richard Davis as the Chapter 11 Trustee and filed the *Application for Order Approving Appointment of Chapter 11 Trustee* [Docket No. 112], and on September 28, 2012, the Court issued its *Order Approving the Appointment of Chapter 11 Trustee* [Docket No. 115].

6. On January 15, 2013, the Court entered an order approving the retention of A&B as special litigation counsel to the Trustee [Docket No. 181].

**Relief Requested**

7. By this Application, A&B seeks an interim allowance of compensation for the professional services rendered during the Compensation Period in the amount of $0.00 and expense reimbursements of $4,632.15.

8. During the Compensation Period, A&B attorneys and paraprofessionals expended a total of 0.00 hours for which compensation is requested.

9. After A&B's retention was approved on January 15, 2013, A&B filed one fee and expense statement covering the month of June 2013 (the "**Monthly Fee Statement**") [Docket No. 243].

{A&B-00263601-4}                              3

10. As of the date of this Application, in accordance with the Compensation Order, A&B has received or will receive payment from the Trustee for 100% of reimbursable expenses through June 30, 2013. A&B has incurred costs and expenses in subsequent months and will continue to submit monthly fee statements and interim fee applications at the appropriate time. Other than the Monthly Fee Statement, no payments have been made to A&B and A&B has received no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered during the Compensation Period and addressed by this Application. There is no agreement or understanding between A&B and any other person, other than members of A&B, for the sharing of compensation to be received for services rendered in these cases.

11. The fees and expenses charged by A&B are billed in accordance with A&B's retention agreement, which was approved by the Court on January 15, 2013 [Docket No. 181].

12. Pursuant to, and consistent with, the relevant requirements of the Guidelines, as applicable, the following exhibit is attached hereto:

a) <u>Exhibit A</u> contains a certification by Kevin G. Abrams regarding A&B's compliance with the Guidelines.

**Actual and Necessary Disbursements**

13. As set forth in the Summary Cover Sheet filed contemporaneously with this Application, A&B disbursed $4,632.15 as expenses incurred in providing professional services during the Compensation Period. A&B passes through all reimbursable out-of-pocket expenses at actual cost.

{A&B-00263601-4}                                    4

**The Application Should be Granted**

14. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of Section 330 of the Bankruptcy Code to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." Id. § 330(a)(1)(A) and (B). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

15. A&B respectfully submits that the expenditures for which it seeks reimbursement in this Application were necessary for the prosecution of the estate's action

against ION Geophysical Corporation. The expenses were incurred by A&B for court reporters related to the depositions of both parties' expert witnesses. Accordingly, A&B submits that approval of the reimbursement of expenses requested in this Application is warranted.

## Notice

16. Notice of this Application has been provided to: (a) the United States Trustee; (b) all creditors listed in the Debtor's schedules and all parties who filed a proof of claim; (c) the Internal Revenue Service; and (d) all parties requesting notice in this Chapter 11 case pursuant to Rule 2002 of the Bankruptcy Rules. A&B respectfully submits that no further notice of this Application should be required.

## No Prior Request

17. No prior interim fee application for the relief requested herein has been made to this or any other Court.

## Conclusion

WHEREFORE, A&B respectfully requests that the Court enter an order: (i) approving the reimbursement of A&B's out-of- pocket expenses incurred in connection with the rendering of such services during the Compensation Period in the amount of $4,632.15, and (ii) granting such other and further relief the Court deems just and proper.

Dated:   Wilmington, Delaware
         September 13, 2013

        Respectfully submitted,

        */s/ Kevin G. Abrams*
        Kevin G. Abrams (DE Bar No. 2375)
        Abrams & Bayliss LLP
        20 Montchanin Road, Suite 200
        Wilmington, Delaware 19807
        Telephone: (302) 778-1000
        Facsimile: (302) 778-1001

        *Special Litigation Counsel to the Chapter 11 Trustee*

# EXHIBIT A

## Certification of Kevin G. Abrams in Support of the Application

{A&B-00263601-4}

Kevin G. Abrams
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware 19807
Telephone: (302) 778-1000
Facsimile: (302) 778-1001

*Special Litigation Counsel to the
Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>FLETCHER INTERNATIONAL, LTD.,<br><br>Debtor. | Chapter 11<br><br>Case No. 12-12796 (REG) |

**CERTIFICATION UNDER GUIDELINES FOR FEES AND
DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF FIRST
APPLICATION OF ABRAMS & BAYLISS LLP FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

I, Kevin G. Abrams, hereby certify that:

1. I am a partner with Abrams & Bayliss LLP ("**A&B**"), special litigation counsel to Richard J. Davis, the Chapter 11 Trustee in this Chapter 11 case (the "**Trustee**").

2. In accordance with (a) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued on January 30, 1996 (the "**UST Guidelines**"), (b) the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, Administrative Order M-447, effective February 5, 2013 (the "**Local Guidelines**") and (c) the Revised Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals entered November 12, 2012

{A&B-00263601-4}

(the "**Compensation Order**" and collectively with the UST Guidelines and the Local Guidelines, the "**Guidelines**"), this certification is made with respect to the First Application of A&B as attorneys to the Trustee dated September 13, 2013 (the "**Application**"), for interim compensation and reimbursement of expenses for the period of June 1, 2013 to June 30, 2013 (the "**Compensation Period**").

3. With respect to Section B.(1) of the Local Guidelines, I certify that:

   a) I have read the Application;

   b) to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursement sought fall within the Local Guidelines;

   c) except to the extent that fees or disbursements are prohibited by the Local Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by A&B and generally accepted by A&B's clients; and

   d) in providing a reimbursable service, A&B does not make a profit on that service, whether the service is performed by A&B in-house or through a third party.

4. With respect to Section B.(2) of the Local Guidelines, I certify that the Trustee and the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") have both been provided with a statement of A&B's fees and disbursements accrued during such month in accordance with the terms of the Compensation Order. The monthly fee statements provided contained a reasonably detailed breakdown of the disbursements incurred.

5. With respect to of Section B.(3) of the Local Guidelines, I certify that the Debtor, the Trustee and the U.S. Trustee are each being provided with a copy of the Application concurrently with the filing thereof and will have at least 14 days to review such Application prior to any objection deadline with respect thereto.

{A&B-00263601-4}                              3

Dated: Wilmington, Delaware
September 13, 2013

                                              Respectfully submitted,

                                              */s/ Kevin G. Abrams*
                                              Kevin G. Abrams (DE Bar No. 2375)
                                              Abrams & Bayliss LLP
                                              20 Montchanin Road, Suite 200
                                              Wilmington, Delaware  19807
                                              Telephone:  (302) 778-1000
                                              Facsimile:  (302) 778-1001

                                              *Special Litigation Counsel to the*
                                              *Chapter 11 Trustee*