**Hearing Date and Time: October 2, 2013 at 9:45 a.m. (ET)**
**Objection Deadline: September 23, 2013. (ET)**
**Relates to ECF Docket No. 277**

Michael Luskin
Stephan E. Hornung
Lucia T. Chapman
LUSKIN, STERN & EISLER LLP
Eleven Times Square
New York, New York 10036
Telephone: (212) 597-8200
Facsimile: (212) 974-3205

*Attorneys for the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| FLETCHER INTERNATIONAL, LTD., | Case No. 12-12796 (REG) |
| Debtor. | |

**DECLARATION OF STEPHAN E. HORNUNG IN RESPONSE TO THE MOTION
OF FLETCHER ASSET MANAGEMENT, INC. FOR AN ORDER ENJOINING
THE TRUSTEE FROM PRODUCING DOCUMENTS TO THE SECURITIES
AND EXCHANGE COMMISSION IN VIOLATION OF THE UNIFORM
PROTECTIVE ORDER GOVERNING TRUSTEE DISCOVERY**

I, Stephan E. Hornung, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am associated with the law firm of Luskin, Stern & Eisler LLP ("**LS&E**"), attorneys for Richard J. Davis, the Chapter 11 Trustee in this Chapter 11 case. I am an attorney duly admitted to practice in the State of New York and in this Court.

2. I submit this declaration in response to the Motion of Fletcher Asset Management, Inc. for an Order Enjoining the Trustee from Producing Documents to the Securities and Exchange Commission in Violation of the Uniform Protective Order Governing

Trustee Discovery (the "**Motion**").  Unless otherwise stated, I make all statements of fact based upon my own personal knowledge.

3. The Trustee views himself as a disinterested stakeholder and takes no position on the Motion.  Nonetheless, the Trustee sees no reason for there to be prolonged litigation over the production of documents to which the Government may be entitled and sees no reason that Fletcher Asset Management, Inc. ("**FAM**") should want or have to redo a document production that has already been conducted by the Trustee.

4. In July 2012, the Debtor's former counsel Young Conaway Stargatt & Taylor, LLP ("**Young Conaway**") requested that FAM's IT coordinator to make a copy of certain employees/consultants' Fletcher email accounts.

5. The Trustee, FAM, and Alphonse Fletcher, Jr. agreed to a review protocol (the "**Review Protocol**"), whereby search terms were run against the emails and potentially relevant documents were reviewed by the Trustee.  In the event a document appeared to be potentially protected by the attorney-client or other privileges, the Trustee provided the documents to FAM, which had two weeks to review the documents and either (i) return the documents to the Trustee if it determined no privileges were implicated, or (ii) withhold the documents from production and provide a privilege log to the Trustee if it contended the documents were immune from discovery.

6. Using the above-described review protocol, the Trustee reviewed approximately 490,000 documents and produced approximately 98,000 to FAM for it to review for potential privilege.

7. There have been delays in FAM's production of documents under the Review Protocol. Despite assurances that documents would be forthcoming, production of documents and privilege logs has been consistently delayed by weeks and months.

8. Of the approximately 98,000 documents produced to FAM by the Trustee, FAM reviewed approximately 74,000 documents and returned to the Trustee approximately 60,000 documents either in whole or in part (FAM redacted a significant number of documents). However, very few (several hundred) of the documents produced by FAM were produced within the two weeks originally agreed to by the parties and none of the privilege logs was produced within the agreed-upon time period.

9. The final approximately 24,000 documents (of the 98,000 documents produced) were made available to FAM on June 7, 2013. However, to date, the Trustee has not received any of these documents back or a privilege log asserting a basis to withhold them.

10. All of the documents the Trustee intends to produce to the SEC pursuant to the Subpoena have been reviewed pursuant to the Review Protocol.

11. There have also been delays associated with responses by FAM, Fletcher International, Inc. ("**FII**"), and Mr. Fletcher to other subpoenas and document requests.

12. In December 2012 the Trustee served two subpoenas on FAM and its affiliate FII requesting certain categories of documents, and by letter dated March 18, 2013, the Trustee demanded that FAM turn over all remaining documents (excluding emails) that belonged to the Debtor or any of the Debtor's subsidiaries, which had not already been turned over. Despite assurances that documents would be forthcoming, the first documents responsive to the subpoenas and the majority of the documents sought in the March 18 letter were not produced

until July 2013, nearly eight months after the subpoenas were served and four months after the turnover demand was made.

13. Finally, the Trustee served additional subpoenas on FAM and Mr. Fletcher in July 2013 requesting additional documents not requested in prior subpoenas, which were returnable on July 22, 2013.  The Trustee has yet to receive documents responsive to these subpoenas or any objections to their form or content and may be forced to move to compel production of the requested documents.

I hereby declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 23th day of September 2013 in New York, New York

*/s/ Stephan E. Hornung*
Stephan E. Hornung

Luskin, Stern & Eisler LLP
Eleven Times Square
New York, New York 10036
Telephone:  (212) 597-8200
Facsimile:  (212) 974-3205
hornung@lsellp.com