**Presentment Date and Time: October 15, 2013 at 12:00 noon. (ET)**
**Objection Deadline: October 11, 2013 at 4:00 p.m. (ET)**

Michael Luskin
Lucia T. Chapman
Stephan E. Hornung
LUSKIN, STERN & EISLER LLP
Eleven Times Square
New York, New York 10036
Telephone:     (212) 597-8200
Facsimile:     (212) 974-3205

*Attorneys for the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FLETCHER INTERNATIONAL, LTD., | : | Case No. 12-12796 (REG) |
| | : | |
| Debtor. | : | |
| | : | |

--------------------------------------------------------------x

## TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 327 AND 328 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014, AND LOCAL RULE 2014-1 AUTHORIZING THE RETENTION AND EMPLOYMENT OF A SPECIAL CONSULTANT TO THE TRUSTEE

TO:    THE HONORABLE ROBERT E. GERBER
          UNITED STATES BANKRUPTCY JUDGE

Richard J. Davis, the trustee appointed in this Chapter 11 case (the "**Trustee**"),

submits this application (the "**Application**") for entry of an order pursuant to Sections 327 and

328 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, substantially in the

form attached as **Exhibit A**, authorizing Luskin, Stern & Eisler to employ a special consultant on

behalf of the Trustee.  In support of this Application, the Trustee submits the Declaration of the

Special Consultant (the "**Supporting Declaration**"), a copy of which is attached as **Exhibit B**

and incorporated by reference, and respectfully represents as follows:

## Jurisdiction

1.    The Court has subject matter jurisdiction to consider and determine this Application pursuant to 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief requested are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## Facts Specific to the Relief Requested

### A.  The Trustee's Need for a Special Consultant

2.    Since his appointment, a significant portion of the Trustee's statutory investigation has involved gathering information concerning the Debtor's complex master-feeder fund structure.

3.    In conducting this investigation, the Trustee has obtained documents from and examined persons and entities, including the Debtor's affiliates and subsidiaries, and their respective current and former employees, officers, directors, lenders, investors, service providers, creditors, and certain counterparties to transactions with the Debtor.

4.    As a result of this investigation, the Trustee and his advisors have uncovered a number of potential claims against ████████████████████████ ████████████████████ (the "**Consultant**").

5.    ████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████

█████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████

███████████████

6.     ████████████████████████████████

████████████████████████████████████████

████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████

7.     ███████████████████████████

██████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

███████████████████████

8.     The Trustee has determined that it is necessary to retain a consultant with

extensive knowledge of ██████████ in order to analyze the Consultant's conduct and to help

determine if the Debtor has any claims against the Consultant. While the Trustee has not yet

made any final conclusions, any claims would be based upon the Consultant ████████████

████████████████████████████████████████

███████████████████████████

**B. Special Consultant's Qualifications**

9.    The Trustee seeks to employ the Special Consultant because, among other

things, he is a renowned expert with extensive experience in ███████████████

10.    ████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████

███████████████████████████████████

███████████████████████████████████

████████████████████████████████████ A copy of the Special Consultant's

resume is attached hereto as **Exhibit C**.

11.     Based on the above, the Special Consultant is particularly well-qualified and able to represent the Trustee in the matters for which he has been and will be engaged under the terms of the Engagement Letter (as defined below).

### C. Scope of Services

12.     Consistent with the terms of the engagement letter between LS&E, the Trustee, and the Special Consultant dated September 23, 2013, attached as **Exhibit D** and incorporated by reference (the "**Engagement Letter**"), the Special Consultant will provide consulting services as necessary and requested by LS&E or the Trustee, including the following:

(a)     Evaluate the Trustee's potential claims against the Consultant relating to ▓▓▓▓▓▓▓▓▓▓ of the Debtor and the other Fletcher Entities;

(b)     Provide such other consulting services related to those above as the Trustee may from time to time request.

13.     The Special Consultant will be employed by the Trustee's counsel, LS&E, in order to preserve all privileges. However, as discussed below, the Special Consultant will be compensated by the Debtor's estate.

### D. Compensation

14.     Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of the Court, the Trustee proposes to have the Debtor's estate compensate the Special Consultant at his regular hourly rates and to reimburse him for all reasonable and necessary expenses under the standards set forth in Section 330 and 331 of the Bankruptcy Code. The Special Consultant's current hourly rate is $750.00 per hour.

15.     The Special Consultant will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the Revised Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Monthly Compensation and

Reimbursement of Expenses for Professionals [Docket No. 156], the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, Bankruptcy Cases, Administrative Order M-447, effective February 5, 2013, the U.S. Trustee Fee Guidelines, Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and otherwise applicable administrative orders and guidelines.

16.    The Special Consultant has not previously received any compensation for services rendered in this Chapter 11 case.

**E. Disinterestedness**

17.    In reliance on the Supporting Declaration, the Trustee believes that, except as set forth in the Supporting Declaration: (a) the Special Consultant has no connection with the Debtor and its creditors, the U.S. Trustee, the potential Defendant, any person employed in the Office of the U.S. Trustee or any other party with an actual or potential interest in the Debtor's Chapter 11 case or their respective attorneys or accountants; (b) the Special Consultant is not a creditor, equity security holder, or insider of the Debtor; (c) the Special Consultant is not and was not, within two years of the Petition Date, a director, officer, or employee of the Debtor; and (d) the Special Consultant does not have an interest materially adverse to the Debtor, its estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason. Accordingly, the Trustee believes that the Special Consultant is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by Section 327(a) of the Bankruptcy Code.

18.    The Special Consultant is not owed any fees or expenses in connection with prepetition services provided to the Debtor.

19.     To the extent that the Special Consultant discovers any additional facts bearing on the matters described herein during the period of the Special Consultant's retention in connection with this Chapter 11 case, the Special Consultant will supplement the information contained in the Supporting Declaration.

<u>**Relief Requested**</u>

20.     The Trustee seeks an order pursuant to Sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1 approving the Trustee's retention of the Special Consultant pursuant to the terms and conditions of the Engagement Letter.

<u>**Basis for Relief Requested**</u>

21.     Section 327 (a) of the Bankruptcy Code provides, in pertinent part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

22.     Section 328 (a) of the Bankruptcy Code provides, in pertinent part, as follows:

> The trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provide under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not

capable of being anticipated at the time of the fixing of such terms
and conditions.

*Id.* at 328(a).

23.    As set forth above, the Trustee has selected the Special Consultant to
provide the services set forth in the Engagement Letter and described herein because the Special
Consultant is a well-respected and experienced expert in ██████████████  The Special
Consultant possesses extensive ██████████ expertise that will aid the Trustee, and has indicated a
desire and willingness to act in this Chapter 11 case and render the necessary professional
services as special consultant to the Trustee.  Accordingly, the Special Consultant is well-suited
to provide the Trustee with the services contemplated by the Engagement Letter.

24.    The Trustee believes that the compensation arrangement appropriately
reflects the nature of the services to be provided the Special Consultant in connection with this
Chapter 11 case, and is consistent with, and typical of, arrangements entered into by the Special
Consultant and other ██████████ experts with respect to rendering comparable services for
clients similar to the Trustee, both in and out of Chapter 11.  The Special Consultant and the
Trustee also believe that the compensation arrangement is reasonable and at favorable market
rates.  The compensation arrangement set forth in the Engagement Letter are reasonable terms
and conditions of employment and should be approved by the Court under Section 328(a) of the
Bankruptcy Code in light of: (a) industry practice; (b) market rates charged for comparable
services both in and out of the Chapter 11 context; (c) the Special Consultant's substantial
experience with respect to ██████████ and (d) the nature and scope of work anticipated to be
performed by the Special Consultant in connection with this Chapter 11 case.

### No Prior Request

25.     No prior application for the relief sought herein has been made to this or any other court in connection with this Chapter 11 case.

### Notice

26.     Notice of this Application has been provided to: (a) the Special Consultant, (b) the U.S. Trustee, (c) all creditors listed in the Debtor's schedules or who filed a proof of claim, and (d) all parties requesting notice in this Chapter 11 case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  Given the circumstances and the nature of the relief requested, the Trustee submits that no further notice of this Application should be required.

### Conclusion

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested by this Application and such other or further relief as the Court deems just and proper.

Dated: New York, New York
      September 27, 2013

LUSKIN, STERN & EISLER LLP

By:    _/s/ Michael Luskin_____
      Michael Luskin
      Lucia T. Chapman
      Stephan E. Hornung

Eleven Times Square
New York, New York 10036
Telephone:    (212) 597-8200
Facsimile:    (212) 974-3205

*Attorneys for the Chapter 11 Trustee*

## EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                        :          Chapter 11
                                              :
FLETCHER INTERNATIONAL, LTD.,                 :          Case No. 12-12796 (REG)
                                              :
                        Debtor.               :
                                              :
------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 327 AND 328 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014, AND LOCAL RULE 2014-1 AUTHORIZING THE RETENTION AND EMPLOYMENT OF THE SPECIAL CONSULTANT TO THE TRUSTEE

Upon the application (the "**Application**")[1] of Richard J. Davis, the trustee appointed

in this Chapter 11 case (the "**Trustee**"), for an order authorizing him to retain a special

consultant (the "**Special Consultant**"); and upon the Declaration of the Special Consultant

(the "**Supporting Declaration**") filed in support of the Application; and it appearing that this

Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it

appearing that venue of these chapter 11 cases and the Application in this district is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding

pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the

Application is in the best interest of the Debtor, its estate, its creditors and other parties-in-

interest; and this Court having found that the Special Consultant is a "disinterested person" as

such term is defined under Section 101(14) of the Bankruptcy Code; and this Court having found

that notice of the Application was due and proper and that no other or further notice is required;

and after due deliberation thereon; and good and sufficient cause appearing therefor;

---

[1] All capitalized terms not defined in this Order shall have the meanings set forth in the Application.

**IT IS HEREBY ORDERED THAT:**

1.      Subject to the terms and conditions of this Order, the Application is granted.

2.      The Trustee is authorized, pursuant to Section 327(a) and 328 (a) of the Bankruptcy Code, to employ and retain the Special Consultant in accordance with the terms and conditions set forth in the Application, the Supporting Declaration and the Engagement Letter.

3.      The Special Consultant shall be reimbursed for necessary expenses and shall file fee applications for any fees due under the Engagement Letter in accordance with the Revised Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses for Professionals [Docket No. 156], the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, Bankruptcy Cases, Administrative Order M-447, effective February 5, 2013, the United States Trustee Fee Guidelines effective January 30, 1996, Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules and any other Orders of the Court.

4.      The Special Consultant may submit redacted monthly fee statements and fee applications in order to protect the Special Consultant's identity and the Trustee's investigation and applicable privileges.

5.      To the extent that the Application is inconsistent with this Order, the terms of this Order shall govern.

6.      The Court shall retain jurisdiction with respect to all matters arising from or related to this Order.

Dated: New York, New York
           October ___, 2013

_____
HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

**Supporting Declaration**

Presentment Date and Time: October 15, 2013 at 12:00 noon. (ET)
Objection Deadline: October 11, 2013 at 4:00 p.m. (ET)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

In re:                                          :       Chapter 11
                                                :
FLETCHER INTERNATIONAL, LTD.,                   :       Case No. 12-12796 (REG)
                                                :
                        Debtor.                 :
                                                :
------------------------------------------------------x

### DECLARATION IN SUPPORT OF THE TRUSTEE'S APPLCATION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 327 AND 328 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014, AND LOCAL RULE 2014-1 AUTHORIZING THE RETENTION AND EMPLOYMENT OF A SPECIAL CONSULTANT TO THE TRUSTEE

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), ███████████ under penalty of perjury under the laws of the United States, declares as follows:

1.      I submit this declaration (the "Declaration") in support of the application (the "Application") of the Chapter 11 Trustee of Fletcher International, Ltd. (the "Debtor") to retain and employ me to provide special consulting services, as described in the Application, and pursuant to the terms and conditions set forth in the Engagement Letter (attached to the Application as **Exhibit D**).

2.      The statements set forth in this Declaration are based upon my personal knowledge, upon information and belief, and upon client matter records kept by me in the ordinary course of business.

### Qualifications

3.      ████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████



A copy of my resume is attached to the Application as **Exhibit C**.

4.    For this reason, I am particularly well-qualified and able to consult with the Trustee in the matters for which I will be engaged under the terms of the Engagement Letter.

### Services to be Rendered

5.    Pursuant to the Engagement Letter, subject to an order by the Court approving my retention, I will provide the following services to the Trustee:

(a)    Evaluate the Trustee's potential claims against the Consultant relating to ▮▮▮▮▮▮▮▮ the Debtor and the other Fletcher Entities; and

(b)    Provide such other consulting services related to those above as the Trustee may from time to time request.

## Disinterestedness

6.      Subject to the foregoing, except as set forth below, to the best of my information, knowledge and belief based on reasonable inquiry, (a) I do not hold any interest adverse to the Debtor or its estate, and (b) I have no relationship to the Debtor, its significant creditors, certain other parties-in-interest herein, or to the attorneys or other professionals that are known to be assisting the Trustee (on behalf of the Debtor) in this Chapter 11 case, except as stated below.

7.      In connection with my proposed retention by the Trustee in this Chapter 11 case, I undertook a search to determine, and to disclose, whether I am or have been employed by, or has other relationships with the Trustee, the Debtor or its affiliates, directors or officers, litigation counterparts, or swap and brokerage counterparts identified on a schedule provided to me. Specifically, I obtained from the Trustee and/or its representatives a list of individuals and entities, attached hereto as Schedule 1, who may be parties-in-interest in this Chapter 11 case (the "**Potential Parties-in-Interest**"). To discover and disclose possible relationships with the Potential Parties-in-Interest, I performed reasonable due diligence to determine whether I have any relationships with any of the Potential Parties-in-Interest. From this search, I have determined that I do not have any relationships with Potential Parties-in-Interest, other than as described below.

8.      Previously, I have been retained by or worked with the ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████

███████████████████████████████

████████████████████████

9.      Furthermore, through reasonable inquiry, I do not believe there is any connection between myself and the United States Bankruptcy Judge presiding in this Chapter 11 case, the United States Trustee for Region 2 or any person employed in the office of the United States Trustee.

10.     Except as disclosed in this Declaration, to the best of my knowledge, information and belief, I do not hold or represent any interest adverse to the Debtor, and I believe that I am a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

11.     Notwithstanding the above, I may in the future provide professional services in matters unrelated to this Chapter 11 case to certain of the Potential Parties-in-Interest. In this regard, if I discover additional material information that I determine requires disclosure, I will file a supplemental disclosure promptly with the Court.

### Professional Compensation

12.     I acknowledge that my retention and compensation during the pendency of this Chapter 11 case is governed by the Bankruptcy Code, the Bankruptcy Rules, and any orders entered by the Court in this Chapter 11 case.

13.     Subject to Court approval of the Application, the compensation to be paid to me for the services rendered pursuant to the Engagement Letter will be calculated based on my hourly rate for such services, which is currently $750.00 per hour.

14.    My hourly rate is subject to periodic adjustments from time to time in accordance with my established billing practices.  If my hourly rates change during the term of the Engagement Letter, I will advise the Trustee of new rates once they are established.

15.    Subject to Court approval of the Application, I will also seek reimbursement for all necessary and reasonable out-of-pocket expenses for items such as travel, meals, accommodations and other expenses (including the reasonable fees, disbursements, and other charges of legal counsel that may be retained by me in connection with this engagement) specifically related to the provision of services under the Engagement Letter.

16.    I will seek monthly compensation in accordance with the procedures enumerated in the Revised Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals [Doc. No. 156].

17.    I have received no promises regarding compensation in this Chapter 11 case other than in accordance with the Bankruptcy Code and as set forth in this Declaration.  I have has no agreement with any nonaffiliated entity to share any compensation earned in this Chapter 11 case.

Dated: New York, New York
       September 23, 2013



## Schedule 1
### Potential Parties-in-Interest

**Chapter 11 Debtor**
Fletcher International, Ltd.

**Chapter 11 Trustee**
Richard Davis

**Non-Debtor Affiliate Entities**
Asset Holding Company 1, LLC
Asset Holding Company 2, LLC
Asset Holding Company 3, LLC
Asset Holding Company 4, LLC
Asset Holding Company 5, LLC
Asset Holding Company M, LLC
BRG Investments LLC
Equity Income Corporation
FIA Leveraged Fund, Ltd.
Fletcher Asset Management, Inc.
Fletcher Dividend Income Fund
Fletcher Equity Alpha Fund Ltd.
Fletcher Fixed Income Alpha Fund Ltd.
Fletcher International, Inc.
Fletcher Income Arbitrage Fund Ltd.
Fletcher G Fund
Fletcher International Partners L.P.
Fletcher International Partners, Ltd.
FILB Co-Investment LLC
Fletcher Aggressive Fund, Ltd.
Fletcher Aggressive Fund, L.P.
Income Arbitrage Partners
Income Arbitrage Finance
Multi Manager Investors
Richcourt Acquisition Inc.
Richcourt Holding Inc.
Richcourt Partners, LP
RPGP Ltd.
RF Services LLC
The Vanquish Fund
The Aesop Fund Ltd.
The Fletcher Fund LP
The Fletcher Polaris Fund
New Wave Asset Management, Ltd.
MV Nepenthes, LLC

Magic Violet LLC

**Current and Former Directors and Officers of the Debtor and its affiliates**
Alphonse Fletcher, Jr.
Greoffrey Fletcher
Floyd Saunders
Stewart Turner
Teddy Stewart
Denis Kiely
Moez Kaba
Lisa Alexander
James Keyes
Peter Zayfert
Stewart A Turner
Sean Martin
Kell B. Benson

**Professionals, Consultants and Advisors of the Debtor**
AFE Consulting
Bohrer, P.C.
Duff & Phelps LLC
EisnerAmper LLP
Patterson Belknap Webb & Tyler LLP
Global Risk & Investigative Diligence LLC
Jeffrey M. Colon, Esq.
Jones Walker Shahmoon & Ellisen LLP
Kasowitz, Benson, Torres & Friedman LLP
Kirkland & Ellis LLP
Luskin, Stern & Eisler LLP
McGladrey LLP
Teigland-Hunt LLP
Arnall Golden Gregory LLP
Compass Lexecon
Transperfect
Morvillo, Abramowitz, Grand, Iason, & Anello LLP
Otterburg Steindler Houston & Rosen PC
Proskauer Rose LLP
Quantal International, Inc.
Skadden, Arps, Slate, Meagher & Flom LLP
SS&C Technologies Inc.
Stuart D. MacGregor
Walkers Global
Citco Group Limited and its affiliates
Grant Thornton LLP
Appleby Global
Young Conaway Stargatt & Taylor, LLP

**Litigation Counterparties**
Ernst &Young Cayman Islands
Jenna Wise
Robin Lee McMahon
Roy Bailey
Tammy Fu
Zolfo Cooper (Cayman) Ltd.
ION Geophysical Corporation f/k/a Input/Output, Inc.
ION International S.a.r.l.

**Swap and Brokerage Counterparties**
Credit Suisse Securities (Europe) Limited
Credit Suisse Securities (USA) LLC

**Counsel to parties-in-interest/service providers**
Cohen Gresser LLP
Sher Tremonte LLP
Morrison Foerster LLP
Windels Marx Lane & Mittendorf, LLP
Seward & Kissel LLP
Paul, Weiss, Rifkind, Wharton & Garrison LLP
Morvillo LLP

**Other Parties in Interest or Creditors**
Citgo Trading, Inc.
Richcourt Allweather Fund, Inc.
Richcourt Euro Strategies, Inc.
Solon Group, Inc.
MLV & CO LLC
Howard University Retirement Trust
Mr. William Cleveland
The Pitagora Fund
Soundview Composite Ltd.
Soundview Star Ltd.
New Wave Fund SPC
America Alternative Investments Inc.
Soundview Elite
Houbigant, Inc. Pension Plan
Howard University Retirement Trust

## EXHIBIT C

**Resume**

REDACTED

## EXHIBIT D

### Engagement Letter



September 23, 2013

Michael Luskin, Esq.
Luskin, Stern & Eisler LLP
Eleven Times Square
New York, New York 10036

Re:    *In re Fletcher International Ltd.*, No. 12-BK-12976 (REG) (Bankr. S.D.N.Y.)

Dear Mr. Luskin:

This letter agreement (this "**Agreement**") sets forth the terms and conditions pursuant to which I am being retained by Luskin, Stern & Eisler LLP ("**LS&E**") in its capacity as counsel to Richard J. Davis, the Chapter 11 Trustee (the "**Trustee**") of Fletcher International Ltd. (the "**Debtor**"), to provide certain special consulting services to the Trustee as set forth herein (the "**Engagement**").

1.    <u>Term.</u> The Engagement will commence as of September 23, 2013 and shall continue until terminated by either party on ten (10) days' written notice (the "**Engagement Period**").

2.    <u>Scope of Services.</u> During the term hereof, I shall provide following services ("**Services**") to assist the Trustee and LS&E, upon request:

(a)    Evaluate the Trustee's potential claims against ████████████████ the Debtor and the other related Fletcher entities; and

(b)    Provide such other services related to those above as the Trustee may from time to time request.

The parties understand and agree that my work on the Engagement is being performed to assist LS&E in potential legal proceedings on behalf of the Trustee and not for any individual or other party in any other matter. Furthermore, the parties understand and agree that any liability or other financial obligations hereunder are solely the obligations of the Debtor's estate and not that of Richard J. Davis individually or LS&E.

It is understood and agreed that I have not arrived at any final conclusions with respect to any matter relating to the Services. It is further understood that I shall be entitled to receive payment of fees and expenses regardless of any conclusions at which I may arrive. If I am asked to prepare to provide any testimony and agree to do so, I shall be entitled to receive payment of fees and expenses relating thereto, even in the event such testimony is not required or the

Michael Luskin
September 23, 2013
Page 2 of 4

Bankruptcy Court or any other tribunal determines, for any reason, not to permit me to provide testimony or to qualify my testimony.

3.    Compensation. I shall bill for my Services at my usual rate, which, subject to change from time to time, is currently $750.00. Payment of fees and reimbursement of expenses hereunder shall not be contingent in any way on the content of any analysis or on the outcome of any litigation or other dispute.

The Trustee shall promptly file an application seeking approval of this agreement. The payment of fees and reimbursement of expenses hereunder shall be subject to the approval of the United States Bankruptcy Court for the Southern District of New York. I agree to submit applications for fees and expenses in accordance with the United States Bankruptcy Code and the guidelines, rules and procedures of the Bankruptcy Court, including, without limitation, the Court's Revised Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses for Professionals (the "**Compensation Order**") [Docket No. 156].

4.    Privilege. I understand that, as a means of providing advice and guidance to the Trustee, LS&E may determine that it is in the Trustee's interest to provide me with information that is confidential and/or falls within the protection of the attorney work-product doctrine and/or the attorney-client privilege. By signing this Agreement, to the extent that LS&E, the Trustee or his other advisors supply such information to me, I acknowledge my willingness to work within the relationship described in this Agreement, and I agree to maintain in strictest confidence all of the information given to me (including, without limitation, all documents and other materials containing information in whatever form), to maintain the confidentiality and the attorney-client and work-product protections for all such information as appropriate, to do nothing to waive or in any way impair the status of such information as confidential and/or attorney work-product and/or attorney-client privileged material, and to treat all such information as LS&E's property while at my offices. It is further understood that all work performed by me in connection with the Engagement, including all communications between me and the Trustee, his advisors and/or LS&E, will be done exclusively for and at the direction of LS&E and is confidential and subject to the attorney-client privilege, and that all such work, including the assessment, correspondence, reports, work-papers and other documentary or recorded material generated by me, is to be considered part of LS&E's work product and the property of LS&E, in addition to all other legal protections afforded such information, including the attorney client privilege. No disclosure or other use of any information (including, without limitation, documents or other materials) described in this paragraph shall be made by me without LS&E's prior written consent except pursuant to order of a court or other body of competent jurisdiction or as otherwise required by law. I will secure all information and communications received by me from LS&E and/or the Trustee (or his consultants) and generated by me so as to maximize the confidentiality thereof as set forth in this Agreement. My obligations with respect to confidentiality as well as the attorney-client and work-product protections shall survive the expiration or termination of my engagement by LS&E on behalf of the Trustee.

5.    Multiple Originals. This Agreement may be signed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the

Michael Luskin
September 23, 2013
Page 3 of 4

same instrument.  This Agreement may be executed and delivered by facsimile or email of a pdf
counterpart signature.

[Remainder of Page Left Intentionally Blank]

Michael Luskin
September 23, 2013
Page 4 of 4

I look forward to working with you on this matter.

Very truly yours,



AGREED AND ACCEPTED:

LUSKIN, STERN & EISLER LLP

By: :  /s/ Michael Luskin
     Michael Luskin

Richard J. Davis, solely in his capacity as trustee of Fletcher International Ltd.

By: :  /s/ Richard J. Davis
     Richard J. Davis, Esq.
     Trustee of Fletcher International Ltd.