**Hearing Date and Time: January 14, 2014 at 9:45 a.m. (EST)**
**Objection Deadline: January 3, 2014 at 4:00 p.m. (EST)**
**Reply Deadline: January 13, 2014 at 12:00 noon (EST)**

Michael Luskin
Lucia T. Chapman
Stephan E. Hornung
LUSKIN, STERN & EISLER LLP
Eleven Times Square
New York, New York 10036
Telephone:  (212) 597-8200
Facsimile:  (212) 974-3200

*Attorneys for the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
FLETCHER INTERNATIONAL, LTD.,                       :    Case No. 12-12796 (REG)
                                                    :
                    Debtor.                         :
                                                    :
---------------------------------------------------------------x

# CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 1125 AND 1128 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 3017, AND 3020 APPROVING THE DISCLOSURE STATEMENT, FIXING CERTAIN DEADLINES, AND GRANTING RELATED RELIEF

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Richard J. Davis, the Chapter 11 Trustee in this Chapter 11 case (the "**Trustee**"), hereby submits this Motion for Entry of an Order Pursuant to Sections 1125 and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3017, and 3020 Approving the Disclosure Statement, Fixing Certain Deadlines, and Granting Related Relief (the "**Motion**").  In support of the Motion, the Trustee respectfully represents as follows:

**Summary of Relief Requested**

1. On November 25, 2013, Richard J. Davis, the Chapter 11 Trustee in this Chapter 11 case (the "**Trustee**") filed the Trustee's Report and Disclosure Statement (the "**Disclosure Statement**") [Docket Nos. 327-28], and his proposed plan of liquidation (the "**Plan**") [Docket No. 330]. In accordance with Rule, 3017(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Trustee obtained from the Court a date and time for a hearing to consider approval of the Disclosure Statement, which will be held at 9:45 a.m. (EST) on January 14, 2014 (the "**Disclosure Statement Hearing**").

2. The Plan, which was drafted in consultation with the Debtor's largest creditors – the Debtor's feeder funds, and their four public pension funds investors – provides for Liquidation of the Debtor's tangible assets, and pooling of claims with Alpha, Arbitrage, and Leveraged and their respective joint official liquidators. The Trustee believes that the Plan maximizes value for parties holding allowed claims against the Debtor.

**Background**

3. On November 25, 2013, the Trustee filed the Disclosure Statement.

4. The Court has scheduled a hearing to consider approval of the Disclosure Statement for January 14, 2013 at 9:45 a.m. (EST).

5. On December 5, 2013, the Court entered an order fixing January 3, 2013 as the deadline for filing objections to the Disclosure Statement and to this Motion [Docket No. 341]. A copy of that Order is being served on all parties entitled to receive notice of the objection deadline and the Disclosure Statement Hearing with this Motion.

**Relief Requested**

6. By this Motion, the Trustee seeks entry of an order pursuant to Section 1125 and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3017, and 3020 substantially in the form attached hereto as **Exhibit A**: (a) approving the Disclosure Statement; (b) scheduling the Confirmation Hearing; (b) fixing the deadline to vote to approve or reject the Plan; (c) fixing the deadline to file objections to the Plan; (d) fixing the deadline for the Trustee to file responses (if any) to any objections to the Plan; and (e) granting other related relief.

**Basis for Relief Requested**

**A.    The Disclosure Statement Contains Adequate Information and Should Be Approved**

7. Pursuant to Section 1125 of the Bankruptcy Code, a plan proponent must provide holders of impaired claims and equity interests with "adequate information" regarding a proposed Chapter 11 plan. Section 1125(a)(1) in relevant part provides:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

8. Thus, a disclosure statement must, as a whole, provide information that is reasonably practicable to permit an informed judgment by impaired creditors or equity interest holders entitled to vote on a plan of reorganization. *See Momentum Mfg. Corp v. Emp. Creditors Comm. (In re Momentum Mfg. Corp.)*, 25 F.3d 1132, 1136 (2d Cir. 1994); *Cadle Co. II, Inc. v. PC Liquidation Corp. (In re PC Liquidation Corp.)*, 383 B.R. 856, 866 (E.D.N.Y. 2008) (holding that a disclosure statement was adequate where it "enable[d] a reasonable creditor to

-3-

make an informed judgment about the [p]lan"); *see also In re Adelphia Commc'ns Corp.*, 352 B.R. 592, 600 (Bankr. S.D.N.Y. 2006) (explaining that "an adequate disclosure determination requires a bankruptcy court to find not just that there is enough information there, but also that what is said is not misleading"); *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties" (citations omitted)).

9. The bottom-line requirement is that the disclosure statement must clearly and succinctly inform the "average unsecured creditor 'what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution.'" *In re Radco Props., Inc.*, 402 B.R. 666, 683 (Bankr. E.D.N.C. 2009) (quoting *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991)). In examining the adequacy of the information contained in a disclosure statement, the Court has broad discretion. *See Menard-Sanford v. Mabey (In re A.H. Robins Co., Inc.)*, 880 F.2d 694, 696 (4th Cir. 1989); *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988); *see also In re Dakota Rail Inc.,* 104 B.R. 138, 143 (Bankr. D. Minn. 1989) (bankruptcy court has "wide discretion to determine . . . whether a disclosure statement contains adequate information, without burdensome, unnecessary, and cumbersome detail"). Accordingly, the determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See In re PC Liquidation Corp.*, 383 B.R. at 866; *In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001).

10. In that regard, Courts generally examine whether a disclosure statement contains, if applicable, the following information:

  (a)  The circumstances that gave rise to the filing of the bankruptcy petition;

  (b)  A description of the available assets and their value;

  (c)  The anticipated future of the debtor;

  (d)  A disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

  (e)  The condition and performance of the debtor while in chapter 11;

  (f)  Information regarding claims against the estate;

  (g)  A liquidation analysis setting forth the estimated return that creditors would receive in a liquidation under chapter 7;

  (h)  The accounting and other relevant methods used to produce the financial information in the disclosure statement;

  (i)  Information regarding the future management of the debtor;

  (j)  A summary of the plan of reorganization;

  (k)  An estimate of all administrative expenses, including attorneys' fees and accountants' fees;

  (l)  The collectability of any accounts receivable;

  (m)  Any financial information, valuations, or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

  (n)  Information relevant to the risks being taken holders of claims or equity interests;

  (o)  The actual or projected value that can be obtained from any avoidable transfers;

  (p)  The existence, likelihood, and possible success of nonbankruptcy litigation;

  (q)  The tax consequences of the plan of reorganization; and

  (r)  The relationship of the debtor with its affiliates.

*See, e.g.*, *In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988); *see also*

*In re Source Enters. Inc.*, No. 06-11707 (AJG), 2007 Bankr. LEXIS 4770, at *7–8 (Bankr.

S.D.N.Y. July 31, 2007) (citing *In re Scioto Valley Mortg. Co.*, at 170–71)). This list is not meant to be comprehensive; neither must a plan proponent provide all the information on the list; rather, the Court must decide what is appropriate and relevant in each case. *See Ferretti*, 128 B.R. at 18–19 (adopting similar list); *see also Phoenix Petroleum*, 278 B.R. at 393 (making use of similar list but cautioning that "no one list of categories will apply in every case").

        11.      The Trustee submits that the Disclosure Statement contains adequate information regarding the applicable subject matters identified above, including, but not limited to, a discussion of:

(a) The circumstances that gave rise to the filing of the chapter 11 case (*see* Section V);

(b) The source of the information provided in the Disclosure Statement (*see* Section VII);

(c) Significant events during the course of the chapter 11 case (*see* Section VI);

(d) Information regarding Claims against the Debtor (*see* Section VI.5);

(e) Information regarding Claims and Equity Interests to be addressed under the Plan (*see* Section X);

(f) A summary of the Plan, including a summary of the classifications and treatment of all classes of claims under the Plan (*see* Section X);

(g) The claims against the Debtor's estates and the estimated amount of Claims that will ultimately be allowed (*see* Section X).

(h) Settlements and compromises of certain Claims under the Plan (*see* Section X.A.2);

(i) Tax consequences of the Plan (*see* Section XII);

(j) The relationship of the Debtor to its affiliates (*see* Section II);

(k) An estimate of all administrative expenses including attorneys' fees and accountants' fees (*see* Section X.D.1);

(l) The existence, likelihood, and possible success of any nonbankruptcy litigation (*see* Sections IX, X.A.2).

-6-

12. The Trustee submits that the Disclosure Statement satisfies the requirements of Section 1125 of the Bankruptcy Code because it contains information that is reasonably necessary to permit a hypothetical creditor to make an informed judgment about the Plan.

13. The Trustee will continue to review the Disclosure Statement, and, based upon his ongoing review and further developments in this Chapter 11 Case, may make additional changes and/or disclosures prior to Disclosure Statement Hearing. Any additional disclosures will only increase the amount of information being provided to Holders of Claims and Interests, and will consequently enhance the adequacy of information in the Disclosure Statement. Accordingly, the Trustee submits that the Disclosure Statement contains "adequate information" and therefore should be approved.

### B. Setting Deadlines

14. Bankruptcy Rule 3017(c) provides:

> On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.

Fed. R. Bankr. P. 3017(c).

15. Pursuant to Bankruptcy Rule 3020(b)(l), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Bankruptcy Rule 3020(b)(1).

16. Bankruptcy Rules 2002(b) requires that all creditors, equity holders, and indenture trustees be given 28 days' notice of the time fixed "for filing objections and the hearing to consider the confirmation of the plan". Bankruptcy Rule 2002(b).

17. In accordance with Bankruptcy Rules 2002(b), 3017(c), and 3020(b)(1), the Trustee requests that the Court fix the following dates: (a) for voting to accept or reject the plan; (b) for filing objections to the plan (the "**Plan Objection Deadline**"); (c) for the Trustee to

file any reply to any objections to the Plan (the "**Trustee's Reply Deadline**"); and (d) for the hearing on confirmation of the plan (the "**Confirmation Hearing**").

- Confirmation Hearing: Approximately 35 days after approval of the Disclosure Statement.

- Voting Deadline: 14 days prior to the Confirmation Hearing.

- Plan Objection Deadline: 14 days prior to the Confirmation Hearing.

- Trustee's Reply Deadline: 3 days prior to the Confirmation Hearing.

18. The Trustee believes that the foregoing dates will provide sufficient notice to all parties entitled to notice of the hearing and all deadlines, sufficient time for the Trustee to review and tabulate votes and review and respond to objections (if any), and sufficient time for the Court to consider any objections and the Trustee's response (if any) thereto. The proposed dates comply with the Bankruptcy Rules and will enable the Trustee to pursue consummation of the Plan in a timely manner.

### C. Service of the Disclosure Statement

Given the cost to the Debtor and its limited resources, the Trustee proposes to distribute the Plan and Disclosure Statement to parties entitled to receive a copy of the Disclosure Statement in CD-ROM format. All other documents, including any ballots, the Disclosure Statement Order, and any notice of the Confirmation Hearing will only be provided in paper format. Similar procedures have been approved in other chapter 11 cases in this district. *See, e.g.*, *In re Ames Department Stores, Inc. et al.*, No. 01-42217 (REG) (Bankr. S.D.N.Y. Sept. 10, 2013) [Docket No. 4123]. Also, under the proposed Order, any party entitled to receive a copy of the Disclosure Statement may request one from the Trustee's counsel. Accordingly, the Trustee requests permission to serve the Disclosure Statement on a CD-ROM.

    **D.**    **Supplemental Submissions**

19. The Trustee intends to file additional or supplemental submissions, including, a proposed budget for confirming the Plan, a form ballot, and any and all other documents necessary for approval of the Disclosure Statement and the confirmation of the Plan. To the extent necessary, the Trustee will seek approval of these documents at the Disclosure Statement Hearing and submit a revised proposed order.

**Notice**

20. Notice of this Motion is being provided to (a) the United States Trustee, (b) all equity holders of the Debtor, (c) all creditors listed in the Debtor's schedules or that have submitted proofs of claim; (d) the Internal Revenue Service; (e) all parties that have requested notice pursuant to Bankruptcy Rule 2002. The Trustee respectfully submits that no further notice of this Motion should be required.

**No Prior Request**

21. No prior application for the relief requested herein has been made to this or any other Court.

**Conclusion**

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order pursuant to Section 1125 and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002(b), 3017(a), and 3020(c) substantially in the form attached hereto as **Exhibit A**: (a) approving the Disclosure Statement; (b) scheduling a Confirmation Hearing; (c) fixing the deadline to vote to approve or reject the Plan; (d) fixing the deadline to file objections to the Plan; (e) fixing the deadline for the Trustee to file responses (if any) to any objections to the Plan; (f) granting other related relief; and (g) granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br>December 6, 2013 | LUSKIN, STERN & EISLER LLP<br><br>By:  /s/ Michael Luskin<br>　　　Michael Luskin<br>　　　Lucia T. Chapman<br>　　　Stephan E. Hornung<br><br>Eleven Times Square<br>New York, New York 10036<br>Telephone:  (212) 597-8200<br>Facsimile:   (212) 974-3200<br><br>*Attorneys for the Chapter 11 Trustee* |

# EXHIBIT A

**Proposed Order**

12-12796-reg    Doc 344    Filed 12/06/13    Entered 12/06/13 17:34:18    Main Document
Pg 11 of 15

**Hearing Date and Time: January 14, 2014 at 9:45 a.m. (EST)**
**Objection Deadline: January 3, 2014 at 4:00 p.m. (EST)**
**Reply Deadline: January 13, 2014 at 12:00 noon (EST)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                    :    Chapter 11
                                          :
FLETCHER INTERNATIONAL, LTD.,             :    Case No. 12-12796 (REG)
                                          :
                    Debtor.               :
                                          :
---------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 1125 AND 1128 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 2002, 3017, AND 3020
APPROVING THE DISCLOSURE STATEMENT,
FIXING CERTAIN DEADLINES AND GRANTING RELATED RELIEF**

Upon the motion of Richard J. Davis, the Chapter 11 Trustee in this Chapter 11 case (the "**Trustee**") for entry of an order pursuant to Sections 1125 and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3017, and 3020 Approving the Disclosure Statement,[1] Fixing Certain Deadlines, and Granting Related Relief (the "**Motion**"); and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been held on January 14, 2014; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor and its estate, creditors, investors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

---

[1] All capitalized terms not otherwise defined shall have the meanings given to them in the Motion, the Disclosure Statement, or the Plan.

**ORDERED**, that the Motion is granted on the terms set forth herein; and it is further

**ORDERED**, that the Disclosure Statement is approved pursuant to section 1125(a)(1) of the Bankruptcy Code and Bankruptcy Rule 3017(b) as containing adequate information (as defined by section 1125(a) of the Bankruptcy Code).  To the extent not withdrawn, settled, or otherwise resolved, any objections to the approval of the Disclosure Statement are overruled; and it is further

**ORDERED**, that the Trustee is authorized to make non-substantive or immaterial changes to the Disclosure Statement, the Plan, and related documents without further order of the Court, including changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and related documents (including the appendices thereto); and it is further

**ORDERED**, that the Voting Deadline shall be at [_:__ _.m.] (EST) on _____ __, 2014 unless otherwise extended by the Trustee.  All votes to accept or reject the Plan must be cast by using the appropriate Ballot.  All Ballots must be properly executed, completed, and delivered according to their applicable voting instructions by: (a) first class mail, in the return envelope provided with each Ballot; (b) overnight delivery; or (c) personal delivery, so that the Ballots are **actually received** by the Trustee's counsel by no later than the Voting Deadline at the return address set forth in the applicable Ballot; and it is further

**ORDERED**, that any objections to the Plan must be filed by the Plan Objection Deadline and must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of such party's Claim or Interest; (d) state with particularity the basis and nature of any objection to the Plan; (e)

-2-

propose a modification to the Plan that would resolve such objection (if applicable); and (f) be filed, contemporaneously with a proof of service, with the Court and served so that it is actually received by each of the parties entitled to receive notice by the Plan Objection Deadline; and it is further

**ORDERED**, that objections to confirmation of the Plan not timely filed and served in the manner set forth above shall not be considered and shall be deemed to have been overruled; and it is further

**ORDERED**, that the Trustee is authorized to file responsive pleadings to any objection to confirmation of the Plan by no later than 4:00 p.m. (EST), three days prior to the Confirmation Hearing; and it is further

**ORDERED**, that the Confirmation Hearing will be held at [_:__ _.m.] (EST) on _____ __, 2014; *provided*, *however*, that the Confirmation Hearing may be continued from time to time by the Court or the Trustee without further notice other than through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court; and it is further

**ORDERED**, that within seven (7) days of the date of this Order, the Trustee shall mail or cause to be mailed copies of the following documents ("**Notice Packages**"):

(a) A copy of this Order;

(b) Notice of the Confirmation Hearing;

(c) The Disclosure Statement (with the Plan annexed thereto);[2]

(d) An appropriate form of ballot and appropriate return envelope with prepaid postage

---

[2] Copies of the Disclosure Statement may be provided on CD-ROM, provided, however, that any party may request to receive paper copies of such materials from the Trustee's counsel.

-3-

**ORDERED**, that within seven (7) days of the date of this Order, the Trustee shall mail or cause to be mailed a Notice Package on:

(a) The United States Trustee;

(b) All parties that filed a proof of claim prior to the Disclosure Statement Hearing;

(c) Any other known holders of Claims against, or Equity Interests in, the Debtor;

(d) The Internal Revenue Service; and

(e) All other parties that have filed a request for notice pursuant to Bankruptcy Rule 2002 in this Chapter 11 case; and it is further

**ORDERED**, that with respect to addresses from which notices in this chapter 11 case has been returned as undeliverable by the United States Postal Service, the Trustee is excused from mailing Notice Packages or other notice to those entities listed at such addresses, unless the Debtors are provided with accurate addresses for such entities at least 20 days before the Confirmation Hearing. Failure to mail Notice Packages to such entities will not constitute inadequate notice of the Confirmation Hearing, the Voting Deadline, or violation of Bankruptcy Rule 3017(d); and it is further

**ORDERED**, that the notice to be provided pursuant to the procedures set forth herein is good and sufficient notice to all parties in interest and no other for further notice need be provided; and it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
    January __, 2013

_____
THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE