Presentment Date and Time: February 11, 2014 at 12:00 noon (ET)
Objection Deadline: February 4, 2014 at 4:00 p.m. (ET)

Michael Luskin
Lucia T. Chapman
Stephan E. Hornung
LUSKIN, STERN & EISLER LLP
Eleven Times Square
New York, New York 10036
Telephone:  (212) 597-8200
Facsimile:  (212) 974-3205

*Attorneys for the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FLETCHER INTERNATIONAL, LTD., | : | Case No. 12-12796 (REG) |
| | : | |
| Debtor. | : | |
| | : | |

---------------------------------------------------------------x

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO
BANKRUPTCY RULE 9019(A) APPROVING THE SETTLEMENT
AGREEMENT BETWEEN FLETCHER INTERNATIONAL, LTD.,
BRG INVESTMENTS, LLC, AND KIRKLAND & ELLIS LLP**

TO:    THE HONORABLE ROBERT E. GERBER
       UNITED STATES BANKRUPTCY JUDGE

Richard J. Davis, the Chapter 11 Trustee in this Chapter 11 case (the "**Trustee**"), hereby submits this motion (the "**Motion**") for entry of an order pursuant to Bankruptcy Rule 9019(a), substantially in the form attached hereto as **Exhibit A**, approving a settlement agreement, attached hereto as **Exhibit B** (the "**Settlement Agreement**"), between Fletcher International, Ltd. ("**FILB**"), BRG Investments, and Kirkland & Ellis LLP ("**Kirkland & Ellis**," and together with FILB and BRG, the "**Settling Parties**").  In support of this Motion, the Trustee respectfully represents as follows:

## Jurisdiction

1.  The Court has subject matter jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested is Bankruptcy Rule 9019(a).

## Facts Specific to the Relief Requested

2.  On December 26, 2013, Kirkland & Ellis received a $175,000.00 payment from MV Nepenthes LLC ("**MV Nepenthes**") on account of invoices for legal services performed by Kirkland & Ellis on behalf of Alphonse Fletcher, Fletcher Asset Management, Inc. FILB, Fletcher International, Inc., FIA Leveraged Fund, and Fletcher Income Arbitrage Fund, Ltd. (the "**FAM Payment**").

3.  At the time, FII owned approximately 83% of MV Nepenthes through its 100% ownership interest in BRG, which it received from FILB pursuant to a series of transactions that took place on or about April 22, 2012 (the "April 22 Transactions").

4.  Pursuant to a term sheet agreement dated February 8, 2013, approved by the Court by order dated February 20, 2013 [Docket No. 190], and an assignment agreement dated March 8, 2013, the April 22 Transactions were unwound and 100% of the membership interests in BRG were returned to FILB.

5.  BRG is now wholly owned by FILB.

6.  The Trustee claims that the FAM Payment was improperly made to Kirkland & Ellis.

7.  Kirkland & Ellis disputes that its receipt of the FAM Payment was improper.

8.  To avoid the expense and uncertainty of protracted litigation, the Parties desire to settle their dispute according to the terms of the Settlement Agreement.

## Relief Requested

9.  The Trustee seeks an order pursuant to Bankruptcy Rule 9019(a) approving the Settlement Agreement.

## The Settlement Agreement[1]

10.  The Settlement Agreement settles all claims as between the Settling Parties in accordance with the following terms:

11.  <u>Payment</u>.  On or before five business days after the entry of the Order approving the Settlement Agreement, Kirkland & Ellis shall pay to BRG $75,000.

12.  <u>Releases</u>.  The Settling Parties will mutually release each other with respect to any and all claims relating to the FAM Payment only.  The Releases do not affect claims that may exist between the parties other than with respect to the FAM Payment.

## Basis for Relief Requested

13.  Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."  In deciding whether to approve a compromise, "a bankruptcy court must determine whether the compromise is reasonable," <u>Saccurato v. Masters, Inc. (In re Masters, Inc.)</u>, 149 B.R. 289, 292 (E.D.N.Y. 1992), and whether the compromise is "'fair and equitable' and 'in the best interests of the estate.'"  <u>In re Drexel Burnham Lambert Group, Inc.</u>, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (quoting <u>Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Andersen</u>, 390 U.S. 414, 424 (1968), <u>reh. denied</u>, 391 U.S. 909 (1968)).

---

[1] This description of the Settlement Agreement is a summary only and is not intended to alter, modify or supersede the terms of the Settlement Agreement, the express terms of which shall control.

14. The Court may consider such factors as: (i) the likelihood of success in the litigation compared to the present and future benefits offered by the settlement; (ii) the prospect of protracted litigation if the settlement is not approved as well as the related expense, inconvenience and delay, including potential difficulty in collecting on the judgment; (iii) the "paramount interests of the creditors" and the degree to which the creditors support the settlement; (iv) the nature and extent of releases to be obtained by officers and directors; and (v) whether the settlement was the result of arm's length bargaining. Motorola, Inc. v. Official Comm. of Unsecured Creditors et al. (In re Iridium Operating LLC et al.), 478 F.3d 452, 462 (2d Cir. 2007) (citing In re Worldcom, Inc., 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006)); see also In re Masters, Inc., 149 B.R. at 292 (citing Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 822 (1983)); In re Drexel Burnham, 134 B.R. at 497. In assessing whether a compromise should be approved, the Court need only "canvass the issues and see whether the compromise 'falls below the lowest point in the range of reasonableness.'" In re Drexel Burnham, 134 B.R. at 497 (citations omitted). Each of these factors weighs heavily in favor of approving the Settlement Agreement.

15. The Settlement Agreement, the terms of which were negotiated at arms' length, will enable BRG to recover a portion of the money paid to Kirkland & Ellis and will provide BRG with funds it needs to meet its ongoing obligations.

16. The Debtor and BRG are releasing claims related to the FAM Payment only. The Trustee is not releasing any other claims, including claims that

17. Had this settlement not been reached with Kirkland & Ellis, the Trustee would have been forced to commence litigation against Kirkland & Ellis to resolve the Trustee's

claims with respect to the FAM Payment. Any litigation would have been expensive and of uncertain outcome.

18. The Trustee believes that the major parties-in-interest (four public pension funds and the Joint Official Liquidators of FIA Leveraged Fund, Ltd., Fletcher Income Arbitrage Fund Ltd., and Fletcher Fixed Income Alpha Fund, Ltd.—In Official Liquidation) will support the Settlement Agreement because it allows BRG, an asset of the Debtor's estate, to receive $75,000 in cash, some of which may flow to the FILB estate.

19. The Trustee submits that, based on all of the above, his entering into the Settlement Agreement represents the exercise of his sound business judgment and falls well above the lowest point in the range of reasonableness of possible litigation and settlement outcomes, and is in the best interests of the estate. Accordingly, the Trustee requests that the Court approve the Settlement Agreement.

## No Prior Request

20. No prior application for the relief sought herein has been made to this or any other court in connection with the Debtor's Chapter 11 case.

## Notice

21. Notice of this Motion is being provided to: (a) the Office of the United States Trustee; (b) all creditors listed in the Debtor's schedules or that have submitted proofs of claim; (c) Kirkland & Ellis; (d) the Internal Revenue Service; and (e) all parties requesting notice in this Chapter 11 case pursuant to Rule 2002 of the Bankruptcy Rules. Given the circumstances and the nature of the relief requested, the Trustee submits that no further notice of this Motion should be required.

**Conclusion**

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form annexed hereto as **Exhibit A**, approving the Settlement Agreement and granting such other or further relief as the Court deems just and proper.

Dated: New York, New York  
      January 16, 2014

LUSKIN, STERN & EISLER LLP

By: /s/ Michael Luskin  
    Michael Luskin  
    Lucia T. Chapman  
    Stephan E. Hornung

Eleven Times Square  
New York, New York 10036  
Telephone:    (212) 597-8200  
Facsimile:     (212) 974-3205

*Attorneys for the Chapter 11 Trustee*

# **EXHIBIT A**

**Proposed Order**

Presentment Date and Time: February 11, 2014 at 12:00 noon (ET)
Objection Deadline: February 4, 2014 at 4:00 p.m. (ET)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                  :       Chapter 11
                                        :
FLETCHER INTERNATIONAL, LTD.,           :       Case No. 12-12796 (REG)
                                        :
                    Debtor.             :
                                        :
---------------------------------------------------------------x

**[PROPOSED] ORDER PURSUANT TO BANKRUPTCY RULE 9019(A)
APPROVING THE SETTLEMENT AGREEMENT
BETWEEN FLETCHER INTERNATIONAL, LTD., BRG INVESTMENTS,
LLC AND KIRKLAND & ELLIS LLP**

Upon the motion (the "**Motion**") of Richard J. Davis, the Chapter 11 Trustee this Chapter 11 case (the "**Trustee**"), for entry of an order pursuant to Bankruptcy Rule 9019(a) approving the Settlement Agreement (the "**Settlement Agreement**") between BRG Investments, LLC and Kirkland & Ellis LLP; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Settlement Agreement is in the best interests of the Debtor and its estate, creditors, investors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.  Subject to the terms and conditions of this Order, the Motion is granted.

2.  Pursuant to Bankruptcy Rule 9019(a), the Settlement Agreement, annexed to the Motion as **Exhibit B**, is hereby approved in its entirety.

3. The Trustee's entry into and performance of all of his obligations under the Settlement Agreement is approved.

4. The parties shall execute any and all agreements, instruments, and documents, and shall take such further actions in good faith as may be necessary to fully effectuate the terms of the Settlement Agreement.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. To the extent that the Motion is inconsistent with this Order, the terms of this Order shall govern.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the Settlement Agreement and this Order.

Dated: New York, New York
       January __, 2014

                                          HONORABLE ROBERT E. GERBER
                                          UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

**Settement Agreement**

**EXECUTION COPY**

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT,** dated as of January 14, 2014 (this "Agreement"), is made by and between Fletcher International, Ltd, ("FILB"), BRG Investments, LLC ("BRG" and, together with FILB and BRG, the "Claimants") and Kirkland & Ellis LLP ("Kirkland & Ellis" and, together with the Claimants, the "Parties").

**WHEREAS,** on June 29, 2012, FILB filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, in an action captioned *In re: Fletcher International, Ltd.*, Case No. 12-12796 (REG);

**WHEREAS,** on September 28, 2012, the Court approved the appointment of Richard J. Davis, Esquire (the "Trustee") as the Chapter 11 Trustee for FILB;

**WHEREAS,** on December 26, 2013, Kirkland & Ellis received a $175,000.00 payment from MV Nepenthes LLC ("MV Nepenthes") on account of invoices for legal services performed by Kirkland & Ellis on behalf of Alphonse Fletcher, Fletcher Asset Management, Inc. FILB, Fletcher International, Inc., FIA Leveraged Fund, and Fletcher Income Arbitrage Fund, Ltd. (the "FAM Payment");

**WHEREAS,** at the time, FII owned approximately 83% of MV Nepenthes through its 100% ownership interest in BRG, which it received from FILB pursuant to a series of transactions that took place on or about April 22, 2012 (the "April 22 Transactions");

**WHEREAS,** pursuant to a term sheet agreement dated February 8, 2013, and an assignment agreement dated March 8, 2013, the April 22 Transactions were unwound and 100% of the membership interests in BRG were returned to FILB;

**WHEREAS,** BRG is now wholly owned by FILB;

**WHEREAS,** the Trustee claims that the FAM Payment was improperly made to Kirkland & Ellis;

**WHEREAS,** Kirkland & Ellis disputes that its receipt of the FAM Payment was improper; and

**WHEREAS,** to avoid the expense and uncertainty of protracted litigation the Parties desire to settle their dispute according to the terms of this Agreement.

**NOW, THEREFORE, IT IS HEREBY AGREED** by and between the Parties to this Agreement, with the intent to be legally bound hereby and in consideration of the premises and the mutual covenants and conditions contained herein and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, as follows:

1. **Effectiveness of Agreement.** This Agreement shall be effective when signed by all Parties (the "Closing Date") and approved by the Bankruptcy Court in a final, non-appealable order that has not been stayed and as to which no appeal is pending ("Final Order").

2. **Payments**. On or before five business days after the entry of the Final Order approving this Agreement, Kirkland & Ellis shall pay to BRG SEVENTY FIVE THOUSAND DOLLARS ($75,000) (the "Settlement Amount") by wire transfer in immediately available funds to the account set forth on **Exhibit A**.

3. **Bankruptcy Court Approval**. This Agreement shall be subject to approval of the Bankruptcy Court. Within five business days of the Closing Date, the Trustee shall seek approval of this Agreement by the Bankruptcy Court.

4. **Releases**.

(a) **KIRKLAND & ELLIS'S RELEASE OF THE CLAIMANTS**

Kirkland & Ellis hereby releases and discharges the Claimants and the Claimants' officers, directors, shareholders, partners, agents, employees, attorneys and other professionals, affiliates, subsidiaries (direct or indirect), heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, liabilities, claims and demands whatsoever, in law, admiralty or equity, of whatsoever kind or nature related to or arising out of the FAM Payment, which against the Claimants, Kirkland & Ellis, and its shareholders, partners, managers, members, agents, employees, officers, directors, attorneys, affiliates, heirs, executors, administrators, successors, and assigns ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the effective date of this Agreement.

(b) **THE CLAIMANT'S RELEASE OF KIRKLAND & ELLIS**

The Claimants hereby release and discharge Kirkland & Ellis and Kirkland & Ellis's officers, directors, shareholders, partners, agents, employees, attorneys and other professionals, affiliates, subsidiaries (direct or indirect), heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, liabilities, claims and demands whatsoever, in law, admiralty or equity, of whatsoever kind or nature related to or arising out of the FAM Payment, which against Kirkland & Ellis, the Claimants and their shareholders, partners, managers, members, agents, employees, officers, directors, attorneys, affiliates, heirs, executors, administrators, successors, and assigns ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the effective date of this Agreement.

5. **Miscellaneous**.

(a) This Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties to this Agreement and supercedes all prior oral and written understandings or agreements between the Parties. This Agreement represents the final agreement of the Parties hereto and shall not be altered, amended, or modified by oral representation made before or after the execution of this

2

(b) and (c) etc.

(cont.) Agreement. All modifications must be in writing and duly executed by all Parties hereto.

(b) The Parties hereto acknowledge that this Agreement is executed voluntarily by each of them, without duress or undue influence on the part of, or on behalf of any of them. The Parties hereto further acknowledge that they have or had the opportunity for representation in the negotiation for, and in the performance of, this Agreement by their respective counsel and that they have read this Agreement, and have had it fully explained to them by their counsel and that they are fully aware of the contents of this Agreement and its legal affect.

(c) Any and all notices made in accordance with this agreement shall be sent by overnight mail courier, to the following addresses:

If to Kirkland & Ellis LLP:

Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Attn: Andrew Horne, Esq.

and if to BRG or FILB, then to such address listed below:

Richard J. Davis, Esq.
415 Madison Avenue, 11th Floor
New York, New York 10017
Attn: Richard J. Davis, Esq.

with a copy to:

Luskin, Stern & Eisler LLP
Eleven Times Square
New York, New York 10036
Attn: Michael Luskin, Esq.

(d) This Agreement shall be binding on and shall inure to the benefit of the parties hereto and their respective heirs, executors, administrators, agents, representatives, successors, and assignees.

(e) The individuals whose signatures are affixed to this Agreement in a representative capacity represent and warrant that they are authorized to execute the Agreement on behalf of and to bind the entity on whose behalf the signature is affixed.

(f) This Agreement is entered into by the Parties for the purpose of compromising and settling matters described in the Action. This Agreement does not constitute, and shall not be construed as, an admission

3

by any party of the truth or validity of any claims asserted or contentions advanced by any other party.

(g) It is expressly understood by the Parties hereto that each such party shall bear its own costs in connection with the negotiation of this Agreement and the events contemplated herein, and the Parties hereby waive and release any claims they otherwise have or may have had to such costs and attorneys' fees.

(h) This Agreement is entered into in the State of New York and the Agreement, and any rights, remedies, or obligations provided for in this Agreement, shall be construed and enforced in accordance with the internal laws of the State of New York, without regard to its conflict of laws rules.

(i) This Agreement shall be construed as if all Parties jointly prepared it, and any uncertainty or ambiguity in the Agreement shall not be interpreted against any one Party.

(j) The provisions of this Agreement are severable. If any portion, provision, or part of this Agreement is held, determined, or adjudicated to be invalid, unenforceable or void for any reason whatsoever, each such portion, provision or part shall be severed from the remaining portions, provisions or parts of this Agreement and shall not affect the validity or enforceability of any remaining portions, provisions or parts.

(k) Each of the Parties hereby irrevocably submits to the exclusive jurisdiction of the United States Bankruptcy Court for the Southern District of New York in any action related to this Agreement. Each of the Parties hereto waives any and all personal rights under the law of any other state or country to object to jurisdiction within the County of New York or to institute a claim of <u>forum non conveniens</u> with respect to any court in the County of New York for the purposes of litigation with respect to this Agreement.

(l) EACH OF THE PARTIES HERETO HEREBY WAIVES ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING ARISING OUT OF THIS AGREEMENT.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**IN WITNESS WHEREOF**, the Parties hereto have caused this document to be executed on the day first set forth below.

Dated: January 14, 2014

**KIRKLAND & ELLIS LLP**

By: _____
Name:   ANDREW G. HORNE
Title:   Partner

Dated: January __, 2014

**BRG INVESTMENTS, LLC**

By: Fletcher International, Ltd., its sole member

By: _____
RICHARD J. DAVIS, solely in my capacity as Chapter 11 Trustee, in of, and on behalf of, Fletcher International, Ltd.

Dated: January __, 2014

**FLETCHER INTERNATIOANAL, LTD.**

By: _____
RICHARD J. DAVIS, solely in my capacity as Chapter 11 Trustee, in of, and on behalf of, Fletcher International, Ltd.

      **IN WITNESS WHEREOF**, the Parties hereto have caused this document to be executed on the day first set forth below.

| | |
|---|---|
| Dated: January __, 2014 | **KIRKLAND & ELLIS LLP** |
| | By:_____ |
| | Name:   ANDREW G. HORNE |
| | Title:    Partner |
| | |
| Dated: January __, 2014 | **BRG INVESTMENTS, LLC** |
| | By: Fletcher International, Ltd., its sole member |
| | By: _/s/ Richard J. Davis_____ |
| | RICHARD J. DAVIS, solely in my capacity as Chapter 11 Trustee, in of, and on behalf of, Fletcher International, Ltd. |
| | |
| Dated: January __, 2014 | **FLETCHER INTERNATIOANAL, LTD.** |
| | By: _/s/ Richard J. Davis_____ |
| | RICHARD J. DAVIS, solely in my capacity as Chapter 11 Trustee, in of, and on behalf of, Fletcher International, Ltd. |

## Exhibit A

Wire Instructions for BRG

Wells Fargo Bank
ABA: ███████
Beneficiary: First Clearing LLC
First Clearing LLC number: ███████
Further credit to: BRG Investments LLC, account number: ██████