Michael Luskin
Lucia T. Chapman
Stephan E. Hornung
LUSKIN, STERN & EISLER LLP
Eleven Times Square
New York, New York 10036
Telephone:  (212) 597-8200
Facsimile:  (212) 974-3205

*Attorneys for the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x
                                                         :
In re:                                                   :          Chapter 11
                                                         :
FLETCHER INTERNATIONAL, LTD.,                            :
                                                         :          Case No. 12-12796 (REG)
                                                         :
                        Debtor.                          :
--------------------------------------------------------x

### CHAPTER 11 TRUSTEE'S FIRST OMNIBUS CLAIMS OBJECTION
#### (Proofs of Claim Filed by Certain Pension Funds)

---

THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF
CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR
NAMES AND CLAIMS ON EXHIBIT A ATTACHED HERETO.

IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL,
LUSKIN, STERN & EISLER, LLP, AT (212) 597-8200.

---

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

   Richard J. Davis, the Chapter 11 Trustee in this Chapter 11 case, submits this first

omnibus objection (the "**Objection**") to the proofs of claim set forth on Exhibit A and more fully

described below (each a "**Disputed Claim**," and together, the "**Disputed Claims**") filed by

certain indirect pension fund investors (the "**Claimants**") pursuant to Sections 105(a) and 502 of

title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 3001(c) and 3007 of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  In support of the Objection,

the Trustee respectfully represents as follows:

   1.  The Claimants – Bartlett and Company Profit Sharing Plan and Trust,

Dubin Clark & Co. Inc., Houbigant, Inc. Pension Plan, Howard University Retirement Trust and

Howard University Retirement Trust – are five pension funds that claim to be indirect investors

in the Debtor.  The Disputed Claims filed by the Claimants should be disallowed and expunged

for two reasons:  First, the Claimants lack any privity with the Debtor and the Disputed Claims

therefore fail as a matter of law.  Second, even if proper, the Claimants have failed to submit

sufficient documentation for the Trustee to determine the validity of the Disputed Claims.

<div align="center">

**<u>Jurisdiction and Venue</u>**

</div>

   2.  This Court has jurisdiction over this Objection under 28 U.S.C. § 1334.

This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper before this Court

under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are

Sections 105(a) and 502 of the Bankruptcy Code and Bankruptcy Rules 3001(c) and 3007.

**Relevant Facts**

**A.    The Master-Feeder Fund Structure**

3.    The Debtor is a "master fund" in a "master-feeder fund" structure sometimes referred to as the "Fletcher Funds." A master-feeder fund is comprised of multiple entities through which profits and losses (including investments and redemptions) flow in a predetermined way. As a master fund, the Debtor engaged in trading of various financial instruments. Third-party investors made investments in feeder funds by purchasing shares in a particular series of stock designed to correspond to underlying investments made by master funds. After receiving funds from investors, the feeder funds were then supposed to invest their capital in the common equity, preferred equity or debt instruments of one or more of the master funds. The master funds in turn were then supposed to invest their capital in accordance with specific investment strategies set forth in the applicable governing documents. The structure was intended to allow each feeder fund to gain access to investment strategies and risk and return levels that, for a variety of reasons, were to be pursued by a particular master fund.

4.    Two such feeder funds in the "master-feeder fund" structure were FIA Leveraged Fund, Ltd. ("**Leveraged**") and Fletcher Fixed Income Alpha Fund, Ltd. ("**Alpha**"). Generally, Alpha and Leveraged invested into Fletcher Income Arbitrage Fund, Ltd. ("**Arbitrage**"), and Arbitrage in turn invested into the Debtor or another master fund, Fletcher International, Inc. (which, in turn, invested in the Debtor or directly in third-parties), but there were exceptions to this general flow of funds. Fletcher International, Inc. owns 100% of the Debtor. Leveraged and Arbitrage are each subject to insolvency proceedings in the Cayman Islands. Robin Lee McMahon and Roy Bailey of Ernst & Young have been appointed as Joint Official Liquidators and are overseeing their dissolution.

5.      The Claimants each invested in either Series 1 or 2 Shares of Arbitrage. As described above, Arbitrage was a feeder-fund that invested directly or indirectly in the Debtor.  The Claimants do not allege any direct relationship between themselves and the Debtor. Instead, each Disputed Claim states that it was filed on account of losses related to the respective Claimant's Series 1 or 2 Shares redemption request.

6.      The Confidential Memorandum relating to Shares Series 1 and Series 2 of Arbitrage, dated January 31, 2004 (as amended and restated from time to time, the "**Confidential Memorandum**"), states that "[w]ith respect to the Series 2 Shares, [Arbitrage] will pay at least 90% of redeemed amounts in cash or in kind without interest within 20 business days after the applicable redemption date and [Arbitrage], subject to the discretion of [its] Directors, will retain up to 10% of such redemption until 20 business days after the completion of the audit of the financial statements related to the Fiscal Year of [Arbitrage] in which the redemption occurred. With respect to Series 1 Shares, Redemptions will be paid as soon as is practical for [Arbitrage] and it is intended that 100% of any redemption will be paid no later than 20 business days following the completion of the audit of the financial statements related to the Fiscal Year of [Arbitrage] in which the redemption occurred." *See* Confidential Memorandum at pp. 6, 34.

7.      Each Claimant asserts that it made a Series 1 or Series 2 Share redemption request between 2009 and 2011.  Each Claimant further asserts that Arbitrage either failed to release its 10% Series 2 Shares holdback or failed to pay the entire 100% of its Series 1 Shares redemption, as applicable, when due and payable under the Confidential Memorandum. Accordingly, the sole basis for the Disputed Claims is each Claimant's indirect investment in the Debtor through its respective holding in Arbitrage.  The Disputed Claims do not contain any supporting documentation or explanations regarding amounts owed by the Debtor.

**B.**     **The Bar Date and the Disputed Claims**

8.     On November 9, 2012, the Court entered an order (the "**Bar Date Order**") requiring that all proofs of claim be filed in this case by no later than January 18, 2013 (the "**Bar Date**").  The Bar Date Order further directed that that each Proof of Claim must:

> (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially with the Proof of Claim Form; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation or an explanation as to why documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

[Docket No. 147.]

9.     In accordance with the Bar Date Order, the Claimants each filed their respective Disputed Claim before the Bar Date.  True and correct copies of the Disputed Claims are attached as Exhibits B through F.  Brief summaries of the Disputed Claims follow:

> **i.**     **Claim No. 5: Bartlett and Company Profit Sharing Plan and Trust ("Bartlett") ($53,786.75) (Exhibit B)**

10.     Bartlett filed a general unsecured claim against the Debtor in the amount of $53,786.75 for "[f]unds withheld from investment redemption."  Bartlett's proof of claim does not contain any explanation as to why this amount is owed by the Debtor, but instead appears to relate to a 2010 Series 2 Share redemption request.  To support its claim, Bartlett attaches (i) a statement of account purportedly showing a redemption request to Arbitrage in the amount of $634,745.75 and (ii) a wire transfer federal reference summary purportedly showing that $580,959.00 (or 90% of the redemption request) was wired by Arbitrage to Bartlett.  Based on the above, Bartlett asserts that is owed $53,786.75 from the Debtor on account of its Series 2 Share redemption request.  To the extent Bartlett's documents show anything, they show that Bartlett may have a claim against Arbitrage, not the Debtor.

### ii.  Claim No. 7: Dubin Clark & Co. Inc. ("Dubin") ($56,265.98) (Exhibit C)

11.      Dubin filed a general unsecured claim against the Debtor in the amount of $56,265.98 for "[b]alance of investment redemption due."  Dubin's proof of claim does not contain any explanation as to why this amount is owed by the Debtor, but instead appears to relate to a 2009 Series 1 Share redemption request.  To support its claim, Dubin attaches (i) a redemption notice sent by Dubin's trustee to Fletcher Asset Management, Inc. ("**FAM**") seeking redemption of Dubin's Series 1 Shares, (ii) a series of emails between Dubin's trustee and various FAM employees purportedly showing that $56,265.98 of the redemption request was held back by Arbitrage and (iii) an account summary issued by Citco Fund Services (Cayman Islands) Limited ("**Citco Cayman**") showing that $56,265.98 of the redemption request was unpaid as of August 5, 2009.  Based on the above, Dubin asserts that is owed $56,265.98 from the Debtor on account of its Series 1 Share redemption request.  To the extent Dubin's documents show anything, they show that Dubin may have a claim against Arbitrage, not the Debtor.

### iii.  Claim No. 6: Houbigant, Inc. Pension Plan ("Houbigant") ($94,577.00) (Exhibit D)

12.      Houbigant filed a general unsecured claim against the Debtor in the amount of $94,577.00 for "unpaid balance of the claimant's 2009 fund redemption from [Arbitrage]."  Houbigant's proof of claim does not contain any explanation as to why this amount is owed by the Debtor, but instead appears to relate to a 2009 Series 2 Share redemption request.  To support its claim, Houbigant attaches (i) a series of emails between unspecified individuals (presumably Houbigant's trustees) and various FAM employees purportedly showing that $94,577.00 (or 10% of Houbigant's redemption request) was held back by Arbitrage and (ii) an account summary issued by Citco Cayman showing the balance in Houbigant's account as of

December 31, 2008.  Based on the above, Houbigant asserts that is owed $56,265.98 on account of its Series 2 Share redemption request.  To the extent Houbigant's documents show anything, they show that Houbigant may have a claim against Arbitrage, not the Debtor.

### i.  Claims of Howard University ("Howard"):

Claim No. 16: Howard University Retirement Trust ("HURT") ($294,118.18) (Exhibit E); and

Claim No. 17: Howard University Endowment Fund ("HUEF") ($359,262.05) (Exhibit F)

13.     Howard states that it held Series 2 Shares of Arbitrage through two accounts—one for its retirement trust fund (HURT) and one for its endowment fund (HUEF). Howard filed two separate but identical proofs of claims for each fund seeking amounts owed under the same basis.  First, Howard alleges that HURT and HUEF are owed 10% holdbacks from their respective 2011 Series 2 Shares redemption requests.  Second, Howard alleges that HURT and HUEF sustained trading losses on in-kind distributions from these redemption requests because Arbitrage "did not distribute a representative sampling of [Arbitrage's] holdings, but rather only sent shares of thinly-traded holdings."  *See* Exhibits E and F, Attachment 1.

14.     To support its claims, Howard attaches (i) redemption notices sent by Howard to FAM requesting the redemption of all HURT and HUEF Series 2 Shares, (ii) redemption confirmations sent from FAM to Howard, and (iii) external and internal emails purportedly outlining the amounts of the 10% holdbacks and trading loses.  Based on the above, Howard asserts that HURT and HUEF are owed $294,118.18 and $359,262.05, respectively, on account of their Series 2 Share redemption requests.  To the extent Howard's documents show anything, they show that Howard may have a claim against Arbitrage, not the Debtor.

**Relief Requested**

15.    The Trustee files this objection pursuant to Sections 105(a) and 502 of the

Bankruptcy Code and Bankruptcy Rules 3001(c) and 3007 seeking to disallow and expunge the

Disputed Claims.

**Basis for Relief Requested**

**I.    Omnibus Objection**

16.    Objections to more than one claim may be joined in an omnibus objection

if "the objections are based solely on the grounds that the claims should be disallowed, in whole

or in part, because . . . they have been filed in the wrong case [or] they were presented in a form

that does not comply with applicable rules, and the objection states that the objector is unable to

determine the validity of the claim because of the noncompliance."  Bankruptcy Rule 3007(d).

As set forth below, the Claimants lack privity with the Debtor and should have brought the

Disputed Claims against Arbitrage in the Cayman Islands, where it is being unwound by Joint

Official Liquidators.  Second, assuming, *arguendo*, that the Disputed Claims were properly

brought before this Court, the Disputed Claims do not include sufficient supporting

documentation to allow the Trustee to determine their validity.

**II.    The Disputed Claims Should be Disallowed and Expunged**

17.    A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C.  § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.

*See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom.*, *Peter J.*

*Solomon Co., L.P. v. Oneida Ltd.*, Case No. 09-CV-2229, 2010 U.S. Dist. LEXIS 6500

(S.D.N.Y. Jan. 22, 2010).  The holder of a proof of claim bears the burden of persuasion to

establish a valid claim against a debtor.  *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 174

(3d Cir. 1992).  Here, the Claimant's claims should be disallowed and expunged for at least two

reasons.

### A.    The Disputed Claims Fail as a Matter of Law

18.    The Disputed Claims should be disallowed because they fail as a matter of

law.  Section 502(b)(1) of the Bankruptcy Code provides that a claim may not be allowed to the

extent that "such claim is unenforceable against the debtor and property of the debtor, under any

agreement or applicable law . . . ."  11 U.S.C. 502(b)(1).

19.    Here, the Claimants rely on the fact that they were investors in Arbitrage

and Leveraged, two feeder funds that were in turn directly or indirectly invested into the Debtor.

However, none of the Claimants has attempted to explain how the relationship between the

Claimants and the feeder funds creates privity between it and the Debtor or otherwise establishes

a claim directly against the Debtor.  Accordingly, the Claimants' claims—to the extent they are

proper at all—should be advanced in the Cayman Islands, where Arbitrage and Leveraged are

being liquidated by Joint Official Liquidators.

### B.    The Disputed Claims Should Be Disallowed
### Because They Lack Sufficient Documentation

20.    Even if the Claimants could somehow establish privity with the Debtor,

the Court should disallow the Disputed Claims because the Claimants failed to attach adequate

supporting documentation to demonstrate the validity of the underlying claims.  Bankruptcy

Rule 3001(c)(1) requires a claimant to attach copies of any writing upon which a claim is based.

If the writings are lost or destroyed, the claimant is required to provide a statement of the

circumstances surrounding such loss or destruction.  Rule 3001(c)(1) provides:

> When a claim, or an interest in property of the debtor securing the
> claim, is based on a writing, the original or a duplicate shall be
> filed with the proof of claim.  If the writing has been lost or
> destroyed, a statement of the circumstances of the loss or
> destruction shall be filed with the claim.

Fed. R. Bankr. P. 3001(c)(1).  The Bar Date Order reiterated this requirement, ordering that any

person filing a proof of claim include "supporting documentation or an explanation as to why

documentation is not available."  [Docket No. 147 at ¶4.]

21.    "Failure to attach the documentation required by Rule 3001 will result in

the loss of the *prima facie* validity of the claim."  *In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr.

S.D.N.Y. 2010).  In fact, some courts have held that claims can be disallowed simply for failing

to attach the appropriate documents.  *See id*. at 119 ("[I]n certain circumstances, claims can be

disallowed for failure to support the claim with sufficient evidence . . . because absent adequate

documentation, the proof of claim is not sufficient for the objector to concede the validity of a

claim.").

22.    Here, the Claimants fail to attach sufficient supporting documentation to

demonstrate the validity of the Disputed Claims.  The Claimants attach a variety of dated letters,

emails and account summaries purportedly reflecting amounts owed by Arbitrage at the time of

the redemption requests.  They have not attached copies of any subscription documents

evidencing ownership interests in Arbitrage, or any documents evidencing any corresponding

interests in the Debtor.  As a result of the Claimants' failure to comply with the Bankruptcy

Rules and the Bar Date Order, the Trustee is unable to determine the amount, nature, and validity

of Claimant's asserted claims against the Debtor.  Accordingly, the Disputed Claims should be

disallowed and expunged.

## Reservation of Rights

23.     The Trustee continues to conduct his investigation and to evaluate claims

filed against the Debtor and reserves the right to amend, modify or supplement this Objection

and to file additional objections to the Disputed Claims or any other claims (whether filed or

scheduled or not) which may be asserted by the Claimants, upon the conclusion of his

investigation.

## Conclusion

WHEREFORE, the Trustee respectfully requests that the Court enter an order,

substantially in the form of Exhibit G attached hereto, disallowing and expunging the Disputed

Claims in their entirety and grating such other and further relief as the Court deems just and

proper.

Dated: New York, New York                    LUSKIN, STERN & EISLER LLP
      February 10, 2014


By:  /s/ Michael Luskin
        Michael Luskin
        Lucia T. Chapman
        Stephan E. Hornung

Eleven Times Square
New York, New York 10036
Telephone:  (212) 597-8200
Facsimile:   (212) 974-3205

*Attorneys for the Chapter 11 Trustee*

**Exhibit A**

| Name of Claimant | Claim to be Expunged | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| Bartlett and Company Profit Sharing Plan and Trust | 5 | $53,786.75 | *See* ¶¶ 10, 18-22 |
| Dubin Clark & Co. Inc. | 7 | $56,265.98 | *See* ¶¶ 11, 18-22 |
| Houbigant, Inc. Pension Plan | 6 | $94,577.00 | *See* ¶¶ 12, 18-22 |
| Howard University Retirement Trust | 16 | $294,118.18 | *See* ¶¶ 13-14, 18-22 |
| Howard University Retirement Trust | 17 | $359,262.05 | *See* ¶¶ 13-14, 18-22 |

**<u>Exhibit B</u>**

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Fletcher International, Ltd. | Case Number:<br>12-12796 (REG) | **DEC 2 6 2012** |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Bartlett and Company Profit Sharing Plan and Trust**

**COURT USE ONLY**

Name and address where notices should be sent:
**4900 Main Street, Suite 1200**
**Kansas City, MO  64112**

Telephone number:          email:
**816-714-3514**                  **sbuckner@bartlett-grain.com**

❏ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
  (*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:          email:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**          $ 53,786.75

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** **Funds withheld from investment redemption**
  (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as:<br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ❏ Real Estate  ❏ Motor Vehicle  ❏ Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ❏ Fixed  or  ❏ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

Basis for perfection: _____

Amount of Secured Claim:   $_____

Amount Unsecured:   $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❏ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B 10 (Official Form 10) (12/11)                                                                                                      2

7. **Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

8. **Signature:** (See instruction #8)

Check the appropriate box.

☒ I am the creditor.    ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: James B. Hebenstreit
Title: Trustee
Company: Bartlett and Company Profit Sharing Plan and Trust
Address and telephone number (if different from notice address above):

(Signature)        (Date) 20 Dec 12

Telephone number:        email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10 (Official Form 10) (12/11)         3

## DEFINITIONS        INFORMATION

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to *indicate the amount of the debt owed by the debtor* on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## FLETCHER ASSET MANAGEMENT, INC.

July 26, 2010

Dear Fletcher Income Arbitrage Fund, Ltd. Shareholders,

**Please see the attached audited financial statements for December 31, 2009 for Fletcher International, Ltd. (Bermuda) ("FILB"), the master fund in which Fletcher Income Arbitrage Fund, Ltd. invests.** We expect the fund's auditor to release the financial statements and its audit report for 2009 for Fletcher Income Arbitrage Fund, Ltd. shortly.  Additionally, the Fund's previous auditor has informed us that the Fund's audited financial statements for 2007 and 2008 should be restated to apply different accounting treatment for certain investments from affiliates, resulting in a slightly higher return for shareholders and lower net expenses for the fund for the period in question and which has already been accrued.  We expect the restated audited financial statements to be released shortly, and investors should not rely on the previously issued 2007 and 2008 audited financial statements.

Please do not hesitate to call Denis J. Kiely, Stewart A. Turner, or Alphonse Fletcher, Jr.  at (212) 284-4800 should you have any questions.

Sincerely,

Fletcher Asset Management, Inc.

UMB BANK, N.A.
MAILSTOP 1170201
P. O. BOX 419226
KANSAS CITY, MO  64141-6226

WIRE TRANSFER ADVICE
--------------------

000083

BARTLETT & CO GRAIN PROFIT
4900 MAIN ST SUITE 1200
KANSAS CITY  MO   64112-2683

```
          ACCOUNT NAME: BARTLETT & CO GRAIN PROFIT
          ACCOUNT NUMBER: 9801099183
-------------------------------------------------------------
                   DATE AND TIME: 2010-08-03 13:53:36
                REFERENCE NUMBER: 1008030000003238
              MESSAGE ID NUMBER: 100803135331F000
                 FED REFERENCE: 20100803J1B7841C00105908031453FT01
                         AMOUNT: $580,959.00
                TRANSACTION TYPE: CREDIT TO YOUR ACCOUNT
-------------------------------------------------------------
              * * * TRANSACTION INFORMATION * * *
SENDING BANK        : HSBC BANK USA N.A. 021001088
SENDER REFERENCE    : 215432540
RECEIVING BANK      : UMB BANK, N.A. 101000695
AMOUNT              : $580,959.00
VALUE DATE          : 2010-08-03
 ENEFICIARY (BNF)   : AC 9801099183  BARTLETT AND COMPANY PROFIT
 NF ADDRESS         : SHARING TRUST
ORIGINATOR (ORG)    : AC 134614275  FLETCHER INCOME ARBITRAGE FUND LTD
ORG ADDRESS         : C/O FLETCHER ASSET MANAGEMENT 48 WA
ORG ADDRESS         : NEW YORK NY 10005-2911
ORG ADDRESS         : NEW YORK
ORIGINATOR TO BENEFICIARY INFORMATION (OBI): REF: FULL REDEMPTION-90%PAYMENT
OMAD REFERENCE      : 20100803J1B7841C00105908031453FT01
IMAD REFERENCE      : 20100803B1Q8983C003706
TYPE CODE / SUBTYPE : 10 00
BUSINESS FUNCTION CODE:  CTR
PLEASE DIRECT ANY INQUIRIES TO UMB EFT INVESTIGATIONS (816) 860-3606.
```



# Statement of Account

### 07/01/2010 Through 7/31/2010

**Correspondence Address**

A Wheeler
c/o Bartlett & Company Profit Sharing Plan & Trust
4900 Main St
Suite 1200
Kansas City, MO 64112

**Date:** 12/13/2010
**Account ID:** Bartlett & Company Profit Sharing Plan & Trust

### Fletcher Income Arbitrage Fund, Ltd.

| Class/Series | | Shares | Ccy | NAV Date | NAV | Value |
|---|---|---|---|---|---|---|
| Series 2 | Opening Balance | 239.38 | USD | 30-Jun-10 | 2,724.59 | 652,211.44 |
| | Full Redemption | -239.38 | USD | 2-Jul-10 | 2,651.62 | -634,745.75 |
| | | | | Period Increase/Decrease - USD: | | -17,465.69 |
| | | | | Period Increase/Decrease Total - USD: | | -17,465.69 |
| | | | | Total Closing Balance - USD: | | 0.00 |

*Received
8/12/10*

*634,745.75
580,959.00
_____
53,786.75*

For more information or any inquiries, please contact:
SS & C Fund Services - Investor Relations
80 Lamberton Road - Windsor, CT. 06095

Tel: (860) 298-4599
Fax: (860) 371-2503
EMail: sscinvestorservices@sscinc.com

**<u>Exhibit C</u>**

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>Fletcher International, Ltd. | Case Number:<br>12-12796 (REG) |
|---|---|

RECEIVED

JAN 1 1 2013

U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Dubin Clark + Co Inc Profit Sharing Plan

Name and address where notices should be sent:

c/o Ronald N. Dubin
52 West Brother Drive
Greenwich, CT 06830
Telephone number: (203) 661-7087    email: dubin@dubinclark.com

Name and address where payment should be sent (if different from above):

SAME

Telephone number:    email:

**COURT USE ONLY**

❑ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
   *(If known)*

Filed on:_____

❑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $ 56,265.98

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Balance of Investment Redemption due.
    (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as:<br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ❑ Real Estate  ❑ Motor Vehicle  ❑ Other
**Describe:**

**Value of Property:** $_____

**Annual Interest Rate_____%** ❑ Fixed  or  ❑ Variable
**(when case was filed)**

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

**Basis for perfection:** _____

**Amount of Secured Claim:**  $_____

**Amount Unsecured:**  $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

❑ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❑ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❑ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❑ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❑ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❑ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B 10 (Official Form 10) (12/11)                                                                                                                  2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☑ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)   or their authorized agent.   (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  THOMAS J CARACCIOLO
Title:  TRUSTEE
Company:  DUBIN CLARK & CO. INC.
Address and telephone number (if different from notice address above):
485 WEST PUTNAM AVE.
GREENWICH CT 06830
                                                                    _____        1/10/2013
                                                                    (Signature)                      (Date)

Telephone number: 203-629-2030  email: CARACCIOLO@dubinclark.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4.  Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10 (Official Form 10) (12/11) 3

| DEFINITIONS | | INFORMATION |
|---|---|---|

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

## CITCO

*Citco Fund Services*
*(Cayman Islands) Limited*

DUBIN CLARK & CO INC PROFIT SHARING PLAN
52 WEST BROTHER DRIVE
GREENWICH CT 06830
USA

| | |
|---|---|
| Fund ID | : 410105 |
| Holder ID | : 08220305 |
| Account ID | : 08220305 |
| Contract No. | : 35756305 |
| Date | : Aug-05-2009 |
| Order No. | : 12437805 |
| Email | : DUBIN@DUBINCLARK.COM |
| FAX Number | : +12036618481 |

RONALD N DUBIN

Account name: DUBIN CLARK & CO INC PROFIT SHARING PLAN FBO RONALD N DUBIN

### FLETCHER INCOME ARBITRAGE FUND LTD SERIES 1

In accordance with your instructions we confirm having REDEEMED the following shares from FLETCHER
INCOME ARBITRAGE FUND LTD SERIES 1

| | | |
|---|---|---|
| Valuation/NAV Date | | Feb-28-2009 |
| Trade Date | | Mar-02-2009 |
| | | |
| No. of shares Redeemed | | 167.53 |
| Redemption Price | USD | 2,417.60 |
| Gross Redemption Proceeds | USD | 405,020.53 |
| Less Redemption Fee (0.25%) | USD | (1,012.55) |
| | | |
| Net Redemption Proceeds | USD | 404,007.98 |
| | | |
| Amount to be Paid | USD | 404,007.98 |
| | | |
| Proceeds Paid to Date | USD | 347,742.00 |
| Amount Receivable | USD | 56,265.98 |

Your balance following this transaction will be 0.00 shares.

For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (345) 949 3977 Fax: (345) 949 3877 E-mail: caymanweb@citco.com

*Windward I, 2nd Floor*
*Regatta Office Park*
*West Bay Road*
*P.O. Box 31106*
*Grand Cayman KY1-1205*

*caymanweb@citco.com*
*www.citco.com*

*Phone: +1 345 949 3977*
*Fax: +1 345 949 3877*

February 9, 2009

Mr. Denis Keily
Fletcher Asset Management, Inc.
48 Wall Street
5th Floor
New York, NY 10005

VIA FACSIMILE: (212) 284-4801

RE:   Dubin Clark & Co., Inc. Profit Sharing Plan FBO Ronald N. Dubin
      Redemption from Fletcher Income Arbitrage Fund, Ltd. Series 1

Dear Denis:

Please use this letter as authorization to fully redeem the Dubin Clark & Co., Inc.'s investment in the Fletcher Income Arbitrage Fund, Ltd. This shall be considered our 15-day notice for redemption effective as of the last business day of February.

Payment by the Fund shall be by Fed Funds wire as follows:

| | |
|---|---|
| Bank: | Citibank NA |
| | 111 Wall Street |
| | New York, NY 10043 |
| ABA No.: | 021000089 |
| Beneficiary: | Charles Schwab & Co. Inc. |
| For Further Credit: | Dubin Clark & Co. PSP FBO Ronald Dubin |
| Account No.: | 6221-3853 |

If you have any questions or concerns, please call John Workman (Convergent Wealth Advisors), at (503) 228-3941.

Sincerely,

Ronald Dubin
Trustee

cc:   Mr. John R. Workman, Convergent Wealth Advisors. Fax: (503) 228-3989

Date sent: 2/20/2009 8:02:18 PM
From: William.Shoemaker@ConvergentWealth.com
To: john.workman@convergentwealth.com
Subject: FW: Dubin redemption
Attachment: image001.gif (3.2 KB)

Hi John,

Confirmation of the Dubins' redemption from Fletcher.

Thanks!

Will

**From:** DCA {DArroyo} [mailto:DArroyo@dfs-llc.com]
**Sent:** Friday, February 20, 2009 12:01 PM
**To:** William Shoemaker
**Cc:** DJK {DKiely}
**Subject:** RE: Dubin redemption

Dear Mr. Shoemaker,

We have received the redemption notice for Dubin Clark & Co., Inc. Profit Sharing Plan's investment from Fletcher Income Arbitrage Fund, Ltd. The redemption date for this redemption is February 27, 2009.

As you requested, please find below the relevant language from the Offering Memorandum for Fletcher Income Arbitrage Fund, Ltd. with respect to timing of the payment of redemptions:

"With respect to Series 1 shares, Redemptions will be paid as soon as is practical for the Fund and it is intended that 100% of any redemption will be paid no later than 20 business days following the completion of the audit of the financial statements related to the Fiscal Year of the Fund in which the redemption occurred."

Kind Regards,
Delina Arroyo

-----Original Message-----
**From:** William Shoemaker [mailto:William.Shoemaker@ConvergentWealth.com]
**Sent:** Thursday, February 19, 2009 11:27 AM
**To:** DJK {DKiely}
**Subject:** Dubin redemption

Hello Denis,

I am writing on behalf of Ron Dubin to confirm receipt of the redemption notice of the Dubin Clark & Co., Inc. Profit Sharing Plan. Please let us know whether you received the redemption notice and please also confirm scheduled date of payment.

Best regards,

**CONVERGENT WEALTH**
ADVISORS

**Will Shoemaker**
**Research Analyst**
(503) 412.5414 - phone
(888) 444.7936 - fax

www.ConvergentWealth.com

This email (and attachments) may contain confidential information. If you are not the intended recipient, please notify the sender immediately. Any disclosure, copying or distribution of this email (and attachments) is prohibited, and no action should be taken or omitted in reliance thereon. Also, Convergent Wealth Advisors (and its employees) do not provide tax, accounting or legal advice. Any discussion of such matters in this email (or any attachment) is not intended to constitute, and cannot be used or relied upon as, such advice. Moreover, such a discussion may not be relied upon for the purpose of avoiding U.S. tax-related penalties pursuant to IRS Circular 230.

Date sent: 7/13/2010 12:31:49 AM
From: sturner@fletcher.com
To: john.workman@convergentwealth.com
Cc: dyergasheva@fletcher.com
Subject: Dubin payment

Dear John,

It was a pleasure speaking with you earlier today. Please note that the value for the Dubin redemption after redemption fees is $404,008. Given that we had previously paid $347,742, the remaining payment will be for $56,266. This amount will be paid within 20 business days after the 2009 FIALTD audit is completed.

Kind regards,
Stewart Turner

*This communication, and any attachment(s), is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential and/or protected by privilege. This communication is for information purposes and should not be regarded as an offer, a contract, or any form of official statement of Fletcher Asset Management Inc., or any of its affiliated entities. If you are not the intended recipient, any use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please delete the original email, any copies, attachments thereto, or printouts and notify the sender immediately.*

Date sent: 2/25/2011 8:15:12 PM
From: sturner@fletcher.com
To: John.Workman@ConvergentWealth.com
Cc: dyergasheva@fletcher.com; sdubin@dubinclark.com
Subject: Dubin Clark
Attachment: ⁼Dubin.pdf (16.1 KB)

---

Dear John,

Please find attached the final statement sent to Dubin Clark by Citco and a calculation of the holdback payment below. We will look to process this payment in March.

| | |
|---|---|
| Shares | 167.53 |
| Redemption Price | $2,417.60 |
| Gross Redemption | $405,020.53 |
| 0.25% Redemption Fee | ($1,012.55) |
| Net Redemption | $404,007.98 |
| Paid: | $347,742.00 |
| Remaining to be paid: | $56,265.98 |

Kind regards,
Stewart

---

This communication, and any attachment(s), is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential and/or protected by privilege. This communication is for information purposes and should not be regarded as an offer, a contract, or any form of official statement of Fletcher Asset Management Inc., or any of its affiliated entities. If you are not the intended recipient, any use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please delete the original email, any copies, attachments thereto, or printouts and notify the sender immediately.

## DUBIN CLARK & COMPANY, INC. PROFIT SHARING PLAN

## Amendment to Summary Plan Description

In article XI, General Information about the Plan, the section entitled "Plan Trustee Information and Plan Funding Medium" is amended to read as follows:

**Plan Trustee Information and Plan Funding Medium**

All money that is contributed to the Plan is held in a trust fund. The Trustee is responsible for the safekeeping of the trust fund and must hold and invest Plan assets (unless the investment of assets is subject to Participant or other direction) in a prudent manner and in the best interest of you and your beneficiaries. The trust fund established by the Plan's Trustee(s) will be the funding medium used for the accumulation of assets from which benefits will be distributed. While all the Plan assets are held in a trust fund, the Administrator separately accounts for each Participant's interest in the Plan. If there is more than one Trustee, they will collectively be referred to as Trustee throughout this Summary Plan Description.

The name and address of the Plan Trustee is:

Thomas J. Caracciolo
485 West Putnam Avenue
Greenwich, CT  06830

The business telephone number for the Plan's Trustees is:
(203) 629-2030

A-4489

# DUBIN CLARK & COMPANY, INC. PROFIT SHARING PLAN

## Amendment to Summary Plan Description

In article XI, General Information about the Plan, the section entitled "Plan Trustee Information and Plan Funding Medium" is amended to read as follows:

### Plan Trustee Information and Plan Funding Medium

All money that is contributed to the Plan is held in a trust fund. The Trustee is responsible for the safekeeping of the trust fund and must hold and invest Plan assets (unless the investment of assets is subject to Participant or other direction) in a prudent manner and in the best interest of you and your beneficiaries. The trust fund established by the Plan's Trustee(s) will be the funding medium used for the accumulation of assets from which benefits will be distributed. While all the Plan assets are held in a trust fund, the Administrator separately accounts for each Participant's interest in the Plan. If there is more than one Trustee, they will collectively be referred to as Trustee throughout this Summary Plan Description.

The name and address of the Plan Trustee is:

Thomas J. Caracciolo
485 West Putnam Avenue
Greenwich, CT 06830

The business telephone number for the Plan's Trustees is:
(203) 629-2030

A-4489

## DUBIN CLARK & COMPANY, INC. PROFIT SHARING PLAN

I, Thomas J. Caracciolo hereby accept appointment as Trustee of the above named Plan, effective as of December  10  ,2012.


Date:  December  10  ,2012

_____
Thomas J. Caracciolo

# Resignation as Trustee

**_Plan Name: Dubin Clark & Company, Inc. Profit Sharing Plan_**

I, Ronald N. Dubin, hereby resign as Trustee of the above named Plan effective December __10__, 2012.

Date: December __10__, 2012

_(signature)_
Ronald N. Dubin

A-4483

**Exhibit D**

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor:<br><br>**FLETCHER INTERNATIONAL, LTD.** | Case Number:<br><br>**12-12796(REG)** | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| | COURT USE ONLY |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br><br>**HOUBIGANT, INC. PENSION PLAN** | |
| Name and address where notices should be sent:<br><br>Houbigant, Inc. Pension Plan<br>Frances Sherman, Trustee of Houbigant, Inc. Pension Plan<br>c/o Morrison Cohen LLP<br>New York, New York 10022<br>Attn: Neil Y. Siegel, Esq.<br>Telephone number: (212) 735-8600      email: bankruptcy@morrisoncohen.com | ☐ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br>Telephone number:                  email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:** $94,577 (SEE ATTACHED RIDER)

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** UNPAID BALANCE OF THE CLAIMANT'S 2009 FUND REDEMPTION FROM THE FLETCHER INCOME ARBITRAGE FUND
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br><br>_____ | 3a. Debtor may have scheduled account as:<br><br>_____<br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>_____<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**

Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ☐ Fixed  or  ☐ Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

| ☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B). | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4). | ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5). | **Amount entitled to priority:** |
|---|---|---|---|
| ☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7). | ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8). | ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__). | $ N/A |

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

#4345603 v1 \015316 \0006

B 10 (Official Form 10) (12/11)

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #7, and the definition of "redacted.")

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature: (See instruction #8)**

Check the appropriate box.

☐ I am the creditor.  ■ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Frances Sherman
Title: Trustee of the Houbigant , Inc. Pension Plan
Company: Houbigant , Inc. Pension Plan
Address and telephone number (if different from notice address above):

_____
_____
_____

(Signature)   1/10/13 (Date)

Telephone number:        email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check the appropriate box and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

#4345603 v1 \015316 \0006

B 10 (Official Form 10) (12/11)

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

#4345603 v1 \015316 \0006

## RIDER TO HOUBIGANT, INC. PENSION PLAN'S PROOF OF CLAIM

Houbigant, Inc. Pension Plan (*"Houbigant"*), submits this rider in further support of his proof of claim against Fletcher International, Ltd, as Debtor and Debtor-in-Possession (*"Fletcher"* or *"Debtor"*).

On June 29, 2012 (*"Petition Date"*), Fletcher filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (*"Bankruptcy Code"*). On September 28, 2012, the Court entered an Order Approving the Appointment of a Chapter 11 Trustee for the Debtor.

Prior to the Petition Date, Houbigant was an investor in Fletcher Income Arbitrage Fund and currently is owed unpaid balance of the fund redemption in the amount of $94,577 (*"Claim"*).

**NOTE**: Houbigant reserves the right to amend and supplement this proof of claim and/or to file additional proofs of claim for additional claims that it may be entitled to. The filing of this proof of claim is not intended to be, and shall not be construed as, (a) an election of remedy, (b) a waiver or limitation of any rights of Houbigant, (c) a consent to the determination of the Debtor's liability to Houbigant by any particular court, including, but not limited to, the Bankruptcy Court, or (d) a consent to the jurisdiction or venue of any particular court, including, but not limited to, the Bankruptcy Court. Houbigant reserves its setoff and recoupment rights to the extent permitted by applicable law.

Houbigant also asserts the following additional claims, to the extent that such claims exist: (a) contingent claims, (b) claims which may be presently in amounts not fully ascertainable, but to be later provided if such claims are estimated and/or liquidated, and (c) claims for all costs and expenses (including attorneys' fees) as allowed under the relevant documentation.

To the extent that this proof of claim, which is being filed against Fletcher International, Ltd., is filed against the wrong debtor, Houbigant hereby asserts such claim against all subsidiaries and/or affiliates of Fletcher, regardless where the affiliate(s), or any insolvency proceeding(s) concerning one or more affiliates may be located. By such assertion, Houbigant does not seek duplicate recoveries.

**HOUBIGANT SPECIFICALLY REQUESTS THAT, IN ADDITION TO ANY METHOD OF SERVICE REQUIRED BY COURT ORDER IN THIS CASE, ALL DOCUMENTS RELATING TO THIS PROOF OF CLAIM BE SERVED UPON THE FOLLOWING PARTIES BY REGULAR MAIL OR OTHER HARD COPY DELIVERY, SUCH AS FEDERAL EXPRESS OR OTHER OVERNIGHT COURIER:**

> Houbigant, Inc. Pension Plan
> Frances Sherman, Trustee of the Houbigant Pension Plan
> c/o **MORRISON COHEN LLP**
> 909 Third Avenue
> New York, NY 10022
> Attn: Neil Y. Siegel, Esq.

**THE FILING OF THIS PROOF OF CLAIM SHALL NOT BE INTERPRETED AS, OR DEEMED TO BE, A CONSENT TO ELECTRONIC SERVICE OR NOTICE BY ELECTRONIC TRANSMISSION IN THIS CASE.**

#4345976 v1 \015316 \0006

# ATTACHMENTS TO THE PROOF OF CLAIM

**Maggie Liao**

| | |
|---|---|
| **From:** | Michael Sherman [shermjs@aol.com] |
| **Sent:** | Thursday, September 01, 2011 2:37 PM |
| **To:** | Maggie Liao |
| **Cc:** | Mary E. Flynn |
| **Subject:** | Re: 2nd Requst:  Houbigant Inc Pension Plan - Fletcher Income Arb Fund Ltd Redemption |

Please report the $94,577 amount as it is our best estimate


Sent from my iPhone please excuse typos and fat finger errors

On Sep 1, 2011, at 12:50 PM, Maggie Liao <mliao@radinglass.com> wrote:

> Hi Mr. Sherman,
>
>
> We finally received the following e-mail from Fletcher Income Arb Fund Ltd regarding the 10% holdback of the Plan' 2009 redemption.  We have currently accrued $104,000 on the financial statements, but the attached statement showed the amount may be $94,577 or the Plan might be required to refund amounts previously paid (see e-mail below).  If you believe the collection of the $94,577 is expected, we will record the $94,577.
>
>
>
> Thank you
>
>
>
> Regards,
>
> Maggie
>
>
> _____
> **From:** EGL {ELieberman} [mailto:ELieberman@fletcher.com]
> **Sent:** Wednesday, August 31, 2011 11:53 AM
> **To:** Maggie Liao; SAT {STurner}; SDM {SMacGregor}
> **Cc:** dwelshock@sscinc.com
> **Subject:** RE: 2nd Requst: Houbigant Inc Pension Plan - Fletcher Income Arb Fund Ltd Redemption
>
>
>
> Dear Maggie:

I am writing in response to your inquiry about payment of amounts retained in respect of a redemption you made during 2009 from the Fletcher Income Arbitrage Fund, Ltd (the "Fund"). As indicated in the Offering Memorandum for the Fund, the Fund will pay at least 90% of redeemed amounts within 20 business days after the applicable redemption date and will retain up to 10% of such redemption until 20 business days after the completion of the audit of the financial statements related to the fiscal year of the Fund in which the redemption occurred. The Fund's audit for the 2009 fiscal year has not been delivered free from qualification. Fletcher Asset Management, Inc. is discussing the issue with the Fund's auditors, but cannot say when the issue will be resolved. Until the issue is resolved, it is not clear whether there will be an adjustment to the audit that will change the amount of the holdback payable to investors, or whether investors might be required to refund amounts previously paid to them in respect of the redemption.

I will contact you as soon as the audit has been finalized and the holdback amount becomes payable. Feel free to call or email me with any questions.

In addition, the attached spreadsheet shows the amount due.

Regards,

Eric

---

This communication, and any attachment(s), is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential and/or protected by privilege. This communication is for information purposes and should not be regarded as an offer, a contract, or any form of official statement of Fletcher Asset Management Inc., or any of its affiliated entities. If you are not the intended recipient, any use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please delete the original email, any copies, attachments thereto, or printouts and notify the sender immediately.

&lt;Houbigant Holdback.xls&gt;



| | |
|---|---|
| Shares Held | 452.04 |
| 1/31/09 NAV | 2,286.72 |
| 1/31/09 Value | 1,033,688.91 |
| Redemption Fee | -2,584.22 |
| Redemption amount | 1,031,104.69 |
| | |
| Prior payment | 936,528.00  **PY** |
| holdback | 94,576.69 |

```
    94,577
   104,000   Accrual at 12/31/2009
   (9,423)   Unrealized loss at 12/31/2010
```



# C I T C O
### Citco Fund Services
### (Cayman Islands) Ltd.

## FLETCHER INCOME ARBITRAGE FUND
## Summary Statement

HOUBIGANT INC PENSION PLAN

| | |
|---|---|
| **Date** | : Dec-31-2008 |
| **Holder ID** | : 08426505 |
| **Account ID** | : 08426505 |
| **Holder Currency** | : USD |

Account name: HOUBIGANT INC PENSION PLAN

| Fund Short Name | Currency | Account Value Jan-01-2008 | | | Activity | | Account Value Dec-31-2008 | | | Inc/Dec in Mkt Value |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Shares | NAV per Share | Market Value | Shares | Value | Shares | NAV per Share | Market Value | |
| FLETCHER INCOME S2 | USD | 452.04 | 2,289.25 | 1,034,832.57 | 0.00 | 0.00 | 452.04 | 2,292.00 | 1,036,075.68 | 1,243.11 |
| **Total in USD** | | | | **1,034,832.57** | | **0.00** | | | **1,036,075.68** | **1,243.11** |

Windward I, 2nd Floor
Regatta Office Park
West Bay Road
P.O. Box 31106 SMB
Grand Cayman - Cayman Islands

cayman-fund@citco.com
www.citco.com

Phone: +1 345 949 3977
Fax: +1 345 949 3877

**<u>Exhibit E</u>**

B 10 (Official Form 10) (12/12)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor:<br>Fletcher International, LTD. | Case Number:<br>12-12796 (REG) | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Howard University Retirement Trust

Name and address where notices should be sent:
John G. Gloster, Jr.
Howard University
2400 6th St NW, Ste. 321, Washington, DC 20059

Telephone number: (202) 806-2650    email: jgloster@howard.edu

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(if known)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number: _____    email: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:    $            294,118.18

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim:    10% Holdback due from distribution and trading losses
   (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as: | 3b. Uniform Claim Identifier (optional): |
|---|---|---|
| | (See instruction #3a) | (See instruction #3b) |

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐Real Estate ☐Motor Vehicle ☐Other
Describe:

Value of Property: $ _____

Annual Interest Rate _____% ☐Fixed or ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$ _____

Basis for perfection: _____

Amount of Secured Claim: $ _____

Amount Unsecured: $ _____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☑ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:

$            294,118.18

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B 10 (Official Form 10) (12/12)

2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: John G. Gloster, Jr.
Title: Senior Associate General Counsel
Company: Howard University
Address and telephone number (if different from notice address above):
2400 6th Street NW, Ste. 321
Washington, DC 20059

(Signature)   (Date) 1/16/2013

Telephone number: (202) 806-2650   email: jglostor@howard.edu

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10 (Official Form 10) (12/12)

3

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has marked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

**ATTACHMENT 1**

<u>Supplement to Proof of Claim Question #2</u>

Howard University was an investor with Fletcher International, Ltd. ("Fletcher" or the "Fund") through two accounts, one for its separate retirement trust fund (the Howard University Retirement Trust), and one for its endowment fund (the Howard University Endowment Fund). These are being filed as two separate proofs of claim, as the retirement trust is a separate entity, subject to ERISA. On March 22, 2011, Marcia L. Brown, then Assistant Treasurer of Howard University, sent a letter demanding redemption of all shares for both accounts, in accordance with the Fletcher investment agreement. (See Exhibit 1C and 1D to this attachment.)

On April 26, 2011, Fletcher sent Howard University a letter to coordinate aspects of the distribution of the redemption. (See 1E.) Fletcher, however, withheld ten percent (10%) of the market value of each account (the "Holdback Proceeds" or "Holdback") until "20 business days following the completion of the audit of the financial statements for the 2011 fiscal year." (See 1A, 1B and 1E.) Fletcher's obligation to pay the Holdback originated on the date of the redemption demand (March 22, 2011. Fletcher never paid the Holdback Proceeds for either account.

Additionally, the two Howard University accounts were caused to sustain losses in the distribution of the In-Kind Distributions (see 1A), because Fletcher did not distribute a representative sampling of the Fund's holdings, but rather only sent shares of thinly-traded holdings (see 1F), which did not net the market valuations upon which Fletcher's distribution calculations were made (even ignoring the transaction fees associated with liquidation). (See 1A [highlights added].)

As a result of the above, Howard University has submitted claim amounts for each account, representing the never collected ten percent Holdback, plus the In-Kind trading loss due to the distribution of thinly-traded shares.

*1A*

**Gloster, John G.**

| | |
|---|---|
| From: | Gerrick, Patricia |
| Sent: | Monday, January 07, 2013 4:38 PM |
| To: | Gloster, John G. |
| Cc: | Tarola, Robert; Sarikas, Bridget |
| Subject: | RE: Fletcher Bankruptcy Filing |
| | |
| Categories: | Orange Category |

John

I am available anytime tomorrow to discuss. The forms were forwarded today and should reach you by tomorrow morning. Also the information you requested regarding the filing amount follows.

The following recap highlights the cash and securities which were distributed to Howard by Fletcher. The securities issued were illiquid and as a result we experienced trading losses. A summary of the losses and expenses associated with liquidating the securities received are also provided as information. The holdback amounts (in bold) were to be paid upon completion of the 2011 audit but were not received and are still due Howard University Endowment and Retirement Trusts. The holdback is the minimum amount Howard should claim.

| | HURT | HUEF |
|---|---|---|
| Shares Held | 875.0046 | 1,068.8200 |
| 1/31/11 NAV | $2,746.0021 | $2,746.0021 |
| 1/31/11 Value | $2,402,764.47 | $2,934,981.96 |
| Redemption Fee assessed by Fletcher | -$6,006.91 | -$7,337.45 |
| Redemption amount | $2,396,757.56 | $2,927,644.51 |
| | | |
| Cash payments | $1,078,541.00 | $1,317,441.00 |
| In-kind payments (market value of securities on May 6, 2011)* | $1,078,544.94 | $1,317,444.78 |
| Total payments to date | $2,157,085.94 | $2,634,885.78 |
| ~10% holdback | **$239,671.62** | **$292,758.73** |

* Value of the securities on May 6, 2011 (date transfer was effected by the Fund):

| | | Shares | | Dollar Value | |
|---|---|---|---|---|---|
| | Price | HURT | HUEF | HURT | HUEF |
| SAPX | $0.365 | 201,291 | 245,876 | $73,471.22 | $89,744.74 |
| DMC | $3.22 | 238,855 | 291,761 | $769,113.10 | $939,470.42 |
| SMHG | $7.98 | 29,569 | 36,119 | $235,960.62 | $288,229.62 |
| | | | | | |
| | | IN-KIND | | $1,078,544.94 | $1,317,444.78 |

| | Retirement | Endowment | HU Combined |
|---|---|---|---|
| Trading Loss on In Kind Distribution | (54,446.56) | (66,503.32) | (120,949.88) |
| Transition Fee | (6,174.00) | (7,541.00) | (13,715.00) |
| | (60,620.56) | (74,044.32) | (134,664.88) |

1

1A

| Transition Fee | (6,174.00) | (7,541.00) | (13,715.00) |
| | (60,620.56) | (74,044.32) | (134,664.88) |

Patricia Gerrick
Advisor to the Chief Financial Officer
Howard University
Service Center - Suite 402
2244 10th Street NW
Washington, D.C. 20059
patricia.gerrick@consultants.howard.edu
Phoenix Griffin Strategies LLC
Cell - 317-345-9092
Office - 202-806-2064

**From:** Gloster, John G.
**Sent:** Monday, January 07, 2013 1:16 PM
**To:** Gerrick, Patricia
**Cc:** Tarola, Robert; Sarikas, Bridget
**Subject:** RE: Fletcher Bankruptcy Filing

Hi Pat,
Please send me the form. But we need to talk to discuss exactly what we would be filing for as still owed to the
University. Can we talk sometime tomorrow? Thanks.
John

John G. Gloster, Jr.
Senior Associate General Counsel
Howard University
2400 6th Street, NW
Suite 321
Washington, DC 20059
(202) 806-2650

**From:** Gerrick, Patricia
**Sent:** Monday, January 07, 2013 10:42 AM
**To:** Gloster, John G.
**Cc:** Tarola, Robert; Sarikas, Bridget
**Subject:** Fletcher Bankruptcy Filing

John
I received via mail the documentation for filing a claim against Fletcher. The filing deadline is January 18th. Do you have
a copy or should I forward the documentation?
Please advise regarding next steps.

Patricia Gerrick
Advisor to the Chief Financial Officer
Howard University
Service Center - Suite 402
2244 10th Street NW

2

*1B*

**Gloster, John G.**

| | |
|---|---|
| **From:** | Gerrick, Patricia |
| **Sent:** | Tuesday, January 15, 2013 11:42 AM |
| **To:** | Gloster, John G. |
| **Subject:** | FW: Howard University in-kind delivery |

Patricia Gerrick
Advisor to the Chief Financial Officer
Howard University
Service Center - Suite 402
2244 10th Street NW
Washington, D.C. 20059
patricia.gerrick@consultants.howard.edu
Phoenix Griffin Strategies LLC
Cell - 317-345-9092
Office - 202-806-2064

**From:** SAT {STurner} [mailto:sturner@fletcher.com]
**Sent:** Wednesday, May 11, 2011 7:20 PM
**To:** Gerrick, Patricia; Brown, Marcia L.; Brown, Monica; Tarola, Robert; Sarikas, Bridget
**Cc:** DJK {DKiely}
**Subject:** RE: Howard University in-kind delivery

Dear Ms. Gerrick,

Please find below a response to your inquiry regarding the relevant redemptions. As the most recent finalized net asset value is as of the end of January 2011, that value has been used for purpose of estimating the redemption value. Any adjustments necessary to reflect the difference in value from January 2011 to March 25, 2011 will be made upon completion of the 2011 audits.

| | HURT | HUEF |
|---|---|---|
| Shares Held | 875.0046 | 1,068.8200 |
| 1/31/11 NAV | $2,746.0021 | $2,746.0021 |
| 1/31/11 Value | $2,402,764.47 | $2,934,981.96 |
| Redemption Fee | -$6,006.91 | -$7,337.45 |
| Redemption amount | $2,396,757.56 | $2,927,644.51 |
| | | |
| Cash payments | $1,078,541.00 | $1,317,441.00 |
| In-kind payments (market value of securities on May 6, 2011)* | $1,078,544.94 | $1,317,444.78 |
| Total payments to date | $2,157,085.94 | $2,634,885.78 |
| ~10% holdback | $239,671.62 | $292,758.73 |

* Value of the securities on May 6, 2011 (date transfer was effected by the Fund):

| | | Shares | | Dollar Value | |
|---|---|---|---|---|---|
| | Price | HURT | HUEF | HURT | HUEF |
| SAPX | $0.365 | 201,291 | 245,876 | $73,471.22 | $89,744.74 |
| DMC | $3.22 | 238,855 | 291,761 | $769,113.10 | $939,470.42 |

3

1B

| | | | | | |
|---|---|---|---|---|---|
| SMHG | $7.98 | 29,569 | 36,119 | $235,960.62 | $288,229.62 |
| | | | IN-KIND | $1,078,544.94 | $1,317,444.78 |

Regards,
Stewart

**From:** Gerrick, Patricia [mailto:patricia.gerrick@consultants.howard.edu]
**Sent:** Monday, May 09, 2011 3:22 PM
**To:** SAT {STurner}; Brown, Marcia L.; Brown, Monica; Tarola, Robert; Sarikas, Bridget
**Cc:** DJK {DKiely}
**Subject:** RE: Howard University in-kind delivery

Stewart
When will we receive the additional information requested in the attached correspondence? It is imperative we obtain
the additional information to comply with audit requirements.
An additional copy is attached as information.

Patricia Gerrick
Advisor to the Chief Financial Officer
Howard University
Service Center – Suite 402
2244 10th Street NW
Washington, D.C. 20059
patricia.gerrick@consultants.howard.edu
Phoenix Griffin Strategies LLC
Cell – 317-345-9093
Office – 202-806-2064

**From:** SAT {STurner} [mailto:sturner@fletcher.com]
**Sent:** Sunday, May 08, 2011 10:52 PM
**To:** Gerrick, Patricia; Brown, Marcia L.; Brown, Monica; Tarola, Robert; Sarikas, Bridget; Accounting; Investments
**Cc:** DJK {DKiely}
**Subject:** Howard University in-kind delivery

Please see correspondence attached. The original will be sent by overnight mail to Patricia Gerrick tomorrow for
Tuesday delivery.


This communication, and any attachment(s), is intended only for the use of the individual or entity to which it is addressed
and may contain information that is confidential and/or protected by privilege. This communication is for information
purposes and should not be regarded as an offer, a contract, or any form of official statement of Fletcher Asset
Management Inc., or any of its affiliated entities. If you are not the intended recipient, any use, distribution or copying of
this communication is strictly prohibited. If you have received this communication in error, please delete the original email,
any copies, attachments thereto, or printouts and notify the sender immediately.


This communication, and any attachment(s), is intended only for the use of the individual or entity to which it is addressed
and may contain information that is confidential and/or protected by privilege. This communication is for information
purposes and should not be regarded as an offer, a contract, or any form of official statement of Fletcher Asset
Management Inc., or any of its affiliated entities. If you are not the intended recipient, any use, distribution or copying of
this communication is strictly prohibited. If you have received this communication in error, please delete the original email,
any copies, attachments thereto, or printouts and notify the sender immediately.

| | | | |
|---|---|---|---|
| Transition Fee | (6,174.00) | (7,541.00) | (13,715.00) |
| | (60,620.56) | (74,044.32) | (134,664.88) |

Patricia Gerrick
Advisor to the Chief Financial Officer
Howard University
Service Center – Suite 402
2244 10th Street NW
Washington, D.C. 20059
patricia.gerrick@consultants.howard.edu
Phoenix Griffin Strategies LLC
Cell – 317-345-9092
Office – 202-806-2064

**From:** Gloster, John G.
**Sent:** Monday, January 07, 2013 1:16 PM
**To:** Gerrick, Patricia
**Cc:** Tarola, Robert; Sarikas, Bridget
**Subject:** RE: Fletcher Bankruptcy Filing

Hi Pat,
Please send me the form. But we need to talk to discuss exactly what we would be filing for as still owed to the University. Can we talk sometime tomorrow? Thanks.
-John

John G. Gloster, Jr.
Senior Associate General Counsel
Howard University
2400 6th Street, NW
Suite 321
Washington, DC 20059
(202) 806-2650

**From:** Gerrick, Patricia
**Sent:** Monday, January 07, 2013 10:42 AM
**To:** Gloster, John G.
**Cc:** Tarola, Robert; Sarikas, Bridget
**Subject:** Fletcher Bankruptcy Filing

John
I received via mail the documentation for filing a claim against Fletcher. The filing deadline is January 18th. Do you have a copy or should I forward the documentation?
Please advise regarding next steps.

Patricia Gerrick
Advisor to the Chief Financial Officer
Howard University
Service Center – Suite 402
2244 10th Street NW

2

1C



# HOWARD
## UNIVERSITY

Office of the Interim Senior Vice President,
  Chief Financial Officer and Treasurer

March 22, 2011

Diana Welshock
Senior Investor Relations Associate
SS&C Fund Services Fletcher Income Arbitrage Fund, Ltd.
80 Lamberton Road
Windsor, CT  06095

Re: Fletcher Income Arbitrage Fund, Ltd.  Howard University Retirement Trust Redemption

Dear Ms. Welshock:

This correspondence serves as formal confirmation of Howard University's decision to redeem all shares in the Howard University Retirement Trust account.  As of January 31, 2011 the account held 875 shares with a market value of $2,410,339.

This redemption notice is effective immediately with expected liquidation on the next fund opening date of Friday, March 25, 2011.  The transaction represents a total liquidation of the account.

Please wire funds from the above referenced account  utilizing the following Federal Funds wire instructions:

Bank Name:  State Street Bank & Trust Company
Bank Address:  Boston, MA
ABA Routing Number: 011-000-028
Account Number:  NFD4-DDA33835489
Account Holder Name: Howard University Retirement Trust

Please contact me at 202-806-2063 should you require additional clarification.

Sincerely,

Marcia L. Brown
Assistant Treasurer

c:  Stewart Turner

2244 10th Street, NW
Washington, DC 20059

(202) 806 2411
(E) robert.tarola@howard.edu



## HOWARD
### UNIVERSITY

Office of the Interim Senior Vice President,
Chief Financial Officer and Treasurer

March 22, 2011

Diana Welshock
Senior Investor Relations Associate
SS&C Fund Services Fletcher Income Arbitrage Fund, Ltd.
80 Lamberton Road
Windsor, CT 06095

Re: Fletcher Income Arbitrage Fund, Ltd.- Howard University Endowment Fund Redemption

Dear Ms. Welshock:

This correspondence serves as formal confirmation of Howard University's decision to redeem all shares
in the Howard University Endowment Fund account. As of January 31, 2011 the account held 1,068.82
shares with a market value of $2,944,235.70.

This redemption notice is effective immediately with expected liquidation on the next fund opening date
of Friday, March 25, 2011. The transaction represents a total liquidation of the account.

Please wire funds from the above referenced account utilizing the following Federal Funds wire
instructions:

Bank Name: SunTrust Banks
Bank Address: Atlanta, GA
ABA Routing Number: 061-000-104
Account Number: 9088003133
Account Holder Name: Special Processing

For Further Credit to (if applicable):
Account Number: 7045499
Account Holder Name: Howard University
Hedge Funds

Please contact me at 202-806-2063 should you require additional clarification.

Sincerely,

Marcia L. Brown
Assistant Treasurer

c: Stewart Turner

---

·2244 10ᵗʰ Street, NW
Washington, DC 20059

(202) 806 2411
(E) robert.tarola@howard.edu

*1E*

# FLETCHER ASSET MANAGEMENT, INC.

Howard University Retirement Trust
c/o Howard University
2244 10th Street, NW
Washington, DC 20059
Attention: Marcia Brown, Assistant Treasurer

April 26, 2011

Dear Investor:

*Pursuant to our letter to you dated April 6, 2011*, we received your request (the "Request") dated March 22, 2011 to redeem your entire holdings of 875.0046 Shares of Series 2 of the Fletcher Income Arbitrage Fund, Ltd. (the "Fund"). The Confidential Memorandum (the "Confidential Memorandum") relating to Shares Series 1 and Series 2 of Fletcher Income Arbitrage Fund, Ltd., dated January 31, 2004 (as amended), that the Fund "will pay at least 90% of the redeemed amounts in cash or in kind without interest within 20 business days after the applicable redemption date," which equals $2,162,488 (the "Initial Proceeds") and may retain up to 10% of such redeemed amounts until 20 business days following the completion of the audit of the financial statements for the 2011 fiscal year (the "Holdback Proceeds"). The Fund has satisfied the Request effective April 25, 2011 by distributing $1,078,541 in cash, representing 50% of the Initial Proceeds, and will distribute the securities portion, representing the remaining Initial Proceeds, to the broker you designate. As a reminder, the Initial Proceeds are reduced by the .25% redemption fee payable to the Fund as described in the Confidential Memorandum. The calculation of the amount of the Initial Proceeds is based on the estimated Net Asset Value (as defined in the Confidential Memorandum) of the shares redeemed by the Request as of the redemption date of March 25, 2011 and the calculation of the Holdback Proceeds will be adjusted to reflect the final Net Asset Value of such shares.

Notwithstanding that the Request was received without significant notice, the Fund has endeavored to accommodate your requests to be exempt from certain provisions of the Confidential Memorandum without compromising the interests of other investors. Please provide us with information for your brokerage account so that we may deliver the securities in respect of the securities portion of the Initial Proceeds. If you have any questions or wish to discuss the Request further, please feel free to call Denis J. Kiely at (212) 284-4800.

Very truly yours,

Fletcher Asset Management, Inc.
Investment Manager of the Fletcher Income Arbitrage Fund, Ltd.

Cc via email: Monica Brown (mbrown@howard.edu); Marcia L. Brown (marcia.brown@howard.edu); Robert Tarola (robert.tarola@howard.edu), Bridget Sarikas (bridget.sarikas@howard.edu); Patricia Gerrick (patricia.gerrick@consultants.howard.edu); accounting@howard.edu; investments@howard.edu

## FLETCHER ASSET MANAGEMENT, INC.

Howard University Retirement Trust
Howard University Endowment Fund
c/o Howard University
2244 10th Street, NW
Washington, DC 20059
Attention: Patricia Gerrick, Advisor to the Chief Financial Officer

May 8, 2011

Dear Ms. Gerrick:

Further to the investors' redemption notice of March 22, 2011, and after receipt of your brokerage instructions, please note that the following securities will be transferred to the accounts specified with Friday's value date:

Howard University Retirement Trust ("HURT")-

Document Security Systems (AMEX: DMC) - 238,855 shares (Market Value: $769,113.10)

Sanders Morris Harris Group (NASDAQ: SMHG) - 29,569 shares (Market Value: $235,960.62)

Seven Arts Pictures PLC (NASDAQ: SAPX) - 201,291 shares (Market Value: $73,471.22)

Howard University Endowment Fund ("HUEF") -

Document Security Systems (AMEX: DMC) - 291,761 shares (Market Value: $939,470.42)

Sanders Morris Harris Group (NASDAQ: SMHG) - 36,119 shares (Market Value: $288,229.62)

Seven Arts Pictures PLC (NASDAQ: SAPX) - 245,876 shares (Market Value: $89,744.74)

Moreover, please note that your May 4, 2011 letter erroneously excluded the fund's $317,441.00 cash transfer to HUEF in partial satisfaction of its redemption.

With the transfer of these securities, the fund has provided $2,157,085.94 to HURT and $2,634,885.78 to HUEF. Consistent with the fund's governing documents, any adjustments resulting from the final net asset values for the relevant redemption date and the remaining 10% holdback will be distributed upon completion of the fund's 2011 audit.

Very truly yours,

Fletcher Asset Management, Inc.
Investment Manager of the Fletcher Income Arbitrage Fund, Ltd.

Cc via email: Monica Brown (mbrown@howard.edu); Marcia L. Brown (marcia.brown@howard.edu); Robert Tarola (robert.tarola@howard.edu), Bridget Sarikas (bridget.sarikas@howard.edu); Patricia Gerrick (patricia.gerrick@consultants.howard.edu); accounting@howard.edu; investments@howard.edu

48 WALL STREET
FIFTH FLOOR
NEW YORK, NY 10005-2911
TELEPHONE (212) 284-4800 FACSIMILE (212) 284-4801
WWW.FLETCHER.COM

**<u>Exhibit F</u>**

B 10 (Official Form 10) (12/12)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

Name of Debtor:

Fletcher International, LTD.

Case Number:

12-12796 (REG)

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Howard University Endowment Fund

Name and address where notices should be sent:

John G. Gloster, Jr.
Howard University
2400 6th St NW, Ste. 321, Washington, DC 20059

Telephone number:  (202) 806-2650    email: jgloster@howard.edu

Name and address where payment should be sent (if different from above):


Telephone number:         email:

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

*Court Claim Number:*_____
(If known)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:         $         359,262.05

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim:   10% Holdback due from distribution and trading losses
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor:

3a. Debtor may have scheduled account as:

(See instruction #3a)

3b. Uniform Claim Identifier (optional):

(See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ☐ Fixed  or  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

Basis for perfection: _____

Amount of Secured Claim:  $_____

Amount Unsecured:  $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B 10 (Official Form 10) (12/12)                                                                                                                    2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.     ☑ I am the creditor's authorized agent.     ☐ I am the trustee, or the debtor,     ☐ I am a guarantor, surety, indorser, or other codebtor.
                                                                                                  or their authorized agent.                     (See Bankruptcy Rule 3005.)
                                                                                                  (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  John G. Gloster, Jr.
Title:  Senior Associate General Counsel
Company:  Howard University
Address and telephone number (if different from notice address above):
     2400 6th Street NW, Ste. 321
     Washington, DC 20059

                                                                                   _____    1/16/2013
                                                                                   (Signature)                                          (Date)

Telephone number: (202) 806-2650    email: jgloster@howard.edu
     Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor,*
*exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10 (Official Form 10) (12/12)                                                                                                3

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system
(www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of these written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

ATTACHMENT 1

Supplement to Proof of Claim Question #2

Howard University was an investor with Fletcher International, Ltd. ("Fletcher" or the "Fund") through two accounts, one for its separate retirement trust fund (the Howard University Retirement Trust), and one for its endowment fund (the Howard University Endowment Fund). These are being filed as two separate proofs of claim, as the retirement trust is a separate entity, subject to ERISA. On March 22, 2011, Marcia L. Brown, then Assistant Treasurer of Howard University, sent a letter demanding redemption of all shares for both accounts, in accordance with the Fletcher investment agreement. (See Exhibit 1C and 1D to this attachment.)

On April 26, 2011, Fletcher sent Howard University a letter to coordinate aspects of the distribution of the redemption. (See 1E.) Fletcher, however, withheld ten percent (10%) of the market value of each account (the "Holdback Proceeds" or "Holdback") until "20 business days following the completion of the audit of the financial statements for the 2011 fiscal year." (See 1A, 1B and 1E.) Fletcher's obligation to pay the Holdback originated on the date of the redemption demand (March 22, 2011. Fletcher never paid the Holdback Proceeds for either account.

Additionally, the two Howard University accounts were caused to sustain losses in the distribution of the In-Kind Distributions (see 1A), because Fletcher did not distribute a representative sampling of the Fund's holdings, but rather only sent shares of thinly-traded holdings (see 1F), which did not net the market valuations upon which Fletcher's distribution calculations were made (even ignoring the transaction fees associated with liquidation). (See 1A (highlights added].)

As a result of the above, Howard University has submitted claim amounts for each account, representing the never collected ten percent Holdback, plus the In-Kind trading loss due to the distribution of thinly-traded shares.

*1A*

**Gloster, John G.**

| | |
|---|---|
| From: | *Gerrick, Patricia* |
| Sent: | Monday, January 07, 2013 4:38 PM |
| To: | Gloster, John G. |
| Cc: | Tarola, Robert; Sarikas, Bridget |
| Subject: | RE: Fletcher Bankruptcy Filing |
| | |
| Categories: | Orange Category |

John
I am available anytime tomorrow to discuss. The forms were forwarded today and should reach you by tomorrow morning. Also the information you requested regarding the filing amount follows.

The following recap highlights the cash and securities which were distributed to Howard by Fletcher. The securities issued were illiquid and as a result we experienced trading losses. A summary of the losses and expenses associated with liquidating the securities received are also provided as information. The holdback amounts (in bold) were to be *paid upon completion of the 2011 audit but were not received and are still due Howard University Endowment and Retirement Trusts. The holdback is the minimum amount Howard should claim.*

| | HURT | HUEF |
|---|---|---|
| Shares Held | 875.0046 | 1,068.8200 |
| 1/31/11 NAV | $2,746.0021 | $2,746.0021 |
| 1/31/11 Value | $2,402,764.47 | $2,934,981.96 |
| Redemption Fee assessed by Fletcher | -$6,006.91 | -$7,337.45 |
| Redemption amount | $2,396,757.56 | $2,927,644.51 |
| | | |
| Cash payments | $1,078,541.00 | $1,317,441.00 |
| In-kind payments (market value of securities on May 6, 2011)* | $1,078,544.94 | $1,317,444.78 |
| Total payments to date | $2,157,085.94 | $2,634,885.78 |
| ~10% holdback | **$239,671.62** | **$292,758.73** |

* Value of the securities on May 6, 2011 (date transfer was effected by the Fund):

| | | Shares | | Dollar Value | |
|---|---|---|---|---|---|
| | Price | HURT | HUEF | HURT | HUEF |
| SAPX | $0.365 | 201,291 | 245,876 | $73,471.22 | $89,744.74 |
| DMC | $3.22 | 238,855 | 291,761 | $769,113.10 | $939,470.42 |
| SMHG | $7.98 | 29,569 | 36,119 | $235,960.62 | $288,229.62 |
| | | | IN-KIND | $1,078,544.94 | $1,317,444.78 |

| | Retirement | Endowment | HU Combined |
|---|---|---|---|
| Trading Loss on In Kind Distribution | (54,446.56) | (66,503.32) | (120,949.88) |
| Transition Fee | (6,174.00) | (7,541.00) | (13,715.00) |
| | (60,620.56) | (74,044.32) | (134,664.88) |

1

| | | | |
|---|---|---|---|
| Transition Fee | (6,174.00) | (7,541.00) | (13,715.00) |
| | (60,620.56) | (74,044.32) | (134,664.88) |

Patricia Gerrick
Advisor to the Chief Financial Officer
Howard University
Service Center - Suite 402
2244 10th Street NW
Washington, D.C. 20059
*patricia.gerrick@consultants.howard.edu*
Phoenix Griffin Strategies LLC
Cell - 317-345-9092
Office - 202-806-2064

**From:** Gloster, John G.
**Sent:** Monday, January 07, 2013 1:16 PM
**To:** Gerrick, Patricia
**Cc:** Tarola, Robert; Sarikas, Bridget
**Subject:** RE: Fletcher Bankruptcy Filing

Hi Pat,
Please send me the form. But we need to talk to discuss exactly what we would be filing for as still owed to the University. Can we talk sometime tomorrow? Thanks
-John

John G. Gloster, Jr.
Senior Associate General Counsel
Howard University
2400 6th Street, NW
Suite 321
Washington, DC 20059
(202) 806-2650

**From:** Gerrick, Patricia
**Sent:** Monday, January 07, 2013 10:42 AM
**To:** Gloster, John G.
**Cc:** Tarola, Robert; Sarikas, Bridget
**Subject:** Fletcher Bankruptcy Filing

John
I received via mail the documentation for filing a claim against Fletcher. The filing deadline is January 18th. Do you have a copy or should I forward the documentation?
Please advise regarding next steps.

Patricia Gerrick
Advisor to the Chief Financial Officer
Howard University
Service Center - Suite 402
2244 10th Street NW

2

*18*

**Gloster, John G.**

| | |
|---|---|
| From: | Gerrick, Patricia |
| Sent: | Tuesday, January 15, 2013 11:42 AM |
| To: | Gloster, John G. |
| Subject: | FW: Howard University in-kind delivery |

Patricia Gerrick
Advisor to the Chief Financial Officer
Howard University
Service Center - Suite 402
2244 10th Street NW
Washington, D.C. 20059
patricia.gerrick@consultants.howard.edu
Phoenix Griffin Strategies LLC
Cell - 317-345-9092
Office - 202-806-2064

**From:** SAT {STurner} [mailto:sturner@fletcher.com]
**Sent:** Wednesday, May 11, 2011 7:20 PM
**To:** Gerrick, Patricia; Brown, Marcia L.; Brown, Monica; Tarola, Robert; Sarikas, Bridget
**Cc:** DJK {DKiely}
**Subject:** RE: Howard University in-kind delivery

Dear Ms. Gerrick,

Please find below a response to your inquiry regarding the relevant redemptions. As the most recent finalized net asset value is as of the end of January 2011, that value has been used for purpose of estimating the redemption value. Any adjustments necessary to reflect the difference in value from January 2011 to March 25, 2011 will be made upon completion of the 2011 audits.

| | HURT | HUEF |
|---|---|---|
| Shares Held | 875.0046 | 1,068.8200 |
| 1/31/11 NAV | $2,746.0021 | $2,746.0021 |
| 1/31/11 Value | $2,402,764.47 | $2,934,981.96 |
| Redemption Fee | -$6,006.91 | -$7,337.45 |
| Redemption amount | $2,396,757.56 | $2,927,644.51 |
| | | |
| Cash payments | $1,078,541.00 | $1,317,441.00 |
| In-kind payments (market value | | |
| of securities on May 6, 2011)* | $1,078,544.94 | $1,317,444.78 |
| Total payments to date | $2,157,085.94 | $2,634,885.78 |
| ~10% holdback | $239,671.62 | $292,758.73 |

* Value of the securities on May 6, 2011 (date transfer was effected by the Fund):

| | | Shares | | Dollar Value | |
|---|---|---|---|---|---|
| | Price | HURT | HUEF | HURT | HUEF |
| SAPX | $0.365 | 201,291 | 245,876 | $73,471.22 | $89,744.74 |
| DMC | $3.22 | 238,855 | 291,761 | $769,113.10 | $939,470.42 |

3

18

| | | | | | |
|---|---|---|---|---|---|
| SMHG | $7.98 | 29,569 | 36,119 | $235,960.62 | $288,229.62 |
| | | | IN-KIND | $1,078,544.94 | $1,317,444.78 |

*Regards,*
Stewart

**From:** Gerrick, Patricia [mailto:patricia.gerrick@consultants.howard.edu]
**Sent:** Monday, May 09, 2011 3:22 PM
**To:** SAT {STurner}; Brown, Marcia L.; Brown, Monica; Tarola, Robert; Sarikas, Bridget
**Cc:** DJK {DKiely}
**Subject:** RE: Howard University in-kind delivery

Stewart
When will we receive the additional information requested in the attached correspondence? It is imperative we obtain
the additional information to comply with our audit requirements.
An additional copy is attached as information

Patricia Gerrick
Advisor to the Chief Financial Officer
Howard University
*Service Center - Suite 302*
2244 10th Street NW
Washington, D.C. 20059
patricia.gerrick@consultants.howard.edu
Phoenix Griffin Strategies LLC
Cell - 317-345-9092
Office - 202-806-2664

**From:** SAT {STurner} [mailto:sturner@fletcher.com]
**Sent:** Sunday, May 08, 2011 10:52 PM
**To:** Gerrick, Patricia; Brown, Marcia L.; Brown, Monica; Tarola, Robert; Sarikas, Bridget; Accounting; Investments
**Cc:** DJK {DKiely}
**Subject:** Howard University in-kind delivery

Please see correspondence attached.  The original will be sent by overnight mail to Patricia Gerrick tomorrow for
Tuesday delivery.

This communication, and any attachment(s), is intended only for the use of the individual or entity to which it is addressed
and may contain information that is confidential and/or protected by privilege. This communication is for information
purposes and should not be regarded as an offer, a contract, or any form of official statement of Fletcher Asset
Management Inc., or any of its affiliated entities. If you are not the intended recipient, any use, distribution or copying of
this communication is strictly prohibited. If you have received this communication in error, please delete the original email,
any copies, attachments thereto, or printouts and notify the sender immediately.

This communication, and any attachment(s), is intended only for the use of the individual or entity to which it is addressed
and may contain information that is confidential and/or protected by privilege. This communication is for information
purposes and should not be regarded as an offer, a contract, or any form of official statement of Fletcher Asset
Management Inc., or any of its affiliated entities. If you are not the intended recipient, any use, distribution or copying of
this communication is strictly prohibited. If you have received this communication in error, please delete the original email,
any copies, attachments thereto, or printouts and notify the sender immediately.

4

| Transition Fee | (6,174.00) | (7,541.00) | (13,715.00) |
|---|---|---|---|
| | (60,620.56) | (74,044.32) | (134,664.88) |

Patricia Gerrick
Advisor to the Chief Financial Officer
Howard University
Service Center - Suite 402
2244 10th Street NW
Washington, D.C. 20059
patricia.gerrick@consultants.howard.edu
Phoenix Griffin Strategies LLC
Cell - 317-345-9052
Office - 202-806-2064

**From:** Gloster, John G.
**Sent:** Monday, January 07, 2013 1:16 PM
**To:** Gerrick, Patricia
**Cc:** Tarola, Robert; Sarikas, Bridget
**Subject:** RE: Fletcher Bankruptcy Filing

Hi Pat,
Please send me the form. But we need to talk to discuss exactly what we would be filing for as still owed to the
University. Can we talk sometime tomorrow? Thanks.
-John

John G. Gloster, Jr.
Senior Associate General Counsel
Howard University
2400 6th Street, NW
Suite 321
Washington, DC 20059
(202) 806-2650

**From:** Gerrick, Patricia
**Sent:** Monday, January 07, 2013 10:42 AM
**To:** Gloster, John G.
**Cc:** Tarola, Robert; Sarikas, Bridget
**Subject:** Fletcher Bankruptcy Filing

John
I received via mail the documentation for filing a claim against Fletcher. The filing deadline is January 18th. Do you have
a copy or should I forward the documentation?
Please advise regarding next steps.

Patricia Gerrick
Advisor to the Chief Financial Officer
Howard University
Service Center - Suite 402
2244 10th Street NW

2

1C

# HOWARD
## UNIVERSITY

Office of the Interim Senior Vice President,
Chief Financial Officer and Treasurer

March 22, 2011

Diana Welshock
Senior Investor Relations Associate
SS&C Fund Services Fletcher Income Arbitrage Fund, Ltd.
80 Lamberton Road
Windsor, CT 06095

Re: Fletcher Income Arbitrage Fund, Ltd. Howard University Retirement Trust Redemption

Dear Ms. Welshock:

This correspondence serves as formal confirmation of Howard University's decision to redeem all shares in the Howard University Retirement Trust account. As of January 31, 2011 the account held 875 shares with a market value of $2,410,339.

This redemption notice is effective immediately with expected liquidation on the next fund opening date of Friday, March 25, 2011. The transaction represents a total liquidation of the account.

Please wire funds from the above referenced account utilizing the following Federal Funds wire instructions:

Bank Name: State Street Bank & Trust Company
Bank Address: Boston, MA
ABA Routing Number: 011-000-028
Account Number: NFD4-DDA33835489
Account Holder Name: Howard University Retirement Trust

Please contact me at 202-806-2063 should you require additional clarification.

Sincerely,

*Marcia L. Brown*

Marcia L. Brown
Assistant Treasurer

c: Stewart Turner

2244 10th Street, NW
Washington, DC 20059

(202) 806 2411
(E) robert.tarola@howard.edu



# HOWARD
## UNIVERSITY

Office of the Interim Senior Vice President,
Chief Financial Officer and Treasurer

March 22, 2011

Diana Welshock
Senior Investor Relations Associate
SS&C Fund Services Fletcher Income Arbitrage Fund, Ltd.
80 Lamberton Road
Windsor, CT 06095

Re: Fletcher Income Arbitrage Fund, Ltd.- Howard University Endowment Fund Redemption

Dear Ms. Welshock:

This correspondence serves as formal confirmation of Howard University's decision to redeem all shares in the Howard University Endowment Fund account. As of January 31, 2011 the account held 1,068.82 shares with a market value of $2,944,235.70.

This redemption notice is effective immediately with expected liquidation on the next fund opening date of Friday, March 25, 2011. The transaction represents a total liquidation of the account.

Please wire funds from the above referenced account utilizing the following Federal Funds wire instructions:

Bank Name: SunTrust Banks
Bank Address: Atlanta, GA
ABA Routing Number: 061-000-104
Account Number: 9088003133
Account Holder Name: Special Processing

For Further Credit to (if applicable):
Account Number: 7045499
Account Holder Name: Howard University
Hedge Funds

Please contact me at 202-806-2063 should you require additional clarification.

Sincerely,

Marcia L. Brown
Assistant Treasurer

c: Stewart Turner

*1E*

## FLETCHER ASSET MANAGEMENT, INC.

Howard University Retirement Trust
c/o Howard University
2244 10th Street, NW
Washington, DC 20059
Attention: Marcia Brown, Assistant Treasurer

April 26, 2011

Dear Investor:

*Pursuant to our letter to you dated April 6, 2011*, we received your request (the "Request") dated March 22, 2011 to redeem your entire holdings of 875.0046 Shares of Series 2 of the Fletcher Income Arbitrage Fund, Ltd. (the "Fund"). The Confidential Memorandum (the "Confidential Memorandum") relating to Shares Series 1 and Series 2 of Fletcher Income Arbitrage Fund, Ltd., dated January 31, 2004 (as amended), that the Fund "will pay at least 90% of the redeemed amounts in cash or in kind without interest within 20 business days after the applicable redemption date," which equals $2,162,488 (the "Initial Proceeds") and may retain up to 10% of such redeemed amounts until 20 business days following the completion of the audit of the financial statements for the 2011 fiscal year (the "Holdback Proceeds"). The Fund has satisfied the Request effective April 25, 2011 by distributing $1,078,541 in cash, representing 50% of the Initial Proceeds, and will distribute the securities portion, representing the remaining Initial Proceeds, to the broker you designate. As a reminder, the Initial Proceeds are reduced by the .25% redemption fee payable to the Fund as described in the Confidential Memorandum. The calculation of the amount of the Initial Proceeds is based on the estimated Net Asset Value (as defined in the Confidential Memorandum) of the shares redeemed by the Request as of the redemption date of March 25, 2011 and the calculation of the Holdback Proceeds will be adjusted to reflect the final Net Asset Value of such shares.

Notwithstanding that the Request was received without significant notice, the Fund has endeavored to accommodate your requests to be exempt from certain provisions of the Confidential Memorandum without compromising the interests of other investors. Please provide us with information for your brokerage account so that we may deliver the securities in respect of the securities portion of the Initial Proceeds. If you have any questions or wish to discuss the Request further, please feel free to call Denis J. Kiely at (212) 284-4800.

Very truly yours,

Fletcher Asset Management, Inc.
Investment Manager of the Fletcher Income Arbitrage Fund, Ltd.

Cc via email: Monica Brown (mbrown@howard.edu); Marcia L. Brown (marcia.brown@howard.edu); Robert Tarola (robert.tarola@howard.edu), Bridget Sarikas (bridget.sarikas@howard.edu); Patricia Gerrick (patricia.gerrick@consultants.howard.edu); accounting@howard.edu; investments@howard.edu

*1F*

# FLETCHER ASSET MANAGEMENT, INC.

Howard University Retirement Trust
Howard University Endowment Fund
c/o Howard University
2244 10th Street, NW
Washington, DC 20059
Attention: Patricia Gerrick, Advisor to the Chief Financial Officer

May 8, 2011

Dear Ms. Gerrick:

Further to the investors' redemption notice of March 22, 2011, and after receipt of your brokerage instructions, please note that the following securities will be transferred to the accounts specified with Friday's value date:

Howard University Retirement Trust ("HURT")-

Document Security Systems (AMEX: DMC) - 238,855 shares (Market Value: $769,113.10)

Sanders Morris Harris Group (NASDAQ: SMHG) - 29,569 shares (Market Value: $235,960.62)

Seven Arts Pictures PLC (NASDAQ: SAPX) - 201,291 shares (Market Value: $73,471.22)


Howard University Endowment Fund ("HUEF") -

Document Security Systems (AMEX: DMC) - 291,761 shares (Market Value: $939,470.42)

Sanders Morris Harris Group (NASDAQ: SMHG) - 36,119 shares (Market Value: $288,229.62)

*Seven Arts Pictures PLC (NASDAQ: SAPX) - 245,876 shares (Market Value: $89,744.74)*

Moreover, please note that your May 4, 2011 letter erroneously excluded the fund's $317,441.00 cash transfer to HUEF in partial satisfaction of its redemption.

With the transfer of these securities, the fund has provided $2,157,085.94 to HURT and $2,634,885.78 to HUEF. Consistent with the fund's governing documents, any adjustments resulting from the final net asset values for the relevant redemption date and the remaining 10% holdback will be distributed upon completion of the fund's 2011 audit.

Very truly yours,

Fletcher Asset Management, Inc.
Investment Manager of the Fletcher Income Arbitrage Fund, Ltd.

Cc via email: Monica Brown (mbrown@howard.edu); Marcia L. Brown (marcia.brown@howard.edu); Robert Tarola (robert.tarola@howard.edu), Bridget Sarikas (bridget.sarikas@howard.edu); Patricia Gerrick (patricia.gerrick@consultants.howard.edu); accounting@howard.edu; investments@howard.edu

## **Exhibit G**

Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                              :
In re                                         :          Chapter 11
                                              :
FLETCHER INTERNATIONAL, LTD.,                 :
                                              :          Case No. 12-12796 (REG)
                                              :
                    Debtor.                   :
------------------------------------------------------------x

### [PROPOSED ORDER] GRANTING CHAPTER 11 TRUSTEE'S
### FIRST OMNIBUS CLAIMS OBJECTION
#### (Proofs of Claim Filed by Certain Pension Funds)

Upon the first omnibus claims objection (the "**Objection**"), of Richard J. Davis, the

Trustee appointed in this Chapter 11 case (the "**Trustee**"), for entry of an order pursuant to

Sections 105(a) and 502 of title 11 of the United States Code and Rules 3001(c) and 3007 of the

Federal Rules of Bankruptcy Procedure disallowing and expunging the proofs of claim filed by

certain indirect pension fund investors; and this Court having jurisdiction to consider the

Objection and the relief requested therein in accordance with 28 U.S.C. § 1334; and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and this Court having determined that the relief requested in the Objection is in the best

interests of the Debtor and its estate, creditors, investors and other parties-in-interest; and it

appearing that proper and adequate notice of the Objection has been given under the

circumstances and that no other or further notice is necessary; and after due deliberation thereon;

and good and sufficient cause appearing therefor, it is hereby

**ORDERED,** that the proofs of claim set forth on Exhibit A to this Order (the "**Disputed**

**Claims**") are hereby disallowed and expunged in their entirety with prejudice; and it is further

**ORDERED,** that the Trustee is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

**ORDERED,** that notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

**ORDERED,** that this Order has no *res judicata*, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order, and all rights to object on any basis are expressly reserved with respect to any such claim that is not listed on Exhibit A annexed hereto; and it is further

**ORDERED,** that this Order shall be a final order with respect to each of the Disputed Claims identified on Exhibit A, annexed hereto, as if each such Disputed Claim had been individually objected to; and it is further

**ORDERED,** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
           February __, 2014

_____
THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

| Name of Claimant | Claim(s) to be Expunged | Claim Amount (s) |
|---|---|---|
| Bartlett and Company Profit Sharing Plan and Trust | 5 | $53,786.75 |
| Dubin Clark & Co. Inc. | 7 | $56,265.98 |
| Houbigant, Inc. Pension Plan | 6 | $94,577.00 |
| Howard University Retirement Trust | 16 | $294,118.18 |
| Howard University Retirement Trust | 17 | $359,262.05 |