**Presentment Date and Time: March 20, 2014 at 12:00 noon (ET)**
**Objection Deadline: March 13, 2014 at 4:00 p.m. (ET)**

Michael Luskin
Lucia T. Chapman
Stephan E. Hornung
LUSKIN, STERN & EISLER LLP
Eleven Times Square
New York, New York 10036
Telephone:  (212) 597-8200
Facsimile:  (212) 974-3205

*Attorneys for the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FLETCHER INTERNATIONAL, LTD., | : | Case No. 12-12796 (REG) |
| | : | |
| Debtor. | : | |
| | : | |

---------------------------------------------------------------x

### TRUSTEE'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 9019(A) APPROVING THE STIPULATION AND ORDER RESOLVING THE PROOF OF CLAIM FILED BY PROSKAUER ROSE LLP

TO:    THE HONORABLE ROBERT E. GERBER
          UNITED STATES BANKRUPTCY JUDGE

        Richard J. Davis, the Chapter 11 Trustee in this Chapter 11 case (the "**Trustee**"),

hereby submits this motion (the "**Motion**") for entry of an order pursuant to Bankruptcy Rule

9019(a) approving the Stipulation and Order, attached hereto as **Exhibit A** (the "**Stipulation**"),

between the Trustee and Proskauer Rose LLP ("**Proskauer**") resolving the proof of claim filed by

Proskauer.  In support of this Motion, the Trustee respectfully represents as follows:

#### Jurisdiction

        1.    The Court has subject matter jurisdiction to consider and determine this

Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding within the meaning of

28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory basis for the relief requested is Bankruptcy Rule 9019(a).

### Facts Specific to the Relief Requested

2.  Prior to the commencement of the Debtor's bankruptcy case, Proskauer

rendered legal services to the Debtor in connection with the Debtor's action against ION

Geophysical Corporation and ION International S.àr.l., pending in the Court of Chancery of the

State of Delaware (Civil Action No. 5109-CS) (the "**ION Litigation**").

3.  Prior to the appointment of the Trustee, the Debtor and Proskauer

prosecuted the ION litigation through the completion of fact discovery and the submissions by

the parties of their respective expert reports addressing the Debtor's damages claims.

4.  By agreement with the Trustee, Proskauer withdrew from representing the

Debtor in the ION Litigation and, by Order dated January 15, 2013 [Docket No. 181], the

Court approved the Trustee's retention of Abrams & Bayliss LLP to represent the Debtor.

5.  On December 4, 2013, the Chancery Court issued a written opinion

awarding the Debtor $300,000 in damages. An order and final judgment (the "**Judgment**")

was entered on December 12, 2013, directing that the Debtor was entitled to $300,000 in

damages, plus pre-judgment interest compounded annually. The Court directed that if the

Judgment was paid by January 11, 2014, the amount of the payment would be $351,782.86.

The Trustee, having concluded that an appeal was unlikely to be successful, reached an

agreement with ION pursuant to which ION will pay $500,000 and the Trustee will not appeal

the Chancery Court's decision. The Court approved that settlement by Order dated

February 19, 2014 [Docket No. 413].

6.  Proskauer alleges that it is owed $1,122,314.40 on account of unpaid

invoices for services performed and expenses incurred in connection with the ION Litigation.

7.  On January 15, 2013, Proskauer filed a proof of claim (Claim No. 9)

(the "**Proof of Claim**") in the amount of $1,122,314.40.

8.  Proskauer alleges that the amounts sought in the Proof of Claim are secured

by a charging lien pursuant to section 475 of the New York Judiciary Law and a common law

retaining lien.

9.  The Trustee disputes both that the Debtor's estate is liable for the amount

sought by Proskauer in the Proof of Claim and that the amounts sought are secured.

10.  To avoid the expense and uncertainty of protracted litigation, the Trustee

and Proskauer desire to settle their dispute according to the terms of the Stipulation.

## Relief Requested

11.  The Trustee seeks an order pursuant to Bankruptcy Rule 9019(a) approving

the Stipulation.

## The Stipulation[1]

12.  The Stipulation settles all claims as between the Trustee and Proskauer in

accordance with the following terms:

13.  Allowed Claim.  The Proof of Claim shall be allowed and reclassified as a

general unsecured claim in the amount of $561,157.20.

14.  Plan of Liquidation.  Proskauer will vote to accept the Trustee's Amended

Plan of Liquidation (the "**Plan**") [Docket No 394].

15.  Releases.  The parties will exchange general releases.

---

[1] This description of the Stipulation is a summary only and is not intended to alter, modify or supersede the terms of the Stipulation, the express terms of which shall control.

## Basis for Relief Requested

16. Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." In deciding whether to approve a compromise, "a bankruptcy court must determine whether the compromise is reasonable," Saccurato v. Masters, Inc. (In re Masters, Inc.), 149 B.R. 289, 292 (E.D.N.Y. 1992), and whether the compromise is "'fair and equitable' and 'in the best interests of the estate.'" In re Drexel Burnham Lambert Group, Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (quoting Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Andersen, 390 U.S. 414, 424 (1968), reh. denied, 391 U.S. 909 (1968)).

17. The Court may consider such factors as: (i) the likelihood of success in the litigation compared to the present and future benefits offered by the settlement; (ii) the prospect of protracted litigation if the settlement is not approved as well as the related expense, inconvenience and delay, including potential difficulty in collecting on the judgment; (iii) the "paramount interests of the creditors" and the degree to which the creditors support the settlement; (iv) the nature and extent of releases to be obtained by officers and directors; and (v) whether the settlement was the result of arm's length bargaining. Motorola, Inc. v. Official Comm. of Unsecured Creditors et al. (In re Iridium Operating LLC et al.), 478 F.3d 452, 462 (2d Cir. 2007) (citing In re Worldcom, Inc., 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006)); see also In re Masters, Inc., 149 B.R. at 292 (citing Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 822 (1983)); In re Drexel Burnham, 134 B.R. at 497. In assessing whether a compromise should be approved, the Court need only "canvass the issues and see whether the compromise 'falls below the lowest point in the range of reasonableness.'" In re Drexel Burnham, 134 B.R. at 497 (citations omitted). Each of these factors weighs heavily in favor of approving the Stipulation.

18.    The Stipulation, the terms of which were negotiated at arms' length, will reduce a $1,122,314.40 secured claim against the Debtor by half to $561,157.20 and reclassify it as a general unsecured claim.  The Stipulation also ensures that Proskauer will vote to accept the Plan.

19.    The parties are exchanging general releases for all conduct through the date of the Stipulation.  The Trustee is not aware of any claims that the Debtor may have other than claims related to legal services provided by Proskauer to the Debtor.

20.    Had the Stipulation not been reached with Proskauer, the Trustee would have been forced to object to the Proof of Claim.  Any litigation would have been expensive and of uncertain outcome.

21.    The Stipulation reduces a large secured claim filed against the Debtor by 50%, reclassifies the claim as unsecured, and will result in a greater distribution to creditors.

22.    The Joint Official Liquidators of FIA Leveraged Fund, Ltd., Fletcher Income Arbitrage Fund Ltd., and Fletcher Fixed Income Alpha Fund, Ltd.—In Official Liquidation all support the Stipulation and the Trustee believes that the Louisiana Pension Funds will also support this Stipulation.

23.    The Trustee submits that, based on all of the above, his entering into the Stipulation represents the exercise of his sound business judgment and falls well above the lowest point in the range of reasonableness of possible litigation and settlement outcomes, and is in the best interests of the estate.  Accordingly, the Trustee requests that the Court approve the Stipulation.

**No Prior Request**

24.   No prior application for the relief sought herein has been made to this or any other court in connection with the Debtor's Chapter 11 case.

**Notice**

25.   Notice of this Motion is being provided to: (a) the Office of the United States Trustee; (b) all creditors listed in the Debtor's schedules or that have submitted proofs of claim; (c) Proskauer; (d) the Internal Revenue Service; and (e) all parties requesting notice in this Chapter 11 case pursuant to Rule 2002 of the Bankruptcy Rules.  Given the circumstances and the nature of the relief requested, the Trustee submits that no further notice of this Motion should be required.

**Conclusion**

**WHEREFORE**, the Trustee respectfully requests that this Court approve the Stipulation and grant such other or further relief as the Court deems just and proper.

Dated: New York, New York
        February 24, 2014

LUSKIN, STERN & EISLER LLP

By:  /s/ Michael Luskin
        Michael Luskin
        Lucia T. Chapman
        Stephan E. Hornung

Eleven Times Square
New York, New York 10036
Telephone:    (212) 597-8200
Facsimile:    (212) 974-3205

*Attorneys for the Chapter 11 Trustee*

## EXHIBIT A

**Stipulation and Order**

Michael Luskin
Lucia T. Chapman
Stephan E. Hornung
LUSKIN, STERN & EISLER LLP
Eleven Times Square
New York, New York 10036
Telephone:  (212) 597-8200
Facsimile:  (212) 974-3205

*Attorneys for the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
In re                                                      :          Chapter 11
                                                           :
FLETCHER INTERNATIONAL, LTD.,                              :
                                                           :          Case No. 12-12796 (REG)
                                                           :
                        Debtor.                            :
-----------------------------------------------------------x

### STIPULATION AND ORDER RESOLVING PROOF OF CLAIM
### FILED BY PROSKAUER ROSE LLP

This Stipulation and Order (the "**Stipulation**") is entered into between Richard J.

Davis, as Chapter 11 Trustee (the "**Trustee**") of Fletcher International, Ltd. (the "**Debtor**"), and

Proskauer Rose LLP ("**Claimant**").

### RECITALS

A.    Prior to the commencement of the Debtor's bankruptcy case, Proskauer

rendered legal services to the Debtor in connection with the Debtor's action against ION

Geophysical Corporation and ION International S.àr.l., pending in the Court of Chancery of the

State of Delaware (Civil Action No. 5109-CS) (the "**ION Litigation**").

B.    Claimant alleges that it is owed $1,122,314.40 on account of unpaid

invoices for services performed and expenses incurred in connection with the ION Litigation.

C.    On January 15, 2013, Claimant filed a proof of claim (Claim No. 9)

(the "**Proof of Claim**") in the amount of $1,122,314.40.

D.    Claimant alleges that the amounts sought in the Proof of Claim are secured

by a charging lien pursuant to section 475 of the New York Judiciary Law and a common law

retaining lien.

E.    The Trustee disputes that the Debtor's estate is liable for the amount sought

by Claimant in the Proof of Claim and that the amounts sought are secured, and has addressed this

issue with Claimant.

F.    The Trustee and Claimant wish to resolve the issues concerning the Proof

of Claim and have agreed to do so on the terms and conditions contained herein.

G.    The Joint Official Liquidators for FIA Leveraged Fund, Ltd., Fletcher

Income Arbitrage Fund, Ltd. and Fletcher Fixed Income Alpha Fund, Ltd. have all consented to

this Stipulation.

## AGREEMENT

For good and valuable consideration, the receipt of which the parties

acknowledge, the parties stipulate and agree that:

1.    The above recitals are incorporated herein as if set forth in full.

2.    This Stipulation shall become effective on the first date that it becomes a

Final Order (as defined in the Trustee's Amended Plan of Liquidation (the "**Plan**") [Docket

No. 394], provided, however, that this Stipulation shall be immediately effective for purposes of

voting to accept or reject the Plan only.

3.    The Proof of Claim shall be an "Allowed Claim" under the Plan in Class 3

in the amount of $561,157.20.  The claims register shall be modified accordingly.

4.      The Claimant has reviewed the Trustee's Report and Disclosure Statement [Docket No. 393] and the Plan, and agrees that it will vote to accept the Plan.

5.      Claimant hereby releases, waives and discharges the Trustee, the Debtor's estate, their respective affiliates, subsidiaries, predecessors-in-interest, successors-in-interest and assigns and all persons, corporations, firms and organizations acting on their behalf, from and against all claims, defenses, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities whatsoever, both in law and in equity (collectively "Claims"), which Claimant now has or ever may have had from the beginning of the world to the date of this Agreement, including, but not limited to, those Claims arising from or related to the Proof of Claim and the ION Litigation; *provided*, *however*, that Claimant shall retain the right to enforce this Stipulation.

6.      The Trustee, on behalf of the Debtor and the Debtor's estate, hereby releases, waives and discharges Claimant and its affiliates, subsidiaries, predecessors-in-interest, successors-in-interest and assigns and all persons, corporations, firms and organizations acting on its behalf, from and against all claims, defenses, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities whatsoever, both in law and in equity (collectively "Claims"), which the Trustee now has or ever may have had from the beginning of the world to the date of this Agreement, including, but not limited to, those Claims arising from or related to the Proof of Claim and the ION Litigation; *provided*, *however*, that the Trustee shall retain the right to enforce this Stipulation.

7.      Neither this Stipulation nor any statement made or action taken in connection with the negotiation of this Stipulation, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among, between or

-3-

involving the parties hereto or their successors and assigns, if this Stipulation is not approved by

the Bankruptcy Court, and if it is approved by the Bankruptcy Court, only as may be necessary

to obtain approval of and to enforce this Stipulation.

8.      Each of the parties hereto shall execute and deliver any and all additional

papers, documents and other assurances, and shall do any and all acts and things reasonably

necessary or appropriate in conjunction with the performance of their respective obligations

hereunder.

9.      This Stipulation shall be binding upon and inure to the benefit of the

parties and to all successors and assigns of the parties.  There are no intended third party

beneficiaries to this Stipulation, and no provision of this Stipulation shall be construed to benefit

any person or party in interest other than the parties hereto.

10.      The Bankruptcy Court shall retain jurisdiction to resolve all disputes

arising under this Stipulation.

11.      This Stipulation may be signed in counterpart originals and delivered by

facsimile or email, which, when fully executed, shall constitute a single original.

12.      This Stipulation may not be amended unless by writing signed by both

parties.

13.      This Stipulation is an integrated agreement and contains the entire

agreement among the parties regarding the matters set forth.  Each of the parties acknowledges

that this Stipulation controls over the parties' discussions and negotiations.

14.      Except as set forth herein, neither party has relied upon any representation

or warranty made by the other party in entering into this Stipulation.

-4-

Dated: New York, New York          FLETCHER INTERNATIONAL, LTD.
February 18, 2014

By: _____
Richard J. Davis, solely in my capacity
as Chapter 11 Trustee, in, of, and on
behalf of, Fletcher International, Ltd.


Dated: New York, New York          PROSKAUER ROSE LLP
February 18, 2014

By: _____
Name: GEOFFREY T. Raicht
Title: PARTNER


SO ORDERED:


_____
HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

-5-