Objection Deadline: April 7, 2014 at 4:00 p.m. (Prevailing Eastern Time)

Kevin G. Abrams
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware  19807
Telephone:  (302) 778-1000
Facsimile:  (302) 778-1001

*Special Litigation Counsel to the
Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re | Chapter 11 |
|---|---|
| FLETCHER INTERNATIONAL, LTD., | Case No. 12-12796 (REG) |
| Debtor. | |

**FOURTH MONTHLY STATEMENT OF ABRAMS & BAYLISS LLP, AS
SPECIAL LITIGATION COUNSEL FOR THE CHAPTER 11 TRUSTEE,
FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED
<u>FOR THE PERIOD FEBRUARY 1, 2014 THROUGH FEBRUARY 28, 2014</u>**

{A&B-00284719-}

**Summary Sheet**

| | |
|---|---|
| Name of Applicant: | Abrams & Bayliss LLP |
| Authorized to Provide Professional Services to: | The Chapter 11 Trustee |
| Date of Retention: | Order entered January 15, 2013 [Docket No. 181] *nunc pro tunc* to December 28, 2012 |
| Period for Which Compensation and Reimbursement is sought: | February 1, 2014 to February 28, 2014 |
| Amount of Compensation sought as Actual, Reasonable and Necessary: | $115,000 |
| 80% of Compensation Sought as Actual, Reasonable and Necessary: | $92,000 |
| Amount of expense reimbursement as Actual, Reasonable and Necessary: | $ |

## Contingency Fee Compensation

| Monetary Recovery | Abrams & Bayliss Fee Percentage | Contingency Fee |
|---|---|---|
| $500,000 | 23% | $115,000 |

In accordance with this Court's *Revised Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 156] (the "**Compensation Order**"), Abrams & Bayliss LLP ("Abrams"), special litigation counsel to the Chapter 11 Trustee, hereby submits this Monthly Statement for Compensation for Professional Services Rendered (the "**Monthly Fee Statement**") for the period from February 1, 2014 through February 28, 2014 (the "**Statement Period**"). In support of the Monthly Fee Statement, Abrams respectfully represents as follows:

### Relief Requested

1. Abrams submits this Monthly Fee Statement in accordance with the Compensation Order. All services for which Abrams requests compensation were incurred by Abrams on behalf of the Trustee.

2. Abrams seeks compensation for professional services rendered for the Statement Period in the amounts set forth below:

| Total Fees | $115,000 |
|---|---|

3. Abrams' engagement letter, which was approved by this Court in its *Order Authorizing the Retention and Employment of Abrams & Bayliss LLP as Special Litigation Counsel* [Docket No. 181] (the "**Retention Order**"), is attached hereto as Exhibit A.

4. Pursuant to the Compensation Order and the Retention Order, Abrams seeks payment of $92,000 for the Statement Period, representing 80% of the total fees for services rendered.

**Notice and Objection Procedures**

5. In accordance with the Compensation Order, notice of the Monthly Fee Statement has been served by hand or overnight delivery upon the following parties (together, as further defined in the Compensation Order, the "**Notice Parties**"): (i) Richard J. Davis, the Trustee; (ii) the attorneys for the Trustee, Luskin, Stern & Eisler, LLP, Eleven Times Square, New York, New York 10036; and (iii) the Office of the United States Trustee, 201 Varick Street, Room 1006, New York, New York 10014 (Attn: Richard C. Morrissy, Esq.).

6. Pursuant to the Compensation Order, objections to the Monthly Fee Statement, if any, must be served upon the Notice Parties, including Abrams, no later than April 7, 2014 at 4:00 p.m. (Eastern Time) (the "**Objection Deadline**"), setting forth the nature of the objection and the specific amount of fees and expenses at issue.

7. If no objection to the Monthly Fee Statement is received by the Objection Deadline, the Trustee will pay to Abrams the amount of fees identified in the Monthly Fee Statement.

8. To the extent an objection to the Monthly Fee Statement is received on or before the Objection Deadline, the Trustee will withhold payment of that portion of the payment requested to which the objection is directed and will promptly pay the remainder of the fees as set forth herein. To the extent such objection is not resolved, it shall be preserved and scheduled for consideration at the final fee application hearing.

{A&B-00284719-}

4

Dated: March 20, 2014
      Wilmington, Delaware

Respectfully submitted,

*/s/ Kevin G. Abrams*
Kevin G. Abrams (DE Bar No. 2375)
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware  19807
Telephone:  (302) 778-1000
Facsimile:  (302) 778-1001

*Special Litigation Counsel to the Chapter 11 Trust*

{A&B-00284719-}

5

# **EXHIBIT A**

Engagement Letter

Kevin G. Abrams

**ABRAMS & BAYLISS LLP**
20 Montchanin Road, Suite 200
Wilmington, DE 19807
Main: 302-778-1000
Fax: 302-778-1001

Direct Dial Number
302-778-1002
Abrams@AbramsBayliss.com

December 28, 2012

Fletcher International, Ltd.
c/o Richard J. Davis, Esq.
415 Madison Avenue, 11th Floor
New York, NY 10017

    Re:    **Fletcher: Terms of Representation**

Gentlemen:

    Thank you for retaining Abrams & Bayliss LLP ("Abrams & Bayliss," the "Firm," or "we") as Delaware counsel for Fletcher International, Ltd. ("Fletcher"). We understand that you (Richard Davis) are the chapter 11 trustee ("Trustee") of Fletcher International, Ltd. in its bankruptcy proceedings pending in the U.S. Bankruptcy Court for the Southern District of New York. We refer to Fletcher and the Trustee as the "Client" or "you." This letter confirms the terms of our engagement.

    1.    Client and Scope of Representation.

    We are being engaged by you solely to provide civil litigation services relating to the action styled *Fletcher International, Ltd. v. Ion Geophysical Corporation, et al.*, Case No. 5109-CS and any related proceedings in the Delaware courts (the "Delaware Action"). We refer to our advice with respect to these matters as the "Representation." You have hired us as your exclusive Delaware counsel in connection with all aspects of the Representation. Our engagement, however, is limited to the Representation. We are not acting as your counsel generally or on other matters. We are not representing any other individual or entity associated or affiliated with the Client.

    With respect to entities or persons generally affiliated or associated with you, including entities owned by you, you agree that the Firm is not being asked to provide, and will not be providing, legal advice to, or establishing an attorney-client relationship with, any such affiliated entity or person in his, her or its individual capacity and will not be expected to do so unless the Firm has been asked and has specifically agreed to do so in writing. Additionally, although in the course of our Representation we may receive or provide information or advice from or to affiliates, associates or agents of the Client, our engagement is to represent the Client and not the Client's affiliates, associates or agents.

    We are experts only in the law of the State of Delaware and not in the law of any other state or jurisdiction. Our practice does not include any area of criminal law, regulatory issues involving any state or federal agency outside the State of Delaware, or civil law matters

{A&B-00232245}

Fletcher International, Ltd.
December 28, 2012
Page 2

arising under the common law or statutes of any jurisdiction other than Delaware. Therefore, to the extent that issues arise in a proceeding outside Delaware or involving matters of criminal law, regulatory issues involving any state or federal agency outside the State of Delaware, or civil law matters arising out of the common law or statutes of any jurisdiction other than Delaware, you agree to obtain additional counsel with expertise in such proceedings or matters to handle those issues.

2.  Compensation.

We are undertaking the Representation on a contingent basis in which we will be compensated by you only if you actually receive, directly or indirectly, a monetary recovery or non-monetary relief, benefit or other consideration as a result of the Delaware Action.

Our fee for the Representation shall be calculated as 23% of any monetary recovery (a "Benefit) in the Delaware Action. Any monetary award related to the Delaware Action shall not be deemed a "Benefit" unless such award has been finally determined or adjudged by a court, and such award has become final and unappealable, or, in the case of a settlement, upon receipt of approval of such settlement, if necessary, by the relevant parties, and, in each case, received by you or the Firm. Although it is your present intention not to accept any non-cash recovery, relief, benefit or other consideration (a "Non-Cash Benefit") with respect to the Delaware Action, you agree that any such Non-Cash Benefit will be valued as follows: you and we will assign a reasonable monetary value to any such Non-Cash Benefit and include that value in the calculation of the Benefit. In the event the parties have a disagreement regarding the value of any Non-Cash Benefit, that disagreement shall be resolved by a valuation by Compass Lexecon and the fees for Compass Lexecon's work shall be divided evenly between the Firm and Fletcher.

Fletcher will pay our fee with respect to the Representation, as well as the Client's portion of any unpaid or outstanding costs and expenses payable under Section 3 of this agreement, immediately upon receipt of any Benefit by Fletcher and, to the extent required, Bankruptcy Court approval.

In the event we determine to apply to the Delaware Court of Chancery for any payment by any party other than you of our fees, costs and expenses (a "Fee Application"), you and we shall determine jointly the amount of the Fee Application (which shall be on terms no less favorable to us than the terms of this agreement). In the event that the Firm receives any final, unappealable recovery as a result of such Fee Application, such recovery shall not be included in the calculation of the applicable Benefit and, further, such recovery shall result in a dollar-for-dollar reduction of compensation otherwise due to the Firm under this Section 2.

In the event that you terminate the Representation for any reason other than our willful misconduct or gross negligence, or the Firm withdraws from the Representation for Cause (as defined below) as to you, then upon receipt of any Benefit by you, directly or indirectly, in connection with matters giving rise to the Representation, you agree that the Firm shall be entitled to prompt payment by you of the fees, costs and expenses that the Firm would have been

{A&B-00232245}

Fletcher International, Ltd.
December 28, 2012
Page 3

entitled to if such Benefit had been obtained, directly or indirectly, by the Client at the time of termination of the Representation (the "Termination Payment").

In the event the Firm withdraws from the Representation without Cause, then upon receipt of any Benefit by you, directly or indirectly, in connection with matters giving rise to the Representation, you agree that the Firm shall be entitled to the Termination Payment, subject to the following adjustment: the amount of the Termination Payment shall be reduced by any amount (the "Adjustment Amount") by which the sum of (x) the Termination Payment, plus (y) all fees, costs and expenses that the Client pays to any successor counsel (calculated at no more than reasonable hourly rates) to represent the client in order to receive the Benefit, exceeds in the aggregate (z) the product of 23% and the amount of the Benefit. In the event you terminate the Representation due to our willful misconduct or gross negligence, the Firm shall not be entitled to any payment under Section 2 of this Agreement.

For purposes of the two foregoing paragraphs, "Cause" means, with respect to the Client, (i) the Client's material breach of this agreement, (ii) the Client's failure to cooperate or follow our advice on a material matter, or (iii) any act, omission, fact or circumstance within the Client's control that would, in the Firm's reasonable opinion, render its continuing representation of the Client unlawful, improper, inappropriate or unethical; provided, in each case, that the Firm provides the Client notice and a reasonable opportunity to cure such breach or such other circumstances (to the extent capable of being cured).

These fees are not set by law but are negotiable between an attorney and client. We believe and you agree that this contingent fee structure takes into account all relevant factors as permitted by Rule 1.5 of the Delaware Lawyers' Rules of Professional Conduct, including without limitation the novelty and difficulty of the project, the risks associated with securing a successful outcome in connection with the Representation, the nature of the Firm's activities relating to the Representation, the extent to which we will be precluded from representing others, the fees customarily charged by comparable law firms for similar services, the extent of your interests involved and the results obtained, the substantial commitment of the Firm's resources to the Representation, the sizeable value of the Firm's services that are being provided on a purely contingent basis, and time limitations imposed by you or by the inherent circumstances.

3.  Costs and Expenses.

Subject to Sections 3(a) - 3(b) of this agreement, any significant costs or expenses including without limitation experts' fees, transcripts, trial exhibits, and other such similar non-routine expenses, incurred in connection with the Representation will be paid by you. You agree that we have the authority, while we are acting as your counsel, to use our best judgment in authorizing such expenditures.

(a) In the event the Client terminates the Representation for any reason, the Client shall be obligated to pay all costs or expenses (including any expert fees or expenses) that are incurred by the Firm in connection with the Representation through the date of such termination (the "Termination Date") or that are

{A&B-00232245}

Fletcher International, Ltd.
December 28, 2012
Page 4

    otherwise attributable to activities performed by the Firm before the Termination Date.

 (b) In the event that the Firm or the Client terminates the Representation for any reason, the Firm shall have no obligation to pay any fees, costs or expenses (including any expert fees or expenses) that are incurred after such termination of the Representation or that are otherwise attributable to activities performed after such termination of the Representation.

 4. <u>Client Cooperation.</u>

    You will use reasonable efforts to assist us in the Representation, including but not limited to making yourself and your agents reasonably available for interviews and testimony, making relevant books and records available, assisting us in understanding such books and records, and providing facts and information that are known or reasonably available.

    You and we shall agree on the hiring of any expert witnesses, consultants or investigators.

    You understand that you may be the subject of discovery in connection with the Representation and that it is expected you will be required, among other discovery and trial-related activities, to produce documents and testify as a witness (whether at a deposition or at trial) in connection with the Representation. You agree that you will cooperate fully to satisfy all discovery and trial-related obligations.

 5. <u>Termination.</u>

    You may terminate the Representation at any time for any reason upon written notice. We may terminate the Representation at any time for any reason upon written notice, subject to applicable rules of professional conduct. We also reserve the right to terminate the Representation if, among other things, you fail to honor the terms of this engagement letter, you fail to cooperate or follow our advice on a material matter, or we learn of any fact or circumstance which would, in our view, render our continuing representation unlawful, improper, inappropriate or unethical. We are proceeding with the Representation based upon your agreement to be clear and complete in your communications with us, to keep us fully informed of developments related to the Representation, and to extend your reasonable assistance and cooperation to us. Obviously, we hope and expect that these kinds of considerations will never become issues between us.

    If you terminate the Representation for any reason, or we terminate the Representation consistent with the terms of this letter, you will remain obligated to perform under all terms of this engagement letter, including without limitation the payment terms of this engagement letter.

{A&B-00232245}

Fletcher International, Ltd.
December 28, 2012
Page 5

6. Client Documents.

We will determine whether to maintain any necessary documents (including any electronic copies) relating to the Representation in our client files. At the conclusion of the Representation, it is your obligation to advise us as to which (if any) of the documents in our files you wish us to make available to you. These documents will be delivered to you within a reasonable time after receipt of payment for outstanding fees and costs, subject to applicable rules of professional conduct. Following the Representation, we will maintain the confidentiality of any otherwise nonpublic information in accordance with applicable rules of professional conduct. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any documents or other materials retained by us within a commercially reasonable time after the Representation in accordance with our record retention program.

7. Disclaimer of Result and Further Undertaking.

We cannot and do not guarantee or undertake to provide any particular outcome in the Representation. During the course of this engagement, we may express opinions or beliefs to you about the effectiveness of various courses of action or about the results that might be anticipated. Such statements are expressions of opinion only and should not be construed as promises or guarantees. After the Representation, changes may occur in the applicable law or regulations that could have an impact on your rights, duties and liabilities. Unless you engage us after the Representation to provide additional services, we will not have any continuing obligation to advise you.

8. Conflict of Interest Waiver.

In representing various clients, we encounter professional conflict of interest issues with some frequency. You should be aware that the Firm has a national and international practice, with many clients and new clients in a wide variety of matters. As a result, clients of the Firm from time to time have business dealings, negotiations and sometimes disputes (including litigation) with other Firm clients. So that we can fully serve all of our clients and prospective clients, our representation of you is conditioned upon your agreement that you will not object to our representation of any other client or prospective client of our Firm in any business dealing, negotiations or disputes (including litigation) provided that the matter in which we represent any party adverse to you is not substantially related to any matter in which we are representing or have represented you (an "Allowed Adverse Representation"), and with the understanding that we will maintain appropriate ethical walls and segregation of staff and physical security of documents to ensure that we will not disclose any confidential information we have received from you and will not use any such information on behalf of any other party. This also means that we may obtain confidential information from other clients that might be of interest to you but which we cannot share with you. You agree that you will not, for yourself or any other person or entity, assert that either (i) our representation of you or any of your affiliates in any past, present or future matter or (ii) our actual or possible possession of confidential information belonging to you or any of your affiliates is a basis to disqualify us from

{A&B-00232245}

Fletcher International, Ltd.
December 28, 2012
Page 6

representing another person or entity in any Allowed Adverse Representation. You further agree that any Allowed Adverse Representation does not breach any duty owed by us to you or your affiliates. You also agree that if the Firm acts as counsel for any other party as to which you then own completely, directly or indirectly, all of the Ancestry Common Stock or similar voting interest, the mutual agreement reflected in this letter would apply to that party as well.

9.    Client-Created Guidelines for Outside Counsel.

To the extent that you have established legal retention agreements, billing policies and/or guidelines for outside counsel (collectively, the "Guidelines"), you agree that the terms and conditions of this engagement letter will control unless the Firm specifically agrees to the terms of the Guidelines in writing.

10.   Bankruptcy Court Approval.

The Firm understands that its retention and compensation must be approved by the U.S. Bankruptcy Court presiding over the Fletcher Chapter 11 proceedings in the Southern District of New York, and agrees to comply with all provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, Guidelines applicable to the retention and compensation of counsel. You agree to exercise your best efforts to secure U.S. Bankruptcy Court for the Southern District of New York and all other approvals required for the retention and compensation of the Firm in accordance with this engagement letter.

11.   Miscellaneous.

In the event of ambiguity or unanticipated circumstances, this engagement letter shall not be construed against any party as the drafter, but rather shall be construed in a manner that is fair to all parties. This engagement letter contains the entire agreement between the parties regarding the subject matter hereof. The terms of any other representations will be negotiated separately. We must agree in writing to any change in the terms of our engagement. Neither this engagement letter nor any of its obligations shall be assigned by you without our written consent. This engagement letter is binding upon and shall be enforceable by the parties and their respective successors and permitted assigns. This engagement letter may be executed in any number of counterparts, each of which when executed shall be an original, and the counterparts together shall constitute one and the same instrument. Any disputes arising out of or related to this engagement letter shall be resolved under Delaware law (including all rules or code of ethics or professional responsibility applicable to the provision of legal services), without regard to conflicts principles, and exclusively without a jury in the courts of the State of Delaware, as to which you consent to jurisdiction and agree to accept service by U.S. Registered Mail. To the extent any provision of this engagement letter is invalid or unenforceable, the provision shall be ineffective to the extent of its invalidity or unenforceability, without invalidating the remainder of the provision or the remaining provisions of this engagement letter.

The execution, delivery and performance of this engagement letter have been duly and validly authorized by all necessary action and no other actions on the part of any party are

{A&B-00232245}

Fletcher International, Ltd.
December 28, 2012
Page 7

necessary to authorize this agreement. This engagement letter has been duly and validly executed and delivered by each of the parties and constitutes a legal, valid and binding obligation enforceable in accordance with its terms. The undersigned have full power and authority to make, enter into, carry out the terms of, and perform the obligations contemplated by this engagement letter for and on behalf of the parties. The execution, delivery and performance of this engagement letter do not and will not conflict with or violate the terms of any other agreement or contract to which the Firm, the Client, or any their respective subsidiaries or funds is a party or by which the Client or any of their respective subsidiaries or funds is bound.

* * *

If you have any questions about these matters at any time, please feel free to contact me. Please also feel free to consult with independent counsel regarding the terms of this agreement. If this engagement letter contains an accurate and complete description of our agreement, please sign it and return it to me at your earliest convenience.

Thank you again for selecting us to serve as your counsel in connection with the Representation. We look forward to working with you on these important matters.

Very truly yours,

/s/ Kevin G. Abrams

Kevin G. Abrams

ACCEPTED AND AGREED:

_____
Fletcher International, Ltd.
By: Richard J. Davis, Esq.
Its: Bankruptcy Trustee

{A&B-00232245}