Alphonse Fletcher. Jr. (*pro se*)  
Chief Executive Officer  
Fletcher Asset Management  
188 Minna Street  
San Francisco, CA 94105  
Phone: (415)702-0070  
AFletcher@Fletcher.com  

Chapter 11  

Case No. 12-12796 (REG)  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

In re:  

FLETCHER INTERNATIONAL, LTD.,  

        Debtor  

## MOTION OF FLETCHER ASSET MANAGEMENT, INC. FOR AN ORDER ENJOINING THE TRUSTEE FROM PRODUCING DOCUMENTS TO OSTAD PLLC (COUNSEL TO THE BVI FUNDS) IN VIOLATION OF THE UNIFORM PROTECTIVE ORDER GOVERNING TRUSTEE DISCOVERY

  Fletcher Asset Management, Inc. ("**Fletcher**"), an affiliate of the above-captioned debtor, Fletcher International, Ltd., (the "**Debtor**"), hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), enjoining Richard J. Davis, the Court-appointed Chapter 11 Fletcher International, LTD Trustee in this action (the "**Trustee**"), from providing documents requested in the Richcourt BVI Funds Document Request dated March 7, 2013, addressed to the Trustee (the "**Document Request**"). Fletcher respectfully requests that this Court enforce the Uniform Protective Order for Trustee Discovery entered by this Court on November 9, 2012 (the "**Protective Order**"), attached hereto as Exhibit B, with respect to the Document Request.[1] *(See Dkt. #151.)* The Protective

---

[1] In relying on and seeking to vindicate its rights under the Protective Order, Fletcher does not waive its right to object to any aspect of the conduct of discovery in this case, including but not limited to the Trustee's receipt, possession or use of privileged materials that were inadvertently or improperly obtained by or disclosed to the Trustee.

Order should be enforced by an order enjoining the Trustee from providing the documents requested in the Document Request.

The Protective Order generally states that confidential information produced to the Trustee in connection with this Chapter 11 case will not be disclosed to outside parties, except in certain limited circumstances inapplicable here. *See* Ex. B at ¶ 2. Requests for information like the Document Request are governed by Paragraph 10 of the Protective Order, which provides that, upon receipt of such a request, the Trustee shall provide notice to the disclosing party prior to complying, so that the disclosing party may have time to seek "an appropriate protective order or other appropriate relief" Ex. B at ¶ 10.

The Document Request, attached hereto as Exhibit C, was sent to the Trustee on March 7, 2014. It calls for the Trustee to produce a wide variety of documents produced to it by Fletcher. The Richcourt funds include BVI Funds, Soundview Funds (Soundview Elite, LDT ET AL) and other Cayman Funds.  OSTAD PLLC ("OSTAD"), the party making the request is counsel to the BVI Funds (Richcourt Euro Strategies Inc., Optima Absolute Return Fund Ltd., Richcourt Allweather Fund Inc., America Alternative Investments Ltd., Richcourt Composite Inc., and Richcourt Allweather Fund B Inc.) however the request includes "Any documents evidencing redemption requests made by the Richcourt Funds (defined as the BVI Funds, the Soundview Entities and the Cayman Entities) or any of them to FILB, Leveraged or Arbitrage." These documents were produced by Fletcher to the Trustee in reliance on the terms of the Protective Order, and there is no question that these materials are covered by the Protective Order's broad terms. In accordance with the requirements of the Protective Order, the Trustee duly provided an email of notice to Fletcher of the Document Request, attached hereto as Exhibit D, indicating that he will proceed with production to OSTAD unless Fletcher applies for a protective order, as Fletcher is currently doing in this submission.

The burden is on OSTAD to show that extraordinary circumstances exist that justify setting

2

nothing to prevent OSTAD from obtaining the information it seeks from other sources, including from Fletcher itself. Moreover, to the extent that Fletcher and the Trustee have disagreed concerning the scope of the attorney-client privilege and disputes are likely to arise concerning the applicability of the attorney-client and work-product privileges to documents in the Trustee's possession, enforcement of the Protective Order is essential to ensure against the inadvertent or improper production of privileged materials to the OSTAD. In sum, as the Protective Order was not improvidently granted and there is no extraordinary or compelling need for the materials sought in the Document Request, this Court should issue an order enjoining the Trustee from providing the requested materials to OSTAD.

For the above-stated reasons, including but not limited to OSTAD's ability to obtain relevant materials from other sources including from Fletcher directly, Fletcher respectfully requests that the Court enter the Proposed Order granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: New York, New York
March 14, 2014

Respectfully submitted by

ALPHONSE FLETCHER, JR.

By: _____
Alphonse Fletcher. Jr.

Address: 188 Minna Street
San Francisco, CA 94105
Phone: (415)702-0070
AFletcher@Fletcher.com

Members of the Board of Directors of Fletcher Asset Management

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                                      Chapter 11

                                                            Case No. 12-12796 (REG)
FLETCHER INTERNATIONAL, LTD.,

                    Debtor.

### [PROPOSED] ORDER ENJOINING THE TRUSTEE FROM PRODUCING DOCUMENTS TO OSTAD PLLC (COUNSEL TO THE BVI FUNDS) IN VIOLATION OF THE PROTECTIVE ORDER

Upon the motion (the "**Motion**"), dated March 12, 2014, of Fletcher Asset Management, Inc. ("**Fletcher**"), for entry of an order enjoining Richard J. Davis, (the "**Trustee**"), the chapter 11 trustee in this case, from producing documents in response to a March 7, 2014 Richcourt BVI Funds Document Request (the "**Document Request**") from OSTAD PLLC ("**OSTAD**") in violation of the Uniform Protective Order for Trustee Discovery entered by this Court on November 9, 2012 (the "**Protective Order**"); and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**ORDERED**, that the Motion is granted on the terms set forth herein; and it is further

**ORDERED**, that the Trustee is enjoined from producing to OSTAD in response to the Document Request any documents that Fletcher or its affiliates have produced to the Trustee in this action that are marked "Confidential" and thus fall within the protection of the Protective Order.

Dated: New York, New York
          _____, 2014

                                                    *s/ Robert E. Gerber*
                                                    THE HONORABLE ROBERT E. GERBER
                                                    UNITED STATES BANKRUPTCY JUDGE

Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re:                                              :     Chapter 11
                                                    :
FLETCHER INTERNATIONAL, LTD.,                       :     Case No. 12-12796 (REG)
                                                    :
                    Debtor.                         :
                                                    :
-----------------------------------------------------------X

## UNIFORM PROTECTIVE ORDER FOR TRUSTEE DISCOVERY

The terms and conditions of this uniform protective order (the "**Protective Order**") shall govern the disclosure, discovery, production and use of documents and other information provided to Richard J. Davis, the Court-appointed chapter 11 trustee (the "**Trustee**") of Fletcher International, Ltd. (the "**Debtor**") in the above-captioned case and any related adversary proceedings in connection with the Trustee's statutory investigation.

1. For purposes of this Protective Order, the following terms shall have the following indicated meanings:

"**Advisors**" shall include counsel, consultants, accountants, experts, auditors, financial advisors, appraisers or other agents or professionals.

"**Chapter 11 Case**" means this case No. 12-12796 (REG) and all related adversary proceedings.

"**Confidential Information**" means any and all proprietary and confidential nonpublic information (whether in writing or orally or in any other format) produced, provided, given or exchanged by a Disclosing Party (defined below) that is marked or designated by such Disclosing Party as being "Confidential," including, without limitation, information concerning the Disclosing Party's assets, liabilities, business operations, business practices, business plans, financial projections, financial and business analyses, corporate governance, intellectual property, trade secrets and compilations and studies relating to the foregoing. Confidential

Information includes, but is not limited to, all analyses, compilations, forecasts, studies or other documents prepared by a Receiving Party in connection with its review of, or interest in, this Chapter 11 Case, which contain or reflect or are based upon any such Confidential Information provided by the Disclosing Party.

The term Confidential Information will not include information that:

i. is or becomes publicly available other than as a result of a disclosure by any Receiving Party or any of its Representatives or Advisors in breach of this Protective Order;

ii. a Receiving Party or its Representatives or Advisors obtains independently, not pursuant to this Protective Order;

iii. is or becomes available to the Receiving Party or any of its Representatives or Advisors on a non-confidential basis from a source (other than a Disclosing Party), which source is not known to the Receiving Party (who shall have no duty of investigation in this regard) to be subject to any prohibition from disclosing such information to the Receiving Party;

iv. is independently developed by such Receiving Party or any of its Representatives or Advisors without violating its obligations hereunder and without using any Confidential Information; or

v. is determined by a court of competent jurisdiction not to be Confidential Information.

"**Disclosing Party**" means any person or entity producing Discovery Material to the Trustee or other Receiving Party.

"**Discovery Material**" refers to all discovery documents, deposition testimony, interrogatory answers, and other information produced, given, provided or exchanged in connection with discovery to the Trustee in this Chapter 11 Case.

"**Electronic Copies**" shall have the meaning set out in paragraph 13 below.

"**Receiving Party**" means the Trustee and any party that may be granted access to Discovery Material subject to this Protective Order.

"**Representatives**" shall include affiliates, directors, officers, partners, members, and employees.

"**Retained Information**" shall have the meaning set out in paragraph 13 below.

"**Transcript Designation Period**" shall have the meaning set out in paragraph 7 below.

2. This Protective Order shall govern the disclosure, discovery, production and use of all Discovery Material provided to the Trustee or other Receiving Party. The Trustee and other Receiving Party's obligations with respect to Discovery Material shall not be understood or construed to extend beyond the express terms of this Protective Order.

3. Each Receiving Party hereby agrees that it will:

a) keep the Confidential Information confidential and will not (except as required by applicable law, rule, regulation or legal process, and only after compliance with paragraph 10 below), without the Disclosing Party's prior written consent, disclose any Confidential Information to any other person or entity, except as provided for in this Protective Order;

b) not use or allow any Confidential Information to be used for any purpose other than in connection with this Chapter 11 Case; and

c) use reasonable efforts to safeguard the Confidential Information and to protect the Confidential Information against disclosure, misuse, espionage, loss, and theft by any corporation, company, partnership or individual.

4. Notwithstanding the foregoing, Confidential Information may be disclosed by the Receiving Party to (i) its Representatives and Advisors who are involved with this Chapter 11 Case, and, except for Confidential Information designated as "Highly Confidential"

as defined below, (ii) any other Receiving Party, including persons noticed for depositions or interviews or designated as trial witnesses and their counsel to the extent deemed necessary by counsel to the Receiving Party in order to prepare such witnesses. The Trustee represents that each of its Representatives and Advisors who receives Confidential Information pursuant to this Protective Order and is therefore a Receiving Party will be advised (i) of the confidentiality and use restrictions of this Protective Order, (ii) that upon receipt of any Confidential Information such party shall be deemed bound by the terms of this Protective Order, and (iii) of such party's obligations concerning the confidentiality of all such Confidential Information and the proper use thereof. The Disclosing Party may agree in writing to greater or lesser restrictions on the use of certain Confidential Information.

5. The Disclosing Party shall be permitted to designate certain items of Confidential Information as "Highly Confidential" only if the Disclosing Party in good faith reasonably believes that the items contain proprietary information related to the Disclosing Party's previous, existing or ongoing business operations for which restricted access is necessary to prevent a risk of competitive harm to the Disclosing Party in the ongoing operation of its business. The "Highly Confidential" designation is to be used by Disclosing Parties sparingly, reasonably, and in good faith, after giving due consideration to the fact that the Trustee is not engaged in any behavior that competes with any Disclosing Party.

6. The Trustee agrees that information designated as Highly Confidential may not be disclosed to anyone other than:

   a) The Trustee and any Advisors who represent or work for the Trustee in matters related to this Chapter 11 Case, as well as clerical, paralegal, other staff and agents of those Advisors whose functions require access to Highly Confidential information;

b) Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

c) Professional vendors to whom disclosure is reasonably necessary for the Chapter 11 Cases, provided they are informed that the material is Highly Confidential information;

d) The Court and its authorized staff, including official and freelance court reporters and videotape operators hired by a Receiving Party in connection with these Chapter 11 Cases; and

e) Any other person, only upon order of the Court or agreement of the Disclosing Party.

7. The Disclosing Party may designate the specific testimony during a deposition or proceeding as Confidential or Highly Confidential either on the record at the deposition or other proceeding, or in writing no later than three business days following the date on which counsel for the Disclosing Party has received the final version of the transcript of the deposition or other proceeding (the "**Transcript Designation Period**"); provided that testimony designated as Confidential or Highly Confidential shall remain subject to such designation during the Transcript Designation Period.

8. Notwithstanding the foregoing, should a Receiving Party disagree with the Disclosing Party's designation of information as Confidential or Highly Confidential, counsel for the Disclosing Party and the Receiving Party shall confer in good faith to resolve the issue on an expedited basis. Absent a consensual resolution, the Receiving Party may request, upon written notice to the Disclosing Party and on an expedited basis, that the Bankruptcy Court resolve the issue (subject to the Court's availability). The material in question shall be treated as it was initially designated by the Disclosing Party pending resolution of the issue. If challenged pursuant to this paragraph 8, the Disclosing Party shall bear the burden of establishing that any

such material challenged by the Receiving Party is entitled to the designation of Confidential or Highly Confidential assigned by the Disclosing Party.

9.  In the event that a Receiving Party, other than the Trustee and his Advisors, intends to offer into evidence or otherwise use Discovery Material designated as Confidential or Highly Confidential in this Chapter 11 Case, then such Receiving Party shall (i) obtain the advance written consent of Disclosing Party (through the Disclosing Party's counsel) to such offer or use; (ii) file under seal the Discovery Material in question or any substantive references thereto; or (iii) obtain an order of the Bankruptcy Court permitting the disclosure after advance written notice and a reasonable opportunity for the Disclosing Party to be heard on such proposed relief. Any such request for relief from the Bankruptcy Court may be heard on expedited notice of no less than five business days, subject to the Bankruptcy Court's calendar. Notwithstanding any other provision in this Protective Order, the Trustee shall not be prohibited or otherwise constrained from using or disclosing in a public report of his investigation any Discovery Material; provided, however, that prior to the publication or filing of any report, the Trustee shall give notice to the Disclosing Party of his intent to disclose in the Trustee's report information that is designated as Confidential or Highly Confidential. The Disclosing Party shall have five business days after receipt of notice by the Trustee to file a motion for a protective order concerning disclosure of materials designated as Confidential or Highly Confidential and shall bear the burden of establishing that such material should not be disclosed in a public report. If such a motion for a protective order is timely filed the Discovery Material in question shall not be publicly disclosed pending resolution of the issue.

10.  Notwithstanding anything to the contrary herein, if a Receiving Party or any of the Receiving Party's Representatives is requested pursuant to, or becomes legally compelled by, applicable law, rule, regulation, regulatory authority, or legal process to make any

disclosure that is otherwise prohibited or constrained by this Protective Order, the Receiving Party or such Representative, as the case may be, shall provide written notice of such legal proceedings or compelled disclosure (unless such notice is prohibited by applicable law) to the Disclosing Party and the Disclosing Party's counsel pursuant to the notice provisions set forth herein promptly upon receiving such notice and, unless such required disclosure by its terms compels the Receiving Party to disclose such Confidential Information in a shorter period, at least three business days prior to compliance by the Receiving Party with the request for disclosure of Confidential Information, so that the Disclosing Party may seek an appropriate protective order or other appropriate relief, or, in the Disclosing Party's sole discretion, waive compliance with the terms of this Protective Order. In the absence of a protective order or the Receiving Party's receiving such a waiver from disclosure, the Receiving Party or its Representative shall be permitted (with the Disclosing Party's cooperation) to disclose only that portion of the Confidential Information that the Receiving Party or the Representative is advised by the Receiving Party's counsel is legally required to be disclosed and shall inform (in writing) any person to whom any Confidential Information is so disclosed of the confidential nature of such Confidential Information.

11.    Each Receiving Party acknowledges that none of the Disclosing Parties makes any express or implied representation or warranty as to the accuracy or completeness of the Confidential Information, and each Receiving Party agrees that no Disclosing Party shall have any liability arising from any errors in the Confidential Information.

12.    Nothing in this Protective Order shall prevent or limit any right of any Receiving Party from seeking any information through subpoena, formal discovery or other process, or prevent or limit any right of a Disclosing Party to object on any basis to any such subpoena, formal discovery or other process.

13. This Protective Order shall be retroactively effective as of September 28, 2012 (the date of the order appointing the Trustee's appointment). Upon the date that is the earliest of one year following (a) the effective date of a chapter 11 plan, (b) the dismissal of this Chapter 11 Case, or (c) the conversion of this Chapter 11 Case to a case under chapter 7, and upon the written request of the Disclosing Party or any of its Representatives, each Receiving Party shall either (at the Receiving Party's election) (i) promptly destroy all copies of the Confidential Information in its possession, or (ii) promptly deliver to the Disclosing Party all copies of the Confidential Information in its possession; provided, however, that the Receiving Parties may retain all analyses, compilations, forecasts, studies or other documents prepared by the Receiving Parties, including those reflecting Confidential Information, and such other information that such Receiving Party is required to retain by law or reasonable and customary internal document retention policies (including any internal document retention policies in effect as of the date of this Protective Order) (collectively the "**Retained Information**"); provided, further, however, that the Receiving Party shall not be required to return or destroy any Confidential Information if the Disclosing Party agrees in writing that the Receiving Party may retain such Confidential Information or the Receiving Party obtains an order of the Bankruptcy Court authorizing it to retain such Confidential Information; provided, further, however, that backup copies of electronic communications containing Confidential Information which are automatically generated through Receiving Party's data backup and/or archiving systems and which are not readily accessible by Receiving Party's business personnel (the "**Electronic Copies**") shall not be deemed to violate this Protective Order, so long as such Electronic Copies are not disclosed or used in violation of the terms of this Protective Order. If requested by a Disclosing Party, a Receiving Party shall provide a certification as to the destruction of any materials in accordance with the foregoing. Any Receiving Party that retains any Retained

Information or other Confidential Information pursuant to this paragraph will continue to be subject to the terms of this Protective Order in respect of all such information.

14. Each Receiving Party acknowledges that remedies at law would be inadequate to protect the Disclosing Party against any breach of this Protective Order and, without prejudice to any other rights and remedies otherwise available to the Disclosing Party, each of the Receiving Parties agrees that the Disclosing Party may seek injunctive relief restricting the further release of Confidential Information, or the specific performance of the terms of this Protective Order restricting the further release of Confidential Information, for any breach of this Protective Order by one or more of the Receiving Parties without proof of actual damages and without the requirement of obtaining any bond or giving any security in connection with the granting of any such relief. In the absence of willful misconduct or bad faith, injunctive relief and specific performance of the terms of this Protective Order, as provided for in this paragraph, will be the exclusive remedies available to Disclosing Parties for any alleged breach of this Protective Order by the Trustee and his Advisors.

15. The Receiving Parties and the Disclosing Parties hereby (a) submit to the jurisdiction of the Bankruptcy Court with respect to all disputes, actions, suits and proceedings arising out of or relating to this Protective Order, (b) agree that all claims with respect to any such dispute, action, suit or proceeding may be heard and determined in the Bankruptcy Court, (c) waive the defense of an inconvenient forum, (d) agree that service of any process, summons, notice or document by United States mail or as otherwise provided in this Protective Order shall be effective service of process for any action, suit or proceeding brought in the Bankruptcy Court by either party with respect to any such dispute, action, suit or proceeding, (e) agree that a final judgment in any such action, suit or proceeding shall be conclusive and may be enforced in other

jurisdictions by suit on the judgment or in any other manner provided by law and, (f) waive a right to trial by jury of any dispute, action, suit or proceeding related to this Protective Order.

16. Each party agrees that no failure or delay by the other party in exercising any right, power or privilege hereunder will operate as a waiver thereof, nor will any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

17. This Protective Order will be governed by and construed in accordance with the laws of the State of New York applicable to contracts between residents of that State and executed in and to be performed in that State.

18. This Protective Order supersedes any confidentiality agreements entered into by the Trustee with any parties in interest, and except as provided herein, no modifications of this Protective Order or waiver of the terms and conditions hereof will be binding upon the parties, except by order of the Bankruptcy Court. The Trustee and all parties and persons subject to the Protective Order retain the right to seek relief from the Bankruptcy Court with respect to the terms and conditions of this Protective Order.

19. All notices and other communications to the parties required or permitted under this Protective Order shall be in writing and shall become effective when delivered by electronic mail, overnight courier service, first class mail (postage prepaid) or hand delivery, addressed as follows:

If to the Trustee:

Richard J. Davis, Esq.
415 Madison Avenue, 11th Floor
New York, NY 10017
richard.davis@rjdavislaw.com

With a copy to:

Luskin, Stern & Eisler LLP

Eleven Times Square
New York, NY 10036
Attn: Michael Luskin, Esq.
luskin@lsellp.com

20. This Protective Order shall be binding upon and inure to the benefit of all parties hereto and their respective successors and permitted assigns.

21. Subject to the Trustee's right to challenge any assertion of privilege or prohibition from disclosure, nothing in this Protective Order shall require disclosure of information by a Disclosing Party that the Disclosing Party's Advisors contends is protected or prohibited from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege or other protection, including without limitation any applicable data privacy laws. If information protected or prohibited from disclosure is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information or any other information that may be protected from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege or other protection. If a Disclosing Party inadvertently or mistakenly produces information that is protected or prohibited from disclosure, upon written request by the Disclosing Party after the discovery of such inadvertent or mistaken production, the Receiving Party shall use all commercially reasonable efforts to return or destroy the information for which a claim of inadvertent production is made and all copies of it, including any work product containing, identifying, or referencing such information, within five business days of such request, and the Receiving Party shall not use such information for any purpose other than in connection with a motion to compel production of the information. If the Receiving Party returns such information, it may then move the Court for an order compelling production of the information, but that motion shall not assert as a ground

for entering such an order the fact or circumstance of the inadvertent production of the information

22.    This Court shall retain jurisdiction to resolve any dispute arising from or related to this Order.

Dated:  New York, New York
        November 9, 2012

                                            *s/ Robert E. Gerber*
                                            THE HONORABLE ROBERT E. GERBER
                                            UNITED STATES BANKRUPTCY JUDGE

## SCHEDULE 1

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was approved by the United States Bankruptcy Court for the Southern District of New York on _____, 2012 [Docket No. ____] in the case of *Fletcher International, Ltd.*, No. 12-12796 (REG). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of the Chapter 11 Case.

Date: _____

City and State where signed: _____

Printed name: _____
                [printed name]

Signature: _____
           [signature]

**Exhibit C**

On Mar 7, 2014, at 8:24 PM, "Karen Ostad" <kostad@ostadllc.com> wrote:

Dear Michael,

On behalf of the six BVI Richcourt Funds (Richcourt Euro Strategies Inc., Optima Absolute Return Fund Ltd., Richcourt Allweather Fund Inc., America Alternative Investments Ltd., Richcourt Composite Inc., and Richcourt Allweather Fund B Inc.), we request production of the following documents by March 14, 2014. Terms not defined herein shall have the meanings set forth in our and Jones Day's comments to the FILB Plan. These requests are made pursuant for Bankruptcy Rules 7026 et al. and 9014.

1. Any documents evidencing redemption requests made by the Richcourt Funds (defined as the BVI Funds, the Soundview Entities and the Cayman Entities) or any of them to FILB, Leveraged or Arbitrage.

2. Any documents evidencing delivery of redemption proceeds to any of the Richcourt Funds, including the date of payment, the amount of payment, the payor and the recipient.

3. Any documents evidencing the net asset value the payor of such redemption requests relied upon at the time of the redemption payment.

4. Any documents relied upon by the FILB Trustee or his financial advisors to support their belief that the monies held by the Richcourt Funds in whole or in part may have been used by Fletcher and/or affiliates to maintain the 20% margin allegedly set forth in the LA Pension Funds' and/or MBTA's subscription or other purchase or governing documents related to their investments in Leveraged, Arbitrage or Alpha, as applicable. Such actions include, but are not limited to, the purchase or redemption of various Richcourt Funds that appear to maintain the requisite 20% subordination level.

5. Any documents relied on by the FILB Trustee or his advisors to support their belief that the acquisition of the Richcourt Funds may have been intended to prop up the value of the Fletcher Funds.

6. Any documents relied upon by the FILB Trustee or his advisors related to FILB ownership of FIP shares.

7. Any documents evidencing the investments held by each Richcourt Fund.

Thanks for your cooperation. If it would help streamline things, perhaps Deborah Midanek of Solon and a Goldin representative can discuss how to make the production of these documents most efficient.

Regards,

Karen


Karen Ostad, Esq.
OSTAD PLLC
kostad@ostadllc.com
+1.917.443.1558

**Exhibit D**

From: Stephan Hornung <hornung@lsellp.com>
Subject: In re Fletcher International, Ltd., Case No. 12-12796 (REG)
Date: March 10, 2014 4:04:55 PM PDT
To: Alphonse Fletcher <af@fam91.com>
Cc: Lucia Chapman <chapman@lsellp.com>

Dear Mr. Fletcher:

  The FILB Trustee has received a document request (the "Document Request") from Karen Ostad, counsel to the (i) Richcourt Euro Strategies Inc.; (ii) Optima Absolute Return Fund, Ltd.; (iii) Richcourt Allweather Fund, Inc.; (iv) America Alternative Investments, Ltd.; (v) Richcourt Composite, Inc.; and (vi) Richcourt Allweather B, Inc. (together, the "Richcourt BVI Funds") seeking documents from the FILB Trustee related to the Richcourt BVI Funds. A copy of Ms. Ostad's email is attached for your reference.

  Pursuant to Paragraph 10 of the Protective Order, as modified [see Docket No. 432], we hereby provide you with notice that in response to the Document Request, the FILB Trustee intends to produce to the Richcourt BVI Funds: (i) all email communications (including attachments) previously produced by the FILB Trustee to the SEC and to the Soundview Trustee; (ii) some or all of the documents produced to the Trustee in response to the order compelling Fletcher Asset Management and Fletcher International Inc. (together, "Fletcher") to comply with the Trustee's outstanding Subpoenas [Docket No. 255]; and (iii) any additional documents produced by Fletcher to the Trustee that the Trustee or his advisors determine are responsive to the Richcourt BVI Funds' Document Request. In accordance with the Protective Order, the FILB Trustee will notify the Richcourt BVI Funds that all documents have been designated as Confidential under the Uniform Protective Order for Trustee Discovery [Docket No. 151]. Copies of the relevant orders are also attached for your reference.

  The FILB Trustee intends to begin producing documents to the Soundview Trustee on Thursday, March 13, 2014. If you intend to move for a protective order, please let us know by no later than Wednesday, March 12, 2014 at 7:00 p.m. (EST) so that we can arrange for a Court conference on an expedited basis.

  Should you have any questions, please do not hesitate to contact me.

  Regards,

  Stephan

Stephan Hornung
Luskin, Stern & Eisler LLP
Eleven Times Square
New York, NY 10036

Direct: 212-597-8245
Main: 212-597-8200
Fax: 212-974-3205
hornung@lsellp.com
www.lsellp.com

This email and any attachments accompanying it are only for the use of the intended recipient and may contain material that is confidential or privileged. Any review, use, disclosure, copying or distribution of this transmission by anyone other than the intended recipient is strictly prohibited. If you are not an intended recipient, please immediately notify the sender by reply email and delete all copies of this transmission.