UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re Fletcher International, Ltd.  
    Debtor

Case No. 12-12796  
Reporting Period: 3/01/14 - 3/31/14

Federal Tax I.D. # 98-0460743

## CORPORATE MONTHLY OPERATING REPORT

File with the Court and submit a copy to the United States Trustee within 20 days after the end of the month and submit a copy of the report to any official committee appointed in the case.
*(Reports for Rochester and Buffalo Divisions of Western District of New York are due 15 days after the end of the month, as are the reports for Southern District of New York.)*

| REQUIRED DOCUMENTS | Form No. | Document Attached | Explanation Attached |
|---|---|---|---|
| Schedule of Cash Receipts and Disbursements | MOR-1 | X | |
| Bank Reconciliation (or copies of debtor's bank reconciliations) | MOR-1 (CON'T) | X | |
|     Copies of bank statements | | X | |
|     Cash disbursements journals | | X | |
| Statement of Operations | MOR-2 | X | X |
| Statement of Financial Position | MOR-3 | X | X |
| Status of Post-petition Taxes | MOR-4 | | X |
|     Copies of IRS Form 6123 or payment receipt | | | |
|     Copies of tax returns filed during reporting period | | | |
| Summary of Unpaid Post-petition Debts | MOR-4 | | X |
|     Listing of Aged Accounts Payable | | | |
| Accounts Receivable Reconciliation and Aging | MOR-5 | | X |
| Taxes Reconciliation and Aging | MOR-5 | | X |
| Payments to Insiders and Professional | MOR-6 | | X |
| Post Petition Status of Secured Notes, Leases Payable | MOR-6 | | X |
| Debtor Questionnaire | MOR-7 | X | X |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the attached documents are true and correct to the best of my knowledge and belief.

Signature of Debtor _____ Date _____

Signature of Authorized Individual* /s/ Richard J. Davis    Date 4/30/14

Richard J. Davis: as Chapter 11 Trustee for Fletcher International, Ltd.    Date _____

*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor is a partnership; a manager or member if debtor is a limited liability company.

**In re** Fletcher International, Ltd.  
**Debtor**

**Case No.** 12-12796  
**Reporting Period:** 3/01/14 - 3/31/14

Amounts reported should be from the debtor's books and not the bank statement.  The beginning cash should be the ending cash from the prior month or, if this is the first report, the amount should be the balance on the date the petition was filed.  The amounts reported in the "CURRENT MONTH - ACTUAL" column must equal the sum of the four bank account columns.  Attach copies of the bank statements and the cash disbursements journal.  The total disbursements listed in the disbursements journal must equal the total disbursements reported on this page.  A bank reconciliation must be attached for each account.  [See MOR-1 (CON'T)]

| ACCOUNT NUMBER (LAST 4) | BANK ACCOUNTS | | |
|---|---|---|---|
|  | DIP Account Citibank | Brokerage Credit Suisse | CURRENT MONTH ACTUAL (TOTAL OF ALL ACCOUNTS) |
| **CASH BEGINNING OF PERIOD** | 648,791.72 | 206,337.03 | 855,128.75 |
| **RECEIPTS** | | | |
| CASH SALES | | | - |
| ACCOUNTS RECEIVABLE - PREPETITION | | | - |
| ACCOUNTS RECEIVABLE - POSTPETITION | | | - |
| LOANS AND ADVANCES | | | - |
| SALE OF ASSETS | - | | - |
| OTHER *(ATTACH LIST)* | - | - | - |
| TRANSFERS *(FROM DIP ACCTS)* | - | | - |
| TOTAL RECEIPTS | - | - | - |
| **DISBURSEMENTS** | | | |
| NET PAYROLL | | | - |
| PAYROLL TAXES | | | - |
| SALES, USE, & OTHER TAXES | | | - |
| INVENTORY PURCHASES | | | - |
| SECURED/ RENTAL/ LEASES | | | - |
| INSURANCE | | | - |
| ADMINISTRATIVE | - | | - |
| SELLING | | | - |
| OTHER *(ATTACH LIST)* | (254,215.82) | - | (254,215.82) |
| OWNER DRAW * | | | - |
| TRANSFERS *(TO DIP ACCTS)* | | - | - |
| PROFESSIONAL FEES | | | - |
| U.S. TRUSTEE QUARTERLY FEES | - | | - |
| COURT COSTS | | | - |
| **TOTAL DISBURSEMENTS** | (254,215.82) | - | (254,215.82) |
| | | | |
| NET CASH FLOW | | | |
| (RECEIPTS LESS DISBURSEMENTS) | | | |
| | | | |
| CASH – END OF MONTH | 394,575.90 | 206,337.03 | 600,912.93 |

* COMPENSATION TO SOLE PROPRIETORS FOR SERVICES RENDERED TO BANKRUPTCY ESTATE

**THE FOLLOWING SECTION MUST BE COMPLETED**
**DISBURSEMENTS FOR CALCULATING U.S. TRUSTEE QUARTERLY FEES: (FROM CURRENT MONTH ACTUAL COLUMN)**

| **TOTAL DISBURSEMENTS** | 254,215.82 |
|---|---|
| LESS:  TRANSFERS TO OTHER DEBTOR IN POSSESSION ACCOUNTS | - |
| PLUS:  ESTATE DISBURSEMENTS MADE BY OUTSIDE SOURCES  (i.e. from escrow accounts) | - |
| **TOTAL DISBURSEMENTS FOR CALCULATING U.S. TRUSTEE QUARTERLY FEES** | 254,215.82 |

| **In re** | Fletcher International, Ltd. | **Case No.** | 12-12796 |
|---|---|---|---|
| | **Debtor** | **Reporting Period:** | 3/01/14 - 3/31/14 |

MOR-1 cont. Schedule of Cash Receipts and Disbursements

CITI DIP GL Account 1013<br>
Fletcher International, Ltd.<br>
3/31/14

| Date | Description | Activity |
|---|---|---:|
| | Opening balance | 648,791.72 |
| 3/24/2014 | Goldin Associates, LLC Fees | (80,801.17) |
| 3/24/2014 | Professional Fees | (3,375.00) |
| 3/24/2014 | Luskin Stern & Eisler LLP Fees | (170,039.65) |
| 3/31/14 | Balance | 394,575.90 |

Credit Suisse GL Account 1160<br>
Description<br>
3/31/14

| Date | Description | Activity |
|---|---|---:|
| | Opening balance | 206,337.03 |
| 3/31/14 | Balance | 206,337.03 |

| | |
|---|---|
| **In re** Fletcher International, Ltd. | **Case No.** 12-12796 |
| **Debtor** | **Reporting Period:** 3/01/14 - 3/31/14 |

MOR-1 cont. Bank and Broker Reconciliations

MOR-1 Bank and Broker Reconciliations
CITI DIP GL Account 1013
3/31/14

| | Balance |
|---|---:|
| Balance Per GL | 394,575.90 |
| Balance Per Statement | 394,575.90 |
| Difference | 0.00 |

MOR-1 Bank and Broker Reconciliations
Credit Suisse GL Account 1160
3/31/14

| | Balance |
|---|---:|
| Balance Per GL | 206,337.03 |
| Balance Per Statement | 206,337.03 |
| Difference | 0.00 |

**In re** Fletcher International, Ltd.  **Case No.** 12-12796
**Debtor**  **Reporting Period:** 3/01/14 - 3/31/14

## FLETCHER INTERNATIONAL, LTD.

STATEMENT OF OPERATIONS
*(Unaudited)*

|  | Month Ended March 31, 2014 | Cumulative Post-Petition Period |
|---|---:|---:|
| **Income (Loss) from Investing Activities:** | | |
| Net Realized/Unrealized Trading Gains (Loss) | $         - | $  (1,133,748) |
| Unrealized Gain (Loss) on Foreign Currency Translation | - | (878,634) |
| Income (Loss) from Affiliates | - | 18,956 |
| Dividend Income, net | - | 12,056 |
| Other Income | - | 1,292,175 |
| Net Interest Income | 32,353 | 367,496 |
| Total Income (Loss) from Investing Activities | 32,353 | (321,700) |
| **Operating Expenses:** | | |
| Net Interest Expense | - | 31,915 |
| Administrative Expense | - | 389,755 |
| Legal Expense | - | 87,848 |
| Consulting Expense | - | 194,489 |
| Other Expense | - | 279,283 |
| Total Operating Expenses | - | 983,290 |
| **Reorganization Items:** | | |
| Professional and Trustee Fees | 520,261 | 11,596,451 |
| U.S. Trustee Expense | 4,875 | 53,825 |
| Total Reorganization Items | 525,136 | 11,650,276 |
| **Net Income (Loss)** | $  (492,783) | $  (12,955,266) |

The Monthly Operating Report should be read in conjunction with the accompanying Explanations to March 31, 2014 Monthly Operating Report

**In re** Fletcher International, Ltd.  **Case No.** 12-12796
**Debtor**  **Reporting Period:** 3/01/14 - 3/31/14

## FLETCHER INTERNATIONAL, LTD.

STATEMENT OF FINANCIAL POSITION
*(Unaudited)*

|  | March 31, 2014 | February 28, 2014 | June 30, 2012[1] |
|---|---:|---:|---:|
| **Assets** | | | |
| Cash | $ 600,913 | $ 855,129 | $ 1,875,397 |
| Due From Lehman Brothers International (Europe) | - | - | 64,086 |
| Due From FIA Leveraged Fund | 648,279 | 648,279 | 648,279 |
| Assets Pledged | 3,867,775 | 3,867,775 | 3,867,775 |
| Investments | 19,603,905 | 19,603,905 | 27,219,045 |
| Pledge Fee Receivable | 79,689 | 79,645 | 78,831 |
| Investment in Affiliates | 4,046,500 | 4,046,500 | 4,046,500 |
| Note Receivable Due From Fletcher International Inc. | 14,856,835 | 14,824,526 | 14,180,219 |
| Prepaid Expenses | - | - | 130,748 |
| **Total Assets** | **$ 43,703,895** | **$ 43,925,758** | **$ 52,110,880** |
| **Liabilities** | | | |
| Post-Petition Accrued Expenses | $ 2,558,082 | $ 2,287,162 | $ - |
| Post-Petition Due to Affiliates | | | |
| Due to Income Arbitrage Partners, LLC | 3,893 | 3,893 | - |
| Due to The Fletcher Polaris Fund | 2,058 | 2,058 | - |
| Due to FIA Leveraged Fund (Euro Note Reduction) | - | - | - |
| Note Payable Due to FIA Leveraged Fund (Euro Note) | - | - | - |
| Note Payable Due to Fletcher International Inc. | - | - | - |
|  | $ 2,564,033 | $ 2,293,113 | $ - |
| Liabilities Subject to Compromise: | | | |
| Pre-Petition Accrued Expenses | 6,304,878 | 6,304,878 | 6,753,896 |
| Due to Fletcher Fixed Income Alpha Fund, Ltd. | 1,137,075 | 1,137,075 | 1,137,075 |
| Due to FIA Leveraged Fund (Euro Note Reduction) | 12,271,616 | 12,271,616 | 12,271,616 |
| Note Payable Due to FIA Leveraged Fund (Euro Note) | 4,953,996 | 4,953,996 | 4,953,996 |
| Note Payable Due to Fletcher International Inc. | 288,327 | 288,327 | 288,327 |
| Total Liabilities Subject to Compromise | $ 24,955,892 | $ 24,955,892 | $ 25,404,910 |
| **Total Liabilities** | 27,519,924 | 27,249,004 | 25,404,910 |
| **Capital** | **$ 16,183,970** | **$ 16,676,753** | **$ 26,705,970** |

The Monthly Operating Report should be read in conjunction with the accompanying Explanations to March 31, 2014 Monthly Operating Report

[1] The balances reflected on the Debtor's statement of financial position as of June 29 (the "Petition Date") and June 30, 2012 are assumed to be identical for reporting purposes.

| In re Fletcher International, Ltd. | Case No. 12-12796 |
|---|---|
| Debtor | Reporting Period: 3/01/14 - 3/31/14 |

## DEBTOR QUESTIONNAIRE

| | Must be completed each month. If the answer to any of the questions is "Yes", provide a detailed explanation of each item. Attach additional sheets if necessary. | Yes | No |
|---|---|---|---|
| 1 | Have any assets been sold or transferred outside the normal course of business this reporting period? | | X |
| 2 | Have any funds been disbursed from any account other than a debtor in possession account this reporting period? | | X |
| 3 | Is the Debtor delinquent in the timely filing of any post-petition tax returns? | | X |
| 4 | Are workers compensation, general liability or other necessary insurance coverages expired or cancelled, or has the debtor received notice of expiration or cancellation of such policies? | | X |
| 5 | Is the Debtor delinquent in paying any insurance premium payment? | | X |
| 6 | Have any payments been made on pre-petition liabilities this reporting period? | | X |
| 7 | Are any post petition receivables (accounts, notes or loans) due from related parties? | | X |
| 8 | Are any post petition payroll taxes past due? | | X |
| 9 | Are any post petition State or Federal income taxes past due? | | X |
| 10 | Are any post petition real estate taxes past due? | | X |
| 11 | Are any other post petition taxes past due? | | X |
| 12 | Have any pre-petition taxes been paid during this reporting period? | | X |
| 13 | Are any amounts owed to post petition creditors delinquent? | | X |
| 14 | Are any wage payments past due? | | X |
| 15 | Have any post petition loans been received by the Debtor from any party? | | X |
| 16 | Is the Debtor delinquent in paying any U.S. Trustee fees? | | X |
| 17 | Is the Debtor delinquent with any court ordered payments to attorneys or other professionals? | | X |
| 18 | Have the owners or shareholders received any compensation outside of the normal course of business? | | X |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FLETCHER INTERNATIONAL, LTD., | ) | Case No. 12-12796 (REG) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**Explanations to March 2014 Monthly Operating Report**

**Basis of Presentation:**
The unaudited statements of financial position as of June 30, 2012, February 28, 2014 and March 31, 2014 and the related unaudited statements of operations for the month ended March 31, 2014 and the cumulative post-petition period ended March 31, 2014 accompanying Fletcher International, Ltd.'s (the "**Debtor**") monthly operating report ("**MOR**") for the month ended March 31, 2014 reflect the financial position and results of operations of the Debtor only and do not reflect the consolidation of the Debtor's non-debtor subsidiaries and controlled entities, BRG Investments, LLC ("**BRG**"), The Aesop Fund Ltd. (the "**Aesop Fund**"), and Fletcher International Partners L.P. ("**FIP LP**"), for which the Debtor has employed the equity method of accounting.

On June 29, 2012, the Debtor filed a petition for relief under Chapter 11 of the federal bankruptcy laws in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtor is a "master fund" in a "master-feeder fund" structure known as the Fletcher Funds. A master-feeder fund is comprised of multiple entities through which profits and losses flow in a predetermined way. As a master fund, the Debtor engaged in proprietary trading of various financial instruments. Third-party investors made investments in feeder funds by purchasing shares in a particular series of stock designed to correspond to underlying investments made by master funds. No other direct or indirect subsidiaries have filed for relief under any section of the federal bankruptcy law.

On September 25, 2012, an order was entered directing the appointment of a Chapter 11 Trustee to the Debtor and on September 28, 2012, Richard J. Davis was appointed as the Chapter 11 Trustee to the Debtor (the "**Chapter 11 Trustee**").

> As a result of the Debtor's bankruptcy filing, the Debtor's pre-petition indebtedness is subject to compromise. The obligations presently classified as "*Liabilities Subject to Compromise*" on the Debtor's statement of financial position reflect the Debtor's estimate of known or potential liabilities as of June 29, 2012 (the "**Petition Date**").
>
> On March 28, 2018, The Bankruptcy Court approved confirmation of the plan set forth by the Chapter 11 Trustee with an effective date of April 7, 2014.
>
> **Disclaimer:**
>
> **The financial statements, schedules and explanations accompanying the Debtor's MOR for the month ended March 31, 2014 are subject to ongoing investigation and review by the Chapter 11 Trustee, the results of which may necessitate adjustments that may have a material impact on the financial statements and schedules taken as a whole. Each item is subject to reclassification, re-characterization and/or adjustment, and the Chapter 11 Trustee reserves all rights with respect to the amount, classification, characterization and explanation of each item reported herein. Nothing set forth in this MOR shall be deemed a waiver of the Chapter 11 Trustee's right to challenge the amount, characterization and/or classification of any asset, liability or equity interest.**

**MOR-2**:

**Explanation of Certain Accounts**

*Net Interest Income*

The item captioned as "*Net Interest Income*" on the Debtor's statement of operations reflects the net amount of interest income during the period related to (i) the Fletcher International, Inc. ("**Fletcher Delaware**") Note Receivable (as defined below), (ii) the Pledge Fee recognized during the period under the Guaranty and Pledge Agreement (as defined below) and (iii) interest income on the Debtor's pre-petition interest bearing bank accounts with Credit Suisse, HSBC, JPMorgan and Citibank, net of interest and tax withholding expenses during the period related to (i) the Leveraged Euro Note and (ii) the note payable due to Fletcher Delaware.

*Reorganization Items: Professional and Trustee Fees*

Comprises of fees and expenses for the Chapter 11 Trustee and professionals including those professionals that provided services to the Debtor prior to the appointment of the Chapter 11 Trustee.

**MOR-3**:

**Explanation of Certain Accounts**

*Settlement of Potential Claims and Return of Assets*

    A. Reversal of transfers to FII

The Chapter 11 Trustee entered into a term-sheet agreement with Fletcher International Inc., ("FII") on February 8, 2013 settling potential claims against FII and transferring assets back to the estate.

The assets to the transferred back into FILB were:
   a) $2,200,000 that was transferred from the Debtor's bank account to FII's bank account;
   b) 50% of the Debtor's warrants to purchase shares of Common Stock Junior Preferred of United Community Banks, Inc., a Georgia corporation ("**UCBI**"), with a strike price of $4.25 (the "**UCBI Warrants**");
   c) 100% of the Debtor's membership interest in BRG Investments, LLC (the "**BRG Membership Interests**");
   d) Certain warrants to purchase shares of common stock of Document Security Systems, Inc., a New York corporation ("**DSS**"), with a strike price of $5.38 (the "**DSS Warrants**"); and
   e) The right to any payment in excess of $606,667 made by UCBI to the Debtor due to a "registration failure" under a certain Stock Purchase Agreement, dated April 1, 2010, between the Debtor and UCBI (the "**Excess Registration Funds**").

On February 11, 2013, the Chapter 11 Trustee filed a motion seeking an order approving the term-sheet agreement that was presented to the Bankruptcy Court and signed on February 20, 2013. The settlement closed on March 8, 2013. On that date, FII returned the $2.2 million cash that had been previously transferred by the Debtor into its account. The valuations of the other assets are subject to investigation and review by the Chapter 11 Trustee and his advisors and are currently not ascribed a value.

    B. FIP Ltd.

The Chapter 11 Trustee learned that on June 20, 2013, Fletcher International Partners Ltd. ("**FIP Ltd.**") (acting through its sole director, Stewart Turner) purported to transfer the Debtor's interest in FIP Ltd. to Richcourt Euro Strategies ("**RES**") and Richcourt Allweather Fund ("**RAF**") and to instruct the custodian of FIP Ltd.'s official share register to enter the transfer in its records. The Trustee maintains that this was in violation of the automatic stay and other provisions of the Bankruptcy Code, and took immediate action to reverse the transfer and correct the share register. The result was a stipulation among the parties that resulted in the reversal of the transfer and the correction of the official share register to reflect the Debtor's ownership of the FIP shares. The valuation of the asset is subject to investigation and review by the Chapter 11 Trustee and his advisors and is currently not ascribed a value.

*Cash*

As of March 31, 2014, the item captioned as "*Cash*" on the Debtor's statement of financial position comprises of the cash at the Debtor's pre-petition account at Credit Suisse (brokerage account) and at the Debtor's post-petition DIP account at Citibank, N.A.

As of the Petition Date, Credit Suisse held holding approximately $1.6 million in cash (the "**Debtor's Funds**") as well as other investment securities valued by the Debtor at approximately $7.6 million (the "**Investment Securities**" and, together with the Debtor's Funds, the "**Debtor Assets**"). Credit Suisse asserted a lien against the Debtor Assets and contended that the Debtor Assets constitute cash collateral under section 363 of the Bankruptcy Code. After several weeks of negotiations, on August 31, 2012, the Debtor and Credit Suisse entered into the Stipulation and Final Order by and between the Debtor and Credit Suisse (A) Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. § 363, (B) Governing Return of Assets to the Debtor, (C) Granting Adequate Protection to Credit Suisse Pursuant to 11 U.S.C. §§ 105(a), 361, 362 and 363 and (D) Allowing Set off by Credit Suisse (the "**Cash Collateral Stipulation**"). The Chapter 11 Trustee negotiated modifications to the proposed Cash Collateral Stipulation and the revised Stipulation was approved by the Bankruptcy Court in an Order dated November 9, 2012. Upon entry of the Cash Collateral Stipulation and Order dated November 9, 2012, Credit Suisse is obligated to release to the Debtor (i) approximately $1.0 million of the Debtor's Funds; and (ii) the Investment Securities. Shortly after entry of the November 9, 2012 Cash Collateral Stipulation and Order, Credit Suisse released to the Debtor approximately $1.0 million and the Investment Securities. Credit Suisse retains a contingent unliquidated super priority claim capped at $4.5 million minus the $195,673 paid to Credit Suisse pursuant to paragraph 14 of the Cash Collateral Stipulation and Order minus any amounts as set forth pursuant to paragraph 15 (a) and 15 (b) of the Cash Collateral Stipulation.

As of March 31, 2014, Credit Suisse held cash approximating $0.2 million.

On November 16, 2012 the Bankruptcy Court entered an order allowing the Chapter 11 Trustee to sell the Investment Securities. In early December 2012, the Chapter 11 Trustee realized approximately $6.5 million from the sale of the Investment Securities.

*Due from and to Related and Affiliated Parties*

All amounts owed from and to related and affiliated parties are subject to investigation and review by the Chapter 11 Trustee.

*Due from FIA Leveraged Fund*

The Debtor and FIA Leveraged Fund, Ltd. (In Official Liquidation) ("**Leveraged**") were parties to an equity swap transaction (the "**Leveraged Swap**") that has been terminated. The item captioned as "*Due from FIA Leveraged Fund*" on the Debtor's statement of financial position reflects the net amount owing to the Debtor from Leveraged related to the Leveraged Swap.

*Assets Pledged*

In connection with the acquisition of certain assets from United Community Banks, Inc. ("**UCBI**") by Asset Holding Company 5, LLC ("**AHC5**"), an affiliate of Fletcher Delaware, on May 31, 2010 (the "**UCBI Transaction**"), the Debtor entered into a guaranty and pledge agreement with AHC5 (as borrower) and Fletcher Delaware (as guarantor) (the "**Guaranty and Pledge Agreement**"), pursuant to which the Debtor agreed to pledge approximately $15.6 million in marketable securities on behalf of AHC5 as collateral (the "**Collateral**") to secure certain obligations of AHC5 and its subsidiaries (the "**Carrying Costs**") under the definitive agreements for the UCBI Transaction.  Pursuant to the terms of the Guaranty and Pledge Agreement, the pledged securities were transferred to accounts controlled by UCBI and utilized to fund the Carrying Costs (the "Carry Accounts"). The MOR reports the balances in the carrying accounts of AHC5 and its subsidiaries and does not represent the original assets pledged in 2010. The transactions are currently being investigated and reviewed by the Chapter 11 Trustee and his advisors. Additionally as of March 31, 2014 there was a pledge fee receivable approximating $79,650.

During the period from the Petition Date through January 30, 2013, approximately $3.9 million of cash was funded from the accounts controlled by UCBI to satisfy certain Carrying Costs.  The transfers are being investigated, reviewed and disputed by the Chapter 11 Trustee and appear to be subject to objection since they were done without a Bankruptcy Court order modifying or lifting the automatic stay.

*Investments*

The Debtor maintains an investment portfolio that consists of positions in privately purchased securities and publicly-traded companies. The MOR reflects the investments at the valuations disclosed in the Statement of Assets and Liabilities as of the Petition Date which was filed on September 24, 2012. These valuations are subject to investigation and review by the Chapter 11 Trustee and his advisors. Previously recognized gains and losses from the petition date through August 31, 2012 have been adjusted back to reflect valuations as of the Petition Date.

*Investment in Affiliates*

The item captioned as "*Investment in Affiliates*" on the Debtor's statement of financial position consists of the Debtor's investments in its subsidiaries and entities under its control, BRG, the Aesop Fund and FIP LP. These values are subject to review by the Chapter 11 Trustee and his advisors.

*Note Receivable Due from Fletcher International Inc.*

The item captioned as "*Note Receivable Due from Fletcher International, Inc.*" (the "**Fletcher Delaware Note Receivable**") on the Debtor's statement of financial position represents the amount of principal and accrued interest related to a note receivable due to the Debtor from Fletcher Delaware which originated from the transfer to the Debtor of a note receivable owed to Fletcher Income Arbitrage Fund, Ltd. ("**Arbitrage**") from Fletcher Delaware in satisfaction of

amounts owing to the Debtor by Arbitrage. The Fletcher Delaware Note Receivable, dated October 31, 2010, had an opening principal balance of approximately $13.4 million. The $14.8 million balance reflected on the Debtor's statement of financial position as of March 31, 2014 for the Fletcher Delaware Note Receivable includes accrued interest between October 31, 2010 and March 31, 2014.

### *Post-Petition Accrued Expenses*

The item captioned as "*Post- Petition Accrued Expenses*" on the Debtor's statement of financial position represents the estimated amount of post-petition accrued fees owing by the Debtor to the Chapter 11 Trustee and professionals rendered subsequent to the Petition Date. At the discretion of the Chapter 11 Trustee, Quantal and director fees have been reversed and are in dispute.

### *Due to Income Arbitrage Partners, LLC and The Fletcher Polaris Fund*

In February 2013, Lehman Brothers Inc. settled with FIP LP., an entity where the Debtor has a majority interest. The item captioned comprises of the proportionate share of the settlement received by the Debtor that is to be remitted to Income Arbitrage Partners, LLC, and the Fletcher Polaris Fund, minority shareholders in FIP LP.

### *Due to FIA Leveraged Fund (Euro Note Reduction) and Note Payable Due to FIA Leveraged Fund (Euro Note)*

The Debtor was a party to an investment arrangement with Arbitrage, pursuant to which investor proceeds from the issuance of certain Series E Class shares (the "**Euro Class Shares**") in Arbitrage were invested in the Debtor in the form of an interest bearing note payable to Arbitrage, which was structured to provide a yield that was indexed to Euro LIBOR (the "**Arbitrage Euro Note**").

On or around December 31, 2010, various investors in the Euro Class Shares together with certain other investors in the Series 1 Class shares in Leveraged were redeemed in-kind through the issuance of certain other Series 6 Class shares in Leveraged (the "**Series 6 Class Shares**"). On January 1, 2011, the Arbitrage Euro Note was cancelled, and, in a series of transactions, the balance owing to Arbitrage was transferred to Leveraged and a new note was issued by the Debtor to Leveraged (the "**Leveraged Euro Note**") in the amount of EUR 20.4 million (USD $27.4 million).

Upon information and belief, certain of the investors attempted to redeem their investments in the Series 6 Class Shares subsequent to their issuance. Consequently, the Debtor reclassified a portion of the Leveraged Euro Note to an accounts payable balance, which is captioned as "*Due to FIA Leveraged Fund (Euro Note Reduction)*" on the Debtor's statement of financial position. The item captioned as "*Note Payable to FIA Leveraged Fund (Euro Note)*" on the Debtor's statement of financial position reflects the remaining principal and accrued interest owing by the Debtor to Leveraged related to the Leveraged Euro Note (net of the Euro Note Reduction described above). These transactions are currently being investigated and reviewed by the Chapter 11 Trustee and his advisors.

*Note Payable Due to Fletcher International, Inc.*

The item captioned as "*Note Payable Due to Fletcher International, Inc.*" on the Debtor's statement of financial position represents amounts loaned by Fletcher Delaware to the Debtor to fund payments to the Debtor's Bermuda counsel and its restructuring counsel. These amounts are subject to investigation and review by the Chapter 11 Trustee.

*Pre-Petition Accrued Expenses*

The item captioned as "*Pre- Petition Accrued Expenses*" on the Debtor's statement of financial position represents the Debtor's estimate of pre-petition accrued professional fees owing by the Debtor to various parties for legal, audit, valuation, custody, consulting and other professional services and scheduled in the Statement of Assets and Liabilities as disputed. These amounts are subject to the claims reconciliation process and the amounts allowed could be substantially different from the amounts scheduled.

*Contingent Liability*

On June 1, 2013, the Chapter 11 Trustee and Goldin Associates, LLC ("Goldin") mutually agreed to pay Goldin a monthly fee equal to the lesser of (i) $125,000.00 and (ii) the Hourly Fees for the applicable month plus all reasonable and necessary expenses under the standards set forth in Sections 330 and 331 of the Bankruptcy Code.

Under the agreement Goldin shall continue to file monthly fee statements and fee applications for any fees and expenses due under the Revised Engagement Letter. Amounts due under this arrangement total $1,209,000.

Of this amount, the Trustee and Goldin have agreed that Goldin will defer its right to apply for the additional 10% of Hourly Fees Billed and to make such application to the Plan Administrator and Advisory Board at a later date. The amount deferred is approximately $219,000.

**MOR-4**:

*Status of Post-Petition Taxes*:  Upon information and belief (based on the Debtor's status as a Bermuda entity and its prior practice), the Debtor is not generally subject to federal, state or local taxes in the United States.  While the Debtor is subject to withholding taxes for dividends paid to it, those taxes are withheld by the distributing party prior to payment to the Debtor.  As a result, no taxes are reported and no payment receipts or returns are required to be filed. On information and belief only, no taxes and filings should be made. The Chapter 11 Trustee is investigating the Debtor's tax obligations and reserves all rights with respect to them.

**MOR-5**:

The Debtor has no accounts receivable and upon information and belief (based on the Debtor's status as a Bermuda entity and its prior practice), the Debtor has no taxes owed. The Chapter 11 Trustee is investigating the Debtor's tax obligations and reserves all rights with respect to them.

**MOR-6**:

No payments to insiders were made during this period

**MOR 7**:  Explanations to Certain Items in the Debtor Questionnaire

*Question 7*:  There are certain notes and amounts receivable from parties that are affiliated with the Debtor (Fletcher Delaware, Alpha and Leverage) that relate to pre-petition transactions are subject to further investigation and review. Upon information and belief only, no taxes and filings should be made.

*Questions 8 through 12*:  On September 13, 2012, the Internal Revenue Service (the "**IRS**") requested that the Debtor provide it a Form 13736, Response to Inquiry About Missing Tax Return, with respect to purportedly missing tax returns for calendar years 2007 through 2012. The Chapter 11 Trustee is reviewing the IRS's request to, among other things; determine whether the Debtor is, in fact, subject to U.S. taxes.  As a result, the Chapter 11 Trustee reserves the right to amend his responses to Questions 8 through 12 for this and prior reporting periods.

Citibank CBO Services    022
P.O. Box 769018
San Antonio, Texas 78245

400/R1/20F000

003
CITIBANK, N. A.
**Account**

FLETCHER INTERNATIONAL , LTD.
-DIP
ATTN: RICHARD J DAVID ATTY AT LAW
415 MADISON AVE, STE 1100
NEW YORK                NY 10017

**Statement Period**
Mar 1 - Mar 31, 2014
**Relationship Manager**
Saybolt, Richard C
(212) 559-5662

Page 1 of 2

## CitiBusiness® ACCOUNT AS OF MARCH 31, 2014

**Relationship Summary:**

| | |
|---|---|
| Checking | $394,575.90 |
| Savings | ----- |
| Checking Plus | ----- |

NOW OPEN
A New Citibank® Branch at:
185 Madison Avenue
New York, NY
Citibank, N.A. Member FDIC

## SERVICE CHARGE SUMMARY FROM FEBRUARY 1, 2014 THRU FEBRUARY 28, 2014

| Type of Charge | No./Units | Price/Unit | Amount |
|---|---|---|---|
| **CITIBUSINESS CHECKING #** | | | |
| Average Daily Collected Balance | | | $829,606.09 |
| DEPOSIT SERVICES | | | |
|   DEPOSIT ASSESSMENT | 829,606 | | 82.73 |
|   MONTHLY MAINTENANCE FEE | 1 | 22.0000 | 22.00 |
|   CHECKS PAID | 6 | .2000 | 1.20 |
| **Total Charges for Services** | | | **$105.93** |
| Average collected balances | | | $829,606.09 |
| Balances eligible for Earnings Credit | | | $829,606.09 |
| Balances Required to Offset Service Charges | | | $552,319.02 |
| Earnings Credit allowance at 0.25000% | | | $105.93 [1] |
| Charges Subject to Earnings Credit | | | $105.93 |
| **Net Service Charge** | | | **$0.00** |

1 - Maximum Earnings Credit cannot exceed monthly fees eligible for offset

## CHECKING ACTIVITY

**CitiBusiness Checking**

Beginning Balance: $648,791.72
Ending Balance: $394,575.90

| Date | Description | | Debits | Credits | Balance |
|---|---|---|---|---|---|
| 03/24 | CHECK NO: | 1101 | 80,801.17 | | 567,990.55 |
| 03/24 | CHECK NO: | 1103 | 170,039.65 | | 397,950.90 |
| 03/26 | CHECK NO: | 1104 | 3,375.00 | | 394,575.90 |
| | **Total Debits/Credits** | | **254,215.82** | **0.00** | |

Page 16 of 17

FLETCHER INTERNATIONAL, LTD. -DIP

Account  
Statement Period: Mar 1 - Mar 31, 2014

Page 2 of 2

400/R1/20F000

## CUSTOMER SERVICE INFORMATION

| IF YOU HAVE QUESTIONS ON: | YOU CAN CALL: | YOU CAN WRITE: |
|---|---|---|
| Checking | 877-528-0990 (For Speech and Hearing Impaired Customers Only TDD: 800-945-0258) | CitiBusiness 100 Citibank Drive San Antonio, TX 78245-9966 |

For change in address, call your account officer or visit your branch.

© 2014 Citigroup Inc. Citibank, N.A. Member FDIC.
Citibank with Arc Design and CitiBusiness are registered service marks of Citigroup Inc.