Michael Luskin
Lucia T. Chapman
Stephan E. Hornung
LUSKIN, STERN & EISLER LLP
Eleven Times Square
New York, New York 10036
Telephone:  (212) 597-8200
Facsimile:  (212) 974-3205

*Attorneys for the Plan Administrator and
Former Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                              :         Chapter 11
                                                    :
FLETCHER INTERNATIONAL, LTD.,                       :         Case No. 12-12796 (REG)
                                                    :
                            Debtor.                 :
                                                    :
-------------------------------------------------------------x

### THE PLAN ADMINISTRATOR'S *EX PARTE* MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE PLAN ADMINISTRATOR AND HIS PROFESSIONALS TO FILE THEIR FINAL FEE APPLICATIONS UNDER SEAL

TO:    THE HONORABLE ROBERT E. GERBER
       UNITED STATES BANKRUPTCY JUDGE

Richard J. Davis, the former Chapter 11 Trustee and the current Plan Administrator (the "**Plan Administrator**") for Fletcher International, Ltd., hereby submits this *ex parte* motion for entry of an order pursuant to Section 105(a) of the Bankruptcy Code, Rule 26(b)(3) of the Federal Rules of Civil Procedure, Bankruptcy Rule 7026(a), and Local General Order M-447, substantially in the form attached as **Exhibit A**, (a) authorizing the Plan Administrator and his Professionals to file their Final Fee Applications (as defined below) under seal with redacted copies publicly available, and (b) directing that the Final Fee Applications shall remain under seal, confidential and, except as otherwise expressly provided herein, not be made available without the prior written consent of the Plan Administrator or pursuant to further

order of the Court.  In support of this Motion, the Plan Administrator and respectfully represents as follows:

## Jurisdiction

1. The Court has subject matter jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Rule 26(b)(3) of the Federal Rules of Civil Procedure, Bankruptcy Rule 7026, and Local General Order M-447.

## Facts Specific to the Relief Requested

2. On May 2, 2014 the following final fee applications were filed and served by the Plan Administrator and his professionals (collectively, the "**Final Fee Applications**"):[1]

   i.  Chapter 11 Trustee's Fifth and Final Application for Allowance of Compensation for Services Performed and Reimbursement of Actual and Necessary Expenses Incurred During (i) the Fifth Interim Period from November 1, 2013, to April 6, 2014, and (ii) the Retention Period from September 25, 2012, to April 6, 2014 [Docket No. 522];

   ii. Third Interim and Final Application of Luskin, Stern & Eisler LLP, as Attorneys for the Chapter 11 Trustee, for Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred During (i) the Third Interim Period from July 1, 2013, to April 6, 2014, and (ii) the Retention Period from September 25, 2012, to April 6, 2014 [Docket No. 523];

   iii. Third and Final Application of Goldin Associates, LLC as Special Consultant to the Chapter 11 Trustee, for the Interim and Final Allowance of Compensation for Services, and Reimbursement of Expenses Incurred From October 5, 2012 through April 6, 2014 [Docket No. 524];

---

[1] Although also filed on May 2, 2014, the Second Interim and Final Application of Abrams & Bayliss LLP, as Special Litigation Counsel to the Chapter 11 Trustee, for Final Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from June 1, 2013, through February 28, 2014 [Docket No. 526], is not the subject of this Motion because no time entries contained in it were redacted.

    iv.    Second Interim and Final Application for Compensation and Reimbursement of Expenses of WeiserMazars, LLP as Tax Advisors for the Chapter 11 Trustee, for Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred During (i) the Second Interim Period from July 1, 2013, to April 6, 2014, and (ii) the Retention Period from February 25, 2012, to April 6, 2014  [Docket No. 525]; and

    v.    Second Interim and Final Application of Trott & Duncan Limited, as Attorneys for the Chapter 11 Trustee, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred During (i) the Second Interim Fee Period from July 1, 2013, to April 6, 2014, and (ii) the Retention Period from August 13, 2012, to April 6, 2014 [Docket No. 527].

3.    The Plan Administrator believes that the time entries attached to the Final Fee Applications contain information that is protected from disclosure by the attorney-client privilege and the work product privilege that if publicly revealed would compromise the Plan Administrator's ongoing and contemplated litigation by disclosing the Plan Administrator's litigation strategy and analysis of potential claims.  Moreover, many of the time entries contain analysis of documents or information that has been designated by the producing party as "Confidential" under the Uniform Protective Order for Trustee Discovery (the "**Protective Order**") [Docket No. 151].

4.    Accordingly, the Plan Administrator seeks authorization for him and his professionals to file their Final Fee Applications under seal and to file redacted versions on the docket for this case, which will be publicly available.

### Relief Requested

5.    By this Motion, the Plan Administrator seeks entry of an order pursuant to Section 105(a) of the Bankruptcy Code, Rule 26(b)(3) of the Federal Rules of Civil Procedure, Bankruptcy Rule 7026(a), and Local General Order M-447 authorizing the Plan Administrator and his Professionals to file their Final Fee Applications under seal, with the publicly available versions in redacted form, and (b) directing that such documents shall remain under seal and

confidential and not be made available to anyone other than as set forth herein without the consent of the Plan Administrator or further order of the Court (after notice and hearing).

### Basis for Relief Requested

6.  Local General Order M-447 provides "[i]f an applicant believes that there is a need to omit any information or description of services as privileged or confidential, the applicant must first get the approval of the court; provided, however, that if such a request is granted, the court may require that any application also contain a set of unredacted time records for in camera inspection." Local General Order M-447(c).

7.  Section 105(a) of the Bankruptcy Code codifies the Bankruptcy Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

8.  It is axiomatic that communications with counsel for the purpose of obtaining legal advice are protected from disclosure by the attorney client privilege. In addition, the work product privilege, codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure and made applicable by Bankruptcy Rule 7026, provides that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3). The party asserting work product protection bears the burden of proving that the material sought (1) is a document or a tangible thing, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by his representative. In re Quigley Co., 2009 Bankr. LEXIS 1352 (Bankr. S.D.N.Y. Apr. 24, 2009) (citing Allied Irish Banks, p.l.c. v. Bank of Am., N.A., 240 F.R.D. 96, 105 (S.D.N.Y. 2007)). In the Second Circuit, a document is prepared in "anticipation of litigation" if "in light of the nature of the document and the factual situation of the particular case, the document can be

fairly said to have been prepared or obtained because of the prospect of litigation." United States v. Adlman, 134 F.3d 1194, 1202 (2d Cir. 1998) (quoting 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2024 at 343 (1994)).

9. The Plan Administrator believes that cause exists to file the Final Fee Applications under seal and publicly file redacted versions because they contain descriptions of privileged communications between or among the Plan Administrator, his counsel, and his advisors and work-product prepared in anticipation of litigation. The Final Fee Applications also include time entries by the Plan Administrator, his counsel, and his advisors (acting at the direction of counsel) that describe the research and analysis of actual and potential claims that have or may be brought by the Plan Administrator and the other parties to the Investor Settlement. Further, many time entries include the contents of confidential discussions between or among the Plan Administrator, his counsel, and his advisors and third parties relating to ongoing settlement negotiations. Disclosing these time entries will expose analysis of the claims that the Plan Administrator is currently evaluating or has already asserted as well as the nature of previous settlement discussions. Such disclosure would be detrimental to the Debtor's estate and the parties to the Investor Settlement. Finally, much if not all of the work performed by the Plan Administrator, his counsel, and his other advisors relates to information received from third parties that has been designated as containing confidential information pursuant to the Protective Order.

10. The Plan Administrator submits that the concerns of the Plan Administrator constitute good cause to file the unredacted Final Fee Applications under seal and requests leave to do so. Redacted and unredacted copies of the Final Fee Applications have or will be provided to the Court and the U.S. Trustee.

### No Prior Request

11. No prior application for the relief sought herein has been made to this or any other court in connection with the Debtor's Chapter 11 case.

### Notice

12. Advance notice of this Motion has not been given. Pursuant to Judge Gerber's Chambers' Rules, a motion to seal may be submitted *ex parte*. Due to the nature of the relief requested in this Motion, the Plan Administrator respectfully submits that *ex parte* relief is appropriate.

### Conclusion

**WHEREFORE**, the Plan Administrator respectfully requests that this Court enter an order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested by this Motion and such other or further relief as the Court deems just and proper.

Dated: New York, New York  
May 19, 2014

LUSKIN, STERN & EISLER LLP

By: /s/ Michael Luskin  
  Michael Luskin  
  Lucia T. Chapman  
  Stephan E. Hornung

Eleven Times Square  
New York, New York 10036  
Telephone: (212) 597-8200  
Facsimile: (212) 974-3205

*Attorneys for the Plan Administrator and Former Chapter 11 Trustee*

# EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                              :         Chapter 11
                                                    :
FLETCHER INTERNATIONAL, LTD.,                       :         Case No. 12-12796 (REG)
                                                    :
                        Debtor.                     :
                                                    :
------------------------------------------------------------x

### [PROPOSED] ORDER AUTHORIZING THE PLAN ADMINISTRATOR AND HIS PROFESSIONALS TO FILE THEIR FINAL FEE APPLICATIONS UNDER SEAL

Upon the *ex parte* motion (the "**Motion**") of Richard J. Davis, the Plan Administrator (the "**Plan Administrator**") and former Chapter 11 Trustee for Fletcher International, Ltd., for an order pursuant to Section 105(a) of the Bankruptcy Code, Rule 26(b)(3) of the Federal Rules of Civil Procedure, and Bankruptcy Rule 7026, and Local General Order M-447, (a) authorizing the Plan Administrator and his Professionals to file their Final Fee Applications (as defined in the Motion) under seal, with redacted copies publicly available, and (b) directing that the Final Fee Applications shall remain under seal, confidential and, except as otherwise expressly provided herein; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interest of the Debtor, its estate, its creditors and other parties-in-interest; and this Court having found that notice of the Motion was due and proper and that no other or further notice is required; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. Subject to the terms and conditions of this Order, the Motion is granted.

2. Pursuant to Section 105(a) of the Bankruptcy Code, Rule 26 (b)(3) of the Federal Rules of Civil Procedure, Bankruptcy Rule 7026, and Local General Order M-447, the Plan Administrator and his professionals, Luskin, Stern & Eisler, LLP, Goldin Associates, LLC, and WeiserMazars LLP are authorized to file their Final Fee Applications under seal.

3. The unredacted Final Fee Applications shall remain under seal and confidential and shall not be made available to anyone without the consent of the Plan Administrator or further order from this Court (after notice and hearing); <u>provided</u>, <u>however</u>, that unredacted copies of the Final Fee Applications shall be provided on a strictly confidential basis, to the U.S. Trustee.

4. The Plan Administrator is authorized to file electronically redacted versions of the Final Fee Applications on the public docket.

5. This Order is without prejudice to right of the U.S. Trustee or any party in interest to seek to unseal the Final Fee Applications or any parts thereof.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. To the extent that the Motion is inconsistent with this Order, the terms of this Order shall govern.

8. The Court shall retain jurisdiction with respect to all matters arising from or related to this Order.

Dated: New York, New York
       May __, 2014

---

HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE