Michael Luskin
Lucia T. Chapman
Stephan E. Hornung
LUSKIN, STERN & EISLER LLP
Eleven Times Square
New York, New York 10036
Telephone: (212) 597-8200
Facsimile:  (212) 974-3205

*Attorneys for Plaintiff, Fletcher International, Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FLETCHER INTERNATIONAL, LTD.<br><br>Debtor. | Case No. 12-12796 (REG) |
| FLETCHER INTERNATIONAL, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SITRICK BRINCKO GROUP, LLC,<br><br>Defendant. | Adv. Proc. No. _____<br><br>**COMPLAINT** |

Plaintiff, Fletcher International, Ltd. ("**FILB**"), by and through its undersigned attorneys, Luskin, Stern & Eisler LLP, as and for its Complaint against Sitrick Brincko Group, LLC ("**Sitrick**"), alleges as follows:

**Nature of Action**

1. This is an action to avoid and recover $60,000 that was funneled out of FILB and used by Alphonse Fletcher Jr. ("**Fletcher**") and his wholly-owned asset management company – Fletcher Asset Management, Inc. ("**FAM**") – to pay fees they owed to their public relations firm – Defendant, Sitrick – for services primarily provided in connection with

Fletcher's personal litigation against the well-known New York City apartment building, The Dakota, Inc. (the "**Dakota Litigation**").

2. On or about April 9, 2012, Fletcher and FAM caused FILB to wire $60,000 to Kasowitz, Benson, Torres & Friedman LLP ("**Kasowitz**") – its counsel in the Dakota Litigation – which Kasowitz then purportedly paid to Sitrick as a retainer. Upon information and belief, that retainer was for consulting services provided to Fletcher and FAM primarily related to the Dakota Litigation; however, FILB received none of the benefit. The Dakota Litigation – brought in Fletcher's and FAM's names only – was related to Fletcher's personal claims that certain members of The Dakota's co-op board racially discriminated against him when they refused to allow him to purchase an apartment in the building (which, according to press reports, would have been his fourth).

3. Richard J. Davis, solely in his capacity as Chapter 11 Trustee, commenced an action against Kasowitz to recover, among other payments, the $60,000 payment. Kasowitz has defended that action by claiming that it was a mere conduit and that the money ultimately passed through its accounts for the sole purpose of paying Sitrick.

4. FILB believes that the money is also recoverable from Kasowitz, but is commencing this action as a precaution in the event it is determined that Kasowtiz is not liable to FILB.

5. Fletcher and FAM caused FILB to make the payment with the actual intent of defrauding FILB's creditors and investors, at a time when FILB was also insolvent. Accordingly, the transfer should be avoided, and FILB should recover the full amount of the payment.

**The Relevant Parties**

6. FILB is an entity organized under the laws of Bermuda. It filed a petition for relief under chapter 11 of the Bankruptcy Code on June 29, 2012 (the "**Petition Date**"), in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). By order dated March 28, 2014 (the "**Confirmation Order**") [Docket No. 490], the Bankruptcy Court confirmed the Chapter 11 Trustee's Second Amended Plan of Liquidation (the "**Plan**"). Pursuant to the Plan and the Confirmation Order, all avoidance actions, including any claims under sections 544, 547, 548, 549 and 553(b) of the Bankruptcy Code remain property of FILB's estate.

7. Upon information and belief, Sitrick is a limited liability company organized under the laws of the State of Delaware with offices at Seven Times Square, Suite 2600, New York, New York 10036.

**Jurisdiction and Venue**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 insofar as this is a core proceeding under 28 U.S.C. § 157(b).

9. Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

**Facts**

10. Upon information and belief, in April 2012, Kasowitz retained Sitrick on behalf of Fletcher or FAM to provide consulting services primarily related to the Dakota Litigation.

11. Upon information and belief, Fletcher or FAM agreed to pay Sitrick a $60,000 retainer.

-3-

12. According to FILB's books and records, on or about April 9, 2012, FILB made a $60,000 payment to Kasowtiz (the "**Payment**"). According to Kasowitz, it ultimately transferred the Payment to Sitrick.

13. Upon information and belief, Sitrick never provided any services for the benefit of FILB. Instead, Sitrick provided consulting services to Fletcher or FAM in connection with the Dakota Litigation and, to a lesser extent, Fletcher's dispute with the Wall Street Journal over an article it had published about FAM.

14. Upon information and belief, including information developed as a result of the Trustee's investigation, FILB was insolvent at the time the Payment was made to Sitrick.

### First Claim for Relief
### (Avoidance of Intentional Fraudulent Conveyances
### Pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550)

15. Plaintiff realleges and incorporates each of the allegations in paragraphs 1 through 14 (other than any allegations alleging that FILB was insolvent) as though set forth in full.

16. On or about April 9, 2014, FILB paid $60,000 to Kasowitz, who, upon information and belief, transferred it to Sitrick.

17. Upon information and belief, FILB made the Payment to Kasowitz for services to be provided by Sitrick to Fletcher and FAM related to the Dakota Litigation, and, to a lesser extent, Fletcher's dispute with the Wall Street Journal over an article it had published about FAM.

18. Upon information and belief, the Payment was made by FILB at the direction of Fletcher.

-4-

19. The retainer was not an obligation of FILB, and FILB received no benefit for making the Payment.

20. Fletcher directed FILB to make the Payment with the actual intent of hindering, delaying, and defrauding FILB's creditors and investors.

21. Sitrick is an immediate transferee of the initial transferee.

22. The Payment is voidable pursuant to Section 548(a)(1)(A) of the Bankruptcy Code and may be recovered from Sitrick pursuant to Section 550 of the Bankruptcy Code.

23. By reason of the foregoing, FILB is entitled to judgment against Sitrick in an amount to be determined at trial, but no less than $60,000, plus pre-judgment interest.

**Second Claim for Relief**
**(Avoidance of Constructive Fraudulent Conveyances**
**Pursuant to 11 U.S.C. §§ 548 (a)(1)(B) and 550)**

24. Plaintiff realleges and incorporates each of the allegations in paragraphs 1 through 23 as though set forth in full.

25. On or about April 9, 2014, FILB paid $60,000 to Kasowitz, who, upon information and belief, transferred it to Sitrick.

26. Upon information and belief, FILB made the Payment to Kasowitz for services to be provided by Sitrick to Fletcher and FAM related to the Dakota Litigation, and, to a lesser extent, Fletcher's dispute with the Wall Street Journal over an article it had published about FAM.

27. Upon information and belief, the Payment was made by FILB at the direction of Fletcher.

-5-

28. The retainer was not an obligation of FILB, and FILB received no benefit for making the Payment.

29. FILB received less than reasonably equivalent value in exchange for the Payment.

30. FILB was insolvent at the time the Payment was made or became insolvent as a result of the Payment.

31. FILB was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with FILB was an unreasonably small capital.

32. At the time FILB made the Payment, FILB had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as the debts matured.

33. Sitrick is an immediate transferee of the initial transferee.

34. The Payment is voidable pursuant to Section 548(a)(1)(B) of the Bankruptcy Code and may be recovered from Sitrick pursuant to Section 550 of the Bankruptcy Code.

35. By reason of the foregoing, Sitrick is entitled to judgment against Sitrick in an amount to be determined at trial, but no less than $60,000, plus pre-judgment interest.

**Third Claim for Relief**
**(Avoidance of Intentional Fraudulent Conveyances**
**Pursuant to Section 276 of the New York Debtor & Creditor Law)**

36. Plaintiff realleges and incorporates each of the allegations in paragraphs 1 through 35 (other than any allegations alleging that FILB was insolvent) as though set forth in full.

37. On or about April 9, 2014, FILB paid $60,000 to Kasowitz, who, upon information and belief, transferred it to Sitrick.

38. Upon information and belief, FILB made the Payment to Kasowitz for services to be provided by Sitrick to Fletcher and FAM related to the Dakota Litigation, and, to a lesser extent, Fletcher's dispute with the Wall Street Journal over an article it had published about FAM.

39. Upon information and belief, the Payment was made by FILB at the direction of Fletcher.

40. The retainer was not an obligation of FILB, and FILB received no benefit for making the Payment.

41. Fletcher directed FILB to make the Payment with the actual intent of hindering, delaying, and defrauding FILB's creditors and investors.

42. The Payment is voidable pursuant to Section 276 of the New York Debtor & Creditor Law and may be recovered from Sitrick.

43. By reason of the foregoing, FILB is entitled to judgment against Sitrick in an amount to be determined at trial, but no less than $60,000, plus pre-judgment interest and costs and expenses, including reasonable attorneys' fees.

**Fourth Claim for Relief**
**(Avoidance of Constructive Fraudulent Conveyances Pursuant**
**to Sections 273, 274 and 275 of the New York Debtor & Creditor Law)**

44. Plaintiff realleges and incorporates each of the allegations in paragraphs 1 through 43 as though set forth in full.

45. On or about April 9, 2014, FILB paid $60,000 to Kasowitz, who, upon information and belief, transferred it to Sitrick.

46. Upon information and belief, FILB made the Payment to Kasowitz for services to be provided by Sitrick to Fletcher and FAM related to the Dakota Litigation, and, to a lesser extent, Fletcher's dispute with the Wall Street Journal over an article it had published about FAM.

47. Upon information and belief, the Payment was made by FILB at the direction of Fletcher.

48. The retainer was not an obligation of FILB, and FILB received no benefit for making the Payment.

49. FILB received less than reasonably equivalent value in exchange for the Payment.

50. FILB was insolvent at the time the Payment was made or became insolvent as a result of the Payment.

51. FILB was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Sitrick was an unreasonably small capital.

52. At the time FILB made the Payment, FILB had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as the debts matured.

53. The Payment is voidable pursuant to Sections 273, 274 and 275 of the New York Debtor & Creditor Law and may be recovered from Sitrick.

54. By reason of the foregoing, FILB is entitled to judgment against Sitrick in an amount to be determined at trial, but no less than $60,000, plus pre-judgment interest.

**Prayer for Relief**

WHEREFORE, Plaintiff demands judgment as follows:

A. On its First Claim for Relief, judgment against Sitrick in an amount to be determined at trial, but no less than $60,000, plus pre-judgment interest;

B. On its Second Claim for Relief, judgment against Sitrick in an amount to be determined at trial, but no less than $60,000, plus pre-judgment interest;

C. On its Third First Claim for Relief, judgment against Sitrick in an amount to be determined at trial, but no less than $60,000, plus pre-judgment interest and costs and expenses, including reasonable attorneys' fees;

D. On its Fourth Claim for Relief, judgment against Sitrick in an amount to be determined at trial, but no less than $60,000, plus pre-judgment interest; and

E. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 27, 2014

Respectfully submitted,

LUSKIN, STERN & EISLER LLP

By:  /s/ Michael Luskin
     Michael Luskin
     Lucia T. Chapman
     Stephan E. Hornung

Eleven Times Square
New York, New York 10036
Telephone: (212) 597-8200
Facsimile:  (212) 974-3205

*Attorneys for Plaintiff, Fletcher International, Ltd.*