Michael Luskin
Lucia T. Chapman
Stephan E. Hornung
LUSKIN, STERN & EISLER LLP
Eleven Times Square
New York, New York 10036
Telephone: (212) 597-8200
Facsimile:  (212) 974-3205

*Attorneys for Plaintiff, Fletcher International, Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FLETCHER INTERNATIONAL, LTD.<br><br>                                Debtor. | Case No. 12-12796 (REG) |
| FLETCHER INTERNATIONAL, LTD.,<br><br>                                Plaintiff,<br><br>            v.<br><br>RF SERVICES, LLC,<br><br>                                Defendant. | Adv. Proc. No. _____<br><br><br>**COMPLAINT** |

Plaintiff, Fletcher International, Ltd. ("**FILB**"), by and through its undersigned attorneys, Luskin, Stern & Eisler LLP, as and for its Complaint against RF Services, LLC f/k/a Richcourt Fund Services, LLC ("**RFS**"), alleges as follows:

**Nature of Action**

1. This adversary proceeding seeks to (i) avoid and recover $97,491.67 in preferential payments made by FILB to RFS, and (ii) object to Proof of Claim No. 77 filed by RFS in the amount of $81,967.35, plus an unliquidated claim for indemnification.

**The Relevant Parties**

2.  FILB is an entity organized under the laws of Bermuda. It filed a petition for relief under chapter 11 of the Bankruptcy Code on June 29, 2012 (the "**Petition Date**"), in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). By order dated March 28, 2014 (the "**Confirmation Order**") [Docket No. 490], the Bankruptcy Court confirmed the Chapter 11 Trustee's Second Amended Plan of Liquidation (the "**Plan**"). Pursuant to the Plan and the Confirmation Order, all avoidance actions, including any claims under sections 544, 547, 548, 549 and 553(b) of the Bankruptcy Code remain property of FILB's estate.

3.  Upon information and belief, RFS is a limited liability company organized under the laws of the State of Delaware with offices at 48 Wall Street, 4th Floor, New York, New York 10005. Upon information and belief, RFS is indirectly owned and controlled by Alphonse Fletcher, Jr. ("**Fletcher**"), Fletcher Asset Management, Inc. ("**FAM**"), or entities that are owned and controlled by Fletcher and FAM.

**Jurisdiction and Venue**

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 insofar as this is a core proceeding under 28 U.S.C. § 157(b).

5.  Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

**Facts**

6.  RFS entered into a services agreement dated as of December 31, 2010 (the "**Agreement**") with Fletcher Asset Management, Inc., on behalf of FILB and others.

7.  Pursuant to the Agreement, RFS was required to provide certain financial services for FILB (and the other funds), including, among other things, maintaining FILB's

-2-

books and records, managing its tax and audit service providers, and processing subscriptions and redemptions.

8. In return for these services, FILB was obligated to pay the greater of $1,000 or .01% of FILB's capital base. Payments were to be made monthly, based upon the prorated per annum compensation, within 5 days after the end of the month based on FILB's capital base as of the beginning of that month.

9. According to FILB's books and records, FILB made the following payments (the "**Payments**") to RFS in the one year preceding the Petition Date, on account of twelve overdue invoices:

| Payment Date | Invoices | Payment Amount |
|---|---|---|
| 8/16/11 | Jan., Feb. 2011 | $40,477.00 |
| 11/18/11 | March, Apr. 2011 | $40,694.00 |
| 3/13/12 | May, June 2011 | $37,010.00 |
| 4/13/12 | July, Aug., Sept. 2011 | $60,030.00 |
| 5/8/12 | Oct., Nov., Dec. 2011 | $69,641.00 |
| Total | | $247,852.00 |

## The Administrative Proof of Claim

10. On or about May 19, 2014, RFS filed a proof of claim (the "**Proof of Claim**") seeking payment of pre-petition fees in the amount of $81,967.35, plus unliquidated claims for indemnification under the Agreement. Although the Proof of Claim purports to be an administrative claim, it asserts a claim for pre-petition damages.

## First Claim for Relief
### (Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547(b) and 550)

11. Plaintiff realleges and incorporates each of the allegations in paragraphs 1 through 10 as though set forth in full.

-3-

12. During the one year preceding the Petition Date, FILB paid RFS $97,491.67 in three separate payments in satisfaction of twelve overdue invoices.

13. The Payments were made to or for the benefit of a creditor.

14. The Payments were on account of an antecedent debt owed by FILB before such transfer was made.

15. FILB was insolvent on the date the payment was made.

16. The Payments were made within one year of the Petition Date.

17. RFS is an Insider within the meaning of the Bankruptcy Code.

18. The Payments enabled RFS to receive more than it would have received if (a) FILB's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (b) the Payments had not been made; and (c) RFS received payment of such debt to the extent provided by the Bankruptcy Code.

19. RFS is an initial transferee within the meaning of that term as used in Section 550(a)(1) of the Bankruptcy Code.

20. The payment to RFS is voidable pursuant to Section 547(b) of the Bankruptcy Code and can be recovered from RFS pursuant to Section 550 of the Bankruptcy Code.

21. By reason of the foregoing, FILB is entitled to judgment against RFS in an amount to be determined at trial, but no less than $97,491.67, plus pre-judgment interest.

**Second Claim for Relief**
(**Objection to the Proof of Claim**)

22. Plaintiff realleges and incorporates each of the allegations in paragraphs 1 through 21 as though set forth in full.

23. On or about May 19, 2014, RFS filed a proof of claim seeking payment of pre-petition fees in the amount of $81,967.35, plus an unliquidated claim for indemnification under the Agreement.

24. The Proof of Claim, which seeks payment for pre-petition claims, was filed after the general bar date of January 18, 2013.

25. RFS did not provide any post-petition services to the Debtor.

26. The Debtor is insolvent.

27. The Proof of Claim improperly seeks payment of pre-petition damages

28. RFS is liable to FILB for $97,491.67 in transfers that are voidable pursuant to Section 547 of the Bankruptcy Code and recoverable from RFS pursuant to Section 550 of the Bankruptcy Code.

29. By reason of the foregoing, the Proof of Claim should be disallowed and expunged.

### **Prayer for Relief**

WHEREFORE, Plaintiff demands judgment as follows:

A. On its First Claim for Relief, judgment against RFS in an amount to be determined at trial, but no less than $97,491.67, plus pre-judgment interest;

B. On its Second Claim for Relief, judgment disallowing RFS's Proof of Claim in its entirety, or so much as is determined by the Court; and

C. Such other and further relief as the Court deems just and proper.

Dated: New York, New York  
       June 27, 2014

Respectfully submitted,

LUSKIN, STERN & EISLER LLP

By:   /s/ Michael Luskin  
      Michael Luskin  
      Lucia T. Chapman  
      Stephan E. Hornung

Eleven Times Square  
New York, New York 10036  
Telephone: (212) 597-8200  
Facsimile:  (212) 974-3205

*Attorneys for Plaintiff, Fletcher International, Ltd.*