Michael Luskin
Lucia T. Chapman
Stephan E. Hornung
LUSKIN, STERN & EISLER LLP
Eleven Times Square
New York, New York 10036
Telephone: (212) 597-8200
Facsimile:  (212) 974-3205

*Attorneys for Plaintiff, Fletcher International, Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FLETCHER INTERNATIONAL, LTD.<br><br>　　　　　　　　　　　　Debtor. | Case No. 12-12796 (REG) |
| FLETCHER INTERNATIONAL, LTD.,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CHARLES RIVER ASSOCIATES INC.,<br><br>　　　　　　　　　　　　Defendant. | Adv. Proc. No. _____<br><br>**COMPLAINT** |

Plaintiff, Fletcher International, Ltd. ("**FILB**"), by and through its undersigned attorneys, Luskin, Stern & Eisler LLP, as and for its Complaint against Charles River Associates Inc. ("**CRA**"), alleges as follows:

**Nature of Action**

1. This is an action to avoid and recover more than $87,000 in cash that was funneled out of FILB and used by Alphonse Fletcher Jr. ("**Fletcher**") and his wholly-owned asset management company – Fletcher Asset Management, Inc. ("**FAM**") – to pay fees they

owed to their expert consulting firm – Defendant, CRA – in connection with the SEC's investigation of FAM.

2. Fletcher and FAM caused FILB to make each of the payments to CRA with the actual intent of defrauding FILB's creditors and investors, at a time when FILB was also insolvent. Accordingly, these transfers should be avoided, and FILB should recover from CRA the full amount of these payments.

## The Relevant Parties

3. FILB is an entity organized under the laws of Bermuda. It filed a petition for relief under chapter 11 of the Bankruptcy Code on June 29, 2012 (the "**Petition Date**"), in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). By order dated March 28, 2014 (the "**Confirmation Order**") [Docket No. 490], the Bankruptcy Court confirmed the Chapter 11 Trustee's Second Amended Plan of Liquidation (the "**Plan**"). Pursuant to the Plan and the Confirmation Order, all avoidance actions, including any claims under sections 544, 547, 548, 549 and 553(b) of the Bankruptcy Code remain property of FILB's estate.

4. Upon information and belief, CRA is a corporation organized under the laws of the State of Delaware with offices at John Hancock Tower, 200 Clarendon Street, Boston, MA 02116-5092.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 insofar as this is a core proceeding under 28 U.S.C. § 157(b).

6. Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

**Facts**

7. Pursuant to an engagement letter dated December 21, 2011 (the "**Engagement Letter**"), FAM retained CRA to provide expert consulting services in connection with the SEC's investigation of FAM.

8. Pursuant to the Engagement Letter, FAM agreed that CRA would bill FAM on an hourly basis for all work performed and agreed to reimburse CRA for reasonable out-of-pocket expenses.

9. FAM also agreed to provide CRA a $30,000 retainer that would be applied against the final invoice.

10. According to FILB's books and records, FILB made the following payments (the "**Payments**") to CRA between December 28, 2011, and April 30, 2012.

| Payment Date | Invoice Nos. | Payment Amount |
|---|---|---|
| 12/28/11 | Retainer | $30,000.00 |
| 4/30/12 | Invoice No. 1000187 | $57,834.00 |
| Total | | $87,834.00 |

11. Upon information and belief, CRA never provided any services for the benefit of FILB. Instead, CRA provided consulting services to FAM in connection with the SEC's investigation of FAM.

12. Upon information and belief, FILB made all or substantially all of the Payments to satisfy an invoice for services provided by CRA to FAM related to the SEC's investigation of FAM.

13. Upon information and belief, including information developed as a result of the Trustee's investigation, FILB was insolvent at the time that each of the Payments was made to CRA.

-3-

### First Claim for Relief
### (Avoidance of Intentional Fraudulent Conveyances
### Pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550)

14. Plaintiff realleges and incorporates each of the allegations in paragraphs 1 through 13 (other than any allegations alleging that FILB was insolvent) as though set forth in full.

15. Between December 28, 2011, and April 30, 2012, FILB paid CRA $87,834.00 in two separate payments.

16. Upon information and belief, FILB made all or substantially all of the Payments to satisfy an invoice for services provided by CRA to FAM related to the SEC's investigation of FAM.

17. Upon information and belief, the Payments were made by FILB at the direction of FAM or Fletcher.

18. The invoice was not an obligation of FILB, and FILB received no benefit for making the Payments.

19. Fletcher and FAM directed FILB to pay the invoice with the actual intent of hindering, delaying, and defrauding FILB's creditors and investors.

20. CRA is an initial transferee within the meaning of that term as used in Section 550(a)(1) of the Bankruptcy Code.

21. The Payments to CRA are voidable pursuant to Section 548(a)(1)(A) of the Bankruptcy Code and may be recovered from CRA pursuant to Section 550 of the Bankruptcy Code.

22. By reason of the foregoing, FILB is entitled to judgment against CRA in an amount to be determined at trial, but no less than $87,834.00, plus pre-judgment interest.

## Second Claim for Relief
### (Avoidance of Constructive Fraudulent Conveyances Pursuant to 11 U.S.C. §§ 548 (a)(1)(B) and 550)

23. Plaintiff realleges and incorporates each of the allegations in paragraphs 1 through 22 as though set forth in full.

24. Between December 28, 2011, and April 30, 2012, FILB paid CRA $87,834.00 in two separate payments.

25. Upon information and belief, FILB made all or substantially all of the Payments to satisfy an invoice for services provided by CRA to FAM related to the SEC's investigation of FAM.

26. The invoice was not an obligation of FILB, and FILB received no benefit for making the Payments.

27. FILB received less than reasonably equivalent value in exchange for the Payments.

28. FILB was insolvent at the time the Payments were made or became insolvent as a result of the Payments.

29. FILB was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with FILB was an unreasonably small capital.

30. At the time FILB made the Payments, FILB had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as the debts matured.

31. CRA is an initial transferee within the meaning of that term as used in Section 550(a)(1) of the Bankruptcy Code.

32. The Payments to CRA are voidable pursuant to Section 548(a)(1)(B) of the Bankruptcy Code and may be recovered from CRA pursuant to Section 550 of the Bankruptcy Code.

33. By reason of the foregoing, CRA is entitled to judgment against CRA in an amount to be determined at trial, but no less than $87,834.00, plus pre-judgment interest.

### Third Claim for Relief
### (Avoidance of Intentional Fraudulent Conveyances Pursuant to Section 276 of the New York Debtor & Creditor Law)

34. Plaintiff realleges and incorporates each of the allegations in paragraphs 1 through 33 (other than any allegations alleging that FILB was insolvent) as though set forth in full.

35. Between December 28, 2011, and April 30, 2012, FILB paid CRA $87,834.00 in two separate payments.

36. Upon information and belief, FILB made all or substantially all of the Payments to satisfy an invoice for services provided by CRA to FAM related to the SEC's investigation of FAM.

37. Upon information and belief, the Payments were made by FILB at the direction of FAM or Fletcher.

38. The invoice was not an obligation of FILB, and FILB received no benefit for making the Payments.

39. Fletcher and FAM directed FILB to pay the invoice with the actual intent of hindering, delaying, and defrauding FILB's creditors and investors.

40. The Payments are voidable pursuant to Section 276 of the New York Debtor & Creditor Law and may be recovered from CRA.

41. By reason of the foregoing, FILB is entitled to judgment against CRA in an amount to be determined at trial, but no less than $87,834.00, plus pre-judgment interest and costs and expenses, including reasonable attorneys' fees.

**Fourth Claim for Relief**
**(Avoidance of Constructive Fraudulent Conveyances Pursuant
to Sections 273, 274 and 275 of the New York Debtor & Creditor Law)**

42. Plaintiff realleges and incorporates each of the allegations in paragraphs 1 through 41 as though set forth in full.

43. Between December 28, 2011, and April 30, 2012, FILB paid CRA $87,834.00 in two separate payments.

44. Upon information and belief, FILB made all or substantially all of the Payments to satisfy an invoice for services provided by CRA to FAM related to the SEC's investigation of FAM.

45. The invoice was not an obligation of FILB, and FILB received no benefit for making the Payments.

46. FILB received less than reasonably equivalent value in exchange for the Payments.

47. FILB was insolvent at the time the Payments were made or became insolvent as a result of the Payments.

48. FILB was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with CRA was an unreasonably small capital.

49. At the time FILB made the Payments, FILB had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as the debts matured.

50. The Payments are voidable pursuant to Sections 273, 274 and 275 of the New York Debtor & Creditor Law and may be recovered from CRA.

51. By reason of the foregoing, FILB is entitled to judgment against CRA in an amount to be determined at trial, but no less than $87,834.00, plus pre-judgment interest.

### Fifth Claim for Relief
### (Avoidance and Recovery of Preferential Transfers
### Pursuant to 11 U.S.C. §§ 547(b) and 550)

52. Plaintiff realleges and incorporates each of the allegations in paragraphs 1 through 51 as though set forth in full.

53. On or about April 30, 2012, FILB paid CRA $57,834.00 in satisfaction of an overdue invoice.

54. The payment was made to or for the benefit of a creditor.

55. The payment was on account of an antecedent debt owed by FILB before such transfer was made.

56. FILB was insolvent on the date the payment was made.

57. The payment was made within 90 days of the Petition Date.

58. The payment enabled CRA to receive more than it would have received if (a) FILB's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (b) the payment had not been made; and (c) CRA received payment of such debt to the extent provided by the Bankruptcy Code.

59. CRA is an initial transferee within the meaning of that term as used in Section 550(a)(1) of the Bankruptcy Code.

60. The payment to CRA is avoidable pursuant to Section 547(b) of the Bankruptcy Code and can be recovered from CRA pursuant to Section 550 of the Bankruptcy Code.

61. By reason of the foregoing, FILB is entitled to judgment against CRA in an amount to be determined at trial, but no less than $57,834.00, plus pre-judgment interest.

**Prayer for Relief**

WHEREFORE, Plaintiff demands judgment as follows:

A. On its First Claim for Relief, judgment against CRA in an amount to be determined at trial, but no less than $87,834.00, plus pre-judgment interest;

B. On its Second Claim for Relief, judgment against CRA in an amount to be determined at trial, but no less than $87,834.00, plus pre-judgment interest;

C. On its Third First Claim for Relief, judgment against CRA in an amount to be determined at trial, but no less than $87,834.00, plus pre-judgment interest and costs and expenses, including reasonable attorneys' fees;

D. On its Fourth Claim for Relief, judgment against CRA in an amount to be determined at trial, but no less than $87,834.00, plus pre-judgment interest;

E. On its Fifth Claim for Relief, judgment against CRA in an amount to be determined at trial, but no less than $57,834.00, plus pre-judgment interest; and

F. Such other and further relief as the Court deems just and proper.

Dated: New York, New York  
       June 27, 2014

Respectfully submitted,

LUSKIN, STERN & EISLER LLP

By:   /s/ Michael Luskin  
      Michael Luskin  
      Lucia T. Chapman  
      Stephan E. Hornung

Eleven Times Square  
New York, New York 10036  
Telephone: (212) 597-8200  
Facsimile: (212) 974-3205

*Attorneys for Plaintiff, Fletcher International, Ltd.*