DN- # 10/1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GSC GROUP, INC., et al.,[1] | ) | Case No. 10-14653 (AJG) |
| | ) | |
| Debtors. | ) | ~~(Joint Administration Requested)~~**(Jointly Administered)** |
| | ) | |

**SUPPLEMENTAL DECLARATION OF EDWIN N. ORDWAY, JR. IN SUPPORT OF APPLICATION OF THE DEBTORS FOR ORDER UNDER SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING THE RETENTION AND EMPLOYMENT OF CAPSTONE ADVISORY GROUP, LLC AS FINANCIAL ADVISOR TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

STATE OF NEW JERSEY    )
                                           ) ss.:
COUNTY OF BERGEN       )

Edwin N. Ordway, Jr., being duly sworn, hereby deposes and says as follows:

1.  I am a Member and the Manager of Capstone Advisory Group, LLC ("Capstone"), a restructuring advisory services firm with seven offices throughout the country. I submit this **supplemental** declaration on behalf of Capstone (the "**Supplemental** Declaration") in support of the motion (the "Motion") of GSC Group, Inc. ("GSC") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors") for an order authorizing the employment of Capstone as financial advisor under the terms and conditions set forth in the Motion. **This Supplemental Declaration supplements my declaration filed with this Court on September 1, 2010 [Docket No. 22] (the "Declaration").**

---

[1] The Debtors along with the last four digits of each Debtor's federal tax identification number are GSC Group, Inc. (6382), GSCP, LLC (6520), GSC Active Partners, Inc. (4896), GSCP (NJ), Inc. (3944), GSCP (NJ) Holdings, L.P. (0940), GSCP (NJ), L.P. (0785), and GSC Secondary Interest Fund, LLC (6477).

29090116.DOCX

1

120

4. In connection with the preparation of **the Declaration and** this **Supplemental** Declaration, Capstone conducted a review of the parties identified by the Debtors as being potential parties in interest. Based on the results of that review, Capstone has determined that it does not have any connection with any such parties on matters related to these proceedings and does not have any adverse interest to the estates, except as set forth in Schedule 1.

5. Capstone is involved in numerous cases, proceedings and transactions involving many different professionals, including Kaye Scholer LLP, the Debtors' bankruptcy counsel, and other attorneys, accountants and financial consultants, some of which may represent claimants and parties-in-interest in the Debtor's chapter 11 cases and/or are unsecured creditors. In addition, Capstone has in the past, and may in the future, be working with or against other professionals involved in these cases in matters wholly unrelated to these cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these business relationships constitute interests materially adverse to the Debtors' estates or their creditors herein in matters upon which Capstone is to be employed, and none are in connection with these cases.

6. Capstone has provided financial advisory services, and may continue to provide such services, to substantially all of the financial institutions included in Schedule 1 attached hereto, in matters wholly unrelated to these chapter 11 cases. Capstone believes that such connections have no bearing on the services for which Capstone is being retained in these cases.; however, **to the extent Capstone continues to represent certain financial institutions included on Schedule 1 in matters unrelated to these cases, appropriate screens will be established.** *and maintained.*

    c) Capstone served as a restructuring advisor to the lenders of Almatis during the second quarter of 2010 through the third quarter of 2010. The Debtors manage funds which hold an equity interest in this company. Capstone's involvement with this matter had ceased during the third quarter of 2010 and no further services are expected to be provided.

    d) Capstone served as a restructuring advisor to the lenders of Legacy Cabinets during 2008 through the fourth quarter of 2009. The Debtors manage funds which hold various debt instruments for this company. Capstone's involvement with this matter had ceased during the fourth quarter of 2009 and no further services are expected to be provided.

    e) Capstone served as a restructuring advisor to the lenders of AbitibiBowater during 2008 through present. The Debtors manage funds which hold various debt instruments for this company. Capstone's involvement is expected to end in December 2010.

    f) ~~In any event in respect to the above matters, Capstone will recuse itself from matters that relate to the Debtors' interests in the above mentioned matters above and such matters will be addressed solely by GSC employees.~~

10.    Accordingly, I believe that Capstone is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

11.    While Capstone is not aware of any relationships, other than as set forth above, that connect Capstone to any party in interest, because Capstone is a consulting firm that serves clients on a national basis in numerous cases and restructuring situations, it is possible that

5

29090116.DOCX

**16.** ~~15.~~ Capstone reserves the right to supplement this Declaration in the event that Capstone discovers any facts bearing on matters described in this Declaration regarding Capstone's employment by the Debtors.

**17.** ~~16.~~ Subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, applicable United States Trustee guidelines, and the local rules of this Court, Capstone will seek from the Debtor payment for compensation on an hourly basis and reimbursement of actual and necessary expenses incurred by Capstone. Capstone's customary hourly rates as charged in bankruptcy and non-bankruptcy matters of this type by the professionals assigned to this engagement are outlined in the Motion. These hourly rates are adjusted annually.

**18.** ~~17.~~ To the best of my knowledge, (a) no commitments have been made or received by Capstone with respect to compensation or payment in connection with these cases other than in accordance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and (b) Capstone has no agreement with any other entity to share with such entity any compensation received by Capstone in connection with these chapter 11 cases.

## Schedule 1

### Lenders and Banks

Apidos CDO I
Apidos CDO II
Apidos CDO III
Apidos CDO IV
Apidos CDO V
Black Diamond Commercial Finance, L.L.C.
Callidus Debt Partners CLO Fund V, Ltd.
Calyon New York Branch, Green Lane CLO LTD
Kennecott Funding, Ltd.
Sands Point Funding Ltd.
The Governor and Company of the Bank of Scotland
UBS AG Stamford Branch
UBS Securities LLC
American Express Centurion Bank
Bank of Ireland, Connecticut Branch
Deutsche Bank
ING Funds Trust
U.S. Bank, N.A.
Wachovia Bank, National Association
Jefferies & Company, Inc.
Guggenheim Partners
CapitalSource Finance LLC
ING Capital LLC
West Gate Horizons Advisors